UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, et al | Civ. No. 08-01220 |
|             Plaintiffs | |
| v. | Judge Zainey |
| SIGNAL INTERNATIONAL LLC, et al | Magistrate Knowles |
|             Defendants | |

### OPPOSITION OF SIGNAL INTERNATIONAL TO MOTION TO DISMISS FILED BY ZITO COMPANIES, LLC

MAY IT PLEASE THE COURT:

Third-party plaintiff Signal International, L.L.C., submits this memorandum in opposition to the motion to dismiss for failure to state a claim upon which relief can be granted filed by third-party defendant Zito Companies, LLC.  Zito contends the third-party demand against it fails as a matter of Louisiana substantive law.  However, Zito has failed to apply the proper state law in its motion.  The claim against it arises and is clearly recognized under Mississippi law.

**1.     Mississippi law applies to this third party demand.**

No single state's law will apply to each of the different state law claims made in the various complaints, cross-claims, and third-party demands.  Some of the state law claims will be governed by Louisiana law, some by Mississippi law, and possibly some by Texas law.  However, all choice of law analyses will be controlled by Louisiana law, as Louisiana is the forum state.  *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496-97, 61 S.Ct. 1021-22, 85 L.Ed. 1477, 1480-81 (1941).

Under Louisiana's approach to choice of laws, Louisiana courts apply the "law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. C.C. art. 3515. This determination is made based on the following factors:

> (1) the relationship of each state to the parties and the dispute; and
> (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

*Id.*  Neither element suggests that Louisiana law should apply to the third-party demand against Zito.

Initially, there is no indication in either the complaint filed by the plaintiffs or the third-party claim made against Zito that Louisiana has any relation to this particular claim.  Signal is based in Mississippi.  Zito is an Alaska company.  The workers at issue for this third-party claim worked at the Signal yard in Mississippi.

Further, Zito makes no argument that it had any expectation that Louisiana law would somehow control its actions here.  It does not even allege that it had any contact with any worker who happened to be in Louisiana.  Nor would there be any potential of subjecting Zito to the law of more than one state, as the third-party claim against it by Signal is the only claim against which it must defend in this proceeding.

Therefore, Mississippi substantive law should govern the third-party demand against Zito.

**2.      Mississippi recognizes a claim for tortious interference with a contract.**

It is clear that Mississippi recognizes a cause of action for tortious interference with a contract.  *Levins v. Campbell*, 733 So.2d 753 (Miss. 1999) ("A cause of action for tortuous interference with a contract generally will lie against one who maliciously interferes with a valid and enforceable contract.")  In *Shaw v. Burchfield*, 481 So.2d 247, 254 (Miss. 1985), the

Mississippi Supreme Court noted that the law recognizes a right of recovery on behalf of one whose contractual relationship had been tortiously interfered with.  The Court stated, "[o]ne who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for pecuniary loss resulting to the other from the failure of the third person to perform the contract."  Id. at 254, 255. (citations omitted).

This cause of action has been extended to at-will employment claims.  *Levins*, *supra*, 733 So.2d at 760; *Morrison v. Mississippi Enterprise for Technology*, 798 So.2d 567, 574 (Miss. Ct. App. 2001).  The court in *Raiola v. Chevron U.S.A., Inc.*, 872 So.2d 79, 86 (Miss. Ct. App.) noted that Mississippi allows a tortious interference claim even when there is no contract.

Mississippi has identified four elements that must be proven to succeed on an interference with a contract claim:

> 1) the acts were intentional and willful;
> 2) the acts were calculated to cause damages to the plaintiffs in their lawful business;
> 3) they were done with the unlawful purpose of causing damages and loss, without right or justifiable cause on the defendant's part; and
> 4) that actual loss occurred.

*Levins*, 733 So.2d at 760, 761.

The third-party demand against Zito sets out each of these elements. *Amended And Restated Claims Against Co-Defendants (Cross Claims) And Third Party Defendant, Answer And Affirmative Defenses Of Signal International, LLC, To Plaintiffs' First Amended Complaint,* Count 8, ¶¶84-90.  Specifically, Signal alleges the acts of Zito were intentional and willful (¶87); that they were calculated to cause damage to Signal's business (¶88); that the acts were done without lawful purpose or justifiable cause (¶89); and that Signal suffered an actual loss (¶90).  This is sufficient to state a claim upon which relief can be granted against Zito.

**3.    Conclusion**

Mississippi substantive law applies to the third-party claim being made by Signal against Zito. Mississippi substantive law clearly recognizes a claim for tortious interference with a contract. As such, the motion to dismiss filed by Zito should be denied.

Respectfully submitted,

 /s/  Donald C. Douglas, Jr.
Erin Casey Hangartner, La. Bar No. 24768 (T.A.)
Dominic J. Gianna, La. Bar No. 6063
Paul J. Mirabile, La. Bar No. 9668
Donald C. Douglas, Jr., La. Bar No. 22338
Alan Dean Weinberger, La. Bar No. 13331
Middleberg, Riddle & Gianna
201 St. Charles Avenue, 31st Floor
New Orleans, LA 70170
Telephone (504) 525-7200
Fax (504) 581-5983

and

/s/ *Patricia A. Bollman*
Patricia A. Bollman, La. Bar 17563
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA   70185
Telephone:  (504) 218-5887
Facsimile:   (504) 304-0890
patricia@bollmanfirm.com

Counsel for Signal International, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

/s/ *Donald  C. Douglas, Jr.*