UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KURIAN DAVID, ET AL.                          CIVIL ACTION

VERSUS                                        NO: 08-1220

SIGNAL INTERNATIONAL, LLC,                    SECTION: "A" (3)
ET AL.

## ORDER AND REASONS

Before the Court are a **Motion to Dismiss Class Claims (Rec. Doc. 123)** filed by defendant Signal International, in which defendants Malvern C. Burnett, Gulf Coast Immigration Law Center, LLC, and Law Offices of Malvern C. Burnett **(Rec. Doc. 132)** and defendants J & M Associates, Inc. of Mississippi **(Rec. Doc. 147)** move to join, and a **Rule 12(b)(6) Motion to Dismiss for Failure to State A Claim upon Which Relief Can Be Granted (Rec. Doc. 79)** filed by third party defendant Zito Companies, LLC ("Zito"). The motions are before the Court on the briefs without oral argument.[1]

---

[1] Oral argument has been requested but the Court is not persuaded that oral argument would assist the Court in resolving

## I. BACKGROUND

Plaintiffs are citizens of India who secured visas to work in the United States for defendant Signal International, LLC in the aftermath of Hurricane Katrina. Signal is in the business of providing construction services to the Gulf Coast oil and gas industry. Plaintiffs claim that they were subjected to forced labor as welders, pipefitters, and other marine fabrication workers at Signal operations in Pascagoula, Mississippi, and Orange, Texas. (Comp. ¶ 1). Plaintiffs assert class action claims against Defendants arising from violations of their rights under the Victims of Trafficking and Violence Protection Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Civil Rights Act, and a host of other statutes. (Comp. ¶ 9). Signal asserts that it had no experience in hiring foreign workers and therefore relied on others to act lawfully to provide the foreign workers. Signal's third party complaint against Zito alleges that Zito took steps to interfere with the contractual relationships between the workers and Signal.

## II. DISCUSSION

### 1. *Rule 12(b)(b) Motion to Dismiss Third Party Complaint Against Zito (Rec. Doc. 79)*

Zito moves to dismiss Signal's third party complaint arguing

---

the issues presented.

that Signal does not state a claim upon which relief can be granted. Zito argues that Louisiana law does not recognize a claim for tortious interference with a contract.

In opposition, Signal contends that Zito is incorrect in assuming that Louisiana law would apply to its third party demand. Signal argues that Mississippi law might very well apply because Signal is based in Mississippi and the workers at issue for this particular third-party demand worked at Signal's Mississippi facility. According to Signal, Mississippi law does recognize a claim for tortious interference with a contract.

Zito replies that Louisiana law should govern the claims asserted in the third party demand.

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995)). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. Id. (quoting C.C. Port, Ltd., 61

F.3d at 289). It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

Signal and Zito both seem to recognize that the viability of Signal's third party claims against Zito turns on whether Louisiana or Mississippi law applies to the claims asserted. The choice of law determination will be a fact intensive determination yet the allegations against Zito are not alleged in detail. Based on the current record and the paucity of briefing on the issue the Court cannot possibly make a choice of law determination at this time. Zito's motion to dismiss is therefore DENIED.

### 2. *Motion to Dismiss Class Claims (Rec. Doc. 123)*

Signal moves the Court to dismiss Plaintiffs' claims for class certification arguing that their claims cannot be certified for class status as a matter of law. Signal argues that issues of individual reliance, whether for the RICO claims, fraud claims, or any of the other claims asserted, will preclude certification as a matter of law. Signal contends that it has a duty to seek an early declaration as to the futility of class certification.

In opposition, Plaintiffs argue that Signal's motion is

premature and an improper attempt to obtain a court ruling on the commonality and predominance questions of certification before Plaintiffs have their day in court at the hearing where they will present their evidence.  Plaintiffs contend that Signal's motion is essentially an opposition to a motion for certification, one which Plaintiffs have yet to file, and that Signal's arguments should be considered only after Plaintiffs are given an opportunity to file their motion and present their evidence.

The Court recognizes that Signal seeks to avoid the time and expense of a class certification hearing if Plaintiffs' claims cannot be certified as a matter of law.  However, the facts of this case and the roles of the various parties involved remain largely undefined to the Court.  The parties have been involved in discovery in anticipation of the certification issue and the Court agrees with Plaintiffs' contention that they should be given the opportunity to present their evidence to the Court. Signal's arguments today, which are clearly arguments in opposition to certification, should be presented to the Court in opposition to Plaintiffs' motion to certify a class.  Following such a ruling the aggrieved party can petition the Fifth Circuit for review of this Court's decision before the case proceeds to the next step.  Fed. R. Civ. Pro. 23(f).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Rule 12(b)(6) Motion to Dismiss for Failure to State A Claim upon Which Relief Can Be Granted (Rec. Doc. 79)** filed by third party defendant Zito Companies, LLC is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Class Claims (Rec. Doc. 123)** filed by defendant Signal International is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motions for Joinder (Rec. Docs. 132 & 147)** filed by defendants Malvern C. Burnett, Gulf Coast Immigration Law Center, LLC, and Law Offices of Malvern C. Burnett and by defendant J & M Associates, Inc. of Mississippi are **DENIED AS MOOT**.

September 11, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE