MINUTE ENTRY
KNOWLES, M.J.
OCTOBER 24, 2008

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, ET AL** | **SECTION "A" (3)** |

On this date, the undersigned Magistrate Judge conducted a telephone hearing regarding Plaintiffs' Motion to Quash Notices of Deposition of Unnamed Class Members #211 and Signal International LLC's Motion for Leave to Take More than Ten Depositions #197.

Participating were:

    **Daniel Werner** for Putative Class Plaintiffs
    **Bob Wynne** for Putative Class Plaintiffs
    **Naomi Tsu** for Putative Plaintiffs
    **Patricia Bollman** for Signal International, LLC
    **Erin Casey Hangartner** for Signal International, LLC
    **Ralph R. Alexis, III** for Malvern Burnett, et al
    **Michael Whitehead** for J& M Associates, Inc. of Miss.
    **Christy Harowski** for Global Resources/Michael Pol
    **Stephen Shapiro** for Sachin Dewan/Dewan Consultants Pvt. Ltd.
    **John Person** for Zito Companies, LLC (by telephone)

As stated at the outset of the hearing, it is pellucid that the presumptive limit of ten (10)

MJSTAR(00:15)

does not apply to this case.[1]

Turning to the ten noticed depositions of unnamed putative class plaintiffs (all currently Signal employees), the Court recognizes there is always the possibility that plaintiffs or defendants may engage in abusive litigation tactics.  Nevertheless, counsel for plaintiffs and the defendants shall be present and participating in any depositions taken in this case for perpetuation or any purpose; therefore and considering the caliber and fine reputation of the counsel of record for all of the parties enrolled in this case, the potential for abuse is nil.   Insofar as the possibility of  rehearsing or coaching a witness, that possibility exists whether the particular witness at issue is called to testify by the putative class plaintiffs or by one or more of the defendants.

As to the number of depositions Signal seeks to take for purposes of perpetuation, this Court finds that *ten* such depositions are unnecessary.   Five of the noticed depositions of the soon-to-depart Signal employees is sufficient.  These H-2B worker/employees (who are likewise potentially putative class members) will soon depart the United States bound initially for India, the United Arab Emirates, and other equally remote locations.  Indeed, these individuals may never be located again for any purpose, including the scheduled evidentiary hearing, trial on the

---

[1] Plaintiffs' Complaint was filed on behalf of a putative class, allegedly consisting of over 500 Indian men who were trafficked into the  United States through the federal government's H-2B guestworker1) in violation of putative class plaintiff's rights including their right to be free from forced labor, involuntary servitude and peonage in violation of the Thirteenth Amendment/18 U.S.C. § 1854.  Additionally, plaintiffs' claim  violations of the Trafficking Victims Protection Act of 2003/18 U.S.C. §§ 1589/1590 ("TVPA") and violations of their rights under 42 U.S.C. § 1981 to be from a hostile work environment and discrimination based on race, national origin and/or alienage status, all of the foregoing in violation of the Racketeer Influenced and Corrupt Organizations Act/18 U.S.C. § 1962( c), (d) ("RICO"). [Doc. #1]   On October 1, 2008, putative class plaintiffs filed their motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3). [Doc. # 165]

merits or for the purpose of engaging in any kind of discovery sanctioned by the federal rules. The Court ruled that Signal shall be permitted to choose five (5) of the ten (10) noticed depositions it intends to proceed with. The remaining five (5) notices are quashed *nunc pro tunc*. Counsel for the putative class representatives shall be notified forthwith of the names of five H-2B worker Signal employees whose perpetuation depositions shall remain scheduled. Counsel for the putative class representatives shall also be provided with documentation relevant to these individuals sufficiently in advance of the scheduled depositions -- *i.e*., as soon as possible. Accordingly and pursuant to the hearing, the Court issued the following orders, to wit:

**IT IS ORDERED** that Signal International LLC's Motion for Leave to Take More than Ten Depositions #197 is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Quash Notices of Deposition of Unnamed Class Members #211 is GRANTED IN PART and DENIED IN PART in that Signal shall be permitted to proceed with five (5) of the noticed perpetuation depositions of its soon-to-depart employees. Nothing herein shall be construed as a ruling *in limine*; the district judge shall determine upon proper motion filed by either party (if and when it is appropriate to do so), whether any such deposition may be used in whole or in part in lieu of live testimony at the evidentiary hearing for purposes of class certification or at trial on the merits.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**