# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

_____

| | |
|---|---|
| KURIAN DAVID, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 2:08-cv-1220 |
| | ) |
| | ) Section "A" |
| v. | ) Judge Zainey |
| | ) Magistrate Judge Knowles |
| | ) |
| SIGNAL INTERNATIONAL, LLC, et al., | ) Class Action— |
| | ) Collective Action |
| Defendants. | ) |

_____ )

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER TO LIMIT SANTHOSH PILLAI'S DEPOSITION TO DECEMBER 3 AND 4 OR IN THE ALTERNATIVE TO RESCHEDULE IT ON THREE CONTIGUOUS DAYS

Due to the expiration of their visas, some of Defendant Signal's employees will return to India by January 27, 2009. (Sept. 12, 2008 telephone call between Erin Hangartner, Naomi Tsu, Dan Werner, and Jennifer Rosenbaum). The Court authorized the depositions of five such employees in order to preserve their testimony. Rec. Doc. 228. Signal has noticed the deposition of Santhosh Kumar Gopinathan Pillai for a Wednesday-Thursday-Monday period that Plaintiffs cannot reasonably attend. Despite Plaintiffs requests for a shorter or contiguous schedule, the parties have been unable to resolve this scheduling issue.

As currently scheduled, Mr. Pillai's deposition carries on for three days, with a three day window between the second and third day. See Ex. 1 (email from B. Bagnetto to all counsel).[1] Although Defendants' counsel are all local to the New Orleans area, Plaintiffs' counsel are located out of state and must fly into New Orleans for this deposition. Due to the three day gap

---

[1] This deposition originally was noticed for Dec. 3 and 4. See Ex. 2.

in the deposition as noticed, Plaintiffs counsel must fly into New Orleans twice.  Due to the expense and time required by such a schedule, Plaintiffs have repeatedly requested that the deposition either be limited to two days—with each day extended if necessary—or moved to three contiguous days.  See Exs. 3, 5, 7, 9 (emails from from N. Tsu to E. Hangartner).  Signal's counsel has been unwilling to change the deposition dates.  See Exs. 4, 6, 8 (emails from E. Hangartner to N. Tsu).

Specifically, on November 26, after checking with the members of Plaintiffs' legal team who were in the office during Thanksgiving week, Plaintiffs requested that Mr. Pillai's deposition be rescheduled to three contiguous days because the split schedule created an unreasonable burden on Plaintiffs. See Ex. 3 (email from N. Tsu to E. Hangartner).  Signal's counsel denied Plaintiffs' request.  See Ex. 4 (email from E. Hangartner to N. Tsu).  After checking with the remainder of the legal team and local counsel, Plaintiffs' counsel informed Signal that they had found no reasonable way to accommodate the split schedule and that they could not be present on December 8 for a third day of Mr. Pillai's deposition.  Plaintiffs suggested that testimony on December 3 and 4 could be extended for a reasonable time in order to finish both direct and cross, and that two days should be sufficient to finish this worker's deposition.  As an alternative, Plaintiffs stated that they were willing to attend a three day deposition so long as it was scheduled for three contiguous days.  See Ex. 5 (email from N. Tsu to E. Hangartner).  With no explanation other than "our backs are against the wall," Signal's counsel denied Plaintiffs' request for alternative scheduling.  See Ex 6 (email from E. Hangartner).

Plaintiffs have acceded to Signal's scheduling of Mr. Pillai's deposition as a three day matter despite Plaintiffs' skepticism about the need for such a long deposition.  When Plaintiffs

have asked Signal's counsel to similarly accommodate their need for continuity in scheduling to avoid the time and expense of having two members of Plaintiffs' counsel fly twice to New Orleans to cover a single deposition, Signal's counsel has been unwilling to make meaningful negotiations.  Signal's counsel's sole offer was to discuss this matter after the first day of testimony.  See Ex. 8.  By then, however, the matter will be decided:  Plaintiffs' counsel will already have traveled to New Orleans and will have to travel back at some point in the future in order to finish the deposition. The momentum of the deposition will be interrupted and the witness as well as all counsel will have to return at some later date.

