```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA


KURIAN DAVID, ET AL.                     CIVIL ACTION


VERSUS                                   NO: 08-1220


SIGNAL INTERNATIONAL, LLC,               SECTION: "A" (3)
ET AL.
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss or Strike Class Allegations (Rec. Doc. 672)** filed by defendant Signal International, LLC, which the Burnett Defendants,[1] the Global Defendants,[2] and the Dewan Defendants[3] support. Plaintiffs Kurian David, et al. oppose the motion. The motion is before the Court on the briefs without oral argument.

### I. BACKGROUND

Plaintiffs are seven (7) citizens of India who secured H-2B guestworker visas to work in the United States for defendant Signal International, LLC in the aftermath of Hurricane Katrina.[4]

---

[1] The Burnett Defendants are Malvern C. Burnett, Gulf Coast Immigration Law Center, LLC, and the Law Offices of Malvern C. Burnett, A.P.C.

[2] The Global Defendants are Michael Pol and Global Resources, Inc.

[3] The Dewan Defendants are Sachin Dewan and Dewan Consultants, Pvt. Ltd.

[4] The First Amended Complaint ("FAC") (Rec. Doc. 47) also contains claims on behalf of a group of plaintiffs who were

1

Signal is in the business of providing construction services to the Gulf Coast oil and gas industry.

In late May and early June 2006, Signal filed paperwork seeking permission to import and hire 590 foreign guestworkers pursuant to the government's H-2B guestworker program.  The H-2B guestworker program permits U.S. employers to import foreign workers on short-term temporary visas to meet labor needs when employers attest that they cannot find U.S. workers to perform the available jobs.  According to Signal, devastation in the gulf region following Hurricane Katrina severely depleted its work force.  H-2B visas are non-immigrant visas, only valid for work with the specific employer listed on the visa, and do not provide portable and/or transferable employment authorization for the visa bearer. (FAC ¶¶ 106, 108, 109).

Global Resources, Inc., a Mississippi company acting through its principal Michael Pol, and Dewan Consultants, Pvt. Ltd., an Indian company acting through its principal Sachin Dewan, placed

---

recruited in 2003 and 2004--clearly before Hurricane Katrina adversely affected Signal's local labor pool.  (Group I Plaintiffs).  The allegations in the amended complaint do not suggest that Signal was involved in recruiting foreign workers during this time frame.  Instead, with respect to the Group I Plaintiffs, the FAC alleges a fraudulent scheme prior to Signal's involvement in which some of the plaintiffs contracted with some of the defendants to obtain green cards to immigrate to the United States in exchange for monetary payments.  When defendants could not produce green cards and the Group I plaintiffs became irate they were allegedly advised to participate in Signal's H-2B program so that they could work in the United States while their green card applications were being processed.  (FAC ¶ 118).

advertisements in newspapers throughout India and the United Arab Emirates in 2006 offering opportunities for welders and pipefitters to immigrate to the United States under the auspices of Signal's guestworker program.  Plaintiffs were encouraged to attend informational meetings based on the advertisements and Plaintiffs contend that they were promised <u>permanent</u> employment in the United States via green cards if they participated in the program.  Plaintiffs claim that they were told that participation in the H2-B program would allow them to stay in the United States while their green card applications were being processed.  Plaintiffs contend that defendants Malvern Burnett and Michael Pol attended those meetings where false representations were made.

   Plaintiffs contend that they relied on the representations made at those meetings abroad and signed green card contracts with Defendants.  Plaintiffs contend that in reasonable reliance on Defendants' assertions they undertook considerable personal and familial sacrifices to amass the funds necessary to initiate the green card process often plunging deeply into debt.  (FAC ¶ 146).  Plaintiffs claim to have paid exorbitant fees, sometimes as much as $20,000.00, and they assert that they would not have done so had they known that Defendants' assertions regarding permanent residence in the United States were false.  (FAC ¶ 149).

Upon arriving in the United States, Plaintiffs contend that they were forced to live in isolated, overcrowded labor camps at Signal's Pascagoula, Mississippi and Orange, Texas locations. Signal charged the workers $35 per day to live in the camps and while workers were permitted to live outside the camps they were still to be charged the daily rate.  Plaintiffs contend that while employed at Signal they were subjected to racial insults and given undesirable work that Signal's non-foreign workers did not want to perform.[5]

Plaintiffs have made claims under the Trafficking Victims Protection Act, 18 U.S.C. § 1589 (forced labor) and 18 U.S.C. § 1590 (trafficking with respect to peonage, slavery, involuntary servitude, or forced labor), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)-(d), the Civil Rights Act, 42 U.S.C. §§ 1981 & 1985, as well as claims asserting fraud and negligent misrepresentation and breach of contract. Plaintiffs seek to certify a class for purposes of damages and injunctive and declaratory relief consisting of:

> All Indian H-2B guestworkers who were recruited by one or more of Defendants who traveled and/or were transported to the United States at any time from 2003 through the present under the auspices of H-2B visas assigned to Defendant Signal International.

---

[5] The foregoing background is intended to be an extremely condensed rendition of Plaintiffs' allegations.  Plaintiffs' factual allegations alone comprise 258 paragraphs.  Their legal claims for relief comprise another 150 paragraphs.

