UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KURIAN DAVID, ET AL.                          CIVIL ACTION


VERSUS                                        NO: 08-1220


SIGNAL INTERNATIONAL, LLC,                    SECTION: "A" (3)
ET AL.


## ORDER AND REASONS

Before the Court is a **Motion for Partial Stay of Class Certification Proceedings (Rec. Doc. 1013)** filed by defendant Signal International, LLC. Plaintiffs Kurian David, et al. oppose the motion. The motion, submitted for expedited consideration on February 28, 2011 (Rec. Doc. 1019), is before the Court on the briefs without oral argument.

Signal's Motion for Partial Stay is a companion motion to its Motion to Strike Evidence Not Within Issues Raised in Plaintiffs' Pleadings (Rec. Doc. 1012), which is set for submission on March 16, 2011.[1] The substance of the Motion to Strike is that Plaintiffs argue for certification of a third-party fraud claim that was never pled with the required specificity in Plaintiffs' First Amended Complaint ("FAC"). Signal contends that it never expressly nor impliedly consented to an amendment of the FAC to add this new third-party fraud

---

[1] The Burnett defendants have moved to join Signal's Motion to Strike. (Rec. Doc. 1037).

1

claim and that the Court should not permit an amendment of the
pleadings at this time to assert this new claim because of the
severe prejudice the amendment would cause Signal.

According to Signal, Plaintiffs' contention that Signal
defrauded the United States pursuant to 18 U.S.C. § 1546 is a new
one not raised in the FAC, and consequently not pled with
particularity pursuant to Rule 9(b).  Plaintiffs rely on the
crime proscribed by § 1546 as one of the predicated offenses
supporting their RICO claims.  But according to Signal,
Plaintiffs have only alleged first-party reliance in support of
their RICO predicate offenses, i.e., that *Plaintiffs* were the
parties who had relied on fraudulent statements made by Signal or
its agents, whereas in their certification memorandum,
Plaintiffs' argue third-party reliance by the United States,
i.e., that *the United States* relied on allegedly fraudulent
statements made to the government on behalf of Signal during the
H-2B visa process, thereby injuring Plaintiffs.

Because rebuttal memoranda on class certification had been
due on March 11, 2001,[2] several days prior to the submission date
set for the Motion to Strike, Signal moved to stay the
certification proceedings solely with respect to Plaintiffs' RICO
claims predicated on 18 U.S.C. § 1546 so as to allow the Court

---

[2] The deadline for rebuttal memoranda was recently moved to
March 21, 2011, by consent.  (Rec. Doc 1026).

2

time to rule on the Motion to Strike.  Signal argues that it
should not be required to oppose a certification claim that
Plaintiffs never pled, and that if the Court grants the Motion to
Strike then the whole issue will be moot.  Therefore, Signal
urges that the claims predicated on § 1546 should be stayed
pending the Court's ruling on the Motion to Strike.  If the Court
denies Signal's Motion to Strike and permits Plaintiffs to amend
the FAC to bring the new claim, then according to Signal the need
to stay the claims predicated on § 1546 will be even greater
because then Signal must at a minimum be permitted to 1) file a
formal answer, and 2) conduct formal discovery on the claim which
may include: i) issuing supplemental requests for production on
all parties, ii) re-noticing the depositions of all class
representatives, iii) re-noticing the depositions of other
witnesses already deposed, and perhaps, iv) conducting wholly new
depositions.

     In opposition, Plaintiffs argue *inter alia* that the
arguments that Signal presents in its Motion to Strike are
appropriately raised in opposition to the motion to certify and
that Plaintiffs did in fact adequately plead the claim that
Signal now characterizes as "new."[3]  Further, Plaintiffs have now

---

[3] Plaintiffs also remind the Court that at numerous times it
has advised the Defendants that no new motions would be
entertained.  But Signal's Motion to Strike is best characterized
as an objection at trial made pursuant to Rule 15(b)(1) so as to
foreclose the argument that Signal impliedly consented to an

filed a Motion for Leave to File a Third Amended Complaint (Rec. Doc. 1031).

The Court will GRANT Signal's Motion for Partial Stay of Class Certification Proceedings insofar as Defendants will not be required to address the merits of § 1546 claims in their rebuttal memoranda.  If the Court is inclined to deny the Motion to Strike and/or grant the Motion to Amend, and if the § 1546 claims are otherwise certifiable, then the Court will issue an order inviting Defendants to respond to the § 1546 claims on the merits.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Stay of Class Certification Proceedings (Rec. Doc. 1013)** filed by defendant Signal International, LLC. is **GRANTED** as explained above.

March 14, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

amendment pursuant to Rule 15(b)(2).