# Middleberg Riddle & Gianna

**Erin Casey Hangartner**

Attorneys and Counselors

31st Floor
201 St. Charles Avenue
New Orleans, Louisiana 70170-3100

(504) 525-7200
(504) 207-7336 (Direct Dial)
(504) 581-5983 (Telecopier)
ehangartner@midrid.com

June 22, 2012

*VIA EMAIL TRANSMISSION AND FACSIMILE*

Honorable Susie Morgan
U.S. District Court Judge, Div. "E"
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

      RE:    ***Kurian David, et al. V. Signal International, LLC, et al***
                  USDC, EDLA, Docket No. 08-CV-01220, Sec. E., Mag. 3
                  *Our file: 5415-0003*

Dear Judge Morgan:

      Please allow this to serve as Signal International, LLC's ("Signal") response to this Court's June 20, 2012 Minute Entry (Doc. 1178). After consideration of the issues raised in the June 15, 2012 status conference, Signal provides the following comments to the Court:

### *Consolidation of David Case and EEOC Case*

      Signal agrees with the Court that the *David* and *EEOC* cases should be consolidated for all pre-trial matters but severed for trial. Signal believes that this is the most efficient manner in which to proceed. Likewise, Signal concurs with the Court that all relevant discovery completed to date in the *David* matter should be available for use in the *EEOC* case, absent a showing of good cause by a party as to prejudice.

### *Trial of the David Case*

      With all due respect to this Court's statement that it will proceed as ordered by Judge Zainey to try the *David* case with five plaintiffs, three chosen by the plaintiffs, and, two chosen by the defendants, Signal contends that the issue of whether these 12 cases are properly joined and should be allowed to proceed as one case, i.e. Rule 21 severance, has never been before the Court. Signal contends that there is considerable Fifth Circuit case law which requires that these

cases be dismissed on misjoinder grounds and the plaintiffs would then be allowed to file individual lawsuits within a time period ordered by the Court. Signal intends to file a Motion to Sever these cases within the next 30 days. Should the Court grant Signal's Motion to Sever, groupings of similar cases or causes of action could be identified at a later date and could potentially be consolidated for trial purposes, if appropriate.

### *Tolling of Statute of Limitations/Prescriptive Period for Unfiled Claims*

Signal recognizes that in the June 20, 2012 Minute Entry, the Court set a deadline for Plaintiffs to file any motions related to requests that the statute of limitations/prescriptive period be tolled for persons who have not yet filed suit. In the interests of full disclosure, Signal reiterates its position as stated during the status conference. Signal intends to vigorously oppose any such motion filed by plaintiffs. Signal contends that the Motion for Class Certification was denied and those persons who wish to assert claims against Signal for matters arising out of the alleged facts set forth in the *David* case must do so within the applicable time frame set forth by the applicable statutes of limitation or prescriptive periods. Signal believes that there is no basis in the law for the tolling of these time limits.

### *Discovery Issues*

Signal notes that all of the depositions taken to date in the *David* case were taken for class certification purposes only. While issues related to merits may have been touched upon, no deposition contains testimony which thoroughly explored merits. Accordingly, it is Signal's position that many of the witnesses who were already deposed will have to be re-deposed for merits purposes. In addition, there are many witnesses who have yet to be deposed. Signal agrees that issues that have already been exhausted in class depositions should not be re-addressed and that all parties should work to try to complete depositions in as efficient a manner as possible. However, given the complexity of the issues in this case, and the travel and translator issues, Signal believes that imposing a time limit on depositions is not prudent.

Further, to date, Plaintiffs and the other Defendants have only produced documents relevant to class certification. Accordingly, there will be significant document production in the merits phase of this case. Signal also anticipates that there will be discovery issues related to document production that will have to be addressed in motion practice.

Finally, Signal believes that the current protective orders that are in place should be restricted to matters conducted to date and that new protective orders should be put in place for the merits phase of the case. Documents currently protected by these protective orders would continue to be covered by those orders. All parties are scheduled to confer on this issue on Thursday, June 28, 2012.

### *Trial Date and Related Deadlines*

Given the following factors, Signal believes that a June, 2013 trial date may be premature:

- Discovery cannot begin for 60 days until issues related to the Plaintiffs' document system can be resolved.
- The number of merits depositions that will need to be taken including the issues of coordination of counsel's schedules (including two sole practitioners and *pro se* parties), travel (including potential travel to India) and translators.
- The number of documents which Signal anticipates will be produced and the fact that many merits depositions cannot be scheduled until document production is complete.
- Signal anticipates parties filing a number of discovery motions.
- Signal anticipates that all parties intend to file a significant number of dispositive motions.

Signal proposes a trial date of September 30, 2013. Signal believes this would allow sufficient time to complete all pre-trial matters and allow the trial to begin after the months which pose the greatest threat in hurricane season (August and September) which could impact the travel schedules of counsel, translators, experts, witnesses, etc.

Signal suggests that it is premature at this point to determine whether the *David* case or *EEOC* case would be tried on this date. Signal would propose that as discovery and motion practice progresses, this issue can be revisited by the Court and parties to determine which matter will be ripe for trial on September 30, 2013.

As requested by the Court, Signal proposes the following deadlines based on a September 30, 2013 trial date:

| DATE | DEADLINE |
| --- | --- |
| September 30, 2013 | Trial |
| September 23, 2013 | Motions in Limine (other than those related to admissibility of expert testimony) and trial Memoranda due |
| September 25, 2013 | Responses to Motions in Limine (other than those related to admissibility of expert testimony) and trial Memoranda due |
| September 20, 2013 | Final Pre-trial conference |
| September 16, 2013 | Pre-trial Order due |

| | |
|---|---|
| August 16, 2013 | Motions in Limine regarding the admissibility of expert testimony due |
| August 16, 2013 | Discovery ends |
| July 17, 2013 | Witness and Exhibit Lists due |
| July 17, 2013 | Defendant Expert Reports due |
| July 17, 2013 | Dispositive Motion deadline |
| June 17, 2013 | Plaintiff Expert Reports due |
| February 8, 2013 | Class Certification Memorandum in Opposition due (EEOC case) |
| January 8, 2013 | Class Certification Memorandum in Support due (EEOC case) |
| August 15, 2012 | Discovery to begin |

Signal appreciates the opportunity the Court has allowed for it to provide its input into these case management issues.

Sincerely,

*Erin Casey Hangartner*
Erin Casey Hangartner
Trial Counsel
Signal International, LLC

cc: All counsel of record (via email)
Michael Pol (via email & US mail)
Kurella Rao (via email & US Mail)

4827-6098-3568, v. 1