

**SPLC Immigrant Justice Project**

*A Project of the Southern Poverty Law Center*

233 Peachtree Street NE, Suite 2150
Atlanta, GA 30303
T 404.521.6700   F 404.221.5857
Toll Free 1.800.591.3656
www.splcenter.org

June 22, 2012

**VIA FACSIMILE**

The Honorable Susie Morgan
United States District Court for the Eastern District of Louisiana
500 Poydras Street, Rm. C-508
New Orleans, LA 70130

Re:   <u>David et al. v. Signal International LLC, et al.</u>, 08-1220 (E.D. La. 2008)

Dear Judge Morgan:

    We write on behalf of Plaintiffs David, Sulekha, Thangamani, Kandhasamy, Khuttan, Padaveettiyil, Dhananjaya, Vijayan, Kumar, Kadakkarappally, Singh, and Chellappan ("the Workers" or "Plaintiffs") in response to this Court's June 15, 2012 Status Conference and Minute Entry. (<u>David</u> Rec. Doc. 1178).

### A. The Workers Request Coordinated Discovery in <u>David</u> and <u>EEOC</u>.

    The Workers believe that use of discovery from <u>David</u> in <u>EEOC</u> would speed the discovery process in <u>EEOC</u> and would prevent redundant discovery production and depositions. To aid this transfer, the Workers are willing to forward copies of the documents they have produced and received to the EEOC. Due to the overlapping evidence in both matters, allowing discovery taken in one case to be used in the other case would promote efficient discovery and avoid redundant requests.

    The Workers believe that they should not be exposed to repeated depositions in these matters and request that all remaining subjects for questioning be included in a single deposition, whether they pertain to the merits of the claims in either <u>David</u> or in <u>EEOC</u>, to certification of a class in <u>EEOC</u>, or to a finding of a pattern or practice of discrimination in <u>EEOC</u>. The Workers believe that this coordination may be accomplished without formal consolidation of the two matters, but do not oppose formal consolidation of discovery if the Court deems it necessary in order to prevent duplication of deposition testimony.

    As discussed at the Status Conference and in the Workers' June 8 letter to the Court, the Workers seek a 60-day hiatus on discovery in order to acquire licenses and build interoffice document hosting capacity. During these 60 days, the Workers expect to participate in the motion practice discussed in the Court's Minute Entry, Rec. Doc. 1178.

Hon. Susie Morgan
June 22, 2012
Page 2

The Workers request a Court Order extending protective orders adopted during the class certification phase of David into the merits phase to prevent repetition of discovery disagreements already litigated. These protective orders include those on immigration status, location, and employment post-Signal, immigration applications, and business documents. In addition, adoption of a standard protective order for confidential financial documents to govern all merits discovery would preempt delays during the discovery period. The parties have set a June 28 date for a meet and confer on such a protective order. Applying all protective orders to both David and EEOC would allow all parties to rely on a single set of expectations and would prevent confusion during depositions that would be used for both cases.

The Workers further request that some temporal limitation, even if it is greater than the seven hours established in Fed. R. Civ. P. 30(d)(1), be set on depositions taken in the cases, especially on those depositions of witnesses whose testimony has already been taken. While the matters in these cases are complicated and linguistic interpretation is required for certain parties and witnesses, the Workers submit that neither case is so complicated that no reasonable limitation should be in place. See, e.g., In re Katrina Canal Breaches Consol. Litig., No. CIV.A. 05-4182, 2008 WL 4936734, at *3 (E.D. La. Aug. 11, 2008) ("In the court's experience, the imposition of restrictions on the number of deposition topics and the time period in which the deposition must be completed of the type provided herein is the best way to focus deposition-takers on the key issues in a complex matter and to prevent unstructured, unlimited exploration into every conceivable topic, including those of marginal relevance.").

### B. The Workers Request All Trials in David, and a Phase I Trial in EEOC, be Completed During 2013.

With respect to the claims to be tried as part of EEOC, the Court has expressed its intent to follow Judge Zainey who stated that he was "inclined to sever Plaintiffs' 42 U.S.C. § 1981 employment discrimination claims in the David case from the remainder of that case and try those claims with the EEOC matter." (March 16, 2012 Order, EEOC Rec. Doc. 78). Plaintiffs would agree that such an aggregation of the discrimination claims would make sense, so long as certain safeguards are put in place to achieve the efficiencies that severance would be designed to achieve, to avoid undue delay in EEOC, and avoid the risk of preclusion. The simplest and most obvious such safeguard, which we continue to believe is warranted and would benefit all parties, is class certification of the discrimination claims as set forth in our companion letter addressed specifically to the EEOC case. Alternative safeguards include bifurcation in EEOC and tolling of the running of the statutes of limitations in both cases to limit the complexity and delay that would result from aggregating hundreds of individual worker claims in either case. In addition, Plaintiffs request the Court to move all employment discrimination claims – including any Title VII recruitment claims[1] – into EEOC to create two clean cases, one focused on employment discrimination and one focused on RICO, trafficking, and state law claims.

---

[1] To the extent that the Court desires any of the employment discrimination claims – such as Title VII recruitment claims – to be tried in a separate case from other employment discrimination claims, the Workers request a Court

Hon. Susie Morgan
June 22, 2012
Page 3

The Workers agree with the Court that the long-delayed David case can be moved expeditiously towards trial. The Workers believe that the Court's proposed June 2013 trial date is possible for either the first David trial of five plaintiffs or a Phase I trial in EEOC. Proposed deadlines for such a June trial date are set out at the close of this letter. Such a June trial could be followed by a second trial in August of 2013 on the other trial – whether Phase I in EEOC or the first five David plaintiffs – whichever remains. With the benefits from the knowledge base of the first David trial, a third and final trial of the remaining seven David plaintiffs should be possible as one joint trial that could be scheduled for the Fall of 2013 without further merits discovery, since all Plaintiffs will have been deposed prior to the first David trial. This schedule allows the orderly and expeditious resolution of the long-standing David case for these twelve plaintiffs and resolves the Phase I trial in EEOC. The parties expect to seek the Court's guidance on a separate scheduling order for Title VII Phase II discovery and trial after these initial trials bring resolution on major liability issues.

Proposed timeline for the first trial:

> 1/10/13: Exchange of Plaintiff expert reports
> 2/10/13: Exchange of Defendant expert reports
> 3/10/13: Completion of discovery
> 4/10/13: Dispositive motion deadline
> 4/30/13: Exchange of experts and witness lists
> 4/30/13: Motions in limine deadline
> 5/10/13: Pretrial conference
> 6/03/13: Trial

### C. The Court's List of Remaining Causes of Action Is Largely Accurate

At the June 15, 2012 Status Conference, the Court distributed a list of remaining causes of action and requested the parties to comment on its accuracy. The Workers note three small discrepancies with the document: First, the active version of the Second Amended Complaint is Doc. 946, rather than Doc. 944. Second, the Workers' 42 U.S.C. § 1981 claim is based on based on race, national origin, and/or alienage discrimination and creation of a hostile work environment. Third, the Workers' RICO claims, while pled against all Defendants, do not include all Defendants for each predicate act. Finally, as discussed in the Status Conference, the Workers intend to move for leave to amend their complaint to include *inter alia*, Trafficking

---

Order along the lines contemplated in Restatement (Second) of Judgments § 26(1)(b). The Restatement (Second) of Judgments § 26 reads in pertinent part as follows:

> (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:. . . (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action.

Hon. Susie Morgan
June 22, 2012
Page 4

Victims Protection Act claims against Defendants Malvern C. Burnett, the Law Offices of Malvern C. Burnett, A.P.C., and Gulf Coast Immigration Law Center, L.L.C.

Respectfully submitted,

*Naomi Tsu*
Naomi Tsu
On behalf of Plaintiffs

cc: Magistrate Judge Daniel E. Knowles (via facsimile)
    All counsel (via email)
    Michael Pol, Kurella Rao, and Malvern Burnett (via email)