## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KURIAN DAVID, SONY VASUDEVAN SULEKHA, PALANYANDI THANGAMANI, MURUGANANTHAM KANDHASAMY, HEMANT KHUTTAN, PADAVEETTIYIL ISSAC ANDREWS, KECHURU DHANANJAYA, SABULAL VIJAYAN, KRISHAN KUMAR, JACOB JOSEPH KADAKKARAPPALLY, KULDEEP SINGH, and THANASEKAR CHELLAPPAN, individually and, for Count 7, on behalf of other similarly situated individuals,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SIGNAL INTERNATIONAL LLC, MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., INDO-AMERI SOFT L.L.C., KURELLA RAO, J & M ASSOCIATES, INC. OF MISSISSIPPI, BILLY R. WILKS, J & M MARINE & INDUSTRIAL, LLC, GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS).<br><br>　　　　　　　　　　　　　Defendants. | Civ. No. 08-1220<br>SM/DEK<br><br>Complaint --<br>Collective Action |

## PLAINTIFFS' OPPOSITION TO DEFENDANT SIGNAL'S MOTION TO SEVER

Plaintiffs Kurian David, Sony Vasudevan Sulekha, Palanyandi Thangamani, Muruganantham Kandhasamy, Hemant Khuttan, Padaveettiyil Issac Andrews, Kechuru Dhananjaya, Sabulal Vijayan, Krishan Kumar, Jacob Joseph Kadakkarappally, Kuldeep Singh, and Thanasekar Chellappan (collectively, "the Workers") oppose Defendant Signal International L.L.C.'s ("Signal") motion to sever (Rec. Doc. 1196) on the grounds that it is contradicted by the facts and the law, and is designed to delay resolution of this case and unduly burden these workers and their pro bono counsel.  Joinder promotes efficiency here, and satisfies Fed. R. Civ.

P. 20's standards, because each of the Workers' claims arises from substantially uniform recruitment schemes carried out by Signal's agents and from harms arising from Signal's policies and practices towards Indian H-2B workers.   All of the Workers' claims turn on common witnesses, common evidence, and share common questions of law and fact.   Because each of the Workers assert each of their claims against Signal, Signal's claim of prejudice rings hollow.   As more completely explained below, the Workers respectfully request that the Court deny Signal's motion to sever.

**FACTS AND PROCEDURAL POSTURE**

In this action, twelve Plaintiffs have each brought seven identical causes of action against Signal and other defendants.   Rec. Doc. 946 (Second Amended Complaint) ¶¶ 274, 287, 288, 334, 347, 354-363, 366-370, 373; see generally ¶¶ 273-379.   Each of the Workers' claims allege harms arising from inter alia fraudulent representations made by Signal and its recruiting agents in the course of the Workers' recruitment for work at Signal.   See generally id.; id. at ¶¶ 273 – 332, 346-364; see also Rec. Doc. 47 Ex. 1 (Fraud Chart attached to First Amended Complaint). Each of the Workers' claims additionally include harms arising from abusive labor practices during the Workers' employment at Signal facilities, including segregating the Workers by race and ethnicity into labor camps, imposing adverse and discriminatory terms of employment on the Workers, and coercing work through threats of deportation and other harms.   Id. at ¶¶ 333 - 344. Five of the twelve Workers have brought additional claims against Signal alone for harms arising from the conduct of Signal's employees on March 9, 2007, during Signal's aborted attempt to terminate and forcibly deport those five workers.   Id. at ¶¶ 380 - 420.   Each of the twelve Workers have named Signal as a defendant in each of the claims asserted in the operative

2

complaint as well as in the proposed amendment (Rec. Doc. 1199), meaning that there is no claim to which Signal is not a party.  Id. at ¶¶ 273 - 420.

Despite the common transactions and occurrences underlying the Workers' claims against Signal and the many common questions presented in all of the Workers' claims, Signal has moved to sever each Worker's claims.  The Workers note that Signal does not seek separate trials under Rule 42, but rather moves for severance under Rule 21 to create "discrete, independent action[s]," including, presumably, separate discovery.  See Rec. Doc. 1196 at 1 (citing United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983)). Under the law of this Circuit, Signal's motion must fail, whether for separate trials or for completely separate actions, because joinder is proper here as a matter of law and for practical reasons of judicial efficiency.

**ARGUMENT**

### I.      Signal's Attempt to Treat Joinder as a Subset of Rule 23 Class Certification Practice Must Be Rejected.

It is important to recognize that Signal does not and cannot argue that the Workers do not meet the preconditions for joinder, as it is abundantly clear that they do.  Rather, Signal's motion mostly follows and repeats the language of the decision by this Court in its denial of class certification pursuant to Rule 23.  However, courts grant joinder under Rule 20 much more liberally than they certify Rule 23 classes because under Rule 20 each joined plaintiff presents his own case.  Compare Fed. R. Civ. P. 20 and 23; see also Luna v. Del Monte Fresh Produce (Southeast), Inc., No. 06-CV-2000, 2009 WL 4801357, at *3 (N.D. Ga. Dec. 10, 2009) ("The Court did not find that the common questions predominated, as required for class certification by Rule 23(b)(3). However, 'Rule 20 contemplates a much lower threshold for allowing plaintiffs' claims to proceed to trial together than is required by Rule 23 for class certification.'").  The Rule 20 inquiry "is distinct from" the Rule 23 analysis, "and a ruling against the plaintiffs on the

latter in no way suggests (much less mandates) a like outcome with respect to the former. Stated differently, there is no predomination prerequisite for joinder of multiple plaintiffs' claims, and Rule 20 contemplates a much lower threshold for allowing plaintiffs' claims to proceed to trial together than is required by Rule 23 for class certification." Fisher v. Ciba Specialty Chems. Corp., 245 F.R.D. 539, 542 (S.D. Ala. 2007). Unlike Rule 23 class certification, the Rule 20 analysis focuses on whether plaintiffs' claims share some logical overlap and whether a joint action promotes efficiency. Indeed, Signal's logic would dictate that for virtually no action in which class certification is denied would joinder be appropriate and that is definitely not the state of the law.

> **II.  The Workers' Claims Satisfy Rule 20's Liberal Joinder Test Because They Arise Out of the Same Transactions and Occurrences and Share Common Questions of Law and Fact.**

Permissive joinder of plaintiffs under Rule 20 seeks to prevent multiple lawsuits presenting common questions arising out of a shared underlying set of facts. Fed. R. Civ. P. 20(a);[1] Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 (5th Cir. 1995) ("[P]ermissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20."). The questions for a reviewing court – whether plaintiffs' claims arise out of the same transactions and occurrences and whether they present at least one common question – form a liberal inquiry designed to encourage joinder for the efficient resolution of cases. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

---

[1]     Fed. R. Civ. P. 20(a)(1) deals with permissive joinder of plaintiffs, providing that: "Persons may join in one action as plaintiffs if:  (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

In determining whether the first prong of Rule 20(a) is satisfied, i.e., whether a factual scenario constitutes a transaction or occurrence for Rule 20 purposes, courts ask whether the events are "reasonably related."  Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974); cf. H.L. Peterson Co. v. Applewhite, 383 F.2d 430, 433 n.4 (5th Cir. 1967) (noting that the "same transaction or occurrence" language in Federal Rule of Civil Procedure 13(a) (governing compulsory counterclaims) "has been broadly interpreted not to require absolute identity of factual backgrounds for the two claims but only a logical relationship between them").  In deciding the second Rule 20(a) prong, courts ask whether plaintiffs' claims share a common question of fact or law.  See Fed. R. Civ. P. 20(a).

a.   The Workers' Claims Arise Out of the Same Transactions and Occurrences.

Here, the Workers have alleged a common pattern of misrepresentations by Signal and its agents, as well as discrimination by Signal based on a common set of practices and policies that subjected Indian workers to discriminatory living conditions, discriminatory wage deductions, and inferior terms of employment compared to non-Indian workers.  The Workers have alleged that Defendants engaged in a continuous and fraudulent recruitment scheme that injured each of them in the same ways.  In such cases, joinder is most appropriate.  El Aguila Food Products, Inc. v. Gruma Corp., 167 F. Supp. 2d 955, 959 (S.D. Tex. 2001) (denying motion to sever because "it appears that although the relevant programs and practices in Texas and California were implemented separately and apart from each other, at different times, in different stores, for different amounts, involving different consumers, and consequently, the damage to each Plaintiff is different, Plaintiffs have charged one continuous, consistently anti-competitive plan extending over several years, whereby each of them was damaged for the same reason and in the same manner"); Hanley v. First Investors Corp., 151 F.R.D. 76, 78 (E.D. Tex. 1993) (denying motion

5

to sever 19 plaintiffs' securities fraud claims arising out of "an alleged common pattern of oral misrepresentations").

Moreover, each of the Workers' claims involve the same recruiters, the same two Signal work sites governed by uniform Signal employment policies, and the same witnesses.  The Workers signed virtually identical, boilerplate contracts with Defendants.  See, e.g., Exhibit A, August 7, 2012 Declaration of Naomi Tsu (hereafter "Tsu Decl.") at ¶ 2 (Ex 1: contracts signed by Plaintiffs David, Sulekha, Khandasamy, Thangamani, or Khuttan and Pol, Burnett, or Dewan).  Defendants were in turn governed by a single set of contracts executed amongst themselves.  See, e.g., Ex. A, Tsu Decl at ¶ 2 (Exs. 2 -3:  Global Resources, Inc. and Signal International, Inc. Skilled Worker Recruitment Agreement; Signal power of attorney to Dewan Consultants to act as its agent to "assist, advise, and process Signal International's requirements for migrating skilled foreign workers."). Liability under 42 U.S.C. § 1981 will be shown by Signal's employees' correspondence, as well as Signal's business records and official company policies, which were common to all of the Workers' cases.  Where these same factual bases underlie each of the plaintiffs' claims, the first prong of the Rule 20(a) analysis is satisfied.  See, e.g., Nor-Tex Agencies, Inc. v. Jones, 482 F.2d 1093, 1100 (5th Cir. 1973) (upholding denial of motion to sever where plaintiffs alleged different events at various times that either overlapped in part or else were logically related to the other actions); Aspen Tech., Inc. v. Kunt, No. 4:10-CV-1127, 2011 WL 86556, at *4 (S.D. Tex. Jan. 10, 2011) (finding joinder appropriate in part because "the same occurrences . . . underlie all the causes of action").

Finally, each of the Workers assert claims for joint relief against Signal and other defendants, including demands for compensatory and punitive damages and attorneys' fees on their trafficking claim (Count 1), for treble damages and attorneys' fees on their RICO claim

(Count 2), and for declaratory relief, compensatory and punitive damages and attorneys' fees on their civil rights claims (Counts 3 and 4).  The Workers' other claims also satisfy Rule 20's criteria of seeking joint or several relief arising out of the same transactions or occurrences. Joinder facilitates resolution of cases, like this one, arising from such similar claims.  See Guedry v. Marino, 164 F.R.D. 181, 185 (E.D. La. 1995) (finding joinder satisfied because inter alia "plaintiff Wilson also makes a claim for racial discrimination, as do plaintiffs Robert Lewis, Orvett Smith and Brent Mashia"); Gropp v. United Airlines, Inc., 847 F. Supp. 941, 944 (M.D. Fla. 1994) ("This Court finds the addition of the five additional fleet qualified pilots proper as Plaintiffs assert that these five were victims of the same alleged acts of harassment and unlawful activity as were the original five Plaintiffs.").

> b.  All of the Workers' Claims Share Common Questions of Law and Fact.

All of the Workers' claims share many common questions of law and fact, satisfying the second prong of Rule 20.  Shared questions include whether the green card promises made by Dewan, Pol, and Burnett were false and whether Signal knew immediately or came to know soon after or should have known based upon communication from its agents and recruiters that its agents were making false promises of green cards in order to procure skilled Indian workers for Signal, and extract payments of $11,000 and up from each of Signal's recruits.  Each of the Workers' cases seeks determination of common questions of law including whether Dewan, Pol, and Burnett were Signal's agents acting within the scope of their authority when making such promises, the existence of RICO enterprises, the occurrence of predicate acts supporting RICO liability, and whether Signal's actions in securing the labor it needed post-Hurricane Katrina constituted forced labor or involuntary servitude.  Any one of these common questions would

satisfy the second prong of Rule 20's test, which asks only whether a single question of fact or law exists.  Fed. R. Civ. P. 20(a)(1)(B); <u>see also</u> <u>Nor-Tex Agencies</u>, 482 F.2d at 1100.

                c.   <u>Severance of the Workers' Claims into Twelve Separate Lawsuits Reduces Judicial Efficiency.</u>

       The testimony of Dewan, Pol, Burnett, several Signal representatives, and experts on trafficking will be central to each Plaintiff's case.  Should the Workers' claims be severed, the inefficient result would be these witnesses testifying several times about the same conduct.  Pol, Dewan, and their agents, would have to testify about their recruitment activities at each Worker's trial, after which Burnett and his associates would take the stand to testify about his immigration applications on behalf of all of the Workers.  Signal's representatives would next be sworn in to give testimony in each case about how Signal's requirement that the Workers live in Signal's man camps, how Signal deducted $1050/month from each worker's paycheck, what Signal promised in terms of visa extensions and green cards (versus what Signal actually intended and did), and about Signal's role in planning and orchestrating the events of March 9, 2007.  In such a case, "a severance would be burdensome for [the parties] and the judicial system as a whole because it would require multiple proceedings to resolve these related issues."  <u>Rodriguez v. Shell Oil Co.</u>, 950 F. Supp. 187, 192 (S.D. Tex. 1996).  Such redundancies weigh against severance.  <u>See</u> <u>Nor-Tex Agencies, Inc.</u>, 482 F.2d at 1100 (defendants were not prejudiced by joinder, where claims of additional plaintiffs "were inextricably woven together with" facts of original plaintiffs' claims); <u>Aspen Tech.</u>, 2011 WL 86556 at *4 (denying motion to sever in part because common witnesses would be required to testify at multiple trials); <u>Amie v. City of Jennings, La.</u>, No. 2:03CV2011, 2005 WL 3007009, *3 (W.D. La. Nov. 8, 2005) ("Although there will be different witnesses for some of the claims, there are more witnesses in common than not.").

8

      d.  <u>Signal's Argument that Joinder Would Create Jury Confusion Should Be</u>
<u>Rejected.</u>

Though Signal repeatedly makes the assertion that permitting joinder of the Workers in this case will result in jury confusion, they have not supported such an assertion with law or with fact.  Signal's primary concern over jury confusion is an issue easily resolved by jury instruction and not a finding of misjoinder.  <u>Guedry</u>, 164 F.R.D. at 185 ("Defendant also argues that exposure to irrelevant evidence would "taint and confuse the jury." This argument is outright rejected because any potential confusion to the jury can surely be remedied at trial through a limiting instruction by the Court.").  While five of the Workers bring Counts 8 - 13 against Signal based on the harms they suffered while being detained and threatened with deportation on March 9, 2007, a jury instruction can easily make clear which of the Workers have those claims. See <u>id.</u>; <u>Amie</u>, 2005 WL 3007009 at *2 ("The defendant argues that there is a danger that . . . the jury will be confused by evidence relevant to some, but not all plaintiffs.  The plaintiff argue [sic] that these potential problems can be addressed by jury instructions and the court concurs."); <u>cf.</u> <u>El Aguila Food Products, Inc.</u>, 167 F. Supp. 2d at 960-61 ("Because the claims by both sets of Plaintiffs are so alike, any risk of potential prejudice to [Defendant] is significantly outweighed by the duplicative litigation, the risk of inconsistent verdicts and the increased costs to all parties that would inevitably arise from a severance. There is no conceivable reason to burden the busy Federal Court system with two separate but remarkably similar trials in two different locations when all of Plaintiffs' claims can be resolved in this Court in a single adjudication.").

**III.    Severing the Workers' Claims Risks Delay and Prejudice.**

Severance of the Workers' claims would require all the parties to engage in twelve duplicative lawsuits.  Reading Signal's brief literally, it does not seek separate trials under Rule 42, but rather twelve "discrete, independent action[s]." <u>See</u> Doc. No. 1196 at 1 (citing <u>United</u>

States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983).   Such a process is the antitheses of efficiency.   To the extent Signal intended to argue to sever *trials*, rather than *actions*, inefficiencies still overwhelm any benefits that may stem from Signal's proposal.   Severance would require the Workers to file complaints and pay filing fees twelve times, to respond to multiple motions to dismiss, and to engage experts to testify  at twelve trials.   Severance would require the Court to hold twelve pretrial conferences, decide motions in limine on similar evidentiary issues in twelve cases, and take the time for twelve separate trials involving similar witness and exhibit lists.   Avoiding such a waste of resources is why the Supreme Court has cautioned that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."   United Mine Workers of Am., 383 U.S. at 724.

Rather, an efficient path forward would be to set up one trial, or perhaps two trials based on the logical interrelation of the Workers' claims.   The Workers believe that all twelve plaintiffs' claims could be fairly tried in one trial, but are open to options that achieve efficient adjudication.   If the Court sees the need for more than one trial, the Workers submit that there are logical ways to group the Workers such as by the nature of the claims.[2]   However, Signal's request for complete severance into several cases creates unnecessary delay and redundancies.

Signal is unable to cite to any case involving claims under the Trafficking Victim Protection Act in which a court found misjoinder of the parties under Fed. R. Civ. P. 21.   Rather, courts routinely allow multi-party trafficking cases, just as they allow multi-party RICO cases.

---

[2]     In addition, Plaintiffs respectfully submit that Defendants should have no choice about which Plaintiffs' claims are tried in the first trial unless Defendants are willing to have the first trial serve as a true bellwether with binding effect, or at the very least consent to tolling of the statutes of limitations for the putative class members whose claims may then be impacted by or at least informed by a bellwether trial.

See, e.g., Magnifico v. Villanueva, 783 F. Supp. 2d 1217, 1221 (S.D. Fla. 2011) (18 plaintiffs brought RICO, TVPRA, ATS, and other claims against 7 defendants); Adhikari v. Daoud & Partners, 697 F. Supp. 2d 674, 681 (S.D. Tex. 2009) (13 plaintiffs brought RICO, TVPRA, and other claims against multiple defendants); Catalan v. Vermillion Ranch Ltd. P'ship, No. 06-CV-01043, 2007 WL 38135 (D. Colo. Jan. 4, 2007) (6 plaintiffs brought 10 claims for relief, including TVPRA and RICO claims, against seven defendants); Ambrosino v. Rodman & Renshaw, Inc., 635 F. Supp. 968, 971 (N.D. Ill. 1986) (denying a motion to sever in RICO case with more than 30 plaintiffs, 11 defendants, and 3 investment programs).

Nor did Signal find authority in which courts severed RICO or other claims in situations similar to the case at bar.  Rather, Signal cites to Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516 (5th Cir. 2010), an inapposite case in which 800 workers were found to be an impracticable number for joinder that ignores the common sense reality that 12 workers' claims can be practicably joined.[3]  See, e.g., Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 624 (5th Cir. 1999) (more than 40 plaintiffs is generally impracticable for joinder); see also Allen v. Atl. Richfield Co., 724 F.2d 1131, 1135, 1135 (5th Cir. 1984) (finding 22 employees' overtime claims properly joined although each worker would present individualized evidence about when he was called for duty during his off-duty period); cf. Albright v. City of New Orleans, 105 F. App'x 552, 554, 559 (5th Cir. 2004) (affirming judgment in favor of 35 plaintiffs).

---

[3]    Signal's heavy reliance on Acevedo also overlooks the fact that the Fifth Circuit ruled that claims of plaintiffs who worked at the same store as Acevedo should be tried jointly.  While the Fifth Circuit ruled that it was within the district court's discretion to deny the request for a joint trial of the claims of 800 plaintiffs who worked at "more than 300 stores, each with its own manager responsible for implementing [defendant's] policies," particularly given the evidence that "working conditions do not appear to have been uniform at all [defendant's] stores," the Fifth Circuit reversed the district court in part in Acevedo, and directed that, on remand, the district court "*should also reinstate the claims of any Appellant who also worked at the same store as Acevedo.*"  600 F.3d at 522-23 (emphasis added).

Signal concedes that "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience and added expense to the parties and to the court." Rec. Doc. 1196 at 3 (quoting 5 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, § 1653).  This is precisely the case here, strongly supporting joinder and a denial of Signal's motion.

### CONCLUSION

For the reasons stated above and in the interest of a speedy resolution of claims, the Workers urge the Court to deny Signal's motion and to schedule their case for expeditious trial.

Respectfully submitted this 7th day of August, 2012, Atlanta, Georgia.

*/s/ Tracie L. Washington*
Tracie L. Washington, Esq.
Louisiana Bar No. 25925
Louisiana Justice Institute
1631 Elysian Fields
New Orleans, Louisiana 70117
Telephone: (504) 872-9134

Alan B. Howard, T.A. (*pro hac vice*)
New York Bar No. 2136661
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
ahoward@crowell.com

Chandra S. Bhatnagar (*pro hac vice*)
New York Bar No. 4136966
Human Rights Program
American Civil Liberties Union
125 Broad Street – 18th Floor
New York, New York 10004
Telephone: (212) 519-7840
cbhatnagar@aclu.org

*/s/ Naomi R. Tsu*
Naomi Tsu (*pro hac vice*)
California Bar No. 248599
Daniel Werner (*pro hac vice*)
New York Bar No. 3969839
Immigrant Justice Project
Southern Poverty Law Center
233 Peachtree Street, Suite 2150
Atlanta, Georgia 30303
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
daniel.werner@splcenter.org
naomi.tsu@splcenter.org

Ivy O. Suriyopas (*pro hac vice*)
New York Bar No. 4406385
Shirley Lin (*pro hac vice*)
New York Bar No. 4958526
Asian American Legal Defense
and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: (212) 966-5932
isuriyopas@aaldef.org
slin@aaldef.org