## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,**    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**    Defendants | **SECTION "E"** |

*Related Case:*

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**    Defendants | **SECTION "E"** |

**Applies to: *Kurian David et al v. Signal International et al* (Civil Action No. 08-1220) ("*David*")**

### ORDER AND REASONS

Before the Court is defendant Michael Pol's ("Pol") motion to set aside the entry of default entered by the Clerk of Court on January 18, 2013.[1] Plaintiffs oppose Pol's motion.[2] For the reasons set forth below, Pol's motion is granted, and the entry of default is set aside.

Federal Rule of Civil Procedure 55 governs the entry of a default, the entry of a default judgment, and the setting aside of a default or a default judgment. *See* FED. R. CIV. P. 55. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's

---

[1] R. Doc. 1285. The entry of default is R. Doc. 1266.

[2] R. Doc. 1298.

1

default." FED. R. CIV. P. 55(a).  Rule 55(b) provides that "[i]f the plaintiff's claim is for a sum certain . . . the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . . In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(1)-(2).  Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c).  To determine whether "good cause" has been shown, the Court considers the following factors: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Id.* (citing *Lacy v. Sitel Corp.*, 277 F.3d 290, 292 (5th Cir. 2000)). These factors are not exclusive. *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Finally, the Fifth Circuit has stated that "[d]efaults are not favored and their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)).

While the Court does not approve of Pol's lack of involvement or interest in this case to date, the Court nevertheless finds that good cause exists to allow the default entered against Pol to be set aside.

Accordingly, **IT IS ORDERED** that Pol's motion be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the default entered against Pol be and hereby is **SET ASIDE.**

**IT IS FURTHER ORDERED** that Pol shall file his answer to plaintiffs' third

amended complaint[3] no later than **June 14, 2013,** at **5:00 p.m.**  Pol must also respond to plaintiffs' RICO Case Statement[4] by this deadline.  Should Pol fail to comply with this deadline, plaintiffs may re-urge their motion for entry of default against Pol and may move for a default judgment against Pol.

On July 6, 2012, the Court ordered defendant Global Resources, Inc. ("Global Resources") to file a motion to enroll new counsel of record in this matter within 45 days or risk sanctions.[5]  To date, Global Resources has not filed such a motion.  The Court will allow Global Resources one final opportunity to comply with its directive and file a motion to enroll new counsel of record.

Accordingly, **IT IS FURTHER ORDERED** that Global Resources shall file a motion to enroll new counsel of record no later than **June 14, 2013,** at **5:00 p.m.**  Because no party has requested the entry of default against Global Resources[6] be set aside, the entry of default remains in effect as to Global Resources.  Should Global Resources fail to comply with the Court's order regarding enrollment of counsel, plaintiffs may move for a default judgment against Global Resources.

**New Orleans, Louisiana, this** 31st **day of May, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Daniel E. Knowles

---

[3] R. Doc. 1224.

[4] R. Doc. 1224-1.

[5] R. Doc. 1189.

[6] *See* R. Doc. 1266.