# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,**<br>     **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>     **Defendants** | **SECTION "E"** |

*Related Case:*

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY**<br>**COMMISSION,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>     **Defendants** | **SECTION "E"** |

**Applies to: *Kurian David et al v. Signal International, LLC et al* (Civil Action No. 08-1220) ("*David*")**

## ORDER AND REASONS

Before the Court is defendant Signal International, LLC's ("Signal") motion to sever.[1]

Plaintiffs oppose Signal's motion.[2] Signal has filed a reply in further support of its motion.[3]

For the reasons set forth below, Signal's motion to sever is denied.

## BACKGROUND

On January 4, 2012, while this case was pending in Section "A" of this Court, Judge Zainey denied plaintiffs' motion to certify this case as a class action under Rule 23 of the

---

[1] R. Doc. 1196.

[2] R. Doc. 1203.

[3] R. Doc. 1207.

1

Federal Rules of Civil Procedure.[4] Signal now moves for severance of the twelve named plaintiffs' claims under Rules 20, as it claims the plaintiffs are misjoined under Rule 21. However, as Signal recognizes in its motion to sever, after denying class certification, Judge Zainey determined that this matter will continue to move forward with all twelve plaintiffs, beginning with a trial involving five of the twelve named plaintiffs.[5] This Court adopted Judge Zainey's plan at a June 15, 2012 status conference.[6]

## ANALYSIS

There are three interrelated rules of civil procedure at play in Signal's motion. Rule 20 provides, in pertinent part, that:

> Persons may join in one action as plaintiffs if:
>
> (A)   they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)   any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a). Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action," but that "[o]n motion or on its own, the court may at any time, on

---

[4] R. Doc. 1117.

[5] *See* Civil Action No. 12-557, R. Doc. 78. Judge Zainey issued this Order, which is dated March 16, 2012, after reviewing proposed case management orders submitted by the parties in this case and in Civil Action No. 12-557. *See* Civil Action No. 08-1220, R. Doc. 1147 (order instructing parties to file proposed case management orders after denial of class certification). It is not clear why this Order was not docketed in both cases, as it clearly applies to both. In addition, while a formal motion to sever was not in front of Judge Zainey at the time he issued the March 16, 2012 Order, Signal had raised the issue of severance in its proposed case management order, so Judge Zainey engaged in a detailed analysis of the costs and benefits of severance of the plaintiffs' claims and determined that proceeding with five named plaintiffs was the best solution, unless the parties could agree otherwise. The parties never agreed on a different solution, so Judge Zainey's plan stands.

[6] R. Doc. 1178.

just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.  Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b).

Signal is correct in stating that, after class certification is denied, the district court is required to evaluate the case to determine if the named plaintiffs' claims are properly joined under Rule 20. *See, e.g., Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).  The decision whether to allow permissive joinder under Rule 20 or to order severance of misjoined plaintiffs under Rules 21 and 42(b) is left to the discretion of the trial court.  *See Williams v. Hoyt,* 556 F.2d 1336, 1341 (5th Cir. 1977) (the district court has "broad discretion" in determining the propriety of permissive joinder of parties under Rule 20); *see also Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). In *Applewhite*, the Fifth Circuit explained the interplay of Rules 20, 21, and 42, in the context of a case in which class certification was denied, leaving a number of named plaintiffs asserting similar claims against one defendant:

> Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20. Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.  Further, the district court also has discretion to sever claims under Federal Rule of Civil Procedure 42(b), in furtherance of convenience or economy, or to prevent prejudice.  This discretion, however, should be exercised after an examination of the individual case.

*Id.* (internal citations omitted).  As evidenced by this passage, the Court's discretion in managing a case after the denial of class certification is very broad.

Despite Signal's protestations to the contrary, Judge Zainey's finding that plaintiffs' claims are unsuitable for class certification under Rule 23 is not tantamount to a finding that only severance of all claims will afford the parties a fair and just trial of plaintiffs' claims against Signal.  As the district court in *Fisher v. Ciba Specialty Chems. Corp.*, 245 F.R.D. 539 (S.D. Ala. 2007) explained, in another case involving a severance issue after the denial of class certification:

> The Rule 20 inquiry is distinct from that under Rule 23, and a ruling against the plaintiffs on the latter in no way suggests (much less mandates) a like outcome with respect to the former. Stated differently, there is no predomination prerequisite for joinder of multiple plaintiffs' claims, and Rule 20 contemplates a much lower threshold for allowing plaintiffs' claims to proceed to trial together than is required by Rule 23 for class certification. The touchstone of the Rule 20 joinder/severance analysis is whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be prejudiced if they did.

*Id.* at 542.  Again, Rule 20 creates a two-prong test, "allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo*, 600 F.3d at 521 (citations omitted).  Signal's severance argument takes far too strict an approach to this liberal two-prong test, which the Court finds is clearly met in this case.  The first prong is met because plaintiffs' claims all arise out of the same allegedly discriminatory practices and policies, and all the plaintiffs claim to have suffered damage as a result of similar, if not identical, alleged misrepresentations and fraudulent schemes orchestrated by Signal.  In addition, plaintiffs' claims share several common questions of both law and fact, and thus the second prong of the Rule 20 test - which

requires only one such common question - is easily met.  *Acevedo,* 600 F.3d at 521.

Not only is the Rule 20 test met in this case, such that permissive joinder of plaintiffs under Rule 20 is appropriate, the Court also finds that severance under Rule 21 or 42(b) is likely to have the opposite effect from what Signal claims to seek, causing the individual plaintiffs' cases against Signal to become hopelessly mired in inefficiency, redundance, and delay.  The Court further finds that severance would surely result in prejudice to the plaintiffs, while the risk of prejudice to Signal if severance is denied is minimal.

Signal's motion to sever, which is essentially a motion to reconsider Judge Zainey's and the Court's decision regarding severance in this case, fails to provide any compelling reason for the Court to revisit the issue.  Both Judge Zainey and this Court have already evaluated this case and determined that it will proceed under one case number with twelve named plaintiffs, and that the first trial in this matter will have five named plaintiffs; three chosen by plaintiffs and two chosen by defendants.  The Court, in its discretion, denies Signal's motion to sever.

Accordingly, **IT IS ORDERED** that Signal's motion to sever be and hereby is **DENIED.**

New Orleans, Louisiana, this 11th day of June, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Daniel E. Knowles