UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,**<br>     **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>     **Defendants** | **SECTION "E"** |

*Related Case:*

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>     **Defendants** | **SECTION "E"** |

**Applies to: *Kurian David et al v. Signal International, LLC et al* (Civil Action No. 08-1220) ("*David*")**

## ORDER AND REASONS

Before the Court is the *David* Plaintiffs' motion to "reconsider in limited part"[1] the Court's order of June 11, 2013[2] in which the Court denied defendant Signal International, LLC's ("Signal") motion to sever.[3] For the reasons set forth below, the *David* Plaintiffs' motion to reconsider is denied.

## BACKGROUND

On March 16, 2012, while the above-captioned cases were pending in Section "A" of

---

[1] R. Doc. 1355.

[2] R. Doc. 1349.

[3] R. Doc. 1196.

1

this Court, Judge Zainey considered competing case management proposals after denying the *David* Plaintiffs' motion to certify *David* as a Rule 23 class action. The *David* Plaintiffs proposed that all twelve named plaintiffs be tried together, while Signal, along with other *David* defendants, proposed that each plaintiff's case be tried individually. Judge Zainey determined that the initial *David* trial will involve five of the twelve named plaintiffs, with three of those plaintiffs picked by the *David* Plaintiffs and two picked by Signal. *See David v. Signal Intern., LLC*, No. 08-1220, 2013 WL 2631427, at *1 & n. 5 (E.D. La. June 11, 2013). After the cases were transferred, this Court adopted Judge Zainey's case management plan on June 15, 2012. *Id.* Signal then moved to sever the *David* Plaintiffs' cases, again asking that each of the *David* Plaintiffs have a separate trial. *Id.* The Court denied Signal's motion to sever, noting that it was essentially a motion to reconsider Judge Zainey's prior ruling and that "[b]oth Judge Zainey and this Court have already evaluated this case and determined that it will proceed under one case number with twelve named plaintiffs, and that the first trial in this matter will have five named plaintiffs; three chosen by plaintiffs and two chosen by defendants." *Id.* at *3.

Fresh on the heels of the Court's denial of Signal's request for reconsideration (under the guise of a motion to sever), the *David* Plaintiffs are now seeking reconsideration of Judge Zainey's case management plan. The *David* Plaintiffs ask the Court to reconsider Judge Zainey's March 16, 2012 decision to allow Signal to pick two of the plaintiffs for the first *David* trial and this Court's adoption of that plan in June 2012 and reaffirmation of that plan in June 2013. The *David* Plaintiffs argue that reconsideration of that decision is necessary to prevent manifest injustice. In response,[4] Signal argues that the *David*

---

[4] *See* R. Doc. 1358.

Plaintiffs' motion to reconsider is untimely and that allowing Signal to pick two of the plaintiffs in the first *David* trial will not result in manifest injustice.

## STANDARD OF LAW

A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g. Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at * 3–4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). A Rule 59(e) motion must be filed within twenty-eight days of the entry of judgment. *See* FED. R. CIV. P. 54(b). A motion to reconsider filed outside this 28-day window is evaluated under the standards governing a motion for relief from final judgment under Rule 60(b). *Stangel v. United States*, 68 F.3d 857, 859 (5th Cir. 1995) ("[a]lthough motions for reconsideration or rehearing are typically treated as FED. R. CIV. P. 59(e) motions, motions for reconsideration or rehearing served more than [28] days after the judgment are generally decided under Rule 60(b)"); *see also Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012) (depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)").

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which

3

could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted).  In deciding motions under Rule 59(e), the Court considers the following:

> (1)  whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
>
> (2)  whether the movant presents new evidence;
>
> (3)  whether the motion is necessary in order to prevent manifest injustice; and
>
> (4)  whether the motion is justified by an intervening change in the controlling law.

*Castrillo*, 2010 WL 1424398, at *4.  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." *Kelly v. Bayou Fleet, Inc.*, No. 06–6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

A Rule 60(b) motion also calls into question the correctness of a judgment.  Under Rule 60(b), the Court may "relieve a party from a final judgment" for one of six enumerated reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  The district court enjoys broad discretion in assessing whether any of these reasons are present in a given case.  *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).  All Rule 60(b) motions must be brought within a "reasonable time" after judgment, and motions brought pursuant Rule 60(b)(1), (2), and (3) must be brought within one year of the judgment or order. FED. R. CIV. P. 60(c); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007).

## ANALYSIS

The *David* Plaintiffs' motion to reconsider, while purporting to seek timely reconsideration under Rule 59(e) of the Court's June 11, 2013 order regarding Signal's motion to sever, appears in actuality to seek reconsideration of a decision made by Judge Zainey in March 2012, which motion would properly be governed by Rule 60(b).  Indeed, several of the arguments raised in the instant motion to reconsider were raised by the *David* Plaintiffs in their proposed case management submission to Judge Zainey last year. The Court need not dwell on this timing issue, however, because the *David* Plaintiffs have not demonstrated that reconsideration of Judge Zainey's case management plan is appropriate under either Rule 59(e) or Rule 60(b).

Case management decisions rest squarely within the discretion of the district court. *See, e.g., Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir.

2013). In fact, in the only case cited by the *David* Plaintiffs on this issue, *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997), the Fifth Circuit stated that while it did not necessarily approve of the district court's case management plan, it was nevertheless loathe to disturb the district court's discretionary determination as to an appropriate case management plan and the appropriate procedure for and use of an initial trial involving only the claims of a sampling of plaintiffs from a larger group. *Id.* at 1018. The Fifth Circuit went on to caution, however, that "before a trial court may utilize results from a bellwether trial for a purpose that extends beyond the individual cases tried, it must, prior to any extrapolation, find that the cases tried are representative of the larger group of cases or claims from which they are selected." *Id.* at 1020.

The first trial in this case, while it will have obvious ramifications for the case as a whole, is not a "bellwether" trial. The Court does not intend the results of the first trial in this case to be extrapolated to later trials. Nor does the Court intend the jury's findings as to the plaintiffs in the first trial to apply to anyone but those particular plaintiffs. The Court also notes that neither the *David* Plaintiffs nor Signal intend for the first trial to have a binding effect on the later trials or for the results of the first trial to be extrapolated in any way. The Fifth Circuit's cautionary statements about the preclusive effect of bellwether trials does not control the Court's discretionary case management decisions in this case.

Not only is the *David* Plaintiffs' attempt to relitigate this issue by way of motion to reconsider inappropriate, they also have not established that Judge Zainey's case management plan will result in manifest injustice. The Court, in its discretion, denies the *David* Plaintiffs' motion to reconsider.

Accordingly, **IT IS ORDERED** that the *David* Plaintiffs' motion to reconsider be

and hereby is **DENIED.**  Judge Zainey's case management plan remains in effect, as does this Court's ruling on Signal's motion to sever.

**New Orleans, Louisiana, this 15th day of July, 2013.**

                                                */s/ Susie Morgan*
                                            **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Daniel E. Knowles