UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,** <br> Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,** <br> Defendants | **SECTION "E"** |

*Related Case*:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br> Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,** <br> Defendants | **SECTION "E"** |

**Applies To:** *David et al. v. Signal International et al.* **(08-1220)**

### ORDER

Before the Court is plaintiffs' objection[1] to Judge Knowles' June 19, 2013 order[2] granting defendant Signal International LLC's ("Signal") motion for protective order.[3] For the reasons set forth below, plaintiffs' objection is overruled. The June 19 Order is clarified in part and, as clarified, the June 19 Order is affirmed.

Signal's motion for protective order sought, *inter alia*, to avoid reproducing documents to plaintiffs in native format when it already has produced those documents, at great expense, in non-native format. In opposition to the motion for protective order,

---

[1] R. Doc. 1357.

[2] R. Doc. 1352. For ease of reference, the Court refers to this order as the "June 19 Order."

[3] R. Doc. 1305.

1

plaintiffs argued that, while they previously requested those documents in their non-native format, the documents produced by Signal in response to those previous requests are not reasonably usable now that this case has shifted from the class certification stage to the merits stage.[4]  Judge Knowles granted Signal's motion for protective order in its entirety, citing the burden on Signal if it were required to reproduce the documents in their native format after having been previously requested in non-native format and complying with that request.

The objection now before the Court attacks one specific aspect of the June 19 Order: that it allows Signal to avoid reproduction of documents relating to plaintiffs' wages and boarding deductions.  Plaintiffs argue the June 19 Order is contrary to law with respect to these particular documents as they do not comply with Federal Rule of Civil Procedure 34's requirement that electronically stored information be produced in a "usable form."  In response, Signal reiterates it produced the documents in non-native format because they were requested in that format.  Signal argues the June 19 Order was neither contrary to law nor clearly erroneous, given the circumstances.

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2, non-dispositive pretrial matters decided by a magistrate judge may be appealed to the district judge.  The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); LR 72.2.

To the extent the June 19 Order allows Signal to avoid producing the subject

---

[4] On January 4, 2012, plaintiffs' motion for class certification was denied.  R. Doc. 1117.  On June 15, 2012, the Court ordered merits discovery to begin on August 15, 2012.  R. Doc. 1275.

documents to plaintiffs at Signal's cost, the order is not clearly erroneous or contrary to law. Thus, the order is affirmed and plaintiffs' objections are overruled.

Accordingly, **IT IS ORDERED** that plaintiffs' objection to the June 19 Order be and hereby is **OVERRULED,** insofar as the order allows Signal to avoid reproducing wage and boarding documents in native format at Signal's cost.

It is not clear that the June 19 Order would foreclose plaintiffs from seeking production of the subject documents at their own cost. The June 19 Order is not explicit on this point, but because the order granted Signal's motion for protective order in its entirety, and because that protective order is written to allow Signal to avoid all production of the subject documents in their native format, regardless of which party bears the cost of that production, the Court finds it necessary to clarify the June 19 Order, and the resulting protective order, in a way that does not foreclose the possibility of plaintiffs' requesting the subject documents through discovery, provided plaintiffs are willing to bear the reasonable cost of their request. While the Court agrees with Judge Knowles that forcing Signal to reproduce the subject documents in their native format will be necessarily cumulative and duplicative, Signal's main concern is the cost of such reproduction. That concern will be alleviated if Signal did not have to bear the cost of the reproduction. To be sure, such a task would be time consuming and inconvenient, but if plaintiffs bear the reasonable costs of their request, the burden of having to produce the documents in native format would no longer outweigh the potential benefits.

Accordingly, **IT IS FURTHER ORDERED** that the June 19 Order be and hereby is **CLARIFIED** to provide that plaintiffs are not foreclosed from requesting production of wage and boarding documents, in the documents' native format, so long as plaintiffs bear

3

the reasonable cost of such production. Likewise, the protective order is clarified to provide that Signal is not permitted to avoid production of native-format wage and boarding documents, so long as plaintiffs bear the reasonable cost of such production.[5]

**IT IS FURTHER ORDERED** that the June 19 Order, as clarified by the preceding paragraph, be and hereby is **AFFIRMED.**

New Orleans, Louisiana, this  7th  day of August, 2013.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court also reiterates Judge Knowles' statement that plaintiffs are free to propound interrogatories on Signal relating to any metadata scrubbed from the subject documents when the documents were converted from native to non-native format. *See* R. Doc. 1352 at p. 7.