# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KURIAN DAVID, SONY VASUDEVAN SULEKHA, PALANYANDI THANGAMANI, MURUGANANTHAM KANDHASAMY, HEMANT KHUTTAN, PADAVEETTIYIL ISSAC ANDREWS, and KECHURU DHANANJAYA, SABULAL VIJAYAN, KRISHAN KUMAR, JACOB JOSEPH KADAKKARAPPALLY, KULDEEP SINGH, and THANASEKAR CHELLAPPAN, individually and, for FLSA claims, on behalf of similarly-situated individuals | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08-cv-01220 (SM-DEK) |
| *Plaintiffs*, | ) | |
| v. | ) | |
| SIGNAL INTERNATIONAL LLC, MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., INDO-AMERI SOFT L.L.C., KURELLA RAO, J & M ASSOCIATES, INC. OF MISSISSIPPI, BILLY R. WILKS, J & M MARINE & INDUSTRIAL, LLC, GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD (a/k/a MEDTECH CONSULTANTS). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Collective Action |
| *Defendants* | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROTECT CERTAIN OPT-IN PLAINTIFFS' FLSA CLAIMS

## I.       PRELIMINARY STATEMENT

Plaintiffs respectfully bring the instant motion on behalf of the opt-in plaintiffs herein

who, having been denied the opportunity to participate in a Rule 23 class action, have filed

lawsuits in other jurisdictions.  The opt-in plaintiffs for whom Plaintiffs move (hereinafter, "the

Moving Opt-ins") are listed in Exhibit A, attached hereto.  Plaintiffs seek to have the Moving

Opt-ins' FLSA claims protected from potentially getting time-barred upon transfer to their new

cases, or alternatively, to have protections against potential res judicata claims in the new lawsuits.

As the Court is aware, Plaintiffs filed this action as a class action pursuant to Fed. R. Civ. P. 23 for certain common claims, and as a collective action for claims brought under the Fair Labor Standards Act ("FLSA").  However, this Court denied Plaintiffs' motion for class certification.  Rec. Doc. 1117.  As a result, to date 182 former putative class members have filed separate lawsuits bringing many of the same claims the Plaintiffs here had initially brought on behalf of the putative class.  Many of these former putative class members now face a procedural quandary, which they are now respectfully asking the Court to resolve:  as required to toll the statute of limitations, the Moving Opt-ins filed FLSA Consents to Sue in this action rendering them plaintiffs for the FLSA claims pursuant to 29 U.S.C. § 216(b), but the remainder of their claims are brought in new suits filed in other courts.  If the Moving Opt-ins' FLSA claims remain in the instant case, there is a risk that a judgment here on the FLSA would result in claim preclusion in the new cases.  On the other hand, if the Moving Opt-Ins' withdraw their FLSA claims and amend the complaints in the new suits to add FLSA claims, they run the risk of losing the tolling that resulted from filing the FLSA Consents to Sue.

To resolve this, Plaintiffs seek in the alternative one of three possible forms of relief, all of which rest in the Court's inherent authority to manage its cases and its equitable powers. First, this Court may allow the FLSA opt-ins to withdraw their Consents to Sue and toll the statute of limitations until the FLSA claims can be added to the new cases.  Second, this Court may sever the opt-ins' FLSA cases from this action and transfer them to the jurisdiction where their parent cases are filed, where they would be consolidated with the new parent cases.  Third,

the Court may declare that Defendants potential res judicata defenses are waived in favor of the efficiency of all of the FLSA claims residing in the instant case through the collective action.

## II.      FACTUAL AND PROCEDURAL HISTORY

The Court is familiar with the procedural history of this case.  The named plaintiffs in this action sought to represent a putative class of ship and rig workers, including the moving opt-ins, to pursue federal claims against defendants under the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. § 1589 (forced labor) & § 1590 (trafficking) ("TVPRA"); the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1962 (c) – (d) ("RICO"); the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Ku Klux Klan Act of 18871, 42 U.S.C. § 1985 ("Non-FLSA Claims").  (Rec. Doc. 1117 at 3).  This Court denied class certification, resulting in the former putative class members seeking individual counsel to represent them in their Non-FLSA Claims.

With the denial of class certification, 182 former putative class members thus far have sought and obtained counsel to represent them on an individual basis.  Pursuing their individual Non-FLSA Claims and other individual causes of action, former putative class members thus far have filed nine suits in the jurisdictions most closely tied to their injuries: the workers employed at Signal's Orange, Texas facility filed in the Eastern District of Texas, and those employed at the Pascagoula, Mississippi yard filed in the Southern District of Mississippi.[1]  The Signal

---

[1]  The suits, with the exception of the just-filed <u>Devassy v. Signal Int'l, LLC</u>, No 1:13-cv-00327-HSO-RHW (S.D. Miss. Aug. 14, 2013), are listed in Plaintiffs' Local Rule 3.1 Statement of Collateral Proceedings, Rec. Doc. 227.  One of the suits, <u>Kambala v. Signal Int'l, LLC</u>, No. 1:13-cv-00498-CR-ZJH (E.D. Tex. Aug. 7, 2013), includes a small number of plaintiffs who were subjected to the same fraudulent recruitment and trafficking scheme but were not employed at Signal.  These plaintiffs are not FLSA opt-ins in this instant case.

US2008 4833285 1

Defendants[2] have filed a motion to transfer two of the cases -- <u>Samuel v. Signal Int'l, LLC</u>, No. 1:13-cv-00323-MAC-ZJH (E.D. Tex. May 21, 2013) and <u>Achari v. Signal Int'l, LLC</u>, No. 1:13-cv-00222-LG-JMR (S.D. Miss. May 21, 2013) – to this Court and, in doing so raised an issue of claim splitting. (<u>Samuel</u>, ECF No. 12; <u>Achari</u>, ECF No. 11).  The <u>Samuel</u> and <u>Achari</u> Plaintiffs oppose the transfer, as do the Plaintiffs in the instant case.

The Moving Opt-ins remain plaintiffs here exclusively for the FLSA collective action. The FLSA collective action addresses Signal's violations of the FLSA minimum wage requirements and applicable overtime wage requirements.  (Rec. Doc. 1224 ¶¶ 375, 377).

## III.    ARGUMENT

The FLSA Claims in this collective action seek recovery of wages below minimum wage and for overtime work.  As set forth in Plaintiffs' Local Rule 3.1 Statement of Collateral Proceedings, Rec. Doc. 1368, the legal claims raised in the newly filed cases vary from suit to suit, though they generally arise out of the Defendants' fraudulent recruitment practices and illegal employment and living conditions at Signal's facilities.

While the Court denied the class certification for the Non-FLSA Claims asserted herein, the Court still retained the FLSA claims as a putative collective action.  The FLSA collective action remains intact in all respects; neither the parties nor the factual bases were disturbed by the Court's denial of a Rule 23 class for the Non-FLSA Claims.  Collective actions are of an entirely different character than class actions under Rule 23 of the Federal Rules of Civil Procedure.  <u>LaChapelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 288 (5th Cir. 1975).  Unlike Rule 23 class actions, under 216(b), for a person to become a plaintiff, the person must "opt-in" with

---

[2] The Signal Defendants in <u>Samuel</u> are Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P. and Signal International, L.P.

4

written consent.  29 U.S.C. § 216(b).  The timing of opting in is critical because "[w]hen a putative plaintiff opts in by filing a [FLSA] consent form, his action 'commences' and interrupts the running of the statute of limitations."  <u>Camp v. The Progressive Corp.</u>, No. Civ.A. 01-2680, 2002 WL 31496661, *6 (E.D. La. Nov. 8, 2002). Here, the moving plaintiffs filed consent to sue forms, opting into the collective action for their wage claims.

**A.      Allowing the Transfer of the Moving Opt-Ins' FLSA Claims in a Manner that Preserves the Tolling of the Statute of Limitations is Within This Courts' Inherent Power to Manage  Its Cases and Its Equity Power**

By opting-in to the FLSA collective action, the Moving Opt-Ins tolled the running of the statute of limitations on their wage and overtime claims against Signal.  The denial of class certification was the triggering point to start the clock on the statute of limitations of the Moving Opt-Ins' individual Non-FLSA Claims.[3]  The Moving Opt-Ins' FLSA claims within the FLSA collective action have essentially been on hold while the Court decided the class action certification issue for the Non-FLSA Claims.  The Moving Opt-Ins are protected from the running of the statute of limitations of their FLSA Claims.  <u>See</u> 29 U.S.C. § 256 (stating, for claimants not specifically named as a party in the complaint, an FLSA collective action "shall be considered to be commenced . . . on the subsequent date on which such written notice is filed in the court in which the action was commenced"); <u>see also</u> <u>Camp</u>, 2002 WL 31496661 at *6; <u>Sandoz v. Cingular Wireless LLC</u>, 553 F.3d 913, 916–17 (5th Cir. 2008) ("[I]n a FLSA collective action . . . the limitations period for an opt-in plaintiff runs from the opt-in date.").  If the Moving Opt-Ins were to withdraw their FLSA opt-in consents at this point, it is unclear if

---

[3]  Certain of the former class members' Non-FLSA Claims were tolled for a period of time following the class certification denial.

they would receive the benefit of tolling of their FLSA claims which have been pending in a collective action since 2008.  This result is not warranted.

This Court's denial of Plaintiffs' class certification motion left the Moving Opt-Ins with no choice but to file new actions.  At the same time, the Moving Opt-Ins could not include their FLSA claims in their new cases because they were not subject to the class certification ruling and therefore remained in the instant litigation.  Simply withdrawing the FLSA consents in <u>David</u> and bringing new FLSA claim in their new cases would have been a risky proposition.  The opt-in provisions of the FLSA suggest that the filing of a FLSA consent only stops the running of the statute of limitations for the action where the consent was filed.  The Moving Opt-Ins therefore faced the possibility that, by withdrawing the consents in <u>David</u>, their FLSA claims would be time-barred in the new cases.  Plaintiffs aver that it is within this Court's may fashion an equitable solution to this Catch-22, and that such a solution falls within the Court's inherent power to manage its cases.

District Courts are vested with the control "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  <u>In re Vioxx Prods. Liab. Litig.</u>, 230 F.R.D. 470, 472-73 (E.D. La. 2005); <u>see also</u> <u>United States v. Hughes</u>, 147 F.3d 423, 431 (5th Cir. 1998); <u>Guillory v. Domtar Indus.</u>, 95 F.3d 1320, 1328-29 (5th Cir. 1996)).  It is axiomatic that courts may consider fairness to the parties in the exercise of this discretion.  <u>See, e.g.</u>, <u>Vioxx</u>, 230 F.R.D. at 473 (in exercising discretion, court considers how "case would be most efficiently and fairly managed").

Going hand in hand with the courts' power to manage their cases is the courts' inherent equity power.  This equity power vests courts with the "flexibility … to meet new situations that

US2008 4833285 1

demand equitable intervention, and to accord all of the relief necessary to correct particular injustices." Holland v. Fla., 130 S.Ct. 2549, 2563, 117 L. Ed. 2d 130 (2010).  Courts are particularly loathe to interpret or apply the FLSA "in a narrow, grudging manner." Akins v. Worley Catastrophe Response, LLC, 921 F. Supp. 2d 593 (E.D. La. 2013)(pincite not available)(quoting Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597, 64 S.Ct. 698, 88 L.Ed. 949 (1944))  Therefore, in the context of decertified FLSA collective actions, courts routinely exercise their equity power to allow opt-in plaintiffs the opportunity to file their own cases.  See, e.g., Procter v. Allsups Convenience Stores, Inc., 250 F.R.D. 278, 284 (N.D. Tex. 2008); Johnson v. TGF Precision Haircutters, Inc., No. Civ.A. H-03-3641, 2005 WL 1994286, *8 (S.D. Tex. Aug. 17, 2005).

Plaintiffs here respectfully request that this Court under its inherent authority and equity power toll the statute of limitations on the Moving Opt-Ins' FLSA claims so as to permit them to withdraw their FLSA Consents to Sue and refile their FLSA claims in the new cases.  Plaintiffs recognize that Defendant Signal has filed motions in two of the new cases to transfer them in front of this Court.  While Plaintiffs here agree with the position of the plaintiffs on those cases that the cases are most appropriately venued in the district where Signal employed them, the ultimate venue where the cases remain or land should have no impact on the Court's decision regarding the mechanism to transfer the FLSA claims.  Whether the courts presiding over the new cases keep them, transfer them to this Court, or choose another option, the FLSA claims once transferred will remain with the transferee case.  As a result, the Moving Opt-Ins would be relieved of the potential res judicata concerns they would face by continuing to adjudicate their FLSA claims through in the instant collective action.

US2008 4833285 1

**B.      In the Alternative, This Court May Sever the Moving Opt-ins' FLSA Claims and Transfer Them to the New Jurisdictions**

If this Court chooses not to toll the statute of limitations while the Moving Opt-Ins withdraw their FLSA Consents to Sue and refile their FLSA claims in the new actions, the Court may sever the Moving Opt-Ins' FLSA claims and transfer them to the new jurisdictions pursuant to 28 U.S.C. § 1404(a).  The Moving Opt-Ins' transferred FLSA cases could then be consolidated with their principal actions.  While more cumbersome than the previously-discussed option, there is clear authority for severance to transfer of part of a case, even if that is the sole purpose of the transfer.  See Apache Prods. Co. v. Employers Ins. of Wausau, 154 F.R.D. 650, 660 (S.D. Miss. 1994); 4-21 Moore's Federal Practice – Civil §§ 21.05 and 21.06 (collecting cases). Where the plaintiffs seeking to transfer their cases worked in and suffered their injuries in the proposed transferee jurisdiction, transfer pursuant to § 1404 is proper.  See Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 270-71 (D. Conn. 2012); cf. Henderson v. AT&T Corp., 918 F. Supp. 1059, 1065 (S.D. Tex. 1999) (case may be transferred to any other district court where it may have been brought "for the convenience of parties and witnesses, [and] in the interest of justice."); Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (S.D. Tex. 1993) (on motion to transfer, court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the Plaintiff's choice of forum.); Hogan v. Malone Lumber, Inc., 800 F. Supp. 1441, 1443 (E.D. Tex. 1992) (same).

The Achari plaintiffs, in their opposition to Signal's motion to transfer, have set forth compelling reasons for their cases to remain in the Southern District of Mississippi (opposition

brief attached hereto as Ex. B).  Their reasoning equally suggests that the Moving Opt-Ins'

FLSA claims may appropriately be transferred to the jurisdictions where the new parent cases are

filed.

**C.**     **IN THE ALTERNATIVE, IN ITS DISCRETION, THE COURT MAY MAINTAIN THE MOVING OPT-INS' FLSA CLAIMS AS PART OF THE <u>DAVID</u> COLLECTIVE ACTION AND PRECLUDE THE RAISING OF POTENTIAL RES JUDICATA DEFENSES.**

The moving plaintiffs are unable to withdraw their consents to sue without jeopardizing

the tolling of the timeliness of their FLSA claims as contemplated by the opt-in process.  Signal

has moved to add the <u>Samuel</u> and <u>Achari</u> Plaintiffs' individual claims here, bringing three

additional defendants, eighteen new named plaintiffs, and one-hundred and twenty-six additional

claims for relief to this already crowded action.

Plaintiffs here believe a third efficient option would be to bring individualized claims in

separate jurisdictions where the harm occurred, with and the common FLSA claims remaining in

the collective action in this Court.  The FLSA collective action provides a mechanism to resolve

all of the claims in one case, with the named plaintiffs representing similarly situated opt-in

plaintiffs.  Plaintiffs aver that, unlike many of the other claims in this case, the FLSA claims

almost entirely hinge on questions of law; the related facts – including the payment of

recruitment-related fees and costs, Signal's failure to reimburse those costs during the first work-

week, and Signal's deductions for work-related tools and employer-provided housing – are

undisputable.[4]  Therefore, the FLSA claims are particularly appropriate for a dispositive motion

in the not-so-distant future.  The questions of law also are entirely unique to the FLSA claims.

---

[4]  Unresolved factual questions, such as whether Signal factored safety bonuses into the workers' regular rate of pay for overtime calculation purposes, should be answered when Signal produces native format payroll records, which the Court has ordered Signal to produce at Plaintiffs' expense.  Rec. Doc. 1366.

9

The Court's resolution, for example, of the question of whether Signal was required to reimburse recruitment-related fees and costs during the first work-week is entirely different from the human trafficking, fraud, discrimination, and personal injury claims.

Therefore, though the moving plaintiffs were required to file their former non-FLSA claims in new suits by virtue of the denial of class certification, it may be prudent for this Court, again under its inherent power to manage this case, to house the FLSA claims in the instant lawsuit, where they are likely to be resolved in a collective fashion.  \

Finally, separate actions may be maintained where the defendant has given its consent. Super Van Inc. v. City of San Antonio, 92 F.3d 366, 371 (5th Cir. 1996); see also Restatement (Second) Judgments §26(1)(a).   Thus the Signal defendants could moot this motion by consenting to have the FLSA claims adjudicated in this Court, waiving its res judicata defenses in the new actions.

IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court either (1) allow the withdrawal of the Moving Opt-Ins' FLSA Consents to Sue, with the statute of limitations tolled until such time as the FLSA claims are added to the new actions; (2) sever the Moving Opt-Ins' FLSA claims and transfer them to the court where the new parent cases are venued; or (3) hold the Moving Opt-ins' FLSA claims in the David action, precluding Signal from raising a res judicata defense in the new actions.

10

Respectfully submitted this 15th day of August, 2013,

*/s/ Daniel Werner*
Daniel Werner (*pro hac vice*)
New York Bar No. 3969839
Naomi Tsu (*pro hac vice*)
Georgia Bar No. 507612
Southern Poverty Law Center
233 Peachtree Street, Suite 2150
Atlanta, Georgia 30303
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
daniel.werner@splcenter.org
naomi.tsu@splcenter.org

Ivy O. Suriyopas (*pro hac vice*)
New York Bar No. 4406385
Shirley Lin (*pro hac vice*)
New York Bar No. 4958526
Asian American Legal Defense
and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: (212) 966-5932

Chandra S. Bhatnagar (*pro hac vice*)
New York Bar No. 4136966
Human Rights Program
American Civil Liberties Union
125 Broad Street – 18th Floor
New York, New York 10004
Telephone: (212) 519-7840
cbhatnagar@aclu.org

*/s/ Tracie L. Washington*
Tracie L. Washington, Esq.
Louisiana Bar No. 25925
Louisiana Justice Institute
1631 Elysian Fields
New Orleans, Louisiana 70117
Telephone: (504) 872-9134

Alan B. Howard, T.A. (*pro hac vice*)
New York Bar No. 2136661
Hugh D. Sandler (*pro hac vice*)
New York Bar No. 4712584
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
Fax: 212.223.4134
ahoward@crowell.com

Joseph Bjarnson (*pro hac vice*)
New York Bar No. 4774055
Sahn Ward Coschignano and Baker, PLLC
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553
Telephone: (516) 228-1300
jbjarnson@swcblaw.com

US2008 4833285 1