UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>     Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>     Defendants | **SECTION "E"** |

**Related Case:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,**<br>     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>     Defendants | **SECTION "E"** |

**Applies To:** *David et al. v. Signal International et al.* **(08-1220)**

## ORDER AND REASONS

Before the Court is plaintiffs' Motion to Protect Opt-In Plaintiffs' FLSA Claims.[1] Defendant Signal International, LLC ("Signal") opposes plaintiffs' motion.[2] For the following reasons, plaintiffs' motion is **DENIED**.

## BACKGROUND

This action was brought on behalf of a putative class of approximately 578 workers from India alleging violations of the Trafficking Victims Protection Act of 2003 ("TVPRA"),

---

[1] R. Doc. 1371.

[2] R. Doc. 1384.

1

the Racketeer Influenced and Corrupt Organization Act ("RICO"), the Klu Klux Klan Act of 1871, and the Civil Rights Act of 1866 (Section 1981) against Signal and other defendants. Plaintiffs also alleged state law tort and contract claims against various defendants. Additionally, plaintiffs alleged violations of the Fair Labor Standards Act (FLSA) under 29 U.S.C § 201 *et seq.* on behalf of themselves and other employees similarly situated.[3]

In their first amended complaint, plaintiffs requested that their FLSA claims be preliminarily certified as a collective action under 29 U.S.C. § 216(b) ("section 216(b)"). Five of the named plaintiffs attached written consents to sue to the first amended complaint.[4] The remaining seven named plaintiffs filed separate consents to sue on August 6, 2008.[5] Other potential FLSA claimants continued to file consents to sue under section 216(b) until July 6, 2011.[6] The total number of FLSA claimants is now 400.[7]

The named plaintiffs moved for class certification for their non-FLSA claims on October 1, 2008.[8] After class certification was denied on January 4, 2012[9], the action proceeded with the twelve named plaintiffs, along with the FLSA claims of those individuals who have filed consents to sue. Many of the former putative class members filed separate suits (the "new actions") in the Southern District of Mississippi and the Eastern District of

---

[3] R. Doc. 47. Plaintiffs' First Amended Complaint. Plaintiffs' Third Amended Complaint is now the operative complaint and contains the same FLSA collective action allegations. (*See* R. Doc. 1224)

[4] R. Doc. 47-4. FLSA Consents to Sue.

[5] R. Doc. 131.

[6] R. Doc. 1089.

[7] R. Doc. 1089

[8] R. Doc. 165.

[9] R. Doc. 1117.

Case 2:08-cv-01220-SM-DEK   Document 1423   Filed 10/22/13   Page 3 of 5

Texas, alleging the same non-FLSA claims as the named plaintiffs in the present case.[10] All FLSA claims are pending here.[11]

## LAW AND ANALYSIS

Plaintiffs move to protect the 175 individuals (the "moving opt-ins") who filed consents to sue in this case, but filed their non-FLSA claims in other courts after class certification was denied. Plaintiffs move for this Court to either: (1) allow the moving opt-ins to withdraw their FLSA claims in this case and toll the statute of limitations to allow the moving opt-ins to file FLSA claims in the new actions; (2) sever the moving opt-ins' FLSA claims and transfer them to the new actions; (3) hold the moving-opt ins' FLSA claims in this case, but preclude Signal from raising res judicata in the new actions.[12]

Although plaintiffs proposed three alternatives to "protect" the moving opt-ins' FLSA claims in the new actions, it is unclear exactly what relief plaintiffs request. First, plaintiffs ask the Court to toll the statute of limitations for the opt-ins to file their FLSA claims in other courts. Plaintiffs' request would require this Court to compel another District Court to toll the statutes of limitations for the moving opt-ins' claims. Plaintiffs have not cited any authority, and this Court cannot find any authority for it to do so.

Second, plaintiffs ask this Court to sever the moving opt-ins' FLSA claims and transfer them to the new actions. 28 U.S.C. § 1404 ("Section 1404") allows a court to

---

[10] R. Doc. 1374. Plaintiffs' statement of collateral proceedings. 182 former putative class members have filed separate suits thus far.

[11] R. Doc. 1371-2. Plaintiffs' allege that 175 individuals have filed consents to sue in the *David* case and have filed non-FLSA claims in other courts.

[12] R. Doc. 1371.

transfer a civil action to a district where it could have been brought.[13] Section 1404 only authorizes the transfer of an entire action, not individual claims. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) (citing *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)). But where certain claims have been severed under Federal Rule of Civil Procedure 21, two separate actions result, and a district court may transfer one action while retaining jurisdiction over the other. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d at 1519.[14] In determining whether to sever claims, courts consider whether the claims arose out of the same transaction or occurrence, whether the claims present common questions of law or fact, whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required. *See Howell v. Avante Servs., LLC*, 2013 U.S. Dist. LEXIS 50300, at *5 (E.D. La. 2008). A district court may exercise its discretion in deciding whether to sever a claim under Rule 21. *See Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995).

Considering the factors listed above, this Court does not find a severance and transfer of the moving opt-ins' FLSA claims is appropriate. Plaintiffs filed their FLSA consents to sue in this Court and requested their FLSA claims be treated as a collective action under Section 216(b). A resolution of all of the opt-ins' FLSA claims in a collective manner is the most efficient way to adjudicate their claims. Severing the FLSA claims and

---

[13]"For the convenience of parties and witnesses, in the interest of justice, a district court my transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404.

[14]Federal Rule of Civil Procedure 21, gives a court the power to "sever any claim against a party." Fed. R. Civ. P. 21. *See Sporia v. Pennsylvania Greyhound Lines*, 143 F.2d 105 (3d Cir. 1944).
4

transferring them to the new actions would undermine rather than promote judicial economy. The moving opt-ins will not suffer prejudice by having their claims decided in this Court. The Court will not sever and transfer the moving opt-ins' FLSA claims.

Third, plaintiffs request this Court to hold the moving opt-ins' FLSA claims in this Court, but prevent Signal from raising res judicata as a defense in the new actions. The Court has no authority to prevent Signal from raising a res judicata defense in an action before another court.

## CONCLUSION

This Court acknowledges its power to manage its docket and consider fairness to the parties. *See In re Vioxx Prods. Liab. Litig.*, 230 F.R.D. 470, 473 (E.D. La. 2005). This power alone, however, is not sufficient to justify accommodating plaintiffs' vague and unsupported requests. Accordingly, plaintiffs' motion to protect their FLSA claims is **DENIED.**

**New Orleans, Louisiana, this** 22nd **day of October, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**