## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**  Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**  Defendants | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**  Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**  Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**  (c/w 13-6219, 13-6220, 13-6221, 14-732) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**  Defendants | **SECTION "E"** |

**Applies To:** *David v. Signal* **(08-1220) and** *Achari v. Signal* **(13-6218, c/w 13-6219, 13-6220, 13-6221, 14-732)**

### ORDER AND REASONS

Before the Court is a Motion for Protective Order filed by the Dewan Defendants in

1

*David v. Signal* (08-1220)(the "*David* case").[1] Plaintiffs in the *David* case oppose the Dewan Defendants' motion.[2] Defendant Signal International, LLC ("Signal") also opposes the Dewan Defendants' motion.[3] The Dewan Defendants filed a reply in support of their motion.[4]

Plaintiffs in the *David* case noticed the depositions of Sachin Dewan, Mannish Dewan, Ramesh Dubey, and Varuna Kapoor from July 14, 2014 to July 24, 2014 in New Orleans, Louisiana (absent an agreement otherwise). The Dewan Defendants move for a protective order to require these depositions to be taken in India where these witnesses reside. Alternatively, the Dewan Defendants ask the Court to order the *David* Plaintiffs to bear the costs of airfare, hotels, meals, and any other reasonable expenses associated with conducting these depositions in New Orleans.

At a status conference on July 7, 2014, the Court ordered counsel for the *David* Plaintiffs and counsel for Signal to propose reasonable solutions that would allow them to conduct needed discovery and concurrently minimize inconvenience and expense to the Dewan Defendants and their counsel, Steve Shapiro.[5] Based upon the suggestions of counsel and the parties need to conduct discovery, the Court rules as follows.

With respect to Sachin Dewan, the *David* plaintiffs, Signal, and any other party who wishes to depose Sachin Dewan, must share the reasonable expenses associated with his

---

[1] R. Doc. 1661. The Court uses "Dewan Defendants" to collectively refer to both Sachin Dewan and Dewan Consultants, Pvt. Ltd.

[2] R. Doc. 1671.

[3] R. Doc. 1670.

[4] R. Doc. 1673.

[5] R. Doc. 1666.

travel to New Orleans for his deposition (including his coach airfare, lodging, meals, and other reasonable expenses). The *David* plaintiffs, Signal, and any other party who wishes to depose Sachin Dewan also must pay for the actual expenses of his deposition. Sachin Dewan's deposition, in both his individual and Rule 30(b)(6) capacities, shall not last more than three (3) days and shall be completed before **August 31, 2014.** Counsel shall confer and select dates that are, to the extent possible, convenient for Sachin Dewan. Mr. Shapiro shall attend the deposition as counsel for Sachin Dewan and Dewan Consultants, Pvt. Ltd.

Mannish Dewan shall be deposed via video conference at the expense of the *David* plaintiffs, Signal, and any other party wishing to depose him. The *David* plaintiffs, Signal, and any other party who wishes to depose Mannish Dewan also must pay for the actual expenses of his deposition. These parties also are responsible for making the necessary arrangements in India to conduct the video conference deposition. The attorneys shall participate in the deposition in New Orleans with Mannish Dewan participating in India. The court reporter, also to be located in New Orleans, is authorized to give Mannish Dewan his oath by video. The video deposition of Mannish Dewan, in both his individual and representative capacities, shall not last more than two (2) days and shall be completed before **August 31, 2014**. Mannish Dewan's deposition shall be conducted during India's regular business hours unless Mr. Dewan agrees otherwise. Mr. Shapiro is ordered to attend Mannish Dewan's deposition in New Orleans. Mr. Shapiro shall work with Mannish Dewan to determine the exact date and time of his deposition.

The remaining witnesses in India (Ramesh Dubey and Varuna Kapoor) shall also be deposed via video conference at the expense of the *David* plaintiffs, Signal, and any other party wishing to depose them. The *David* plaintiffs, Signal, and any other party who wishes

to depose these witnesses also must pay for the actual expenses of their depositions. These parties also are responsible for making the necessary arrangements in India to conduct the video conference depositions. The attorneys shall participate in the deposition in New Orleans with the witnesses participating in India. The Court reporter, also to be located in New Orleans, is authorized to give these witnesses their oaths by video. These depositions shall not last more than two (2) days and shall be completed before **August 31, 2014.** The witnesses will be located in India, and the depositions shall be conducted during India's regular business hours unless the deponents agree otherwise. As to these depositions, Mr. Shapiro need not attend nor assist in arranging for the witnesses to appear for the depositions.

Accordingly, **IT IS ORDERED** that Dewan's Motion for Protective Order be and hereby is **GRANTED IN PART** as set forth above and otherwise **DENIED**.

The Clerk of Court is directed to send a copy of this order to all counsel of record in the *EEOC* case (12-557).

**New Orleans, Louisiana, this 11th day of July, 2014.**

                                                  _____
                                                  **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**