UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> (c/w 13-6219, 13-6220, 13-6221, 14-732) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To: All Cases**

## ORDER AND REASONS

Before the Court is a Motion for Protective Order filed by defendant Burnett in *David*

1

*v. Signal* (08-1220)(the "*David* case").[1] Plaintiffs in the *David* case oppose Burnett's motion.[2] Defendant Signal International, LLC ("Signal") also opposes Burnett's motion.[3] The EEOC, plaintiff in *EEOC v. Signal* (12-557)(the "*EEOC* case"), filed a response to Burnett's motion.[4]

Plaintiffs in the *David* case noticed Malvern C. Burnett's ("Mr. Burnett") deposition for three days: July 28, 29, and 30, 2014. Signal noticed Mr. Burnett's deposition for July 28 and 29, 2014. Burnett moves for a protective order precluding the *David* Plaintiffs and Signal from deposing Mr. Burnett. Alternatively, Burnett asks the Court to limit his deposition temporally and to prevent the *David* Plaintiffs and Signal from questioning Mr. Burnett on matters already covered in previous depositions.

Federal Rule of Civil Procedure 26(c)(1) requires a movant show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" before issuing a protective order. *See* Fed. R. Civ. P. 26(c)(1).

The Court finds good cause to limit the deposition of Mr. Burnett. He has already been extensively deposed during the class certification phase of the *David* case and the Court is hard pressed to find sufficient justification for allowing the parties to re-depose Mr. Burnett without any limitations. As such, the Court finds it appropriate to limit Mr.

---

[1] R. Doc. 1653. The Court uses "Burnett" to collectively refer to defendants Malvern C. Burnett, The Law Office of Malvern C. Burnett, and the Gulf Coast Immigration Center, LLC.

[2] R. Doc. 1667.

[3] R. Doc. 1662.

[4] R. Doc. 430 in 12-557.

Burnett's deposition in the following manner.

The deposition of Mr. Burnett, in his individual and Rule 30(b)(6) capacities, shall last a maximum of two (2) days. Counsel for the parties in the *David* case, the *EEOC* case, and *Achari v. Signal* (13-6218, 13-6219, 13-6220, 13-6221, 147-732)(the "*Achari* cases") shall participate in Mr. Burnett's deposition and share time questioning him. Mr. Burnett has been deposed in the class certification phase and counsel are admonished not to repeat questions answered then.

As previously ordered with respect to the *David* Plaintiffs' depositions, Mr. Burnett's deposition is to begin at 8:30 a.m. and end at 5:30 p.m. with a fifteen (15) break in the morning, two fifteen (15) minute breaks in the afternoon, and an hour lunch break.[5]

Accordingly, **IT IS ORDERED** that Burnett's Motion for Protective Order be and hereby is **GRANTED IN PART** as set forth above.

**New Orleans, Louisiana, this 11th day of July, 2014.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 1508; R. Doc. 1549 in the *David* case.