UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br>**(c/w 13-6219, 13-6220,<br>13-6221, 14-732)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To:** *David v. Signal* **(08-1220)**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Billy Wilks, J&M Associates, Inc., and J&M Marine & Industrial, LLC (collectively, the "J&M Defendants").[1] Plaintiffs oppose

---

[1] R. Doc. 1535.

the J&M Defendants' motion.[2]

The J&M Defendants move to dismiss all of Plaintiffs' claims for failure to state a claim, primarily denying the factual allegations pled in Plaintiffs' complaint.[3] Under Rule 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly* 550 U.S. 554 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In assessing the Plaintiffs' complaint, the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the Plaintiffs. *Lowry v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

The Court finds the facts pled in Plaintiffs' complaint are sufficient to support their claims against the J&M Defendants.[4] This Court already denied a similar motion filed by the J&M Defendants seeking to dismiss Plaintiffs' RICO claim.[5] The Court is not persuaded to reach a contrary decision when Plaintiffs' factual allegations have not altered since this Court's previous decision. Moreover, for the reasons set forth in the Court's Order and Reasons in the *David* case on the 12(c) Motion for Partial Judgment on the Pleadings and 12(b)(6) Motion to Dismiss filed by Signal and the 12(c) Motion for Partial Judgment on the

---

[2] R. Doc. 1562.

[3] The J&M Defendants' motion, filed pro se, does not specifically move under Rule 12(b)(6) to dismiss Plaintiffs' claims. However, based on the arguments made in the J&M Defendants' motion, the Court construes the motion as a 12(b)(6) motion to dismiss.

[4] The J&M Defendants' motion was filed before Plaintiffs filed their fourth, fifth, and sixth amended complaints. The factual allegations contained in Plaintiffs' third amended complaint are identical to the facts alleged in Plaintiffs' sixth amended complaint. Plaintiffs' amended complaints were filed to clarify their causes of action, to state which law their state law claims arise under, and to add additional Signal defendants.

[5] R. Doc. 288.

Pleadings filed by Burnett,[6] Plaintiffs' complaint alleges sufficient facts to survive a motion to dismiss.

Accordingly, **IT IS ORDERED** that the J&M Defendants' Motion to Dismiss be and hereby is **DENIED**.

**New Orleans, Louisiana, this 14th day of August, 2014.**

                                         *[signature]*
                                        **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 1713.