UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1220** |
| **SIGNAL INTERNATIONAL, L.L.C, ET AL.** | **SECTION "E" (3)** |

**ORDER**

On February 26, 2014, the Motion to Compel Answers to Interrogatories [Doc. #1474] and the Motion to Compel Answers to Request for Production of Documents [Doc. #1479] came on for oral hearing before the undersigned. Present were Daniel Werner on behalf of plaintiffs and Timothy Cerniglia on behalf of the Burnett defendants ("Burnett"). After the oral hearing, the Court took the motions under advisement. The Court has held this Order in abeyance pending the ruling from the District Court on various motions that involve the protective orders entered in this and companion lawsuits. The District Court has now ruled. [Doc. #1726 & #1727]. Having reviewed the motions, the oppositions, the ruling from the District Court and the case law, the Court rules as follows.

**I.     Background**

This Court has detailed the factual background of this lawsuit in numerous opinions and will not repeat it here. [Doc. #854].

## II.     The Motion to Compel Answers to Interrogatories

Disputes exist with regard to Interrogatory ("Int.") Nos. 2, 3, 8, 9 and 11 through 25. Burnett contends that he seeks only those documents, statements or factual information that support the allegations against him in plaintiffs' complaint. Burnett argues that the interrogatories do not involve mixed questions of law and fact as they seek only the factual information underlying the allegations. Plaintiffs object to these interrogatories as contention interrogatories and argue that they need more discovery to respond to them. Under Federal Rule of Civil Procedure 11, Burnett contends that plaintiffs must have evidence of specific conduct or actions committed by him to support their allegations when they filed their complaint.

Burnett also contends that the interrogatories do not exceed 25, and he has now limited them to 19. Burnett maintains that none of the interrogatories contains discrete sub-parts but asks only that plaintiffs produce evidence to support the allegations of their complaint. Burnett notes that plaintiffs allege statutory and common-law violations in nine paragraphs. Burnett maintains that he referenced the paragraphs of the complaint in his requests only so that plaintiffs would know what information is sought. Accordingly, and citing case law, Burnett contends that a single question asking for bits of information related to the same topic counts as one interrogatory. Should the Court determine that more than 25 interrogatories exist, Burnett asks for leave to propound more than 25.

Citing their own case law, plaintiffs contend that an interrogatory that asks for detailed information about separate paragraphs in the complaint must be counted as separate interrogatories. As examples, plaintiffs outline Int. Nos. 16 and 18. Int. No. 16 would require plaintiffs to respond

2

to 20 separate allegations in the complaint, many involving different plaintiffs and time periods. While plaintiffs concede that all of the separate paragraphs address a fraud-related claim, they maintain that each one addresses a separate element of the offense.

Plaintiffs note that Burnett has failed to participate in numerous plaintiffs' depositions that have occurred and argue that the depositions are a more efficient means to obtain the information that Burnett seeks.

Listing all of the discovery that has occurred and will occur, plaintiffs contend that contention interrogatories would place a tremendous burden on them at this time. They note that a high volume of discovery still needs to exchange hands. Plaintiffs have agreed to respond to Burnett's contention interrogatories within ten days of the close of discovery. Citing case law, plaintiffs note that courts often continue responses to contention interrogatories until after the close of discovery.

The Court pretermits the legal issue of whether Burnett propounded more than 25 interrogatories on plaintiffs because, even were it to find that Burnett did, it would allow Burnett to propound more than 25. Fed. R. Civ. P. 33(a)(1). This is a complicated and convoluted lawsuit, involving numerous plaintiffs and defendants, and the parties are entitled to relevant discovery that is reasonably calculated to lead to the discovery of admissible evidence. Burnett is entitled to know what factual allegations support plaintiffs' claim against him in order to prepare to defend against them. Plaintiffs have now had more than five months to prepare any potential responses to this discovery, and that is sufficient time within which to respond.

The Court addresses specific objections to the interrogatories as follows:

Int. No. 9: This interrogatory seeks all heath care providers, psychologists or social workers

who treated plaintiffs. Plaintiffs objected on the ground that the interrogatory seeks communications between plaintiffs and their health care providers and the time period, 2005 to the present, is overbroad. Burnett contends that he is entitled to discover information related to plaintiffs' claims of emotional distress. Plaintiffs argue that the interrogatory is overbroad temporally. They also contend that they need not produce said information if it is protected by the doctor-patient privilege or if it is irrelevant to their claims against defendants here. They have agreed to produce all non-privileged information.

Because this interrogatory seeks only the *identity* of any health care providers, psychologists or social workers, the Court finds that the interrogatory is reasonably calculated to lead to the discovery of admissible evidence and does not require the production of any information protected by a privilege. Moreover, and as for plaintiffs' invocation of the doctor-patient privilege, the Court simply notes that federal common law recognizes no such privilege. *See United States v. Bek*, 493 F.3d 790, 801-802 (7th Cir. 2007) (citing *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004) ("[T]he evidentiary privileges that are applicable to federal-question suits are given not by state law but by federal law, Fed. R. Evid. 501, which does not recognize a physician-patient (or hospital-patient) privilege.")). Because there is no doctor-patient privilege in this lawsuit grounded on federal jurisdiction, there is no impediment to the production of the *identities* of any physician, etc. who treated plaintiffs.

Int. No. 11: This interrogatory seeks the dates on which plaintiffs applied for visas, initially and subsequently with any company. Plaintiffs objected, citing the protective orders. Burnett argues that no temporal objection is necessary here. Burnett maintains that the information sought is relevant to plaintiffs' claims of misrepresentation and breach of contract. Given the District Court's

ruling on the protective orders, the Court finds that the protective orders in place in this lawsuit prohibit the disclosure of this information.

Int. No. 12: This interrogatory seeks plaintiffs' income and sources of income from 2000 to the present. Plaintiffs objected, referring to the protective orders. Burnett contends that this information is relevant to determine whether plaintiffs have suffered economic damage. Plaintiffs note that the issue of the applicability of the protective orders is before the District Court. Given the protective orders in place in this lawsuit, the Court finds that this inquiry is prohibited.

Int. No. 14: This interrogatory seeks information as to post-Signal employment. Plaintiffs objected, pointing to the protective orders. Burnett notes that whether all of this information is covered by the protective orders is before the District Court. The Court again finds that the protective orders in place in this lawsuit prohibit the disclosure of this information.

**III.    Motion to Compel Answers to Requests for Production of Documents**

A dispute has arisen with regard to requests for production ("RFP") Nos. 9, 10, 12, 14, 15, 17, 24 and 26 through 32.

With regard to RFP Nos. 26 through 32, plaintiffs objected on the ground that they seek documents responsive to contention interrogatories and that said numbers exceed 25. This objection is specious because there is no limit to the number of requests for production that a party may propound on another party as there is with interrogatories. In any event, plaintiffs note that they have agreed to respond to RFP Nos. 26 through 32, so the motion is moot as to these requests.

Specific objections are addressed as follows:

RFP No. 9: This RFP seeks all tax returns from 2005 to present. The issue of whether the protective order bars these documents from disclosure is before the District Court. Burnett argues

that this information is relevant as to whether plaintiffs have suffered damage. Plaintiffs contend that the existing protective orders bar these documents from disclosure. They also maintain that the request is overbroad because they do not maintain claims for loss of earnings beyond the end of their employment with Signal. Plaintiffs argues that Burnett can not demonstrate that he can not obtain this information from another source. The Court finds that the protective orders in place in this lawsuit prohibits the disclosure of this information.

RFP No. 10: This RFP seeks all documents that quantify and substantiate plaintiffs' damages. Plaintiffs objected, arguing that the request is overbroad in that almost every document will quantify or substantiate their damages. Plaintiffs contend that this request fails to describe the documents with particularity. The Court finds this RFP to be overbroad, but the generic information sought is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, this Order reserves the right to Burnett to re-propound an appropriately re-worded and narrowly-tailored RFP.

RFP No. 12: This RFP seeks all non-privileged e-mails, notes or documents that reference this litigation or the events giving rise to the litigation from 2007 to present. Plaintiffs contend that this request fails to describe the documents with particularity. Plaintiffs maintain that the phrase "constituting, referencing, reflecting, or mentioning this litigation or the events giving rise to this litigation" is too vague and overbroad. The Court finds this RFP to be overbroad as worded but generically, reasonably calculated to lead to the discovery of admissible evidence. This Order thus reserves the right to Burnett to tailor it narrowly – or even split it into two or more RFPs – and re-propound it.

RFP No. 14: This RFP seeks all non-privileged journals, notes, etc. that address the events

which are made the basis of this claim. Plaintiffs contend that this request fails to describe the documents with particularity. The Court does not find that this RFP fails to describe the documents with particularity. Burnett essentially seeks any writings by plaintiffs that document the underlying facts of this lawsuit and any claims against him. This information is reasonably calculated to lead to the discovery of admissible evidence.

RFP No. 15: This RFP seeks all written or recorded statements of anyone alleged to have knowledge of the facts relevant to this lawsuit and any summaries of such statements. Plaintiffs contend that this request fails to describe the documents with particularity. They contend that the request is temporally overbroad (no time limit) and fails to limit the statements to timing and subject. The Court does not find that this RFP is overbroad as to subject. It is overbroad, however, temporally. The Court limits the RFP to August 2005 through the present.

RFP No. 17: This interrogatory seeks copies of other lawsuits filed by any plaintiff against any other person. Plaintiffs agree to produce such documents, provided that Burnett exclude "family law disputes." Burnett will not agree to the exclusion because the evidence underlying a family law dispute may well bear on the facts and allegations here. Plaintiffs argue that family law disputes are barred from disclosure under the protective order in the companion *EEOC* case, and this Court has already concluded that "any information on family members who are not parties to this lawsuit is clearly irrelevant." As quoted by plaintiffs, this Court has already concluded that information on family members who are not a part of this lawsuit is not discoverable. Subject to this caveat, plaintiffs shall respond to the RFP.

**IV.    Conclusion**

For the foregoing reasons,

7

**IT IS ORDERED** that the Motion to Compel Answers to Interrogatories [Doc. #1474] and the Motion to Compel Answers to Request for Production of Documents [Doc. #1479] are GRANTED IN PART and DENIED IN PART as outlined above.

New Orleans, Louisiana, this 22nd day of August, 2014.

**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**