UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1220** |
| **SIGNAL INTERNATIONAL, L.L.C., ET AL.** | **SECTION "E" (3)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Reconsideration [Doc. #1927] of this Court's earlier Order dated November 14, 2014 [Doc. #1921] that denied plaintiffs' earlier filed motion to compel. This Court denied the motion to compel as untimely filed past the discovery deadline in the District Court's Scheduling Order. For the following reasons, the Court DENIES plaintiffs' motion for reconsideration.

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all of the claims among all the parties "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b). As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Although the district court's discretion in this regard is broad, *see Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993), it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See, e.g.*, 18b Charles A. Wright et al., Fed. Prac. & Proc. § 4478.1 (2d ed. 2002).

A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g. Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). Although there may be circumstances in which a different standard would be appropriate, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-16 (4th Cir. 2003), the present motion does not present them. The proper inquiry therefore is whether the moving party has "clearly establish[ed] either a manifest error of law or fact or . . . present[ed] newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

In deciding motions under Rule 59(e), courts in this district have considered four factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law. *Faye v. Lytal Marine Operators, Inc.*, No. Civ. A. 99-525, 2000 WL 19474 at *1 (E.D. La. Jan.11, 2000) (citing *Burma Navigation Corp. v. Seahorse*, No. Civ. A. 94-0795, 1998 WL 781587 at *1 (E.D. La. Nov.3, 1998)). The Court is mindful that

"[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

As noted above, this Court denied the motion to compel as untimely filed past the discovery deadline in the District Court's Scheduling Order. Plaintiffs argue that a motion to compel need not be filed within the discovery period – only the discovery request needs to be timely served. They cite the Court to *Express One Int'l, Inc. v. Sochata*, No. 3-97 CV 3121-M, 2001 WL 461285, at *1 (N.D. Tex. Apr. 30, 2001). In *Express One*, the district court rejected the defendant's timeliness objection to a motion to compel filed after close of the discovery period: "There is no cut-off date for filing motions to compel in this lawsuit; and simply because discovery has closed does not logically preclude the filing of a motion to compel." *Id.* Plaintiffs maintain that the situation here is on all fours with the *Express One* court.

But the *Express One* court is in the minority, and this Court's research has revealed that the majority of the courts agree with this one. The majority of courts generally look to the deadline for completion of discovery in considering whether a motion to compel has been timely filed. *See Mollinger-Wilson v. Quizno's Franchise Co.*, 122 Fed. Appx. 917, 920, 923, 2004 WL 2757941, at *3, *6 (10th Cir. 2004) (finding no abuse of discretion in district court's holding that pro se plaintiffs' motion to compel depositions was untimely because the deadline for discovery had expired, plaintiffs had not employed previous opportunities to take depositions, and plaintiffs had presented inadequate proof that additional depositions were necessary); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (finding no abuse of discretion in denying a motion to compel discovery filed after discovery had closed and defendants had filed their summary judgment

motion); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of discovery motion was error where the motion was filed two months after the date set by the court for the completion of discovery and the plaintiffs gave no excuse for tardiness); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery had closed and summary judgment motion was filed); *Ginett v. Federal Express*, 166 F.3d 1213, 1998 WL 777998, at *5 (6th Cir. 1998) (Table) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline); *Material Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 992 (D.C. Cir. 1998) (finding no abuse of discretion when district court denied motion to compel as untimely when filed after the close of discovery); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) (denying motion to compel as untimely when filed after discovery deadline); *Flynn v. Health Advocate, Inc.*, No. Civ. A. 03-3764, 2005 WL 288989, at *8 (E.D. Pa. Feb.8, 2005) (motion to compel filed after discovery closed and summary judgment motions had been filed was untimely) (citing cases); *Banks v. CBOCS West, Inc.*, No. 01 C 0795, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (motion to compel filed two months after the close of discovery was clearly untimely, and busy schedule of counsel did not justify untimeliness because counsel was aware of

unresolved issues prior to discovery deadline, opposing party would be prejudiced, and dispositive motions would be delayed); *James v. United States*, No. 99 Civ. 4238, 2003 WL 22149524, at *6 (S.D.N.Y. Sept. 17, 2003) (denying motion to compel discovery as untimely where fact discovery closed approximately six months before the motion was filed and movant offered no justification for tardiness); *Mash Enterprises, Inc. v. Prolease Atlantic Corp.*, No. Civ. A. 01-2437, 2003 WL 251944, at *3-4 (E.D. Pa. Jan. 31, 2003) (denying untimely motion to compel filed approximately two months after the close of discovery and nearly six months after receipt of objections, where the only explanation offered for the delay was "inadvertently overlook[ing] the earlier outstanding requests", trial would soon be set, discovery would cause prejudice to the other side, and court's schedule would be disrupted); *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (finding that a district court may properly deny a motion to compel discovery filed after the close of discovery, and noting that numerous courts have denied tardy discovery motions where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party); *Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 516 (D. Conn. 2002) ("After almost seven months of discovery, a motion to compel received after the expiration of the deadline for the completion of all discovery is untimely."); *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (denying a motion to compel discovery filed four months after the discovery deadline and five days before a hearing on a summary judgment motion); *In re Health Mgmt., Inc.*, No. CV 96-0889, 1999 WL 33594132, at *5-6 (E.D.N.Y. Sept. 25, 1999) (finding no error in denial of motion to compel as untimely based on undue delay) (citing cases); *Dynamic Movers, Inc. v. Paul Arpin Van Lines,*

5

*Inc.*, 956 F. Supp. 836, 840 (E.D. Wis. 1997) (denying motion to compel filed four-and-a-half months after discovery responses were served, three-and-a-half months after summary judgment brief, two weeks after discovery closed, and three weeks before trial, where no attempt was made to resolve the dispute after responses, case was old, and the court has already extended discovery twice); *Am. Motorists Ins. Co. v. Gen. Host Corp.*, 162 F.R.D. 646, 648 (D. Kan. 1995) (denying a motion to compel filed two years after discovery deadline and after the deadline for filing dispositive motions). Given this abundance of authority, there has been no manifest error of law here.

As these cases reflect, courts have also considered a number of factors in determining whether a motion to compel filed after the discovery deadline is untimely and/or should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule. *See id.*

Here, the discovery deadline was August 8, 2014, and plaintiffs filed the motion to compel on November 4, 2014. Plaintiffs had known of the outstanding discovery requests since defendant Signal International, L.L.C. ("Signal") served them at the close of discovery. The discovery deadline has been extended numerous times in this lawsuit, and numerous dispositive motions have been filed and are pending before the District court. This case is seven years old and, after all these years, is on track for trial in January 2015 (less than two months away). None of the factors weighs in favor of reconsidering this Court's denial. The Court is reticent to re-open discovery less than

two months from trial and jeopardize the District Court's pre-trial conference and trial dates.

Plaintiffs complain that there is a pending motion for sanctions for failing to comply with a discovery order filed by the Burnett defendants and pending before this Court. A motion for sanctions seeks different relief than a motion to compel. In any event, that motion is not set for submission until December 10, 2014. If it seeks discovery, it too will suffer the same fate as plaintiffs' motion here.

Deadlines are deadlines for a reason. A discovery deadline is in place to ensure that other deadlines – such as those for expert reports and dispositive motions – are met. When one deadline is not met, other deadlines pass, and the District Court's trial schedule is jeopardized. This, the Court is unwilling to do.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [Doc. #1927] is DENIED.

New Orleans, Louisiana, this 19th day of November, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**