UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

1

# ORDER

12 Plaintiffs have asserted claims on behalf of themselves and others similarly situated for violations of the Fair Labor Standards Act ("FLSA").[1]  372 Plaintiffs have opted in.  Although the FLSA claims have been pending for years, Plaintiffs never moved for conditional certification to proceed as a collective action.  Defendants Signal International, LLC, Signal International Inc., Signal International Texas, G.P., and Signal International Texas, L.P. ("Signal") now move for partial summary judgment, arguing the failure to move for conditional certification requires the opt-in Plaintiffs be dismissed without prejudice.[2]  The weight of authority establishes that conditional certification is merely a "useful case management tool for district court to employ in appropriate cases," not a procedural requirement for FLSA collective actions.[3]

Accordingly;

**IT IS ORDERED** that Signal's Motion is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs move for certification within 30 days of this Order.  Because Plaintiffs have already opted in and substantial discovery has occurred, the Court will not entertain a motion for conditional certification but instead will proceed directly to final certification and impose a heightened evidentiary burden.[4]

---

[1] 29 U.S.C. § 216(b).
[2] R. Doc. 1845.
[3] *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (internal quotation marks omitted); *accord Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012); *Thuy Uyen Nguyen v. Portable Prod. Servs., LP*, No. H-13-00880, 2014 WL 843249, at *5 (S.D. Tex. Mar. 4, 2014); *Hickson v. U.S. Postal Serv.*, No. 5:09CV83, 2010 WL 3855887, at *5 (E.D. Tex. July 22, 2010)
[4] *See Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 692 (S.D. Tex. 2013) ("A number of courts have held that if substantial discovery occurs before the first, conditional certification stage, the court may bypass the first stage and proceed directly to the second stage of certification analysis.") (internal quotation marks omitted).

**IT IS FURTHER ORDERED** that Signal respond to Plaintiffs' motion with 15 days of service.

**IT IS FURTHER ORDERED** that the Court will **DEFER** a decision on Plaintiffs' FLSA merits motion until *after* it has ruled on certification.[5]

**IT IS FURTHER ORDERED** that no FLSA claims will be adjudicated at the January 12, 2015 jury trial.

**New Orleans, Louisiana, this 14th day of December, 2014.**

                                      */s/ Susie Morgan*
                              **SUSIE MORGAN**
                   **UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 1848.