UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | CIVIL ACTION |
| **VERSUS** | No. 08-1220 |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | SECTION "E" |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | CIVIL ACTION |
| **VERSUS** | No. 12-557 |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | SECTION "E" |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | CIVIL ACTION |
| **VERSUS** | No. 13-6218<br> (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | SECTION "E" |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

1

## ORDER

Before the Court is a Motion to Exclude the Expert Testimony of Ron McAlear.[1] As the proponent of Mr. McAlear's testimony, Signal bears the burden of establishing admissibility.[2] The Court has reviewed the arguments of counsel and the applicable law. For the following reasons, the Motion is **GRANTED**, and Mr. McAlear is **EXCLUDED** from testifying at trial.

As a threshold matter, it is unclear exactly what opinions Mr. McAlear intends to offer at trial. Mr. McAlear's report offers the vague statement that he was "retained for the purpose of providing information and guidance on Shipyard's normal and customary practices, policies and procedures used in shipbuilding, marine fabrication, ship and offshore platform repair services." Signal provides a similarly unhelpful synopsis of Mr. McAlear's proposed testimony: "Signal offers Mr. McAlear to opine that Signal's conduct as a marine fabricator and employer was customary, ordinary and within industry standards in its day to day employment of the Plaintiffs in this case."[3] After reviewing the opposition memorandum, it appears Signal intends to elicit the following opinions from Mr. McAlear at trial:

1. Signal's use of employee badge numbers is customary in the marine fabrication industry;

2. The safety orientation and safety programs at Signal are customary in the industry;

3. The environment in which Plaintiffs worked at Signal was customary in the industry;

---

[1] R. Doc. 1824.
[2] *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).
[3] R. Doc. 1860, p. 1.

4. The orientation and record-keeping processes used by Signal are customary in the industry;

5. Charging employees for the use of personal protective gear is customary in the industry;

6. The use of multiple craft tests for certain employees is customary in the industry; and

7. Signal's operations were of high "quality."

In light of the vagueness of Mr. McAlear's report, the Court will assume for purposes of this ruling that Mr. McAlear intends to offer the opinions identified in Signal's opposition.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[4] and *Kumho Tire Co. v. Carmichael*.[5] Expert testimony is admissible if (1) the expert is qualified, (2) the methodology is reliable, and (3) the opinion is relevant to an issue in the case.[6]

---

[4] 509 U.S. 579 (1993).
[5] 526 U.S. 137 (1999).
[6] *See Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268, 272 (E.D. La. 2014).

**Opinions 1, 3, and 4**

These opinions are inadmissible for at least two reasons.  First, Mr. McAlear lacks the requisite qualifications.  The Fifth Circuit has held that "[t]o qualify as an expert, the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth."[7]  Additionally, Rule 702 provides that an expert must be qualified by "knowledge, skill, experience, training or education."

In his report, Mr. McAlear discusses his experience in construction and conversion of containerships and vessels.  Mr. McAlear also purports to have "firsthand experience in implementing the policies, practices and procedures that are necessary for a company to maintain a competitive advantage in the industry."  The Court is not convinced this experience or any of the other factors identified in Rule 702 render Mr. McAlear qualified to render Opinions 1, 3, or 4.

But even if Mr. McAlear possessed the requisite expertise, his opinions are inadmissible for another reason: they are unreliable.  "Reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[8]  Many factors bear on an expert's reliability. In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[9]  "These factors include whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards

---

[7] *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (alterations in original) (internal quotation marks omitted).
[8] *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012).
[9] *See* 509 U.S. at 592—96.

controlling its operation; and (4) is generally accepted in the relevant scientific community."[10]  The Supreme Court has cautioned that the reliability analysis must remain flexible: the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[11]  Thus, "not every *Daubert* factor will be applicable in every situation . . . and a court has discretion to consider other factors it deems relevant."[12]  Having reviewed the expert report and Signal's opposition memorandum, the Court finds Signal has failed to carry its burden of demonstrating Opinions 1, 3, and 4 are the product of reliable principles and methodologies.  Additionally, Opinion 3 is so vague that is unlikely to "help the trier of fact . . . understand the evidence or . . . determine a fact in issue."[13]

**Opinion 2**

Opinion 2 concerns safety standards at Signal facilities and in the marine fabrication industry writ large.  Sigal concedes—as did Mr. McAlear in his deposition—that Mr. McAlear is not a safety expert.  Yet Signal argues that Mr. McAlear is "certainly qualified to opine as to whether, in a management/supervisory capacity, he can view Signal's operations as safe" and that "he is sufficiently knowledgeable on the areas of marine fabrication management to opine as to whether, generally, a company operates customarily in the industry relative to safety."  Signal's concession undermines its admissibility argument: if Mr. McAlear is not a safety expert, he is simply not qualified to render opinions on safety issues.

---

[10] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).
[11] *Kumho Tire*, 526 U.S. at 150.
[12] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[13] *See* Fed. R. Evid. 702(a).

5

Not only is Mr. McAlear unqualified to render Opinion 2, but the methodology underlying that opinion is unreliable.  In formulating his opinion, Mr. McAlear reviewed Signal's ISO 9001 certification, safety awards given to Signal, Signal's website, deposition excerpts (provided by Signal) of Signal executives, OSHA charts compiled by Signal's counsel which he did not actually examine or compare to other companies, a Wikipedia page, and three safety signs that Signal translated from Hindi to English.  The Courts finds the sources underlying Opinion 2 "of such little weight that the jury should not be permitted to receive that opinion."[14]   Because the opinion "would not actually assist the jury in arriving at an intelligent and sound verdict,"[15] it is excluded.

**Opinion 5**

This opinion is not relevant, because Plaintiffs' FLSA claims have been severed from the upcoming trial.

**Opinion 6**

Opinion 6 is inadmissible, because it was not included in Mr. McAlear's report.[16]

**Opinion 7**

Opinion 7 suffers from many of the flaws identified above.  The methodology is unreliable, and the opinion is so vague that it fails to satisfy the relevance standards of Rules 402 and 702.[17]

---

[14] *Fair v. Allen*, 669 F.3d 601, 607 (5th Cir. 2012).
[15] *Id.*
[16] Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that expert reports contain "a complete statement of all opinions the witness will express and the basis and reasons for them."
[17] *See Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) ("The expert testimony must be relevant, not simply in the sense that all testimony must be relevant, Fed. R. Evid. 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue.").

**All Opinions**

In addition to the specific deficiencies identified above, there are other more general deficiencies that permeate all of the proposed opinions. For example, it is unclear how opinion testimony on the common practices of the marine fabrication industry, and Signal's compliance with those practices, is relevant to any of the specific claims of the trial Plaintiffs regarding Signal's Pascagoula facility. Additionally, the opinions are subject to exclusion for failure to comply with Rule 26(a)(2)(B), which requires that reports of retained experts contain the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

At a minimum, Mr. McAlear's report does not comply with requirements (i), (v), and (vi), which provides further cause for striking his opinions.[18]

## CONCLUSION

For the reasons previously stated, the Motion is granted.

**New Orleans, Louisiana, this 5th day of January, 2015.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] *Cf. Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996).