**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KURIAN DAVID, et al.** | **CIVIL ACTION** |
| **Plaintiffs** | |
| | |
| **VERSUS** | **No. 08-1220** |
| | |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | **SECTION "E"** |
| **Defendants** | |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | **CIVIL ACTION** |
| **COMMISSION,** | |
| **Plaintiff** | |
| | |
| **VERSUS** | **No. 12-557** |
| | |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | **SECTION "E"** |
| **Defendants** | |

| | |
|---|---|
| **LAKSHMANAN PONNAYAN ACHARI, et al.,** | **CIVIL ACTION** |
| **Plaintiffs** | |
| | |
| **VERSUS** | **No. 13-6218** |
| | **(c/w 13-6219,** |
| | **13-6220, 13-6221,** |
| | **14-732, 14-1818)** |
| | |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | **SECTION "E"** |
| **Defendants** | |

**Applies To:**
***David v. Signal***
**(08-1220)**

## ORDER

Before the Court are (1) Plaintiff Jacob Joseph Kadakkarappally's

("Kadakkarappally") Motion for Partial Summary Judgment as to Liability on his 42

U.S.C. § 1981 Claim for Retaliation[1] and (2) Defendants' Motion for Partial Summary Judgment Regarding Retaliation filed by Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (collectively "Signal").[2] For the following reasons, the Court finds there are genuine issues of material fact as to Kadakkarappally's 42 U.S.C. § 1981 retaliation claim, and neither party is entitled to judgment as a matter of law.   The cross motions are **DENIED**.[3]

## BACKGROUND[4]

On October 27, 2014, Kadakkarappally filed a motion for partial summary judgment as to liability on his 42 U.S.C. § 1981 claim for retaliation.[5] The Fourteenth Claim for Relief in the Sixth Amended Complaint asserts Signal violated Kadakkarappally's rights to receive full and equal benefit of all laws as guaranteed by 42 U.S.C. § 1981 by "threatening, assaulting, battering, falsely imprisoning, causing emotional distress to, and terminating the employment of . . . Kadakkarappally as a direct response to and in retaliation for [his] legally protected opposition to Defendant Signal's discriminatory practices."[6] Kadakkarappally seeks "compensatory damages for emotional pain and suffering . . . based on the retaliatory discharge and other retaliatory acts up to the point at which . . . Plaintiff's employment at Signal was terminated;

---

[1] R. Doc. 1841.

[2] R. Doc. 1849. Defendants' motion addresses the Fourteenth Claim for Relief in the Sixth Amended Complaint brought by Plaintiffs Jacob Joseph Kadakkarappally and Sabulal Vijayan. In this Order, the Court only considers Defendants' motion with respect to Kadakkarappally and defers ruling on the motion with respect to Vijayan.

[3] R. Doc. 1841; R. Doc. 1849 (denied only with respect to Plaintiff Kadakkarappally's 42 U.S.C. § 1981 claim).

[4] The facts of this case have been detailed in previous orders. Familiarity is assumed.

[5] R. Doc. 1841.

[6] R. Doc. 1706 at p. 117.

punitive damages, [and] attorneys' and experts' fees and costs of this action, as authorized by 42 U.S.C. § 1988(b)-(c)."[7]

Kadakkarappally argues summary judgment in his favor is warranted because "Kadakkarappally has established a *prima facie* claim for retaliation, thereby shifting the burden to Signal to provide a legitimate reason for Kadakkarappally's termination," and "[i]n light of the clear evidentiary record, any such proffered reason would be pretextual, unsupportable and ineffective as a matter of law."[8] Signal argues there are genuine issues of material fact relative to Kadakkarappally's argument, so his motion should be denied.[9]

On October 28, 2014, Signal filed a cross motion for partial summary judgment contending there is no genuine dispute as to Kadakkarappally's retaliation claim because he cannot make his *prima facie* showing of retaliation.[10] Signal argues Kadakkarappally cannot show he engaged in protected conduct or that there is a causal connection between any protected conduct and his termination—two essential elements of his *prima facie* case.[11] Even assuming Plaintiff meets his *prima facie* burden, Signal argues Kadakkarappally cannot prove Signal's legitimate, non-discriminatory reason for his termination was pretextual.[12] Thus, Signal seeks summary judgment in its favor. Kadakkarappally responds that the evidence in this case "is more than sufficient to defeat summary judgment, if not establish summary judgment in Plaintiff['s] favor."[13]

---

[7] R. Doc. 1706 at p. 118.
[8] R. Doc. 1841-1 at p. 5.
[9] R. Doc. 1923 at p. 2.
[10] R. Doc. 1849-1.
[11] *Id.*
[12] *Id.*
[13] R. Doc. 1904 at p. 5.

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] "An issue is material if its resolution could affect the outcome of the action."[15] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[16] All reasonable inferences are drawn in favor of the non-moving party.[17] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[18]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[19] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[20]

---

[14] Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[15] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). S*ee also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[17] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[18] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[19] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986).

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[21] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[22] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[23] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[24]

## ANALYSIS

Section 1981 refers to "discrimination in the making and enforcement of contracts and is designed to include a federal remedy against discrimination in

---

[21] *Id.* at 331–32 (Brennan, J., dissenting).

[22] *See id.* at 332.

[23] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

[24] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

employment on the basis of race [or alienage]."[25] For retaliation claims under § 1981, the

Fifth Circuit uses the same legal framework as that which governs retaliation claims

arising under Title VII:[26]

> To present a *prima facie* case of retaliation under either Title VII or §
> 1981, a plaintiff must show that: (1) he engaged in an activity protected by
> Title VII [or § 1981]; (2) he was subjected to an adverse employment
> action; and (3) a causal link exists between the protected activity and the
> adverse employment action. . . . [O]nce the plaintiff presents a prima facie
> case, the burden shifts to the defendant-employer to proffer a legitimate
> rationale for the underlying employment action. If a legitimate reason is
> proffered, the burden returns to the plaintiff to demonstrate that the
> employer's articulated reason for the employment action was a pretext for
> retaliation. Showing pretext requires a plaintiff to produce substantial
> evidence indicating that the proffered legitimate nondiscriminatory reason
> is a pretext for discrimination.[27]

In order for Kadakkarappally's retaliation claim to survive Signal's motion for

summary judgment, there must be sufficient evidence to convince a reasonable fact

finder to find all of the elements of Kadakkarappally's *prima facie* case.[28] In other

words, there must be a genuine issue of material fact concerning his *prima facie* case.[29]

Signal argues Kadakkarappally cannot establish a *prima facie* case of retaliation because

he cannot show (1) that he engaged in protected conduct, or (2) that there is a causal

connection between his alleged protected conduct and his termination—two essential

elements of his *prima facie* case.[30] Kadakkarappally may not have specifically used the

words "race discrimination" or "alienage discrimination" when complaining to Signal,

but his complaints to Signal involved the work and living conditions as they related

---

[25] *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir. 1983). Section 1981 also "provides protection against discrimination on the basis of alienage." *Chacko v. Texas A & M Univ.*, 149 F.3d 1175 (5th Cir. 1998) (unpublished). *See also Garner v. Giarrusso*, 571 F.2d 1330, 1340 (5th Cir. 1978).

[26] *See Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

[27] *Id.* at 317–18 (internal quotation marks and citations omitted).

[28] *See Culwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006) ("To survive summary judgment on a claim of unlawful racial discrimination in employment, a plaintiff must prove, at least, that there is a genuine dispute of material fact concerning his *prima facie* case.").

[29] *See id.*; *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[30] R. Doc. 1849-1.

specifically to the Indian H2-B workers.[31] Further, the requirement of showing causation at the *prima facie* stage is much less stringent than proving the ultimate issue of unlawful retaliation.[32] Very close temporal proximity of the protected activity and the adverse employment action is sufficient to establish causation at the *prima facie* stage of a retaliation claim.[33]

Viewing the evidence in a light most favorable to the plaintiff, the Court concludes there is sufficient evidence from which a jury could find that Kadakkarappally engaged in protected conduct and that there is a causal connection between the protected conduct and his termination.  Thus, the burden shifts to Signal to articulate a legitimate, non-retaliatory reason for terminating Kadakkarappally. Because Signal produced a non-retaliatory justification—that Kadakkarappally made threats to Signal employees, his behavior was divisive and disruptive, and Signal could not appease him through legal means[34]—the burden shifts back to Kadakkarappally to demonstrate Signal's reasons for his termination were not its true reasons, but rather were pretext for retaliation. An employee may establish pretext by "showing the employer's proffered explanation is false or unworthy of credence."[35]

Signal contends Kadakkarappally exclusively relies on his subjective, conclusory opinion that he was retaliated against, which is not competent summary judgment evidence, and on temporal proximity between his alleged protected conduct and his termination, which is insufficient to establish pretext.[36] Kadakkarappally points to

---

[31] *See Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue.").
[32] *See Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001).
[33] *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).
[34] R. Doc. 1849-2 at p. 5.
[35] *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks and citations omitted).
[36] R. Doc. 1849-1 at 33.

evidence that he received positive reviews and a pay raise shortly before his termination, showing he was an excellent worker and indicating Signal's reason was pretextual.[37] Plaintiff also points to numerous emails exchanged by Signal's management team demonstrating Signal's proffered reasons for terminating Kadakkarappally were untrue. For example, one email chain contains the subject line "Indian Issues" and is marked with high importance and labeled confidential.[38] Darrell Snyder, a Signal employee who supervised Kadakkarappally in the man camp and handled Kadakkarappally's complaints on a daily basis, sent an email detailing "the latest issue with the Indian workers."[39] The email explains how a "source" in the man camp told Snyder that Kadakkarappally and another Indian worker "went bunkhouse to bunkhouse [that] weekend to recruit workers to talk to a lawyer," and "[t]hey were able to get approximately 35 to 40 workers to see [a] lawyer."[40] The email goes on to discuss how "[t]he workers have complained about their treatment" and ends stating "the atmosphere in the camp tonight was as tense as [Snyder] ha[d] experienced it."[41] The responding email states: "This does not need to go unchecked" and references needing to have "discussions with the Indians to address legitimate complaints" and that after, "we should know who we want and who we do not."[42] Kadakkarappally was terminated on March 9, 2007—just days after this email chain was exchanged.[43] Although temporal proximity, alone, may be insufficient to establish pretext, in this case, Kadakkarappally

---

[37] R. Doc. 1841-1 at p. 8.
[38] R. Doc. 1841-9 at p. 2; R. Doc. 1849-1 at p. 27.
[39] R. Doc. 1841-9 at p. 2.
[40] *Id.* Snyder does not refer to Kadakkarappally by name but rather by his individual badge number.
[41] *Id.*
[42] R. Doc. 1841-10 at p. 2.
[43] R. Doc. 1849-1 at p. 10.

points to additional competent summary judgment evidence in the record creating a genuine dispute as to pretext.

The Court finds there are genuine issues of material fact as to pretext.[44] Accordingly, both motions for partial summary judgment on the retaliation claim must be denied.

### CONCLUSION

Plaintiff Jacob Joseph Kadakkarappally's Motion for Partial Summary Judgment as to Liability on his 42 U.S.C. § 1981 Claim for Retaliation is **DENIED**.[45]

Signal's Motion for Partial Summary Judgment Regarding Retaliation is **DENIED** with respect to Plaintiff Jacob Joseph Kadakkarappally's 42 U.S.C. § 1981 claim.[46] The Court defers judgment on Signal's motion with respect to Plaintiff Sabulal Vijayan's 42 U.S.C. § 1981 retaliation claim.[47]

**New Orleans, Louisiana, this __5th__ day of _____January_____, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[44] The Court also finds there are genuine issues of material fact as to elements of Plaintiff's *prima facie* case.
[45] R. Doc. 1841.
[46] R. Doc. 1849.
[47] *Id.*

9