UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

## ORDER

Before the Court is a Motion for Partial Summary Judgment Concerning Choice of Law filed by Signal.[1]  The issues have been briefed and argued extensively on the record.[2]  For the following reasons, the Motion is **GRANTED IN PART**.

A federal court exercising supplemental jurisdiction over state law claims applies the forum state's choice-of-law rules.[3]  Before engaging in a choice-0f-law analysis, however, the Court must first determine whether there is a "true conflict" between the laws of the interested jurisdictions.[4]  The Court finds the states with an interest in this dispute are Mississippi and India.  Accordingly, the threshold issue is whether the laws of these jurisdictions differ with respect to Plaintiffs' claims for fraud, negligent misrepresentation, breach of contract/quasi contract, and agency.  If there is a difference, the Court will apply Louisiana's choice-of-law rules—set forth in Book IV of the Louisiana Civil Code—to determine the applicable substantive law.[5]

### I. Fraud

Plaintiffs and Signal agree, as does the Court, that there are material differences between the laws of Mississippi and India with respect to fraud.  Accordingly, a choice-of-law analysis is warranted.  Plaintiffs and Signal also agree that article 3543 is the applicable conflicts rule for Plaintiffs' fraud claims and that under this article, the law of India should apply.  Article 3543 provides in pertinent part as follows: "[i]ssues

---

[1] R. Doc. 1762.  The parties have also briefed choice of law on agency issues raised in connection with Plaintiffs' Motion for Summary Judgment on Certain Principal-Agent Relationships.  R. Doc. 1847.

[2] The Parties have submitted supplemental memoranda.  Following a status conference on January 5, 2015, the Court requested additional briefing from Plaintiffs.  *See* R. Doc. 2076.  Plaintiffs submitted their brief via electronic mail.  Counsel for both parties subsequently exchanged emails.  The emails will be filed in the record.

[3] *See Janvey v. Brown*, 767 F.3d 430, 434 n.10 (5th Cir. 2014)

[4] *See Champagne v. Ward*, 893 So. 2d 773, 786 (La. 2005); *Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002).

[5] La. Civ. Code. art. 3515 *et seq.*

pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state or in another state whose law did not provide for a higher standard of conduct."  The primary conduct that caused Plaintiffs' injuries occurred in India.  Moreover, Plaintiffs' injuries were primarily suffered in India.  Accordingly, the law of India governs Plaintiffs' fraud claims.

## II.  Negligent Misrepresentation

The parties disagree whether there is difference between the laws of Mississippi and India regarding negligent misrepresentation.  The Court finds the laws of Mississippi and India are different with respect to this tort.  Accordingly, a choice-of-law analysis is warranted.

As with the fraud claim, Plaintiffs and Signal agree article 3543 is the relevant choice-of-law provision.  The primary conduct that caused Plaintiffs' injuries occurred in India.  Because the Plaintiffs' injuries were also primarily suffered in India, the law of India governs Plaintiffs' negligent misrepresentation claims.

## III.  Breach of Contract and Quasi-Contract

The parties disagree whether the laws of India and Mississippi differ with respect to Plaintiffs' breach of contract and quasi-contract claims.  Having reviewed the submissions of the parties, the Court concludes there is no difference.  When there is no true conflict, courts ordinarily apply the law of the forum state.[6]  In this case, however, the parties agree—and so does the Court—that Louisiana does not have a substantial interest in the outcome of this case.  Therefore, the Court must choose between Mississippi and India law.  Because Mississippi law is more familiar to all parties, the

---

[6] *See, e.g.*, *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005).

Court will apply Mississippi law to Plaintiffs' breach of contract and quasi-contract claims.

## IV.  Agency

The parties agree and the Court finds that the law of agency is the same in both India and Mississippi.  For the reasons just explained, Mississippi law will govern all issues in this case regarding agency.

## CONCLUSION

The law of India governs Plaintiffs' claims of fraud and negligent misrepresentation, and the law of Mississippi governs Plaintiffs' claims of breach of contract, quasi-contract, and agency.[7]

**New Orleans, Louisiana, this 6th day of January, 2015.**

_____Susie Morgan_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] This ruling does not cover the applicable substantive law for Signal's crossclaims.  The Court will address that issue upon receipt of further briefing.  *See* R. Doc. 2075.  Moreover, the parties agree Mississippi law governs Plaintiff Jacob Joseph Kadakkarappally's claims under Counts 16-19 of the Sixth Amended Complaint.