## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>        **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>        **Defendants** | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY**<br>**COMMISSION,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>        **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>        **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220,**<br>**13-6221, 14-732, 14-**<br>**1818)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>        **Defendants** | **SECTION "E"** |

**Applies To:**
***David v. Signal***
**(No. 08-1220)**

## ORDER

Before the Court is Signal's Motion for Partial Summary Judgment Regarding Plaintiffs' Second and Fifteenth Claim for Relief.[1]  Plaintiffs subsequently dismissed their Fifteenth Claim and portions of their Second claim.[2]  In light of this dismissal, only three elements of Signal's Motion remain in dispute: (1) whether the RICO persons identified in the Sixth Amended Complaint are sufficiently distinct from the alleged RICO enterprises; (2) whether the RICO claims are impermissibly extraterritorial; and (3) whether there is sufficient evidence that Signal conspired to violate the RICO statute. The Court addresses each argument in turn.

## I.  Distinction Between RICO Persons and RICO Enterprises

18 U.S.C. § 1962(c) prohibits "any person employed by or associated with any enterprise" from "participat[ing] . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ."  Under this subsection, the Fifth Circuit requires the RICO "person" be distinct from the RICO "enterprise."[3]  The RICO person(s) is the named defendant(s), while the RICO enterprise can be either a legal entity or an association-in-fact.[4]

The seminal Fifth Circuit case regarding the RICO person-RICO entity distinction is *St. Paul Mercury Insurance Co. v. Williamson*.  The plaintiff in *St Paul* filed a civil RICO suit against three individuals who allegedly comprised an association-in-fact enterprise.[5]  Summarizing its prior case law, the Fifth Circuit distinguished between corporate entities and individuals: where a single entity is named as both a RICO

---

[1] R. Doc. 1873.
[2] *See* R. Doc. 1914.
[3] *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993).
[4] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000).
[5] *See id.* at 445.

defendant and a RICO enterprise, the person-entity distinction is violated.[6]  There is no violation, however, "when *individuals* have been named as defendants and as members of an association-in-fact RICO enterprise."[7]  Applying this rule to the case before it, the court vacated the district's court dismissal of the plaintiff's Section 1962(c) claim.[8]

In the case at bar, the Sixth Amended Complaint names each Defendant as a RICO person and alleges three separate association-in-fact enterprises:   "RICO Enterprise I" is comprised of "[a]ll Defendants and the United States Consular officers in India;" "RICO Enterprise II" is comprised of the "Recruiter Defendants, Legal Facilitator Defendants, and Defendant Signal;" and "RICO Enterprise III" is comprised of the "Recruiter Defendants, Defendant Signal, Legal Facilitator Defendants, Swetman Security, and M & M Bank."  This case is distinguishable from *St. Paul*, because individuals *and* corporate entities are named as RICO persons and as part of an association-in-fact enterprise.  Moreover, unlike *St. Paul*, there is no perfect identity between the RICO persons and any of the alleged RICO enterprises.  Accordingly, *St. Paul* does not require dismissal of the RICO claims.[9]  Signal has not cited any Fifth Circuit decisions with even a remotely similarly fact pattern, nor can this Court find any.

---

[6] *See id.* at 446—47; *see also In re Mastercard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 491 (E.D. La. 2001) ("[T]he strict reading of the enterprise/person distinctness requirement originally contemplated cases where a single corporate entity was the defendant, and that same single corporate entity was alleged to be the enterprise.").

[7] *See id.* at 447 (emphasis added).

[8] *See id.*

[9] The *St. Paul* court noted in dicta that "[c]ourts have roundly criticized" charging "a corporation as being part of an association-in-fact enterprise and also as a RICO defendant." 224 F.3d at 447 n.16.  The court explained the rationale behind this criticism by quoting the following excerpt from *Brittingham v. Mobil Corp.*, 943 F.2d 297, 301 (3d Cir. 1991): "a § 1962(c) enterprise must be more than an association of individuals or entities conducting the normal affairs of a defendant corporation."  225 F.3d at 447 n.16 (quoting *Brittingham*, 943 F.2d at 301).  This rationale clearly does not apply to the case at bar for two reasons.  First, *Brittingham* presupposes the RICO defendants are all corporations.  There are several non-corporate RICO defendants in this case.  Second, the Sixth Amended Complaint ascribes a specific "common purpose" for each enterprise sufficiently distinct from the "normal affairs" of any of the corporate defendants.

## II. Extraterritoriality

The Fifth Circuit has not yet addressed whether RICO applies extraterritorially but two other circuits have.  The Ninth Circuit focuses on whether the pattern of racketeering activity has a sufficient nexus to the United States.[10]  Under this approach, even a pattern of racketeering "conceived and planned overseas" has the requisite nexus if it was ultimately "executed and perpetuated in the United States."[11]  Unlike the Ninth Circuit, the Second Circuit focuses on the relevant predicate statutes underlying the alleged RICO violation.[12]  If the predicate statute evinces an "unmistakable congressional intent to apply extraterritorially, RICO will apply to extraterritorial conduct, too, but only to the extent that the predicate would."[13]  If the predicate statute does not manifest such intent, then the court examines whether "plaintiffs have alleged conduct in the United States that satisfies every essential element of the [predicate statute]."[14]  Such allegations are cognizable under RICO "even if some further conduct contributing to the violation occurred outside the United States."[15]

Under either the Second Circuit approach or the Ninth Circuit approach, the Court finds that application of RICO in this case is not extraterritorial.  The Sixth Amended Complaint alleges a pattern of racketeering activity sufficiently domestic in nature.  Furthermore, the allegations and evidence supporting a violation of the predicate statutes demonstrate that Plaintiffs bring domestic—rather than foreign—RICO claims.

---

[10] *See United States v. Chao Fan Xu*, 706 F.3d 965, 979 (9th Cir. 2013).
[11] *See id.*
[12] *See European Cmty. v. RJR Nabisco*, 767 F.3d 129, 136 (2d Cir. 2014).
[13] *Id.*
[14] *Id.* at 142.
[15] *Id.*

### III.  RICO Conspiracy

"To demonstrate a civil RICO conspiracy, a claimant must show that: (1) two or more persons agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the RICO offense."[16]  These elements may be established by circumstantial evidence.[17]   In other words, "[t]he agreement, a defendant's guilty knowledge and a defendant's participation in the conspiracy all may be inferred from the development and collocation of circumstances."[18]  Having reviewed the summary judgment record in the light most favorable to Plaintiffs, there are genuine issues of material fact with respect to both elements of the conspiracy claim.  Summary judgment is not appropriate.

<u>**CONCLUSION**</u>

For the reasons previously stated;

**IT IS ORDERED** that the Motion is **DENIED**.

**New Orleans, Louisiana, this 9th day of January, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir. 2012).
[17] *United States v. Delgado*, 401 F. 3d 290, 296 (5th Cir. 2005).
[18] *United States v. Posadas-Rios*, 158 F.3d 832, 857 (5th Cir. 1998).