UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**        Plaintiffs | CIVIL ACTION |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**        Defendants | SECTION "E" |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**        Plaintiff | CIVIL ACTION |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**        Defendants | SECTION "E" |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**        Plaintiffs | CIVIL ACTION |
| **VERSUS** | **No. 13-6218**  (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**        Defendants | SECTION "E" |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

## **ORDER**

The parties have submitted objections to deposition testimony, exhibits, and demonstrative exhibits intended to be used in opening statement, and responses to those objections.[1]  The Court's rulings are below.

### I.  Deposition Testimony

####     A.  *Burnett Objections*

Burnett moves to prohibit Plaintiffs from using part of a video deposition of Sachin Dewan concerning use of I-140s for Defendant Indo-Amerisoft—a company owned by Dr. Kurella Rao—both during opening statement and at any point during trial.[2]  The designated portion concerns Indo-Amerisoft applicants who are not plaintiffs in this case.  Allowing the jury to hear this testimony would be confusing, because the testimony is taken out of context and was not elicited with respect to the trial plaintiffs.  The testimony in this setting is overly prejudicial to Burnett.

For the foregoing reasons, the Motion is **GRANTED IN PART**.[3]  Plaintiff may not use the deposition designations during opening statement.  The Court **DEFERS** a ruling on further use of Mr. Dewan's deposition testimony during trial.

####     B.  *Signal Objections*

Signal objects to Plantiffs' use of deposition testimony from Thomas Rigolo both during opening statement and at any point during trial.  Mr. Rigolo was Signal's Senior Vice President and General Manager of Texas Operations from 2004 to 2007.  Plaintiffs

---

[1] *See* R. Docs. 2078, 2079, 2080, 2106, 2107, 2108, 2109, 2110.  Two objections were submitted as motions.  *See* R. Doc. 2080, 2107.
[2] *See* R. Doc. 2080.
[3] *Id.*

have designated for use during opening statement page 246, line 1 – page 271, line 1 of Mr. Rigolo's deposition.[4]

Mr. Rigolo was a corporate officer of Signal who had some involvement with the H2B program. Under Federal Rule of Evidence 701, the opinion expressed in the designated testimony is admissible and is not so prejudicial as to warrant exclusion. If Signal wishes the inclusion of lines 16 – 19 on page 245, it shall notify Plaintiffs immediately, and Plaintiffs will also include this testimony in their opening statement.

For the foregoing reasons, the objection is **OVERRRULED IN PART**. Plaintiffs may use the designated portions of Mr. Rigolo's testimony during opening statement, subject to Signal's request to include lines 16 – 19 of page 245. The Court **DEFERS** a ruling on further use of Mr. Rigolo's deposition testimony during trial.

C. *Plaintiffs' Objections*

Plaintiffs move to prohibit Signal from showing during opening statement certain testimony from the video deposition of Saket Soni, the Executive Director of the New Orleans Workers' Center for Racial Justice.[5] Signal has designated page 286, lines 8 – 18 for opening statement. Plaintiffs point out this designation is not true deposition testimony at all; rather, it is an audio clip from a taped speech purportedly given by Mr. Soni that was played for him at his deposition. The speech was given by Mr. Soni on a date unknown to the Court to an audience unknown to the Court under circumstances unknown to the Court. The speech is not sworn testimony, subject to cross-examination, on a topic relevant to this case. It is instead a brazen attempt to circumvent the rules of evidence and this Court's prior ruling that the political views of

---

[4] *See* R. Doc. 2110.
[5] R. Doc. 2107. This Motion also objects to Burnett's use of a certain demonstrative exhibit. That objection is discussed in subsection III below.

have designated for use during opening statement page 246, line 1 – page 271, line 1 of Mr. Rigolo's deposition.[4]

Mr. Rigolo was a corporate officer of Signal who had some involvement with the H2B program. Under Federal Rule of Evidence 701, the opinion expressed in the designated testimony is admissible and is not so prejudicial as to warrant exclusion. If Signal wishes the inclusion of lines 16 – 19 on page 245, it shall notify Plaintiffs immediately, and Plaintiffs will also include this testimony in their opening statement.

For the foregoing reasons, the objection is **OVERRRULED IN PART**. Plaintiffs may use the designated portions of Mr. Rigolo's testimony during opening statement, subject to Signal's request to include lines 16 – 19 of page 245. The Court **DEFERS** a ruling on further use of Mr. Rigolo's deposition testimony during trial.

C. *Plaintiffs' Objections*

Plaintiffs move to prohibit Signal from showing during opening statement certain testimony from the video deposition of Saket Soni, the Executive Director of the New Orleans Workers' Center for Racial Justice.[5] Signal has designated page 286, lines 8 – 18 for opening statement. Plaintiffs point out this designation is not true deposition testimony at all; rather, it is an audio clip from a taped speech purportedly given by Mr. Soni that was played for him at his deposition. The speech was given by Mr. Soni on a date unknown to the Court to an audience unknown to the Court under circumstances unknown to the Court. The speech is not sworn testimony, subject to cross-examination, on a topic relevant to this case. It is instead a brazen attempt to circumvent the rules of evidence and this Court's prior ruling that the political views of

---

[4] *See* R. Doc. 2110.
[5] R. Doc. 2107. This Motion also objects to Burnett's use of a certain demonstrative exhibit. That objection is discussed in subsection III below.

any party to this case, their counsel, or other witnesses are entirely irrelevant.[6]  If either Mr. Soni or counsel for Signal believes this trial provides an opportunity to expound upon an individual or an organization's political beliefs and causes, they are mistaken.[7]

For the reasons previously stated, this portion of the Motion is **GRANTED**.[8] Signal may not play the designated portion of Mr. Soni's video deposition at any point during trial.

## II.  Exhibits

The parties did not object to exhibits that Signal and Burnett will use during opening statement.  Dewan does not intend to use any exhibits during opening statement.  The parties have, however, objected to certain exhibits that Plaintiffs will use during opening statement.  Those objections are addressed below.

### A.  *Exhibits 1893 and 1984*

Burnett filed a Motion in *Limine* with respect to these exhibits, which are emails written by Burnett in late 2006 to other individuals involved in certain aspects of this case.[9]  Burnett argues the emails are irrelevant because they concern individual workers who are not plaintiffs in this case and are overly prejudicial due to some of the language used by Burnett.  Burnett also argues the emails will confuse the jury and waste the Court's time.

The Court finds these emails to be relevant and not overly prejudicial.  The Motion is **DENIED**, and these exhibits may be used by Plaintiffs during opening statement.

---

[6] R. Doc. 2074.  That Mr. Soni is not an attorney in this case is immaterial.  To the extent necessary, the Court hereby clarifies its Order to exclude political views of counsel, parties, or witnesses and to exclude testimony regarding related cases involving Indian workers by any witness.
[7] Furthermore, Mr. Soni's state of mind is not relevant to any determination that will be made by the jury.
[8] R. Doc. 2107.
[9] R. Doc. 2006.

B. *Exhibit 1903*

Signal objects to the use of this exhibit both during opening statement and at trial.[10]  The exhibit is an email from Mr. Pol to John Sanders of Signal.  Mr. Pol testified at his deposition that he sent this email to Mr. Sanders and that they discussed the email after it was sent.  Signal argues that Mr. Sanders will testify that he did not, or does not recall, reading the email until late 2008. Plaintiffs' counsel has represented that he will not reference Mr. Sanders' testimony about when he saw or read this email during opening, but rather will refer only to Mr. Pol's testimony with respect to the email.  Signal's objection is **OVERRULED IN PART**, and Plaintiffs may use Exhibit 1903 during opening statement.  The Court **DEFERS** on whether this exhibit may be used during trial.

C. *Exhibit* 1944

Signal objects to the use of this exhibit during opening statement.  This exhibit is a letter from Pat Killeen of Signal to the Mississippi Department of Environmental Quality.  Signal objects to this exhibit as being overly prejudicial and because of concern that counsel for Plaintiffs will misrepresent the environmental conditions at the man camp versus Signal's headquarters and use the document to make improper argument that Signal made misrepresentations.  Counsel for Plaintiffs represented to the Court that he is mindful of the purpose of opening statement and will conduct his opening statement accordingly.  Further, counsel represented he will accurately represent the environmental conditions at the man camp site and the site of Signal's corporate headquarters.  Signal's objection is **OVERRULED**, and Exhibit 1944 may be used by Plaintiffs during opening statement.

---

[10] *See* R. Doc. 2081.

D.  *Exhibits 1941 and 1951*

Signal objects to the use of these exhibits during opening statement.  The exhibits are emails Plaintiffs contend show a culture of intolerance and discrimination at Signal.  Exhibit 1941 is an email sent between Signal management, in particular Tracey Binion who works in human resources.  Exhibit 1951 is an email sent by the Signal CEO's secretary to a person who has not been identified to the Court.  Signal's objections are **OVERRULED IN PART**.  Exhibit 1941 may be used during Plaintiffs' opening statement, but Exhibit 1951 may not.

### III. Demonstrative Exhibits

Plaintiffs presented the Court with a copy of proposed demonstrative exhibits to be used during opening statement.  The parties raised several objections but have now resolved all but two.  With respect to those objections, the Court rules as follows: (1) Plaintiffs may use Table 2 and Table 3 in their opening statement; (2) Plaintiffs may not use the slide which purports to define the elements of a forced labor violation.  Burnett is similarly precluded from presenting open argument on the law of forced labor.[11]

**New Orleans, Louisiana, this 10th day of January, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 2107 is therefore granted in its entirety as to Burnett.