UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

**ORDER**

Before the Court are (1) Signal's Motion to Exclude the Expert Testimony of Smita Narula,[1] and (2) Signal's Motion to Exclude the Expert Testimony of Amy Mowl.[2] As the proponent of Ms. Narula and Ms. Mowl's testimony, Plaintiffs bear the burden of establishing admissibility.[3] The Court has reviewed the arguments of counsel and the applicable law. For the following reasons, the Motions are **GRANTED IN PART**.

Ms. Narula purports to be an expert in the field of human rights in India, including on the socio-economic impacts of indebtedness in India.[4] Based on her report, it appears Ms. Narula intends to discuss (1) the social, cultural, and economic pressures Plaintiffs were likely to face as a result of the indebtedness they incurred to come to work in the United States, (2) the potential financial, physical, and social consequences of failures to repay debts like those taken by Plaintiffs in India, and (3) the impact that those pressures can have on individuals in debt in India.[5] Ms. Mowl purports to be an expert in "debt and collection practices in India."[6] Based on her report, it appears Ms. Mowl intends to discuss (1) debt and collection practices in India, (2) the familial, social, and cultural pressures attendant with failure to repay debt, and (3) the effects these culture-specific pressures likely had on Plaintiffs.[7]

To the extent both experts' testimony is admissible, it appears to be on the same topic: debt and collection practices in India and the consequences of the failure to repay debts in India, generally. Having both experts testify on this topic at trial would be

---

[1] R. Doc. 1826.
[2] R. Doc. 1833.
[3] *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).
[4] *See* R. Doc. 1826-2, p. 4.
[5] *Id.* at pp. 4–5.
[6] *See* R. Doc. 1833-2, p. 6.
[7] *See, e.g., id.* at p. 7, 27, 30.

cumulative. The Court finds, though, that testimony on this topic will provide an American jury with helpful socioeconomic context to understand the allegations in this case. Plaintiffs may choose *either* Ms. Narula or Ms. Mowl to testify about this topic. Plaintiffs are to inform Defendants of which expert they intend to have testify by Monday, January 12, 2015 at 5:00 p.m. In providing this context, however, the chosen expert may not discuss debtor suicides. Any marginal relevance is substantially outweighed by the specter of unfair prejudice and confusing the issues.[8]

At trial, the chosen expert also may not offer any testimony about what the individual trial Plaintiffs "might have" or "likely" felt as a consequence of any debt incurred. This testimony is excluded for multiple reasons. First, neither Ms. Narula nor Ms. Mowl is a psychologist, and neither one has interviewed the Plaintiffs; therefore, neither is qualified to offer opinions on an individual's state of mind. Second, the opinion is unreliable because it is speculative and merely parrots the deposition testimony and declarations of the Plaintiffs themselves. Third, the opinion invades the province of the jury. Whether Plaintiffs felt compelled to continue working at Signal due to debt incurred in India is a factual determination to be made by the jury, not an expert. The jury is fully capable of "using only their common sense and experience" to evaluate the evidence presented on this issue.[9]

## CONCLUSION

For the reasons previously stated, the Motions are **GRANTED IN PART**. The Plaintiffs must choose either Ms. Narula or Ms. Mowl as their expert to testify at trial, and the chosen expert may provide testimony regarding only debt and collection practices in India and the common consequences of the failure to repay debt in India,

---

[8] *See* Fed. R. Evid. 403.
[9] *See Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

generally. The expert may not discuss how the Plaintiffs "might have" or "likely" felt as a consequence of any debt incurred or any issues related to debtor suicide in India. Plaintiffs are to inform Defendants of which expert they intend to have testify by **Monday, January 12, 2015 at 5:00 p.m.**

**New Orleans, Louisiana, this 11th day of January, 2015.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**