UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

## **ORDER**

Before the Court is Plaintiffs' Motion *in Limine* to Exclude the Testimony of Ronald Signorino.[1] In support of this Motion, Plaintiffs have attached the report of their own expert, Clyde Payne.[2] The Court has considered the arguments of counsel and the applicable law. For the following the reasons, the Motion is **GRANTED**. Mr. Signorino *and* Mr. Payne may not testify at trial.[3]

Plaintiffs retained Mr. Payne to "evaluate the applicability of, and Signal's compliance or non-compliance with, the Occupational Safety and Health Administration's ('OSHA') standards and regulations for temporary labor camps."[4] As summarized by Plaintiffs' counsel and as set forth in his report, Mr. Payne opines that OSHA applies to the man camp at Signal's Pascagoula facility and that the man camps violate at least seven different subsections of 29 C.F.R. § 1910.[5]

Signal acknowledges it retained Mr. Signorino to rebut the testimony of Mr. Payne.[6] Specifically, Mr. Signorino was asked "to review and provide opinion in relation to the applicability of . . . 29 C.F.R. [§] 1910 within the context of U.S. Shipyard Industry operations."[7] Mr. Signorino ultimately concludes this regulation does not apply to U.S. shipyards.

---

[1] R. Doc. 1828.
[2] *See* R. Doc. 1828-2.
[3] Signal did not file a motion *in limine* to exclude Mr. Payne. Nonetheless, a district court's "sua sponte consideration of the admissibility of expert testimony is permissible so long as the court has an adequate record on which to base its ruling." *Miller v. Baker Implement Co.*, 439 F.3d 407, 413 (8th Cir. 2006); *accord Harang v. Schwartz*, No. 13-58, 2014 WL 2801292, at *2 (E.D. La. June 19. 2014) ("[E]ven if Plaintiff had not filed a motion in limine, it would still be able to object to the admissibility of this testimony when such evidence is offered at trial or the Court could raise the issue sua sponte."). Mr. Payne's expert report (to which his testimony would be confined at trial), the arguments of counsel in their motion papers, and the arguments of counsel at the January 8, 2015 status conference provide an adequate record on which to exclude Mr. Payne.
[4] R. Doc. 1828-2 at ¶1.
[5] *See* R. Doc. 1828-1, p. 2-3; R. Doc. 1828-2 at ¶¶ 18, 30, 33.
[6] *See* R. Doc. 1853, p. 5.
[7] R. Doc. 1828-3, p. 2.

The opinions of Mr. Payne and Mr. Signorino are inadmissible for at least two reasons. First, both experts offer legal conclusions.[8] Whether OSHA applies in a particular case is a legal conclusion within the exclusive province of the district court.[9] Second, the opinions will not "help the trier of fact to understand the evidence or to determine a fact in issue."[10] Signal's alleged violation of OSHA has no bearing whatsoever on any of the remaining claims or defenses in this case. None of the parties addressed the relevance of OSHA in their motion papers. Furthermore, when given the opportunity at the January 8, 2015 status conference, the Plaintiffs—who retained Mr. Payne and injected this issue into the proceedings—could not provide a coherent argument on relevance. For these reasons, Mr. Payne and Mr. Signorino are excluded.

**New Orleans, Louisiana, this 11th day of January, 2015.**

**_____**
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law.").

[9] *See Pelletier v. Main Street Textiles, LP*, 470 F.3d 48, 55 (1st Cir. 2006) ("A district court has broad discretion to exclude expert opinion evidence about the law . . . . For this reason, and to avoid jury confusion, the district court . . . acted well within its discretion in excluding expert testimony about the applicability of OSHA regulations . . . .") (internal citations omitted).

[10] *See* Fed. R. Evid. 702(a).