UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

## **ORDER**

Before the Court are (1) Defendant Burnett's Motion to Exclude Legal Opinion Testimony of Plaintiffs' Immigration Law Expert, Cyrus D. Mehta, and Signals' Immigration Law Expert, Enrique Gonzalez,[1] and (2) Plaintiffs' Motion to Exclude Portions of the Report and Testimony of Signal's Proposed Expert, Enrique Gonzalez, III.[2] Both witnesses are immigration law experts who have been offered to testify about the H-2B program, green card process, best practices of attorneys practicing immigration law, and Burnett's representation of Plaintiffs and Signal in immigration matters. Burnett seeks to prohibit both Mehta and Gonzalez from offering any testimony as to their opinions of the law, inferences, and legal conclusions or interpretation of what the evidence establishes. With respect to Gonzalez, Plaintiffs seek to prohibit him from testifying only with respect to Opinion II in his report and certain statements in the report that appear to be directed at Plaintiffs.

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case."[3] Courts, as "gatekeepers," are tasked with making a preliminary

---

[1] R. Doc. 1827.
[2] R. Docs. 1830.
[3] Fed. R. Evid. 702.

assessment whether expert testimony is both reliable and relevant.[4] The trial judge is afforded broad latitude in making such expert testimony determinations.[5]

"The expert testimony must be relevant, "not simply in the sense that all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue."[6] To determine what expert testimony may be used, "'[t]here is no more certain test . . . than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'"[7]

Testimony about Immigration Law Generally and Specifically

There are no objections to the training, experience, knowledge, or skill of either expert. The parties also have no objection to either expert testifying as to the factual issues dealing with immigration law and the general process for obtaining H-2B visas and green cards, such as the identification and wording of particular statutes and regulations at issue, applicable procedures, the proper filing of forms, and the like. Because immigration law is a large and complex body of law with which an ordinary juror is not familiar,[8] the Court finds expert testimony on these areas will be helpful to

---

[4] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).
[5] *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999).
[6] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).
[7] *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting Fed. R. Evid. 702 advisory committee's note)).
[8] *See Ismail v. Gonzales*, 245 F. App'x 366, 368 (5th Cir. 2007) (internal quotation marks and citation omitted) ("[F]ederal immigration laws are exceedingly complex."); *Singh v. Gonzales*, 499 F.3d 969, 980 (9th Cir. 2007) (internal quotation marks and citation omitted) ("The maze of immigration statutes and amendments is notoriously complicated and has been described as second only to the Internal Revenue Code in complexity."); *Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004) ("The immigration laws are complex and their application often requires knowledge of foreign cultures unfamiliar to most

3

the jury.[9] Both experts may testify generally to factual issues dealing with immigration law and the general process for obtaining H-2B visas and green cards.

Mehta and Gonzalez also offer opinions in their reports as to whether certain conduct would be consistent or inconsistent with immigration law. Under Rule 704, an expert witness's testimony may "embrace an ultimate issue to be decided by the trier of fact." However, "Rule 704 . . . does not open the door to all opinions" or allow experts to offer legal conclusions.[10] This is because any such conclusions invade the province of the jury, which is capable of coming to its own conclusion after considering all of the evidence presented at trial.[11] However, the Court finds testimony regarding the language and applicability of immigration statutes and regulations and whether conduct generally would be consistent or inconsistent with these laws does not amount to a legal

---

Americans."). *See also Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 101 (1st Cir. 1997) (stating "[w]e can . . . hypothesize instances in rare, highly complex and technical matters where a trial judge, utilizing limited and controlled mechanisms, and as a matter of trial management, permits some testimony seemingly at variance with the general rule" that an expert may not opine on questions of law. "Such an instance may be patent litigation, in which technical experts are generally allowed to comment on the scope of a patent's coverage and give their conclusions on the issue of infringement"); *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369 (Fed. Cir. 2004) (stating "[i]n other areas of the law courts have held that relevant expert testimony regarding matters beyond the comprehension of laypersons is sometimes essential" and citing cases).

[9] Expert testimony should be excluded if it does not assist the jury "to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. *See also Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (citing other circuits and stating "[f]or an expert's testimony to be admissible under this Rule, however, it must be directed to matters within the witness' scientific, technical, or specialized knowledge and not to lay matters which a jury is capable of understanding and deciding without the expert's help").

[10] Fed. R. Evid. 704; *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). *See also Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law . . . nor, may an expert go beyond the scope of his expertise in giving his opinion."); *United States v. Lueben*, 812 F.2d 179, 183–84 (5th Cir. 1987) ("[T]he major surviving exception" to Rule 704(a) is that "an expert may not express an opinion on a conclusion of law.").

[11] *Cf. Blythe v. Bumbo Int'l Trust*, No. 6:12-CV-36, 2013 WL 6190284, at *4 (S.D. Tex. Nov. 26, 2013) ("[C]ourts do not allow experts to invade the province of the jury . . . .") (collecting cases). *See Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 3866465, at *7 (E.D. La. Aug. 6, 2014) ("It is the job of the Court—not the expert—to instruct the jury on the applicable law."); *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[O]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").

conclusion in this case and will be helpful to the jury.[12] Accordingly, both experts may give their opinions on these topics.

In light of this ruling, the Court considers Plaintiffs' specific request to exclude testimony regarding Opinion II in Gonzalez's report, which states: "Foreign nationals seeking an H-2B visa are considered to have committed immigration fraud if they deliberately conceal their intent to remain permanently in the United States from a U.S. consular or immigration officer." The Court finds Gonzalez may testify about Opinion II because it discusses actions generally inconsistent with immigration law, which will be helpful to the jury in evaluating Plaintiffs' claims and Signal's cross-claim. Plaintiffs will have the opportunity to cross-examine Gonzalez and may also request a limiting instruction if they believe one is needed.

Plaintiffs also seek to exclude testimony that references Plaintiffs' actions since Gonzalez admitted under oath that he did not look into Plaintiffs' conduct. The Court finds Gonzalez is prohibited from testifying as to whether Plaintiffs did certain acts and whether their conduct constituted immigration fraud. Likewise, he may not testify about whether it was Plaintiffs' or any Defendant's intent for the workers to remain in the U.S. permanently.

The Court also considers Burnett's request that Mehta's opinions regarding Burnett's actions be excluded. Mehta's opinions in his report go far beyond the H-2B program, green card process, and what actions are consistent or consistent with

---

[12] *See Mobil Exploration & Producing v. A-Z/Grant Int'l Co.*, 91-3124, 1996 WL 194931, at *3 (E.D. La. Apr. 22, 1996) ("In the Court's opinion, Hill's proposed testimony regarding the existence and applicability of certain regulations—Coast Guard's regulations, CFRs—to the Rowan Paris and whether the alleged mislabeling was consistent or inconsistent with these regulations does not amount to a legal conclusion. However, whether such action violated the terms of the contract or whether such action caused the alleged damage is a conclusion best left for the jury. Accordingly, defendants' motion is DENIED.").

immigration laws. Mehta provides opinions that Burnett's actions were "deceptive" and that Burnett may have caused the plaintiffs to misrepresent to consular officers their true intentions. These conclusions are within the province of the jury because they go to the ultimate issues in this case, and the jury can "adeptly assess [the evidence] using only their common experience and knowledge."[13] Because his expert testimony takes the extra step of opining on what Burnett's actions mean in this case legally speaking—*i.e.*, makes legal conclusions as to whether they were fraudulent or misrepresentations—this testimony is prohibited.

Testimony about the Standard of Care for Immigration Attorneys

In this action, Signal brings a cross-claim against Burnett for breach of fiduciary duty and legal malpractice. Both experts' reports include opinions about Burnett's conduct as an attorney, including his duty as an immigration lawyer, the standard of care, and whether Burnett breached the standard of care. Regardless of which state's law this Court applies to Signal's malpractice cross-claims, expert testimony is necessary to establish the duty owed by Burnett as an immigration attorney and the standard of care required of him.[14] Signal's expert Gonzalez may testify on the duty owed as an immigration attorney, the standard of care, and his opinion as to whether Burnett breached this standard of care. Notably, Plaintiffs do not bring a claim for legal malpractice against Burnett. Thus, Plaintiffs' expert Mehta may not testify as to the duty

---

[13] *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).
[14] *See Bradford v. Gauthier, Houghtaling & Williams, LLP*, 13-2407, 2014 WL 4425743, at *2 (E.D. La. Sept. 8, 2014) ("Typically, Louisiana courts require a plaintiff to retain an expert witness to establish both the duty and breach elements of a legal malpractice claim."); *Stevens v. Lake*, 615 So. 2d 1177, 1185 (Miss. 1993) (quotation marks omitted) ("In cases involving [Mississippi] legal malpractice [claims], this Court has held that the generally accepted rule is that expert testimony is ordinarily necessary to support an action for malpractice of a professional man in those situations where special skills, knowledge, experience, learning or the like are required.").

owed as an immigration lawyer, the standard of care, or his opinion as to whether Burnett breached this duty.

Conclusion

While both experts may testify about the factual issues dealing with immigration law and the general process for obtaining H-2B visas and green cards, and whether conduct in general was consistent or inconsistent with immigration law, neither can go so far as to determine whether any particular party's actions were deceptive or fraudulent or opine on how certain conduct impacted the Plaintiffs' actions or caused them damages. These are questions for the jury to decide. Only Gonzalez may testify as to the duty, standard of care, and best practices of attorneys practicing immigration law and whether Burnett's actions breached that duty.

Accordingly;

**IT IS ORDERED** that the Motions are **GRANTED IN PART** and **DENIED IN PART** as detailed above.

New Orleans, Louisiana, this __11th__ day of January, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**