## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY**<br>**COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220,**<br>**13-6221, 14-732, 14-**<br>**1818)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies To:**
***David v. Signal***
**(No. 08-1220)**

## ORDER

Before the Court is Plaintiffs' Motion *in Limine* to exclude a video of Signal's mancamp.[1]  In accordance with a prior court Order,[2]  Signal provided Plaintiffs with its designations of the portions of the video it wishes to use during trial.  Plaintiffs provided the Court and Signal with their objections to those designations at the status conference on January 14, 2015.[3]  Signal has responded to those objections.[4]  Having reviewed the video designations, the arguments of counsel, and the applicable law;

**IT IS ORDERED** that the Motion is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the objections to designations 2:12:54 – 2:13:30 and 2:25:26 – 2:26:30 are **OVERRULED**.  Plaintiffs objected on the basis that these designations showed private or two-person rooms and that no rooms with this low an occupancy were in use by the H2B workers while any of the Plaintiffs was at Signal. Signal has responded that these designations show sick rooms that *were* in use by Indian workers while some of the Plaintiffs were at Signal.  Assuming Signal is able to introduce these designations through competent testimony to that effect, the Court finds Signal's designations relevant.

**IT IS FURTHER ORDERED** that all other objections to designations are **SUSTAINED**.  The Plaintiffs left Signal before suit was filed in March 2008 or shortly thereafter.  These designations depict various sections of the mancamp more than three months after suit was filed.  The allegations in this case stem from conditions at the

---

[1] *See* R. Doc. 2119.
[2] *See* R. Doc. 2143.
[3] *See* R. Doc. 2147.  Plaintiffs object to the following portions of the video: (1) 1:41:45 – 1:43:00; (2) 1:43:15 – 1:44:10; (3) 1:51:57 – 1:52:58; (4) 1:55:42 – 1:56:40; (5) 1:57:48 – 1:58:00; (6) 2:03:28 – 2:04:08; (7) 2:12:54 – 2:13:30; (8) 2:17:27 – 2:17:45; (9) 2:18:29 – 2:18:40; (10) 2:25:26 – 2:26:30; and (11) 3:09:52 – 3:10:55.
[4] *See* R. Doc.

mancamp extant while one or more of the Plaintiffs was there.  A video taken more than 90 days later is simply not relevant.  Signal had complete possession and control of the mancamp while Plaintiffs were there and thereafter.  It easily could have recorded conditions at the relevant time but failed to do so.  That it chose not to do so does not the open the backdoor to irrelevant evidence.

**New Orleans, Louisiana, this 15th day of January, 2015.**

_Susie Morgan_
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**