# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID,** *et al.*, | **CIVIL ACTION** |
| **Plaintiffs,** | |
| | **No. 08-1220-SM-DEK** |
| -against- | |
| **SIGNAL INTERNATIONAL, LLC,** *et al.*, | **SECTION "E"** |
| **Defendants.** | |
| **Related Case:** | **CIVIL ACTION** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **No. 12-557-SM-DEK** |
| **Plaintiffs,** | **SECTION "E"** |
| and | |
| **SABULAL VIJAYAN,** *et al.* | |
| **Plaintiffs-Intervenors** | |
| -against- | |
| **SIGNAL INTERNATIONAL, LLC,** | |
| **Defendant.** | |
| **Related Case:** | **CIVIL ACTION** |
| **LAKSHMANAN PONNAYAN ACHARI,** *et al.* | **No. 13-6218-SM-DEK** |
| **Plaintiffs,** | **(c/w 13-6219, 13-6220, 13-6221, 14-732 and 14-1818)** |
| -against- | |
| **SIGNAL INTERNATIONAL, LLC,** *et al.*, | **SECTION "E"** |
| **Defendants.** | |

Applies To: <u>David</u>, No. 08-1220

## PLAINTIFFS' MEMORANDUM OF LAW ON OUTSTANDING ISSUES CONCERNING DEFAULTED DEFENDANTS

Plaintiffs respectfully submit this memorandum of law to address the Court's questions regarding defaulting defendants (Rec. Doc. 2147). In that order, the Court directed the parties to address the following three issues: (1) the defendants against whom the parties may seek default judgment; (2) the issues on which the parties may seek default judgment; and (3) whether the allegations in the sixth amended complaint (for Plaintiffs) and the cross claim (for Signal) are sufficient to support a default judgment under <u>Wooten v. McDonald Transit Associates., Inc</u>. No. 13-11035, 2015 WL 51251 (5th Cir. 2015).  These issues are addressed below.[1]

Finally, Plaintiffs argue that liability against the defaulting defendants need not be decided by the jury in the <u>David</u> trial.  Rather, the Court need only review the evidence submitted at trial to determine the quantum of a default judgment.

I.      **The Defendants Against Whom Plaintiffs May Seek Default Judgment are J&M Defendants and Global Resources.**

A.  <u>Entries of Default Against Global and J&M</u>

A clerk's default has been entered against Defendants Global Resources, Inc. ("Global") and Defendants J&M Associates, Inc. of Mississippi, Billy R. Wilks, and J&M Marine & Industrial, Inc. (collectively "J&M"). The default was entered against Global on January 18, 2013 by the Clerk of Court after Global failed to plead of otherwise defend against Plaintiffs' Third Amended Complaint ("TAC"). (Rec. Doc. 1266). The last amended complaint served on Global was the Fifth Amended Complaint ("FiAC"), which was sent via first class mail on April 10, 2014. (<u>See</u> Rec. Doc. 1588). The final entry of default against J&M in response to Plaintiffs' motion for Clerk's Entry of Default for failing to file answers to Plaintiffs' Fourth, Fifth, and

---

[1] Issue (1) is addressed in Section I, <u>infra</u>.  Issues (2) and (3) are addressed collectively Section II, <u>infra</u>.

Sixth Amended Complaints ("SiAC") was entered on December 18, 2014 by the Clerk. (Rec. Doc. 1988).

     **B.**  Default Judgment Against J & M is Clearly Appropriate

As indicated above, J &M has been served with the SiAC and has clearly defaulted on that Complaint. As such, because Plaintiffs' SiAC complies with Wooten v. McDonald Transit Associates., Inc. No. 13-11035, 2015 WL 51251 (5th Cir. 2015) with respect to the allegations against J & M (discussed *infra*), default judgment against J & M is appropriate under Fed. R. Civ. P. 55.

     **C.**  This Court Should Enter of Default Against Global Based on Fifth Amended Complaint

The Fifth Circuit has generally held that an amended complaint renders the previous complaints without legal effect. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Easton v. Holt, 73 F.3d 600, 603 (5th Cir. 1996). In this case, Global responded neither to the TAC, nor to the entry of default. (*See* Rec. Docs. 1266, 1267, 1285).

Although the Fifth Circuit has "routinely set aside entries of default," in situations involving amended complaints, it is not a bright line rule, and may depend on the specific circumstances of a case. Wooten, 2015 WL 51251, at *30 (citing Freilich v. Green Energy Res., Inc., 297 F.R.D. 277, 283 (W.D. Tex. 2014)). The Second Circuit has held that the original complaint is not superseded until the amended complaint is served, rather than when it was filed. International Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d Cir. 1977) (Court did not void the judgment entered on the original complaint). The Second Circuit specifically acknowledged that "there is nothing improper about holding one defendant in default of one complaint and other defendants liable on later complaints." Finkel v. Hall-Mark Elec. Supplies Corp., 2009 U.S. Dist.

LEXIS 104887 at *7 (E.D.N.Y. Sept. 25, 2009) (citing Vesco, 556 F.2d at 668 n.3). In a case in

the Ninth Circuit with multiple defendants, because the Defendant had not been served with the

amended pleadings, the amended complaint was found not to supersede the original complaint as

to the specific defendant, and the consideration of default judgment was based on the original

complaint. Rolle v. Law Office of Samuel Streeter, PLLC, 2010 U.S. Dist. LEXIS 26174, at *10

(D. Ariz. Mar. 1, 2010); *see* 27A Fed. Proc., L.Ed. § 62:263, citing Blair v. City of Worcester,

522 F.3d 105 (1st Cir. 2008) ("An amended complaint that is substantively identical to the

original complaint and does not contain a new claim for relief does not require additional service

of process.").

Pursuant to Rule 5(a)(2), "[n]o service is required on a party who is in default for failing

to appear." But a pleading that asserts *a new claim for relief against such a party* must be served

on that party under Rule 4" (Fed. R. Civ. P 5(a) (2)).  If SiAC does not assert new claims as

against Global Resources that are different than that of the FiAC, then a default judgment based

on the SiAC, even if it was found to be superseding the FiAC, would be in compliance with Rule

54(c), which prescribes that "[a] default judgment must not differ in kind from, or exceed in

amount, what is demanded in the pleadings."  The claims against Global in the FiAC are

substantively the same as the claims against Global in the SiAC. Therefore it is proper for a

default judgment to be entered based on the FiAC, which was served on Global.

This approach would comport with Fifth Circuit precedent. In Baldwin v. Taishang

Gypsum Co., Ltd. (In re Chinese Manufactured Drywall Products Liability Litigation), the Fifth

Circuit held that the district court did not err in refusing to vacate a default judgment against

Defendant. 742 F.3d 576 (5th Cir. 2014).  The Court used the Fourth Circuit's three-part test to

determine whether jurisdiction over a party comports with due process, and ultimately ruled that

default judgment did not need to be voided because the defendant in question was already in default when the district court granted the plaintiffs' motion to file an amended complaint. Id. at 593. Consequently, Court found that pursuant to Fed. R. Civ. P. 5(a)(2), party in default does not need to be served with a pleading unless that pleading asserts a new claim for relief, and the lower court correctly concluded that the Second Amended Complaint did not assert any new claims against the defaulting defendant (it only amended the First Amended Complaint by expanding the class definition against the defaulting defendant to a national class and expanded the VA consumer protection claims to consumer protection claims for each state involved), and the Defendant was thus on notice. Id. at 593-94.

From a policy and fairness perspective, permitting the default judgment in the present case would still serve the purpose of "ensur[ing] that defendants have notice of the contours of all claims upon which they may be held liable, and can therefore decide on the basis of the pleadings whether to defend the action", if Plaintiffs only seek default judgment on the TAC. Wooten, 2015 WL 51251, at *31 (international citations omitted). Accordingly, this Court should permit Plaintiffs the option of seeking default judgment on the TAC by dismissing the claims asserted in SiAC.

II.     **The Allegations in Plaintiffs' Pleadings are Sufficient to Support a Default Judgment under Wooten for All Claim Against the Defaulting Defendants.**

In the recently issued decision in Wooten, the Fifth Circuit struck down a default judgment entered by a district court, holding that the district court abused its discretion because the Plaintiff's pleadings were inadequate to support a default judgment. In light of this decision, we scrutinize the relevant Complaints under the standards considered in Wooten to determine whether the pleadings are sufficient.

A.  <u>Standard for Sufficient Pleadings</u>

The Fifth Circuit requires that a default judgment be "supported by well-pleaded allegations" and must have "a sufficient basis in the pleadings." <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975). In <u>Wooten</u>, the Fifth Circuit holds that before entering a default judgment, a district court must evaluate the applicable complaint to ensure that it meets the facial plausibility standard of  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) as reiterated by <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

1.  **The SiAC Complies with *Twombly* and *Iqbal* and Therefore Default Judgment Is Appropriate Against J &M**

The Sixth Amended Complaint filed by Plaintiffs in the present case makes well-pleaded factual allegations that are neither merely "parrot[ing] the language" of the statutes from which Plaintiffs bring allegations, nor "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Wooten</u>, 2015 U.S. App. LEXIS 28 *13, 40. The SiAC meets the standard for "allegations plausibly suggesting (not merely consistent with) [liability] reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. at 548.

The "Statement of Facts" span over 200 paragraphs, describing in detail the recruitment of the different groups of plaintiffs by Recruiter Defendants, including J &M ¶¶ 79-159, the process of Plaintiffs' preparations and departure for Signal Operations in the United States  (¶¶ 160-204), and the work and living conditions at the Signal Facilities in Pascagoula and Orange (¶¶205-287).  The factual allegations are incorporated in all of Plaintiffs' claims for relief, including the First Claim for Relief under the Trafficking Victims Protection Act of 2003 (TVPA) prohibiting forced labor (18 U.S.C. § 1589) and trafficking with respect to peonage, slavery,

involuntary servitude, or forced labor (18 USC § 1590) (6th Amend Compl. ¶¶289-301); Second Claim for Relief under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d)) (¶¶302-352), Fourth Claim for Relief for Violations of the Ku Klux Klan Act of 1871 (42 U.S.C. § 1985) and the Thirteenth Amendment (¶¶ 367-374); Fifth Claim for Relief for India Fraud (¶¶375, 376, 379, 381-399); Sixth Claim for Relief Mississippi Fraud (¶¶ 400-401, 403-416); Eighth Claim of Relief for India Negligent Misrepresentation (¶¶ 436, 437, 440-452); Ninth Claim for Relief Mississippi Negligent Representation (¶¶ 453-545, 457-470); Eleventh Claim for Relief India Breach of Contract and Quasi-Contract Claims (¶¶492-496; 506-509); and Twelfth Claim for Relief for Mississippi Breach of Contract and Quasi-Contact Claims (¶¶ 510-511, 514-520, 523-530).

It is clear that the pleadings in the Sixth Amended Complaint filed by the Plaintiffs are a far cry from the "barebones" pleadings in <u>Wooten.</u> 2015 U.S. App. LEXIS 28, at *36*. In footnote 3, the Fifth Circuit exhorts district courts to "distinguish the extraordinarily deficient pleadings" from "close calls." In the present case, the Complaint is not an "impermissibly bare," "fatally defective" one, attempting to be corrected by proof a subsequent amendment, actual or de facto through a prove-up hearing. <u>Id</u>., at *13.

2. <u>**The FiAC Also Complies with *Twombly* and *Iqbal* and Therefore Default**</u>
   <u>**Judgment Is Appropriate Against Global**</u>

Default judgment against Global based on the FiAC is similarly appropriate under the <u>Twombly</u> and <u>Iqbal</u> standard followed in <u>Wooten</u>. The FiAC also contains over 200 paragraphs in the "Statement of Facts" that detail the allegations by plaintiffs against Recruiter Defendants, including Global. (Rec Doc. 1588-2, ¶¶ 79-287).

The factual allegations are incorporated in all of Plaintiffs' claims for relief, including the First Claim for Relief under the Trafficking Victims Protection Act of 2003 (TVPA) prohibiting forced labor (18 U.S.C. § 1589) and trafficking with respect to peonage, slavery, involuntary servitude, or forced labor (18 USC § 1590) (¶¶289-301); Second Claim for Relief under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d)) (¶¶302-352), Fourth Claim for Relief for Violations of the Ku Klux Klan Act of 1871 (42 U.S.C. § 1985) and the Thirteenth Amendment (¶¶ 367-374); Fifth Claim for Relief for India Fraud (¶¶375-379, 381-399); Sixth Claim for Relief Mississippi Fraud (¶¶ 400-416); Seventh Claim for Texas Fraud (¶¶ 417-434); Eighth Claim of Relief for India Negligent Misrepresentation (¶¶ 436-452); Ninth Claim for Relief Mississippi Negligent Representation (¶¶ 453-470); Tenth Claim for Texas Negligent Misrepresentation and Omission (¶¶ 471-490); Eleventh Claim for Relief India Breach of Contract and Quasi-Contract Claims (¶¶492-503; 506-509); Twelfth Claim for Relief for Mississippi Breach of Contract and Quasi-Contact Claims (¶¶ 510-520, 523-530), and Fifteenth First Claim for Relief for Violations of the Klu Klux Klan Act of 1871 (¶¶ 549-557).

Ultimately, granting default judgments lay at the discretion of the Court, and in its decision, the Court must weigh policy considerations. "Review of a default judgment puts competing policy interests at play. On one hand, "[w]e have adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Id.* On the other, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." (citing In re Chinese—Manufactured Drywall Prods. Liab. Litig., 742 F.3d 576, 594 (5th Cir. 2014))

(alteration in original) (quoting <u>Rogers v. Hartford Life & Accident Ins. Co.</u>, 167 F.3d 933, 936 (5th Cir.1999)) (internal quotation marks omitted).

### III.   Liability and the Quantum of Damages Need Not Be Addressed in the <u>David</u> Jury Trial.

The Fifth Circuit has recognized that "[i]t is universally understood that a default operates as a deemed admission of liability.  It is also 'clear … that in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages." <u>Matter of Dierschke</u>, 975 F.2d 181 (5th Cir. 1992) (citing <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1414 (9th Cir.1990), cert. denied, 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991) and 5 Moore's <u>Federal Practice</u> § 38.19[3] (1992).  Further, Rule 55 "preserv[es] a right to a jury trial only in the atypical situation where a statute specifically preserves the jury trial right even after a default." <u>Manno v. Tennessee Prod. Ctr., Inc.</u>, 657 F.Supp.2d 425, 430 (S.D.N.Y.2009).  "At least where the parties have not requested a jury prior to entry of default, the "[d]efendants do not have a constitutional right to a jury trial following entry of default." <u>Applied Capital, Inc. v. Gibson</u>, 558 F.Supp.2d 1189, 1202 (D.N.M.2007).  As such, in the instant case, the Court may issue default judgments against J&M and Global without putting the issues of liability or damages before the jury.  None of the claims in Plaintiffs' case are based on an "atypical" statute requiring a jury trial, and neither J&M nor Global ever made a jury demand.  Rec. Docs. 306, 307, 987, and 1293.

The Court most likely will be able to ascertain default judgment damages as to Plaintiffs' claims against J&M and Global based on the evidentiary record presented in the <u>David</u> trial, as these claims largely mirror or are subparts of the claims against the Dewan Defendants, the Burnett Defendants, and Signal.  To the extent there are unresolved issues as to Plaintiffs'

damages with respect to J&M and Global following the <u>David</u> trial, the Court may hold a short

non-jury evidentiary hearing to determine damages.  <u>See generally</u> Fed. R. Civ. P. 55(b)(2).

CONCLUSION

Plaintiffs may seek default judgment against J&M on the SiAC, and against Global based

on the FiAC.  No jury trial is necessary for the entry of these default judgments.

Respectfully submitted this 17th day of January, 2015,

s/ ***Daniel Werner***_____
Daniel Werner (*pro hac vice*)
Georgia Bar No. 422070
Naomi Tsu (*pro hac vice*)
Georgia Bar No. 507612
Kristi L. Graunke (*pro hac vice*)
Georgia Bar No. 305653
Immigrant Justice Project
Southern Poverty Law Center
1989 College Ave.
Atlanta, Georgia 30317
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
daniel.werner@splcenter.org
naomi.tsu@splcenter.org
kristi.graunke@splcenter.org

Meredith B. Stewart
Louisiana Bar No. 34109
Southern Poverty Law Center
1055 St. Charles Ave., # 505
New Orleans, LA 70130
504-486-8982
meredith.stewart@splcenter.org

Anjali J. Nair (*pro hac vice*)
Alabama Bar No. 1160K42Y
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
334-956-8255
Facsimile: 334-956-8481
anjali.nair@splcenter.org

s/ ***Tracie L. Washington***_____
Tracie L. Washington, Esq.
Louisiana Bar No. 25925
Louisiana Justice Institute
1631 Elysian Fields Avenue
New Orleans, Louisiana 70117
Telephone:  504.872.9134
Facsimile:  504.872.9878
tracie@LouisianaJusticeInstitute.org
tlwesq@cox.net

Joseph Bjarnson (*pro hac vice*)
New York Bar No. 4774055
Sahn Ward Coschignano & Baker
333 Earle Ovington Blvd., # 601
Uniondale, NY 11553
516-228-1300
jbjarnson@swcblaw.com

Alan B. Howard, T.A. (*pro hac vice*)
New York Bar No. 2173268
Hugh Sandler (*pro hac vice*)
New York Bar No. 4712584
Melia Amal Bouhabib (*pro hac vice*)
New York Bar No. 4878468.
Chiemi Suzuki (*pro hac vice*)
New York Bar No. 4330569
Crowell & Moring, LLP
590 Madison Ave.
New York, NY 10022
212-803-4042
ahoward@crowell.com
hsandler@crowell.com

abouhabib@crowell.com

Ivy O. Suriyopas (*pro hac vice*)
New York Bar No. 4406385
Asian American Legal Defense
and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: (212)966-5932
isuriyopas@aaldef.org

Chandra S. Bhatnagar (*pro hac vice*)
New York Bar No. 4136966
Human Rights Program
American Civil Liberties Union
125 Broad Street – 18th Floor
New York, New York 10004
Telephone: (212) 519-7840
cbhatnagar@aclu.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of January, 2015, I filed the foregoing document using the Court's Electronic Case Filing system, which will provide service on counsel for all ECF-registered parties.

I further certify that the attached has been deposited in a U.S. Mail receptacle for delivery by first class mail, properly addressed and with postage pre-paid to:

Global Resources, Inc.
13 Herring Road
Beaumont, MS 39423

Indo-Ameri Soft L.L.C.
c/o Kevin K. Gipson, Esquire (bankruptcy counsel)
3920 General DeGaulle Drive
New Orleans, LA 70114

Kurella Rao
c/o Kevin K. Gipson, Esquire (bankruptcy counsel)
3920 General DeGaulle Drive
New Orleans, LA 70114

Billy Wilks,
J&M Assoc of Mississippi
J&M Marine & Industrial
9136 Heather Lane
Moss Point MS 39562.


*/s/ Daniel Werner*
Daniel Werner