UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To:**
*David* **(08-1220)**

1

## ORDER

Before the Court is a Motion to Use Impeachment Evidence During Signal's Cross-Examination of Palanyandi Thangamani.[1]  Signal anticipates Mr. Thangamani will testify that he could not sit upright in his bunkbed.  Signal seeks to impeach Mr. Thangamani with a photograph of a larger individual—Ramesh Gunisetti—purportedly sitting comfortably and upright in a similar bunkbed.

The conditions under which the H2B workers lived at Signal's Pascagoula facility is a substantive issue the jury will consider in this case.  Accordingly, regardless of its impeachment value, the photograph should have been disclosed to opposing counsel and listed in the proposed pre-trial order.[2]

Accordingly;

**IT IS ORDERED** that the Motion is **DENIED**.  The photograph may not be used at trial.

**New Orleans, Louisiana, this 21st day of January, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] R. Doc. 2171.  Signal has requested to file this motion under seal.  *See* R. Doc. 2169.  Because the motion does not reference proper impeachment evidence, there is no reason to file it under seal.  Accordingly, the motion to file under seal is **DENIED**.  Neither this Order nor the substantive motion it addresses will be sealed.

[2] *See Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) ("Because the [evidence] is, at the very least in part substantive, it should been disclosed prior to trial, regardless of its impeachment value.").