## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>  **Plaintiffs** | **CIVIL ACTION**<br>No. 08-1220<br>SECTION "E" |
| **VERSUS** | |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>  Defendants | |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>  **Plaintiff** | **CIVIL ACTION**<br>No. 12-557<br>SECTION "E |
| **VERSUS** | |
| **SIGNAL INTERNATIONAL, LLC, et al.**<br>  Defendants | |

| | |
|---|---|
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>  **Plaintiffs** | **CIVIL ACTION**<br>No. 13-6218 (c/w<br>13-6219, 13-6220, &<br>13-6221) |
| **VERSUS** | SECTION "E" |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>  Defendants | |

**Applies To:** *David v. Signal* **(08-1220)**

---

## MEMORANDUM IN SUPPORT OF ADMISSIBLITY OF EXHIBITS 1774, 1803, 1729, 1762, AND 1723 FOR USE WITH BILL BINGLE

Defendants, Signal International, LLC ("LLC"), Signal International, Inc. ("Inc."), Signal International Texas, G.P. ("GP") (hereinafter collectively "Signal") hereby submit this memorandum supporting admissibility of Signal's Exhibits that Signal intends to use with Mr. Bill

Bingle. For the reasons that follow, Plaintiffs' objections should be overruled and the exhibits should be admissible.

**Plaintiffs Objections to Exhibits 1803, 1729, 1762, 1723**

Plaintiffs have raised objections to 4 exhibits that constitute a "family" in that it is a parent email and attachments. In reality they are a single electronic document. Exhibit 1803 is an email from Dean Watson to Bill Bingle, Ccing several other Signal employees[1]. The email contains three attachments: DSC00376.JPG, DSC00377.JPG, and DSC00378.JPG; the attachments are also listed individually on the exhibit list as exhibits 1729, 1762, 1723 respectively. The email was sent on Thursday, December 21, 2006 and contains a single sentence: "Bing, I let the two employes from INDIA decarate for there christmas belief." (sic).

Plaintiffs raise an objection to exhibit 1803 on foundational grounds. In so doing, they contend it is an email from, "an unknown person to Signal employees". However, the sender is not unknown, it is Dean Watson, a Signal employee and machinist superintendent.

Plaintiffs raise identical objections to foundation, relevancy, immateriality, and authenticity with respect to exhibits 1729, 1762, and 1723 (the attached photos).

First, with respect to authentication and foundation, Fed. R. Evid. 901 requires, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is" and one of the non-exhaustive ways that may be accomplished is, "testimony that an item is what it is claimed to be." Fed. R. Evid. 901(a); Fed. R. Evid. 901(b)(1).  Bill Bingle was the recipient of all four objected to items, and will be able to authenticate them through testimony and provide the requisite foundation. With respect to the photographs identified in exhibits 1729,

---

[1] Steven Arnold, Randy Barfield, Tracey Binion, Tim Fortenberry, David Melton, and Ryan Schnoor

1762, and 1723, these are original electronic documents which also satisfy Fed. R. Evid. 1002's original document requirement.

Second, with respect to objections of relevancy and immateriality, Fed. R. Evid. 401 requires showing, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Plaintiffs have maintained for nearly 8 years that Signal mistreated them, discriminated against them, and otherwise did not care about them. Plaintiffs have further offered testimony to the same during this trial, and that Signal did not care about worker requests or beliefs. These exhibits are probative of how Signal treated these employees at the very beginning of the program in 2006. The dates of the photographic attachments can also be established through the EXIF metadata which indicates they were taken on December 21, 2006 long before this lawsuit was filed.

**Plaintiffs' Objection to Exhibit 1774**

Plaintiffs raise a hearsay objection to Exhibit 1774, which is an email forwarded to Tracey Binion by John Sanders on April 4, 2007. The forwarded email is from John Sanders to Ronald Schnoor, Bill Bingle, Darrell Snyder, and Keane Becker on April 4, 2007. The email is a report from discussions at the Elders' meeting in which representatives from each bunk house would meet with Signal management to discuss problems and solutions.

Records of a regularly conducted activity are an exception to the hearsay rule under Fed. R. Evid. 803(6). The requirements are that, "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not

for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

Here, the record was made by John Sanders as a summary of the Elder meeting he conducted at or near the time it was conducted. The elder meetings were a regular activity instituted to address worker complaints and concerns as well as foster a dialogue with Signal management. Reporting meeting summaries was a regular practice to keep management updated on the discussions. These conditions will be testified to by Bill Bingle, and other Signal witnesses, who received such reports from Mr. Sanders. Plaintiffs have not argued that the source, method, or circumstances indicate a lack of trustworthiness, nor can they show that. Therefore, this exhibit meets all requirements of the 803(6) exception to the hearsay rule and should therefore be admitted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections to exhibits 1803, 1729, 1762, 1723, and 1774 should be overruled.

Respectfully submitted this 24th day of January, 2015.

/s/ Brian C. Roux
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 33956
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar. No. 34669

HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA   70139
Telephone (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
masur@hanrylaw.com

and

Patricia A. Bollman, La. Bar 17563
James L. Cornblatt, (Pro Hac Vice)
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com
cornblatt25@gmail.com

*Counsel for Signal International, L.L.C.*
*Signal International, Inc.,*
*Signal International Texas, G.P., and*
*Signal International Texas, L.P.*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2015, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

                                              */s/ Brian C. Roux*
                                              BRIAN C. ROUX