# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.** <br>   Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,** <br>   Defendants | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br>   Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC,** <br>   Defendant | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,** <br>   Plaintiffs | **CIVIL ACTION** |
| **VERSUS** <br><br> **SIGNAL INTERNATIONAL, LLC, et al.,** | **No. 13-6218** <br> **(c/w 13-6219, 13-6220,** <br> **13-6221, 14-732, 14-1818)** <br><br> **SECTION "E"** |

**Applies To:**   *David v. Signal* **(08-1220)**

---

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO SIGNAL'S MEMORANDUM IN SUPPORT OF ADMISSIBLITYOF EXHIBITS 1774, 1803, 1729, AND 1723 FOR USE WITH BILL BINGLE

---

Plaintiffs respectfully submit this memorandum in opposition to Signal's memorandum arguing that Exhibits 1774, 1803, 1729, 1762, and 1723 be admitted for use with the testimony of Bill Bingle.[1]  Plaintiffs object to the admissibility these exhibits.

**I.     Argument**

**A.  Exhibits 1803, 1729, 1762, and 1723**

These exhibits consist of three photographs and an email attaching the photographs. Plaintiffs object to the email (Ex. 1803) for lack of foundation and to the photographs (Ex. 1729, 1762, and 1723) for lack of relevancy, authentication, and foundation. Plaintiffs agree that Signal may be able to authenticate these documents.  However, in the months of deposition testimony in this case, Signal made no effort to do so.  Without live testimony from a witness to establish foundation and authenticity, Plaintiffs need not and will not concede the admissibility of these exhibits.

As to the relevancy of Exhibits 1729, 1762, and 1723, Plaintiffs are at a loss as to how a photograph of some ribbons and tinsel on the door of an as of yet unidentified "Dean 'The Duke' Watson" (Ex. 1729) and two photographs of a strand of tinsel duct taped onto a drill press (Exs. 1762 and 1723) make any facts more or less probable in this action. Fed. R. Evid. 401.  It is hard to conceive of how two minimalist and generic Christmas decorations show that Signal cared about the Indian H-2B workers' "requests and beliefs."  This is, transparently, a side show with no bearing on Plaintiffs' claims or Signal's defenses.

---

[1]  Signal had indicated in earlier communications with Plaintiffs' counsel that it also sought to use Ex. 1591 for its examination of Mr. Bingle.  However, Signal has not addressed Plaintiffs' objection to Ex. 1591 in its memorandum.  Therefore, Ex. 1591 should not be used, and Plaintiffs request that their objection to that document be sustained.  Signal also had indicated it sought to admit Ex. 1620.  Plaintiffs withdrew their objection to Ex. 1620 by way of their January 15, 2015 submission to the Court.

**B. Exhibit 1774**

Exhibit 1774 is an email from John Sanders to Ronald Schnoor and other Signal management personnel. Plaintiffs contend that it contains inadmissible hearsay. Signal argues that it falls within the Fed. R. Evid. 803(6) hearsay exception for regularly conducted activities.

Plaintiffs do not argue that the email itself is inadmissible hearsay. Rather, the contents of the email purportedly reporting what was conveyed at "yesterday's meeting" is hearsay. Signal may, through live witnesses and non-hearsay evidence attempt to show that the alleged facts in the email as reported from the meeting are true. However, the email itself cannot be used to establish the truth of those matters.

Further, the author of the email, John Sanders, will not be testifying live at trial, and this document was not introduced as an exhibit at Mr. Sanders' deposition. His day-after reflections on a single meeting do not meet the "regularly conducted activity" requirements of the Fed. R. Evid. 803(6) hearsay exception. As this Court has found,

> it must have been the business's regular practice to make the record at issue—the email that the declarant/defendant's employee sends or receives. Fed.R.Evid. 803(6)(B). Therefore, the sending or receiving employee must have been under an obligation imposed by his employer to send or receive the email at issue. The Fifth Circuit in U.S. v. Robinson, 700 F.2d 205, 209–10 (5th Cir.1983), cert. denied, 465 U.S. 1008 (1984) held that an employee's handwritten notes that he regularly took during board meetings for his own use in his role as a purchasing clerk were not admissible under the business records exception because there was no showing that the employee regularly compiled notes as part of his official duties. More specifically, applying the Robinson rationale to emails, the Southern District of Texas cited to other federal district court decisions in stating that for the business records exception to apply, there must be a showing that the employer imposed a business duty upon the employee to make and maintain the record. … Essentially, there must be a showing that the email at issue was not sent or received casually, nor was its creation a mere isolated incident. …

In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2010, MDL 2179, 2012 WL 85447, at *5 (E.D. La. Jan. 11, 2012) (internal citations removed). Here, Signal has not shown that this is more than a casual email, as opposed to a Signal-imposed

3

business duty.  Finally, Plaintiffs have significant concerns about the trustworthiness of Mr. Sanders' contentions in this email.  As an ambitious Signal manager, Mr. Sanders had a career interest in portraying the labor camp happenings, which he oversaw, in a positive light.

As such, the Fed. R. Evid. 803(6) hearsay exception does not apply, and this email cannot be admitted.

**II.     Conclusion**

For the reasons set forth herein, Plaintiffs' respectfully request that the Court sustain Plaintiffs' objections to Exhibits 1803, 1729, 1762, 1723, and 1774.

Respectfully submitted this 24th day of January, 2015,

s/ *Daniel Werner*  
Daniel Werner (*pro hac vice*)  
Georgia Bar No. 422070  
Naomi Tsu (*pro hac vice*)  
Georgia Bar No. 507612  
Kristi L. Graunke (*pro hac vice*)  
Georgia Bar No. 305653  
Immigrant Justice Project  
Southern Poverty Law Center  
1989 College Ave.  
Atlanta, Georgia 30317  
Telephone: (404) 521-6700  
Facsimile: (404) 221-5857  
daniel.werner@splcenter.org  
naomi.tsu@splcenter.org  
kristi.graunke@splcenter.org  

Meredith B. Stewart  
Louisiana Bar No. 34109  
Southern Poverty Law Center  
1055 St. Charles Ave., # 505  
New Orleans, LA 70130  
504-486-8982  
meredith.stewart@splcenter.org  

Anjali J. Nair (*pro hac vice)*  
Alabama Bar No. 1160K42Y  

s/ *Tracie L. Washington*  
Tracie L. Washington, Esq.  
Louisiana Bar No. 25925  
Louisiana Justice Institute  
1631 Elysian Fields Avenue  
New Orleans, Louisiana 70117  
Telephone:  504.872.9134  
Facsimile:  504.872.9878  
tracie@LouisianaJusticeInstitute.org  
tlwesq@cox.net  

Joseph Bjarnson (*pro hac vice*)  
New York Bar No. 4774055  
Sahn Ward Coschignano & Baker  
333 Earle Ovington Blvd., # 601  
Uniondale, NY 11553  
516-228-1300  
jbjarnson@swcblaw.com  

Alan B. Howard, T.A. (*pro hac vice*)  
New York Bar No. 2173268  
Hugh Sandler (*pro hac vice*)  
New York Bar No. 4712584  
Melia Amal Bouhabib (*pro hac vice*)  
New York Bar No. 4878468.  
Chiemi Suzuki (*pro hac vice*)  
New York Bar No. 4330569

Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
334-956-8255
Facsimile: 334-956-8481
anjali.nair@splcenter.org

Ivy O. Suriyopas (*pro hac vice*)
New York Bar No. 4406385
Asian American Legal Defense
and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: (212)966-5932
isuriyopas@aaldef.org

Crowell & Moring, LLP
590 Madison Ave.
New York, NY 10022
212-803-4042
ahoward@crowell.com
hsandler@crowell.com
abouhabib@crowell.com

Chandra S. Bhatnagar (*pro hac vice*)
New York Bar No. 4136966
Human Rights Program
American Civil Liberties Union
125 Broad Street – 18th Floor
New York, New York 10004
Telephone: (212) 519-7840
cbhatnagar@aclu.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th of January, 2015, I filed the foregoing document using the Court's Electronic Case Filing system, which will provide service on counsel for all ECF-registered parties.

I further certify that the attached has been deposited in a U.S. Mail receptacle for delivery by first class mail, properly addressed and with postage pre-paid to:

Global Resources, Inc.
13 Herring Road
Beaumont, MS 39423

Indo-Ameri Soft L.L.C.
c/o Kevin K. Gipson, Esquire (bankruptcy counsel)
3920 General DeGaulle Drive
New Orleans, LA 70114

Kurella Rao
c/o Kevin K. Gipson, Esquire (bankruptcy counsel)
3920 General DeGaulle Drive
New Orleans, LA 70114

Billy Wilks,
J&M Assoc of Mississippi
J&M Marine & Industrial
9136 Heather Lane
Moss Point MS 39562.


*/s/ Daniel Werner*
Daniel Werner