Portions of the following proposed jury instructions are white where there is agreement between the parties, blocked green where Plaintiffs have a unique position, blocked red where Signal has a unique position, blocked yellow where Dewan has a unique position, and blocked blue where Burnett has a unique position. Portions agreed to by more than one party, but not all parties are blocked with the color of the proposing party and preceded and followed by the color the agreeing parties. For example, __this text would be proposed by Plaintiffs and agreed to by Signal and Burnett.__

**TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT (TVPRA)**

**Forced Labor (18 U.S.C. § 1589)**

For Defendants to be liable for forced labor under section 1589 of the United States Code, Plaintiffs must prove each of the following three elements by a preponderance of the evidence:

*First*,

(a) Defendant Signal knowingly obtained the labor or services of Plaintiffs and/or

(b) Defendant Burnett and/or Defendant Dewan knowingly provided the labor or services of Plaintiffs to Signal;[1]

*Second*, that Defendant Signal and/or Defendant Burnett and/or Defendant Dewan did so by means of:

(a) abuse or threatened abuse of law or legal process;

(b) by means of serious harm or threats of serious harm to Plaintiffs or another person; or

(c) a scheme, plan, or pattern intended to cause Plaintiffs to believe that non-performance would result in serious harm to, or physical restraint against, Plaintiffs or any other person would result if he did not perform the labor or services required of him, or a combination of one or more of these means;[2] and

*Third*, that Defendant Signal and/or Defendant Burnett and/or Defendant Dewan acted knowingly;[3] and

*Fourth*, a causal relationship, as I will shortly explain to you, between the foregoing and damage.

---

[1] Nnaji jury instruction at CM/ECF p. 11.

[2] Nnaji jury instruction at CM/ECF p. 11 (adding abuse/threatened abuse of legal process and serious harm/threats of serious harm, as per 29 U.S.C. § 1589).

[3] Nnaji jury instruction at CM/ECF p. 11.

*Fourth*, that Plaintiffs suffered damages.

1. First Element: Obtaining Labor or Services

In considering the first element, you must decide whether the defendant under consideration _knowingly_ provided or obtained the services of Plaintiffs. I instruct you that, in considering this element, the words "provide" and "obtain" are to be given their ordinary meanings.[4] _"Knowingly" means more than simply having done an act voluntarily. Rather, the act must have been done with the knowledge that it was illegal or wrongful.[5]_

In order to find any of the Defendants knowingly obtained or provided the forced labor or services of Plaintiffs you must find by a preponderance of the evidence that the Defendants knowingly did so by one of the prohibited means, that is, either (a) by abuse or threatened abuse of law or legal process; (b) through threats of serious harm to, or physical restraint against, a person, or (c) through a scheme, plan or pattern intended to cause the person to believe that serious harm to, or physical restraint against, that person or any other person would result if he did not perform the labor or services required of him, or a combination of one or of these means.

I instruct you that "provide" means to supply something or make something available. "Obtain" means to gain, acquire, or attain.[6]

If you determine that Signal knowingly obtained the labor or services of Plaintiffs, the first element of the forced labor claim is met as to Signal. If you determine that Burnett and/or Dewan knowingly provided Signal with the Plaintiffs for that purpose, the first element of the forced labor claim against Dewan and/or Burnett is met.[7]

2. Second Element: Prohibited Means of Obtaining Labor or Services

__If you find that the defendants provided or obtained the labor or services of Plaintiffs, then you must determine whether the defendants did so through one or more of three prohibited means, that is, either (a) by abuse or threatened abuse of law or legal process; (b) through threats of serious harm to, or physical restraint against, a person, or (c) through a scheme, plan or pattern intended to cause the person to believe that serious harm to, or physical restraint against, that person or any other person would result if he did not perform the labor or services required of him.[8]__

In order to find that the second element has been satisfied, you must find by a preponderance of the evidence that one of the prohibited means I just mentioned was used to obtain plaintiffs' labor or services.[9]

---

4 Nnaji jury instruction at CM/ECF p. 11.

5 Ratzlaf v. United States, 510 U.S. 135 (1994).

6 Nnaji jury instruction at CM/ECF p. 11.

7 Sabhnani instruction, 1st element.

8 Sabhnani instruction, 2d element (adding abuse/threatened abuse of legal process element)

9 Id.

I will now define for you some of the terms you are to consider in determining whether this second element has been established.

"Abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. [10] This may include but is not limited to threat of deportation[11], misrepresentation about the availability or lack of availability of immigration or civil remedies,[12] and/or restricting access to immigration or civil remedies.[13]

[Signal opposes the above paragraph. However, if it is included, Signal seeks to add the following]: Warnings of legitimate but adverse consequences or credible threats of deportation, standing alone, are not sufficient to violate the forced labor statute.[14] An employer does not automatically violate the forced labor statute by acknowledging the adverse immigration consequences that might befall an employee who is terminated. This law was not intended to silence employers or prohibit them from mentioning certain legal realities. Rather, the question of whether statements and actions by an employer constitute an abuse of legal process must be viewed in light of all the surrounding circumstances.[15] The question is whether the Plaintiff was coerced by legal coercion into providing labor voluntarily.[16]

[Signal asserts that the Fifth Circuit's silence in Nnaji to the charge on serious harm is a rejection of the charge, except that "serious harm" can include psychological coercion.]

The term "serious harm" means any harm, whether physical or non-physical harm, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.[17] You must determine whether the serious harm was sufficient to cause Plaintiffs reasonably to believe that they had no choice but to work or to remain working for the defendants to avoid serious harm to themselves or to another person. [18]

---

[10] Kalu instruction No. 31.

[11] Nuñag-Tanedo, 790 F. Supp. at 1146;, *LLC*, 799 F. Supp. 2d 958, 960 (W.D. Ark. 2011); Ramos v. Hoyle, No. 08-21809-CIV, 2008 WL 5381821 at *4 (S.D. Fla. Dec. 19, 2008); United States v. *Garcia*, No. 02–CR–110S–01, 2003 WL 22956917 at *4 (W.D.N.Y. Dec. 2, 2003); see also United States v. Calimlim, 538 F.3d 706, 713 (7th Cir. 2008) (even though defendant correctly told victim she could be deported, "'warnings' about the consequences were directed to an end different from those envisioned by the law and were thus an abuse of legal process.").

[12] Aguirre v. Best Care Agency, Inc., 961F. Supp. 2d 427, 444 (E.D.N.Y. 2013).

[13] Nnaji jury instruction at CM/ECF pp. 13

[14] Calimlim.

[15] Elat v. Ngoubene, 993 F. Supp. 2d 497, 524 (D.Md. 2014) (citation omitted).

[16] David v. Signal, 2012 U.S. Dist. LEXIS 114247, *69 (E.D.La. Jan. 12, 2012).

[17] Nnaji jury instruction at CM/ECF pp. 12-13.

[18] Aguirre, 961 F. Supp. 2d at 444; Calimlim, 538 F.3d at 713 (defendant "knew how to set in motion to process that might have resulted in a legitimate green card" but did not inform victim).

[Signal relies on the charge in Ramos, not Nnaji, asserting that the charge was not endorsed on appeal;[19] it stated "serious harm can include psychological harm."[20]]

_To determine whether Plaintiffs reasonably believed they had no choice but to work or to remain working for Signal to avoid serious harm to themselves or another person, you may consider the cumulative effect of the conduct of the defendant or defendants on Plaintiffs.[21]_ To determine whether Plaintiffs reasonably believed they had to perform or to continue performing labor or services in order to avoid incurring that harm you may consider the cumulative effect of the conduct of the defendant or defendants on Plaintiffs. __You may also consider Plaintiffs' background, physical and mental condition, experience, education, socioeconomic status, age, any inequalities between them and the defendants with respect to these considerations, including their relative stations in life,[22] immigration status,[23] cultural background, ethnicity, ability to speak the language spoken in the region of the country where he was performing the labor or services,[24] background, social isolation, and social status.[25]__

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings. A "scheme, plan, or pattern intended to cause a person to believe that nonperformance of labor or services will result in serious harm" need not involve actual threats of serious harm, but may involve any other means-including deception or psychological coercion-used to cause the worker to reasonably believe that he, his family, or any other person would suffer serious harm if he refused to continue providing labor or services.[26]

3. Third Element: Defendants' Knowledge

With regard to the third element of forced labor, Plaintiffs must prove by a preponderance of the evidence that the Defendants acted "knowingly." A person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. __Whether the defendant under consideration acted knowingly may be proven by what such defendant said and did and by all of the facts and circumstances surrounding the case, since direct proof is rarely available to establish the state of one's mind.[27]__ Whether the defendant under consideration acted knowingly may be proven by what such defendant said and did and by all of the facts and circumstances surrounding the case, circumstantial evidence.

---

[19] Ramos, 447 Fed. Appx. 558.
[20] Id. At 559.
[21] Nnaji jury instruction at 13.
[22] Nnaji jury instruction at 13.
[23] Bradley, 390 F.3d at 153 (immigration status may make a victim "especially vulnerable to pressure").
[24] See United States v. Nnaji, 447 Fed. Appx. 558, 559 (5th Cir. Tex. 2011) (highlighting the inability of Plaintiff to speak English in ways Defendants took advantage of her vulnerabilities to coerce her to perform work).
[25] Bradley, 390 F.3d at 152-53; Dann jury instruction at 1.
[26] Nnaji jury instruction at CM/ECF p.13.
[27] Nnaji jury instruction at CM/ECF p.12.

[Signal prefers a recitation of the text of section 1589 prior to the 2008 amendments to the statute.]

CAUSATION

To recover compensatory damages in connection with their claim of trafficking and forced labor, each of the plaintiffs, seeking such damages, must prove by a preponderance of the evidence both that the conduct of a defendant from whom such damages are sought was a "but for" cause of his damages and also the proximate cause of his damages.

The term, "but-for causation" is the law's way of referring to the idea that in order for the plaintiff to recover damages for the unlawful conduct of the defendant, the plaintiff must prove by a preponderance of the evidence that the defendant's conduct did in fact cause the plaintiff's injury, which is a standard requirement for any claim of this kind. The way to think of this is that the question is whether the plaintiff has proven by a preponderance of the evidence that the harm he complains of would not have occurred in the absence of—but for—the defendant's conduct relative to the violations alleged, that is to say, violations of the laws on trafficking and forced labor.

The proximate cause inquiry requires you to carefully consider the relation between the injury asserted by the plaintiff and the injurious conduct alleged relative to the laws concerning trafficking and forced labor. The central question you must decide is whether these violations led directly to the plaintiff's injuries insofar as compensatory damages are concerned. Award damages only for the violations at issue and only for those actually and proximately caused by the violation.

[Signal asserts that the Court should analogize section 1595 to section 1964(c) since both are civil remedies for crimes, and trafficking and forced labor underlie both theories of recovery in this case. Signal relies on the Tenth Circuit, stating that under principles of tort law, punitive damages were in order if the proof was suitable; proximate cause concepts are as applicable to section 1595 as they are to claims predicated on section 1964(c).[28]]

**_ELEMENTS THAT ARE NOT DETERMINATIVE OF FORCED LABOR**

**Opportunity to escape_** [Dewan wishes to cut this heading]

_The fact that Plaintiffs may have had an opportunity to escape is not determinative of whether the forced labor statute has been violated if any of the defendants placed Plaintiffs in such fear or circumstances that they did not reasonably believe they could leave their

---

[28] Francisco v. Wiley Innovations Const. Corp., 525 Fed. Appx. 828, 833-34 (10th Cir. 2013); Rothstein v. UBS, AG, 708 F.3d 82, 91-92 (2nd Cir. 2013) (Anti-Terrorism Act claim), quoting Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 456, 126 S. Ct. 1991, 164 L. Ed.2d 720 (RICO); Hemi Group, LLC v. City of New York, 559 U.S. 1, 9, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010); Univ. of Tex. Southwestern Med. Ctr. v. Nassar, -- U.S. --, 133 S. Ct. 2517, 2524-25, 186 L. Ed. 2d 503 (2013).

employment.[29] _ [Dewan wishes to replace the first sentence with the following:] The fact that Plaintiffs may have had an opportunity to freely come and go from the employer's premises is not determinative of whether they were subjected to forced labor if the employer placed Plaintiffs in such fear or circumstances that they did not reasonably believe they could leave their employment.[30] [Plaintiffs would accept Dewan's proposed replacement]. __Plaintiffs need not prove physical restraint, such as the use of chains, barbed wire, or locked doors, in order to establish the offense of forced labor.[31] __

**_Payment or benefits._** [Dewan wishes to cut this heading]

__Whether__ _Signal_ the employer __paid Plaintiffs a salary or a wage is not determinative of the question of whether plaintiffs were subjected to forced labor.[32] __

**_Initial voluntary agreement to perform work_** [Dewan wishes to cut this heading]

_Even if a Plaintiff may have initially agreed, voluntarily, to render the service or perform the work that is not determinative of whether the forced labor standard has been violated.[33] _ [Dewan wishes to replace this sentence with the following:] Even if a Plaintiff may have initially agreed, voluntarily, to render the service or perform the work, that is not determinative of whether any of the Defendants subjected the Plaintiffs to forced labor. [Plaintiffs would accept Dewan's proposed modification].[34]

**_Improved conditions._** [Dewan wishes to cut this heading]

_If Signal subjected Plaintiffs to forced labor for a period of time, but Signal improved conditions to the extent that Signal no longer subjected a Plaintiff to forced labor even though he remained in Signal's employ, Signal still may be liable for forced labor for the period of time when the forced labor occurred._ [Dewan wishes to replace this sentence with the following:] If Plaintiff's employer subjected Plaintiff to forced labor for a period of time, but it improved conditions to the extent that the employer no longer subjected a Plaintiff to forced labor, Plaintiffs' employer still may be liable for forced labor for the period of time when the forced labor occurred. [Plaintiffs would accept Dewan's proposed modification].

**Obtaining Loans.** [Dewan wishes to cut this heading]

_The mere fact that a worker voluntarily obtains a large loan and voluntarily uses it to join a recruitment program, and then after the worker joins the program and begins employment, the worker becomes unhappy, is not of itself "forced labor", even though, if the worker quits,

---

[29] Nnaji jury instruction at CM/ECF p.16.
[30] Nnaji jury instruction at CM/ECF p.16.
[31] Sabhanini jury instruction at CM/ECF p.12.
[32] Nnaji instruction at pp. 18-19.
[33] Nnjai jury instruction at CM/ECF p. 17.
[34] Nnjai jury instruction at CM/ECF p. 17.

awaiting him is a trip home with a massive amount of debt that will be impossible to repay. This is a bargained for exchange.[35]_

**Trafficking for Forced Labor (18 U.S.C. § 1590)**

For Defendants to be liable for trafficking for forced labor, Plaintiffs must prove by a preponderance of the evidence that defendants knowingly recruited, transported, provided and/or or obtained Plaintiffs' labor or services for forced labor.

For the purpose of determining whether Defendants knowingly "recruited," "transported," "provided," and/or "obtained" Plaintiffs for forced labor, you are instructed to use the following definitions:

"Recruit" means to engage in finding and attracting a person for employment.[36] "Transport" means the act of processing or moving a person from one place to another.[37] "Provide" means to supply something or make something available. "Obtain" means to gain, acquire, or attain.[38]

_"Knowingly" means more than simply having done the act of recruiting, transporting, providing, and/or obtaining Plaintiffs' services or labor, it must have been done with the knowledge that such acts were to obtain or provide Plaintiffs' labor or services by one of the prohibited means described above for "forced labor."_

**Damages**

If a Plaintiff has proved his claim against a Defendant by a preponderance of the evidence, you must first determine whether a Plaintiff has been damaged. If a Plaintiff suffered no damages, then he is not entitled to recover against a Defendant. If you determine that a Plaintiff has suffered damages, you must determine the damages to which that plaintiff is entitled. You should not interpret the fact that I am giving instructions about plaintiff's damages as an indication in any way that I believe that plaintiff should, or should not, win this case. It is your task to decide whether a Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that a Defendant is liable and that a plaintiff is entitled to recover money from that Defendant.

If you find that a Defendant is liable to a Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate that Plaintiff for the damage that he has suffered. Compensatory damages are not

---

[35] Nunag–Tanedo v. East Baton Rouge Parish Sch. Bd., 790 F.Supp.2d 1134, at 1137 (C.D. Cal, 2011).

[36] Kalu jury instruction no. 35.

[37] "Transport" Merriam-Webster Online Dictionary.

[38] Nnaji jury instruction at CM/ECF p. 11.

limited to expenses that a Plaintiff may have incurred because of his injury. If a Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of a Defendant's wrongful conduct.

.

You may award compensatory damages only for injuries that a Plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of a Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or that a Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that a Plaintiff must prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.[39]

You must use sound discretion in exacting an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**PUNITIVE DAMAGES UNDER TVPRA CLAIMS**

__With respect to the Trafficking Victims' Protection Act claim, if you decide that Defendants' conduct caused the Plaintiffs harm, you must decide whether that conduct justifies an award of punitive damages. At this time, you must decide whether the Plaintiffs have proven by__ a preponderance of the evidence clear and convincing evidence that Defendants acted with malice or reckless indifference to Plaintiffs' rights.[40]

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.[41]

__"Malice" means Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.

---

[39] U.S. Fifth Circuit, Civil Pattern Jury Instructions, Nos. 15.1 and 15.2.

[40] [Plaintiffs had previously included the jury instruction from Nunag-Tanedo ("clear and convincing evidence that defendants engaged in that conduct with malice, oppression, or fraud"). However, Plaintiffs subsequently learned that it was based on the California state law standard jury instruction for punitive damages, which would not be applicable in this case. Plaintiffs therefore replaced it with language from the federal common law standard for civil rights statutes and the Ramos jury instruction. White v. Burlington N. & Santa Fe R. Co., 364 F.3d 789, 805-06 (6th Cir. 2004) aff'd sub nom. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) (discussing general presumption that punitive damages in civil cases are to be assessed under a preponderance of the evidence standard unless the applicable law specifies otherwise); Abner v. Kansas City Southern R. Co., 513 F.3d 154, 160 (5th Cir. 2008). Because this was a last-hour replacement on Plaintiffs' part, Dewan and Burnett, who have agreed in principle to a TVPRA punitive damages charge, did not have the opportunity to review the change before this submission. Plaintiffs apologize for this oversight].

[41] U.S. Fifth Circuit, Civil Pattern Jury Instructions, No. 2.17.

A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences. __