UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies To:**
*David v. Signal*
**(No. 08-1220)**

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT**

---

Almost seven years after filing their lawsuit, five of the named Plaintiffs—Sony Vasudevan Sulekha, Palanyandi Thangamani, Hemant Khuttan, Isaac Andrews Padavettiyil, and Jacob Joseph Kadakkarappally (collectively, "Trial Plaintiffs")—have finally had the opportunity to present their claims to a jury.  After four weeks of testimony, the jury returned verdicts in favor of the Trial Plaintiffs and against the Defendants on every count presented, and awarded the Trial Plaintiffs over $14,000,000 in total damages from Signal (over $12,000,000), Burnett Law Office (over $900,000), and Dewan Consultants (over $900,000).

The interest of justice weighs heavily in favor of immediate entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure on the Trial Plaintiffs' nine adjudicated causes of action.  The Trial Plaintiffs have patiently waited nearly seven years to have their claims heard, and any delay in the entry of final judgment will prejudice them in their efforts to recover damages from the cash-strapped Defendants.  As there is no just reason for delay, Plaintiffs respectfully request the Court to enter final judgment under Rule 54(b) in favor of the Plaintiffs on the causes of action adjudicated during the January-February 2015 David trial.

### I.   BACKGROUND

**A.**   *The Complaint*

On March 7, 2008, twelve total Plaintiffs—the five Trial Plaintiffs, plus Kurian David, Murugananthan Kandhasamy, Kechuru Dhananjaya, Sabulal Vijayan, Krishan Kumar, Kuldeep Singh, and Thanasekar Chellappan—filed a complaint in the U.S. District Court for the Eastern District of Louisiana against Defendants including Signal International LLC, Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., Law Offices of Malvern C. Burnett, A.P.C., Sachin Dewan, and Dewan Consultants Pvt. Ltd. (a/k/a Medtech Consultants).  Rec.

1

Doc. 1.[1]

### B.   *The Five Trial Plaintiffs*

Following a protracted discovery period, Judge Zainey denied class certification on January 4, 2012. Rec. Doc. 1117. The case caption then—as now—reflected the names of the twelve total Plaintiffs, but in the interest of avoiding jury confusion and a lengthy trial, on March 16, 2012, Judge Zainey ordered in the co-pending EEOC v. Signal International, LLC case that "[u]nless the parties can agree on an alternative, the first trial of the claims in the David case will proceed with 5 of the named plaintiffs . . . ." Order at 2, EEOC v. Signal Int'l, LLC, No. 12-557 (E.D. La. Mar. 16, 2012), Rec. Doc. 78.

The instant case was reassigned to Judge Morgan on April 5, 2012, Rec. Doc. 1157, and at a June 15, 2012 status conference, the Court "clarified with the parties that the initial trial in David will have five plaintiffs . . . ." Rec. Doc. 1178 at 3. The Court ultimately ordered that the five Plaintiffs that would proceed to trial would be Messrs. Sony, Palanyandi, Hemant, Andrews, and Jacob. See, e.g., Rec. Doc. 1424 at 2 n.1.

On December 15, 2014, the Court acknowledged that all twelve named Plaintiffs had asserted claims for violations of FLSA, but the Court ordered that no FLSA claims would be adjudicated in the instant trial. Rec. Doc. 1982.[2]

---

[1] Unless otherwise noted, the citations to specific docket entries are to the docket in David et al. v. Signal International, LLC, No. 08-1220 (E.D. La.).

[2] While the Trial Plaintiffs have had their day in court and obtained verdicts on their nine adjudicated claims, there are seven additional Plaintiffs under the David caption whose claims have yet to be tried, and the Court ordered that all Plaintiffs' causes of action under the Fair Labor Standards Act ("FLSA") would be adjudicated at a later date. See, e.g., Order at 1, EEOC v. Signal Int'l, LLC, No. 12-557 (E.D. La. Mar. 16, 2012), Rec. Doc. 78; Rec. Doc. 1178 at 3; Rec. Doc. 1982.

C.   *The Trial*

The case proceeded to trial before a jury starting on January 12, 2015 on the following claims brought by the Trial Plaintiffs against Defendants Signal International LLC, Signal International, Inc., Signal International Texas GP, LLC, Signal International Texas L.P. (collectively "Signal"), Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C.[3], Law Offices of Malvern C. Burnett (collectively "Burnett"), Sachin Dewan, and Dewan Consultants Pvt. Ltd. (a/k/a Medtech Consultants) (collectively, "Dewan")[4]:

1. For violations of the Trafficking Victims Protection Act ("TVPA"), brought by the Trial Plaintiffs against Signal, Burnett, and Dewan;

2. For discriminatory terms and conditions of employment brought by the Trial Plaintiffs against Signal;

3. For retaliation, brought by Mr. Jacob against Signal;

4. For violations of the Racketeer Influence and Corrupt Organizations Act ("RICO"), brought by the Trial Plaintiffs against Signal, Burnett, and Dewan;

5. For fraud, brought by the Trial Plaintiffs against Signal, Burnett, and Dewan;

6. For misrepresentation, brought by the Trial Plaintiffs against Signal, Burnett, and Dewan;

---

[3] During trial, Plaintiffs voluntarily dismissed without prejudice claims against Defendant Gulf Coast Immigration Law Center, L.L.C.

[4] Indo-Ameri Soft L.L.C., Kurella Rao, J & M Associates, Inc. of Mississippi, Billy R. Wilks, J & M Marine & Industrial, LLC, Global Resources, Inc., Michael Pol are also named Defendants in this action. See, e.g., Rec. Doc. 1706. Plaintiffs' motion for entry of default judgments against Global Resources, Inc. and J & M Associates, Inc. of Mississippi, Billy R. Wilks, and J & M Marine & Industrial, LLC is currently pending. See Rec. Doc. 2166. The action has been stayed against Defendant Mr. Pol pursuant to the U.S. Bankruptcy Code, 11 U.S.C. § 362(a). See Rec. Doc. 1983 at 2. None of the Trial Plaintiffs brings claims in the instant action against Indo-Ameri Soft L.L.C. and/or Kurella Rao, and this action has been stayed against Indo-Ameri Soft L.L.C. and Mr. Rao pursuant to the U.S. Bankruptcy Code, 11 U.S.C. § 362(a). See id. at 3.

3

    7.    For breach of contract or promissory estoppel, brought by the Trial Plaintiffs against Signal, Burnett, and Dewan;

    8.    For false imprisonment, brought by Mr. Jacob against Signal; and

    9.    For intentional infliction of emotional distress, brought by Mr. Jacob against Signal.

See, e.g., Tr. 5002:8-5049:11 (Feb. 11, 2015).

The Court elected to charge the jury first on liability, and then on damages. See Tr. 5052:12-22 (Feb. 11, 2015). On February 12, 2015, the jury (1) found all Defendants liable for violations of the TVPA, RICO, fraud, misrepresentation, and breach of contract (with the exception of Dewan and Burnett for breach of contract related to Messrs. Sony and Jacob); (2) found Signal liable for discriminatory terms and conditions of employment, and harassing living conditions; and (3) in the case of Plaintiff Mr. Jacob's claims, found Signal liable for retaliation, false imprisonment, and intentional infliction of emotional distress. Tr. 5118:16-5181:19 (Feb. 12, 2015). On February 18, 2015, the jury returned its verdict[5] on damages for each of these claims, awarding the Trial Plaintiffs over $14,000,000 in total damages from Signal (over $12,000,000), Burnett Law Office (over $900,000), and Dewan Consultants (over $900,000). Tr. 5242:2-5266:19 (Feb. 18, 2015).

## II.    LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however

---

[5] These verdicts also entitle claimants to an award of attorneys' fees, a petition for which Plaintiffs will be filing shortly.

4

> designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In evaluating a Rule 54(b) motion,

> [a] district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Where a decision "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment" entered on that claim, then the decision is considered final. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (citing Catlin v. United States, 324 U.S. 229, 233 (1945)).

After determining finality, a court must determine whether there is any just reason for delay, taking into consideration "judicial administrative interests as well as the equities involved." Curtiss-Wright, 446 U.S. at 7. Such assessment imposes on a court "the duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992) (citing Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950) (footnote omitted)). Relevant factors for a court to consider in evaluating whether there is any just reason for delay include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright, 446 U.S. at 8.

5

### III.    ARGUMENT

As the jury decided liability on the nine claims at issue at trial and awarded compensatory and punitive damages, entry of final judgment on these claims for the Trial Plaintiffs under Rule 54(b) turns on whether there is no just reason for delay.  See id., 446 U.S. at 8.  Here, the equities weigh strongly in favor of immediately certifying the judgments as final.

#### A.    *Delaying Entry of Final Judgment Will Prejudice Plaintiffs*

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal."  Id.  That time is now.  The Trial Plaintiffs have already waited a substantial period of time to be heard, roughly five years longer than average in this judicial district.[6]  What's more, the protracted time between filing the complaint and trial in this case has been exacerbated by the multiple delays Defendants have requested along the way.  See, e.g., Rec. Doc. 1718 (denying MDL transfer and consolidation); Rec. Doc. 1818 at 4 (denying Signal's motion to certify for interlocutory appeal or alternatively to stay pending application for mandamus relief because "[r]ather than expediting a final disposition, an interlocutory appeal would actually delay resolution of the related cases . . . .  Moreover, [a]n extensive delay in the David case would likely produce a ripple effect of continuances in the EEOC Case and the Achari Cases").  The Trial Plaintiffs' entitlement to justice should not be further postponed by the adjudication of claims that do not pertain to them.

Immediate entry of judgment is also warranted as Signal, Dewan, and Burnett are all

---

[6] The median time from filing to trial for civil cases in the Eastern District of Louisiana was 23 months during the 12-month period ending September 30, 2013.  Annual Report of the Director, Administrative Office of the United States Courts 2013, Table 3, available at http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2013/appendices/T03Sep13.pdf (accessed Feb. 20, 2015).

serious collection risks. Signal's Chief Financial Officer, Chris Cunningham, testified on direct examination that as of January 26, 2015 Signal had "just under $8 million dollars in cash on hand. No credit facility. I mean, that is for total cash availability." Tr. 2108:20-22 (Jan. 26, 2015). Mr. Cunningham further testified that the projected cash position thirteen weeks from that testimony would be in the $7.5 million range. Tr. 2109:2-4 (Jan. 26, 2015).

Mr. Cunningham also testified that as of the date of his testimony, Signal's Mississippi operation, which accounts for 75-80% of Signal's business, had a back log that would last only through the middle of March 2015, with no signed contracts beyond that. Tr. 2109:12-16 (Jan 26, 2015). "So, as of right now, come the end of March, Mississippi has no work." Tr. 2109:16-17 (Jan. 26, 2015). Moreover, Mr. Cunningham testified that given Signal's current economic situation, the company may have to consider bankruptcy:

> Q: How long would the available cash on hand last Signal to keep the doors open if it didn't get any new work?
>
> A: If we didn't get any new work, we probably could last three months, maybe a little over three months.
>
> \*    \*    \*
>
> Q: If you got no new contracts after that three-month period, what would be next up for Signal?
>
> A: If we have not -- if we didn't sign any new contracts, we'd seriously have to consider filing for bankruptcy protection.

Tr. 2109:22-2110:7 (Jan. 26, 2015).

The Supreme Court has confirmed that where a delay in entry of judgment would impair the claimants' ability to collect on the judgment, that weighs "in favor of certification" under Rule 54(b). Curtis-Wright Corp., 446 U.S. at 12. By its own admission, Signal is a significant collection risk. Moreover, Signal currently faces cases brought by the EEOC and over 200 additional claimants who were former Signal H2B workers in Mississippi and Texas. Those

7

claims have yet to be tried, and Signal will necessarily need to use its scarce remaining resources to litigate not only this case post-verdict and on appeal, but also litigating the other cases. In light of Signal's precarious financial situation, and the significant funds it will require to litigate the multiple remaining cases, there is no just reason for delay for entry of judgment under Rule 54(b) for the Trial Plaintiffs.

Burnett and Dewan also face multiple litigations brought by former Signal H2B workers that have yet to proceed to trial. Each is also a significant collection risk, and denying immediate entry of final judgment will only increases those risks for the Trial Plaintiffs. For example, in a June 9, 2014 motion to withdraw as counsel of record, counsel for Dewan stated:

> Sachin Dewan and Dewan Consultants, Pvt. Ltd. ("Dewan Defendants") presently owe undersigned counsel a reasonably large sum in attorney fees. At all times, counsel's legal fees have been fair and very reasonable. Nevertheless, the Dewan Defendants have failed to satisfy their financial obligations to counsel. Further, the prospect of receiving future payment for legal services needed in the David case and the other cases, even just in preparation for trial in the David case and participating in it for 4 weeks, and payment of expenses associated therewith, is likely to be non-existent.

Rec. Doc. 1634-1 at 2. As to Burnett, the Law Offices of Malvern C. Burnett, A.P.C. do not have any assets. Tr. 35:2-17 (Feb. 5, 2015 Jury Charge Conf.).

Plaintiffs do not relish a bankruptcy proceeding but, if it is coming, as Signal's CFO implied through his testimony, it should come sooner rather than later, and certainly before Signal would dissipate even more of its limited remaining resources on its own attorneys. Indeed, immediate appellate review may expedite adjudication of this and the related cases by facilitating a global settlement; itself a reason to enter final judgment immediately. Curtiss-Wright, 446 U.S. at 8, n.2.

For the foregoing reasons, Plaintiffs respectfully submit that there is no just reason for

8

delay and the Court should enter judgment promptly.

> **B.**     *The Trial Plaintiffs' Claims Are Independent of Those Pending in the Remainder of the <u>David</u> Case*

Immediate entry of final judgment is also warranted as the claims at issue here are separable from those of the <u>David</u> Plaintiffs who have yet to proceed to trial.  In 2012, after the Court denied class certification, Rec. Doc. 1117, Signal urged the Court (and ultimately motioned) to sever the lawsuit so that each Plaintiff would have to try his claims through his own individual trial.  Rec. Doc. 1160-2 at 6; Rec. Doc. 1196 at 1; Rec. Doc. 1207 at 7.  Plaintiffs opposed, arguing that all twelve <u>David</u> Plaintiffs could be tried together.  Rec. Doc. 1160-2 at 2 ("The twelve individual Plaintiffs currently in the David case seek to have their claims adjudicated together in a single trial"); <u>see also</u> Rec. Doc. 1203 at 10.  In making its argument, Signal relied heavily on the purported individualized nature of each Plaintiff, which, as Signal contended, should prevent a single trial of all twelve Plaintiffs from proceeding.  <u>See, e.g.</u>, Rec. Doc. 1207 at 4-5.  But that individualized nature, which Signal insisted on, is precisely why the verdict of these five Trial Plaintiffs should be immediately entered as a final judgment.  Because, as Signal has argued, Plaintiffs' issues and experiences are so individualized there is therefore no reason to conclude that these five Trial Plaintiffs' verdict ought to be precluded from entry of final judgment until seven other, ostensibly highly individualized Plaintiffs, have their claims tried in 2016

Further, the outstanding FLSA claims are no impediment to a final judgment here because they are entirely distinct wage and hour-based claims that pose no risk of duplicative appeals, even if adjudicated at a later date.

9

Given their independent and separate nature, immediate review of the Trial Plaintiffs' claims will not risk duplicative appeals. From a practical perspective, the Court therefore need not—and indeed it should not—wait until after the entirety of the David case is heard by a jury to allow the Trial Plaintiffs' claims to go forward with the appeals process.

### III.   CONCLUSION

For at least the reasons discussed above, there is no just reason for delay entry of final judgment. Plaintiffs respectfully request the Court to certify a final judgment pursuant to Rule 54(b).

Respectfully submitted this 24th day of February 2015,

*s/ Alan B. Howard*
Alan B. Howard (*pro hac vice*)
New York Bar No. 2136661
ahoward@crowell.com
Hugh Sandler (*pro hac vice*)
New York Bar No. 4712584
hsandler@crowell.com
Melia Amal Bouhabib (*pro hac vice*)
New York Bar No. 4878468
abouhabib@crowell.com
Chiemi Suzuki (*pro hac vice*)
New York Bar No. 4330569
csuzuki@crowell.com
Crowell & Moring LLP
590 Madison Avenue
New York, NY  10022
Telephone:  (212) 803-4021

Naomi Tsu (*pro hac vice*)
Georgia Bar No. 507612
Naomi.tsu@splcenter.org
Daniel Werner (*pro hac vice*)
Georgia Bar No. 3969839
Daniel.werner@splcenter.org
Kristi Graunke (*pro hac vice*)
Georgia Bar No. 305653
Southern Poverty Law Center

s/ *Tracie L. Washington*_____
Tracie L. Washington, Esq.
Louisiana Bar No. 25925
Louisiana Justice Institute
1631 Elysian Fields Avenue
New Orleans, Louisiana 70117
Telephone:  504.872.9134
Facsimile:  504.872.9878
tracie@LouisianaJusticeInstitute.org
tlwesq@cox.net

Joseph Bjarnson (*pro hac vice*)
New York Bar No. 4774055
jbjarnson@swcblaw.com
Sahn Ward Coschignano and Baker, PLLC
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553
Telephone:  (516) 228-1300
Facsimile:  (516) 228-0038

Ivy Suriyopas (*pro hac vice*)
New York Bar No. 4406385
isuriyopas@aaldef.org
Dahsong Kim (*pro hac vice*)
New York Bar No. 5289301
skim@aaldef.org
Asian Am. Leg. Def. &

10

1989 College Ave.  
Atlanta, Georgia 30317  
Telephone: (404) 521-6700  
Facsimile: (404) 221-5857  

Meredith Stewart  
Louisiana Bar No. 34109  
Meredith.stewart@splcenter.org  
Southern Poverty Law Center  
1055 St. Charles Avenue, Suite 505  
New Orleans, Louisiana 70130  
Telephone: (504) 486-8982  
Facsimile: (504) 486-8947  

Anjali J. Nair (*pro hac vice*)  
Alabama Bar No. 1160K42Y  
anjali.nair@splcenter.org  
Southern Poverty Law Center  
400 Washington Ave.  
Montgomery, AL 36104  
334-956-8255  
Facsimile: 334-956-8481  

Educ. Fund  
99 Hudson Street, 12th Floor  
New York, New York 10013  
Telephone: (212) 966-5932  

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2015, I caused the foregoing document to be filed using the Court's Electronic Case Filing system, which will provide service on counsel for all ECF-registered parties.

I further certify that the attached has been deposited in a U.S. Mail receptacle for delivery by first class mail, properly addressed and with postage pre-paid to:

Global Resources, Inc.
13 Herring Road
Beaumont, MS 39423

Indo-Ameri Soft L.L.C.
c/o Kevin K. Gipson, Esquire (bankruptcy counsel)
3920 General DeGaulle Drive
New Orleans, LA 70114

Kurella Rao
c/o Kevin K. Gipson, Esquire (bankruptcy counsel)
3920 General DeGaulle Drive
New Orleans, LA 70114

Billy Wilks,
J&M Assoc of Mississippi
J&M Marine & Industrial
9136 Heather Lane
Moss Point MS 39562.

*/s/ Alan B. Howard*
Alan B. Howard