Plaintiffs request that the Court assist in resolving this issue.  Plaintiffs suggest that this deposition could be completed in two days, which could be reasonably lengthened beyond seven hours on each deposition day if necessary, with December 3 for direct and December 4 for cross by all counsel.  In the alternative, Plaintiffs note that January 5-7, 6-8, 7-9, 19-21, 20-22, and 21-23 all offer contiguous three day periods in which this deposition could be scheduled.

Alternatively, Plaintiffs' counsel should not have to bear the financial burden of accommodating Signal's scheduling difficulties.  If the third deposition day must occur on December 8, Signal should reimburse the airfare and other reasonable travel expenses of two attorneys for Plaintiffs to attend the deposition on that date.

Respectfully submitted,


/s/ Tracie L. Washington
Tracie L. Washington, Esq.
Louisiana Bar No. 25925
Louisiana Justice Institute
1631 Elysian Fields
New Orleans, Louisiana  70117
Telephone:  (504) 872.9134
Facsimile: (504) 872.9878
tracie@louisianajusticeinstitute.org
tlwesq@cox.net

s/ Chandra S. Bhatnagar
Chandra S. Bhatnagar (*pro hac vice*)
New York State Bar Registration No. 4136966
American Civil Liberties Union Foundation
(New York/Broad)
125 Broad St.
17th Floor
New York, NY 10004
212-519-7840
cbhatnagar@aclu.org


s/ Vincent Davitt
Vincent Davitt (*pro hac vice*)
Anita Jain (*pro hac vice*)
Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA 90071-1530
213-621-6000
vdavitt@deweyleboeuf.com
ajain@deweyleboeuf.com


Sean Gorman  (*pro hac vice*)
Samuel Justin Warf (*pro hac vice*)
Robert P. Wynne
Dewey & LeBoeuf, LLP
1000 Main St.
Suite 2550

/s/ Naomi Tsu[2]
Naomi Tsu (*pro hac vice*)
California Bar No. 248588
Daniel Werner (*pro hac vice*)
New York State Bar Registration No. 3969839
Kristi L. Graunke, T.A. (*pro hac vice*)
Georgia Bar No. 305653
Mary C. Bauer
Virginia Bar No. 31388 (*pro hac vice*)
Morris S. Dees (*pro hac vice*)
Alabama Bar No. ASB-7003-E50M
Immigrant Justice Project
Southern Poverty Law Center
233 Peachtree Street, Suite 2150
Atlanta, GA  30303
Telephone: (404)521-6700
Facsimile: (404)221-5857
kgraunke@splcenter.org
mbauer@splcenter.org
daniel.werner@splcenter.org


/s/ Tushar J. Sheth
Tushar J. Sheth, T.A. (*pro hac vice*)
New York State Bar Registration No. 4088902
Asian American Legal Defense
   and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: (212) 966-5932
Facsimile: (212) 966-4303
tsheth@aaldef.org


s/ Chandra S. Bhatnagar
Chandra S. Bhatnagar
American Civil Liberties Union Foundation
125 Broad St.
17th Floor
New York, NY 10004

---

[2] Pursuant to L.R. 37.1, I certify that I have twice called Ms. Hangartner to attempt to resolve this matter amicably without the courty's involvement.

Houston, TX 77002
713-287-2000
sgorman@deweyleboeuf.com
jwarf@deweyleboeuf.com
rwynne@deweyleboeuf.com

212-519-7840
cbhatnagar@aclu.org

s/ Jennifer J. Rosenbaum_____
Jennifer J. Rosenbaum
New Orleans Workers' Center
      for Racial Justice
803 Baronne St.
New Orleans, LA 70113
615-423-0152
jjrosenbaum@post.harvard.edu

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

_____

KURIAN DAVID, et al.,                    )
                                         )
      Plaintiffs,                       )   Case No. 2:08-cv-1220
                                         )
                                         )   Section "A"
v.                                       )    Judge Zainey
                                         )    Magistrate Judge Knowles
                                         )
SIGNAL INTERNATIONAL, LLC, et al.,       )   Class Action—
                                         )   Collective Action
      Defendants.                       )
_____ )

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER TO LIMIT SANTHOSH**
**PILLAI'S DEPOSITION TO DECEMBER 3 AND 4 OR IN THE ALTERNATIVE TO**
**RESCHEDULE IT ON THREE CONTIGUOUS DAYS**

      Due to the expiration of their visas, some of Defendant Signal's employees will return to

India by January 27, 2009. (Sept. 12, 2008 telephone call between Erin Hangartner, Naomi Tsu,

Dan Werner, and Jennifer Rosenbaum).  The Court authorized the depositions of five such

employees in order to preserve their testimony.  Rec. Doc. 228.  Signal has noticed the

deposition of Santhosh Kumar Gopinathan Pillai for a Wednesday-Thursday-Monday period that

Plaintiffs cannot reasonably attend.  Despite Plaintiffs requests for a shorter or contiguous

schedule, the parties have been unable to resolve this scheduling issue.

      As currently scheduled, Mr. Pillai's deposition carries on for three days, with a three day

window between the second and third day.  See Ex. 1 (email from B. Bagnetto to all counsel).[1]

Although Defendants' counsel are all local to the New Orleans area, Plaintiffs' counsel are

located out of state and must fly into New Orleans for this deposition.  Due to the three day gap

_____

[1] This deposition originally was noticed for Dec. 3 and 4.  See Ex. 2.

in the deposition as noticed, Plaintiffs counsel must fly into New Orleans twice.  Due to the expense and time required by such a schedule, Plaintiffs have repeatedly requested that the deposition either be limited to two days—with each day extended if necessary—or moved to three contiguous days.  See Exs. 3, 5, 7, 9 (emails from from N. Tsu to E. Hangartner).  Signal's counsel has been unwilling to change the deposition dates.  See Exs. 4, 6, 8 (emails from E. Hangartner to N. Tsu).

Specifically, on November 26, after checking with the members of Plaintiffs' legal team who were in the office during Thanksgiving week, Plaintiffs requested that Mr. Pillai's deposition be rescheduled to three contiguous days because the split schedule created an unreasonable burden on Plaintiffs. See Ex. 3 (email from N. Tsu to E. Hangartner).  Signal's counsel denied Plaintiffs' request.  See Ex. 4 (email from E. Hangartner to N. Tsu).  After checking with the remainder of the legal team and local counsel, Plaintiffs' counsel informed Signal that they had found no reasonable way to accommodate the split schedule and that they could not be present on December 8 for a third day of Mr. Pillai's deposition.  Plaintiffs suggested that testimony on December 3 and 4 could be extended for a reasonable time in order to finish both direct and cross, and that two days should be sufficient to finish this worker's deposition.  As an alternative, Plaintiffs stated that they were willing to attend a three day deposition so long as it was scheduled for three contiguous days.  See Ex. 5 (email from N. Tsu to E. Hangartner).  With no explanation other than "our backs are against the wall," Signal's counsel denied Plaintiffs' request for alternative scheduling.  See Ex 6 (email from E. Hangartner).

Plaintiffs have acceded to Signal's scheduling of Mr. Pillai's deposition as a three day matter despite Plaintiffs' skepticism about the need for such a long deposition.  When Plaintiffs

have asked Signal's counsel to similarly accommodate their need for continuity in scheduling to avoid the time and expense of having two members of Plaintiffs' counsel fly twice to New Orleans to cover a single deposition, Signal's counsel has been unwilling to make meaningful negotiations.  Signal's counsel's sole offer was to discuss this matter after the first day of testimony.  See Ex. 8.  By then, however, the matter will be decided:  Plaintiffs' counsel will already have traveled to New Orleans and will have to travel back at some point in the future in order to finish the deposition. The momentum of the deposition will be interrupted and the witness as well as all counsel will have to return at some later date.

Plaintiffs request that the Court assist in resolving this issue.  Plaintiffs suggest that this deposition could be completed in two days, which could be reasonably lengthened beyond seven hours on each deposition day if necessary, with December 3 for direct and December 4 for cross by all counsel.  In the alternative, Plaintiffs note that January 5-7, 6-8, 7-9, 19-21, 20-22, and 21-23 all offer contiguous three day periods in which this deposition could be scheduled.

Alternatively, Plaintiffs' counsel should not have to bear the financial burden of accommodating Signal's scheduling difficulties.  If the third deposition day must occur on December 8, Signal should reimburse the airfare and other reasonable travel expenses of two attorneys for Plaintiffs to attend the deposition on that date.

Respectfully submitted,


/s/ Tracie L. Washington
Tracie L. Washington, Esq.
Louisiana Bar No. 25925
Louisiana Justice Institute
1631 Elysian Fields
New Orleans, Louisiana  70117
Telephone:  (504) 872.9134
Facsimile: (504) 872.9878
tracie@louisianajusticeinstitute.org
tlwesq@cox.net

s/ Chandra S. Bhatnagar
Chandra S. Bhatnagar (*pro hac vice*)
New York State Bar Registration No. 4136966
American Civil Liberties Union Foundation
(New York/Broad)
125 Broad St.
17th Floor
New York, NY 10004
212-519-7840
cbhatnagar@aclu.org


s/ Vincent Davitt
Vincent Davitt (*pro hac vice*)
Anita Jain (*pro hac vice*)
Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA 90071-1530
213-621-6000
vdavitt@deweyleboeuf.com
ajain@deweyleboeuf.com


Sean Gorman  (*pro hac vice*)
Samuel Justin Warf (*pro hac vice*)
Robert P. Wynne
Dewey & LeBoeuf, LLP
1000 Main St.
Suite 2550

/s/ Naomi Tsu[2]
Naomi Tsu (*pro hac vice*)
California Bar No. 248588
Daniel Werner (*pro hac vice*)
New York State Bar Registration No. 3969839
Kristi L. Graunke, T.A. (*pro hac vice*)
Georgia Bar No. 305653
Mary C. Bauer
Virginia Bar No. 31388 (*pro hac vice*)
Morris S. Dees (*pro hac vice*)
Alabama Bar No. ASB-7003-E50M
Immigrant Justice Project
Southern Poverty Law Center
233 Peachtree Street, Suite 2150
Atlanta, GA  30303
Telephone: (404)521-6700
Facsimile: (404)221-5857
kgraunke@splcenter.org
mbauer@splcenter.org
daniel.werner@splcenter.org


/s/ Tushar J. Sheth
Tushar J. Sheth, T.A. (*pro hac vice*)
New York State Bar Registration No. 4088902
Asian American Legal Defense
    and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: (212) 966-5932
Facsimile: (212) 966-4303
tsheth@aaldef.org


s/ Chandra S. Bhatnagar
Chandra S. Bhatnagar
American Civil Liberties Union Foundation
125 Broad St.
17th Floor
New York, NY 10004

---

[2] Pursuant to L.R. 37.1, I certify that I have twice called Ms. Hangartner to attempt to resolve this matter amicably without the courty's involvement.

Houston, TX 77002
713-287-2000
sgorman@deweyleboeuf.com
jwarf@deweyleboeuf.com
rwynne@deweyleboeuf.com

212-519-7840
cbhatnagar@aclu.org

s/ Jennifer J. Rosenbaum_____
Jennifer J. Rosenbaum
New Orleans Workers' Center
         for Racial Justice
803 Baronne St.
New Orleans, LA 70113
615-423-0152
jjrosenbaum@post.harvard.edu