Plaintiffs' Motion for Class Certification (Rec. Doc. 165 at 2). Plaintiffs argue that they satisfy all of the requirements of Rule 23(a) and that they further satisfy the requirements of Rule 23(b)(2) and 23(b)(3).  A class certification hearing is scheduled to begin on August 18, 2010.

Signal now moves to dismiss or alternatively to strike all of Plaintiffs' class allegations.  Signal contends that Plaintiffs' claims are not subject to class certification and that an evidentiary hearing is not necessary.  Signal points out that Plaintiffs are seeking compensatory damages which is a classic element of tort recovery and that the claims in this case are suggestive of a mass tort action which defies certification as a matter of law due to the individual nature of the claims.

Signal contends that the trafficking and peonage claims turn on proof of compulsion, that being the antithesis of consent, and that individual issues will predominate those claims.  Signal also contends that claims of fraud require proof of individual reliance and therefore cannot be certified as a class action particularly where individual damages are claimed.  Signal argues that the civil RICO claims will also require proof of reliance, which again can only be evaluated on an individual basis, again defying certification.  Finally, Signal argues that the breach of contract claims and racial discrimination claims are likewise not amenable to treatment on a class-wide basis.

In opposition, Plaintiffs point out that Signal was engaged in a scheme of false promises that were made to every member of the putative class--each one was promised permanent residency status in the United States via the coveted green card. Plaintiffs contend that the promise of green cards is not in dispute and neither is its falsity nor Plaintiffs' wholesale reliance on that promise.  Plaintiffs argue that Signal did not treat them as individuals before this case was brought and it should have no right to now treat them as such when it serves its legal interests.  Finally, Plaintiffs label Signal's motion as a re-urged motion to dismiss and point out that the Court denied Signal's original motion to dismiss the class claims in September 2008, that motion having raised many of the same legal arguments that Signal now makes.  (Rec. Doc. 156).

**II.  DISCUSSION**

To obtain certification a party must satisfy Rule 23(a)'s four threshold requirements (numerosity, commonality, typicality, and adequacy of representation), as well as the requirements of Rule 23(b)(1), (2), or (3).  <u>Gene & Gene, LLC v. Biopay, LLC</u>, 541 F.3d 318, 325 (5th Cir. 2008) (<u>citing</u> <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591 (1997)).  District courts have discretion as to whether a class will be certified.  <u>Stirman v. Exxon Corp.</u>, 280 F.3d 554, 561 (5th Cir. 2002) (<u>citing</u> <u>Castano v. Am. Tobacco Co.</u>, 84 F.3d 734, 740 (5th Cir. 1996)).  However, that discretion

must be exercised within the framework of Rule 23.  Id.  The district court must "conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class."  Gene & Gene, 541 F.3d at 325 (quoting O'Sullivan v. Countrywide Home Loans, Inc., 319 F.3d 732, 737-38 (5th Cir. 2003)).  The party seeking certification bears the burden of demonstrating that the Rule 23 requirements have been met.  Id. (citing Berger v. Compaq Comp. Corp., 257 F.3d 475, 479 (5th Cir. 2001)).

Rule 23 does not itself require an evidentiary hearing on the question of class certification.  Merrill v. So. Methodist Univ., 806 F.2d 600, 608 (5th Cir. 1986).  Any factual uncertainties trigger the necessity for a hearing.  Id. at 609.  The district court should ordinarily conduct an evidentiary hearing on the question of certification unless clear grounds exists for the denial of class certification.  Id.

The Court DENIES Signal's motion.  The motion does reraise many of the same legal arguments that were already presented to the Court in Signal's original motion to dismiss.[6]  When the Court denied that motion on September 11, 2008, the Court expressed its belief that the Plaintiffs should be allowed to present their evidence to the Court at the certification hearing and that Signal's arguments could properly be presented via its

---

[6] The Court recognizes that Signal's right to reurge some of its arguments after discovery was specifically reserved.  (Rec. Doc. 569).

7

opposition to certification. (Rec. Doc. 156). The parties have now been engaged in an additional two years of discovery in anticipation of the certification hearing and the Court remains convinced that this is the correct approach.

The Court has considered and studied Signal's arguments very carefully and the Court's decision to deny Signal's motion should not suggest to any party that the Court finds all of Signal's arguments to be unpersuasive. However, the Court cannot conclude based on what it has reviewed so far, that <u>none</u> of Plaintiffs' claims are subject to certification. The Court might very well reach that conclusion after a contradictory hearing but it cannot do so now. Therefore, the need for a class certification hearing cannot be completely eliminated and the Court sees no benefit to risk reversible error by eliminating claims in a piecemeal fashion when a hearing will be necessary anyway.

Finally, Plaintiffs had previously suggested submitting the issue of certification to the Court via documentary evidence and that suggestion was persuasive given that they have the burden of proof on certification. Signal objected to that suggestion and insisted that a full evidentiary hearing would be necessary. (Rec. Doc. 569). Thus, Signal cannot now be heard to complain about the expense or burden associated with an evidentiary hearing.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss or Strike Class Allegations (Rec. Doc. 672)** filed by defendant Signal International, LLC is **DENIED.**

July 9, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE