UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>　　Plaintiffs | CIVIL ACTION |
| VERSUS | No. 08-1220 |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>　　Defendants | SECTION "E" |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>　　Plaintiff | CIVIL ACTION |
| VERSUS | No. 12-557 |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>　　Defendants | SECTION "E" |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>　　Plaintiffs | CIVIL ACTION |
| VERSUS | No. 13-6218<br>　(c/w 13-6219,<br>　13-6220, 13-6221,<br>　14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>　　Defendants | SECTION "E" |
| **REJI SAMUEL, et al.,**<br>　　Plaintiffs | CIVIL ACTION |
| VERSUS | No. 14-2811 |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>　　Defendants | SECTION "E" |

1

**BIJU MAKRUKKATTU JOSEPH, et al.,**  **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**  **No. 14-2826**

**SIGNAL INTERNATIONAL, LLC, et al.,**  **SECTION "E"**

**Applies To:** *David v. Signal* **(08-1220)**

### ORDER AND REASONS

Before the Court is a Motion for Entry of Final Judgment under Rule 54(b).[1] The questions presented are interrelated. The preliminary issue is whether there is any just reason to delay entering final judgment. If there is no such reason, the Court must determine whether the judgment should be stayed pending appeal.[2] If a stay is granted, the final question is whether Signal should be required to post security.

For the reasons explained below, the Motion is GRANTED. There is no just reason to delay final judgment. Once entered, the Court will not stay enforcement pending appeal. Accordingly, the Court need not address the security issue.[3]

### BACKGROUND[4]

This civil action stems from the recruitment of approximately five hundred migrant workers from India in the aftermath of Hurricane Katrina. Twelve plaintiffs asserted various claims against Signal, Burnett, Dewan, and others. The claims of five

---

[1] R. Doc. 2299.
[2] The parties spill much ink arguing whether Signal may raise this issue in an opposition memorandum or instead whether Signal was required to file a separate motion. Both parties have addressed this relatively simple issue in their briefs. It makes little sense to require Signal to file an affirmative motion, only for the parties to copy-and-paste what is already in their briefs.
[3] In the event the Court enters final judgment, Signal has also requested a stay of all related cases. Unlike whether the Court should stay execution of judgment, the issue of staying litigation is too broad and complex to casually mention in an opposition memorandum. The Court will not address this issue absent a properly supported motion.
[4] The facts of this case are discussed in previous orders. Familiarity is assumed.

2

Plaintiffs (the "Trial Plaintiffs") proceeded to trial on January 12, 2015. 37 days later, the jury returned its verdict and awarded the Trial Plaintiffs over $14 million in damages against Signal, Burnett, and Dewan. The Trial Plaintiffs now move for entry of final judgment. Only Signal has opposed the motion.[5]

## DISCUSSION

The primary issue is whether the Court should enter final judgment even though multiple claims of seven plaintiffs (the "non-Trial Plaintiffs"), and claims under the Fair Labor Standards Act ("FLSA"),[6] remain pending. Rule 54(b) allows the district court to enter judgment in this scenario if two requirements are met.[7] First, the Court must determine "it is dealing with a 'final judgment.'"[8] Next, the Court must determine there is "no just reason for delay."[9]

The first requirement bifurcates into separate elements. The decision on which appeal is sought "[1] must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and [2] it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[10] The claims of the Trial Plaintiffs—other than the FLSA claims—have been tried to a jury. The jury returned a verdict on liability and damages. There can be little doubt the first requirement is met.[11] Accordingly, the Rule 54(b) determination turns on whether there is a just reason to delay final judgment.

---

[5] Burnett and Dewan do not oppose the motion. *See* R. Docs. 2299, 2304.
[6] 29 U.S.C. § 201 *et seq.*
[7] *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999).
[8] *Curtiss-Wright*, 446 U.S. at 7.
[9] Fed. R. Civ. P 54(b); *Curtiss-Wright*, 446 U.S. at 8.
[10] *Curtiss-Wright*, 446 U.S. at 7 (internal quotation marks omitted).
[11] Signal has not argued to the contrary.

In making this determination, the district court should consider "judicial administrative interests" and "the equities involved."[12] The former turns on whether certification for interlocutory appeal would violate "the historic federal policy against piecemeal appeals."[13] Signal argues the non-Trial Plaintiffs "intend to try the same claims . . . on the basis of the same evidence . . . under the same theories and conditions," which creates a substantial risk of piecemeal appeals.[14]

Signal's premise is greatly exaggerated. Unlike the Trial Plaintiffs, all of whom worked at Signal's facility in Mississippi, two of the non-Trial Plaintiffs—Kurian David and Murugananatham Kandhasamy—worked at Signal's facility in Texas. Thus, the evidence presented with respect to these non-Trial Plaintiffs will differ substantially from the evidence presented by the Trial Plaintiffs. Furthermore, the evidence will differ for *all* non-Trial Plaintiffs on the claims of forced labor, trafficking for forced labor, fraud, and negligent misrepresentation, as each of these claims requires an individualized finding by the jury regarding each Plaintiff's state of mind. Finally, as to *all* non-Trial Plaintiffs on *all* claims, the evidence on damages will differ from the Trial Plaintiffs' evidence on damages.

To the extent there is overlap between the claims of the Trial Plaintiffs and the non-Trial Plaintiffs, that overlap is not dispositive for two reasons. First, "the Supreme Court and [the Fifth Circuit] have long recognized that claims arising out of the same transaction or sharing certain factual elements may be appealed separately under Rule 54(b)."[15] Thus, a certain amount of overlap is permissible. Second, the Supreme Court has explicitly found that the specter of piecemeal appeals may be "offset by a finding

---

[12] *Id.* at 8.
[13] *Id.*
[14] R. Doc. 2302, p.3.
[15] *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988).

that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims."[16] If, as Signal suggests, the claims of the Trial Plaintiffs and the non-Trial Plaintiffs are virtually indistinguishable, a ruling by the Fifth Circuit will help establish each party's relative chances of success on the remaining claims. By further defining the litigation playing field, the parties will be in a better position to determine whether the costs of continued litigation are outweighed by the benefits of settlement.

The second component of the no-just-reason-for delay analysis is whether the equities weigh in favor of certification. Such equities include delay in payment, ability to collect on a judgment, and solvency of the parties.[17] Trial of the remaining non-FLSA claims is set for September 2016 and will likely conclude sometime in October.[18] If the Court does not enter final judgment now, the Trial Plaintiffs will be forced to wait an extraordinary amount of time to proceed—approximately 19 months.[19]

Further exacerbating this prejudice is the "virtual[] certain[ty]" that Signal will declare bankruptcy in the next month or so.[20] The Supreme Court has explicitly found that if the debtor's "financial position were such that a delay in entry of final judgment . . . would impair [the prevailing party's] ability to collect on the judgment, that would weigh in favor of certification."[21] Signal's precarious financial position further militates in favor of certification.

---

[16] *Curtiss-Wright*, 446 U.S. at 8 n.2.
[17] *Offshore Marine, Inc. v. Associated Gas & Oil Co.*, No. 11-755, 2011 WL 4595251, at *4 (W.D. La. Sept. 29, 2011).
[18] The FLSA claims will be decided on cross motions for summary judgment, or, if necessary, in a separate proceeding.
[19] *See Curtiss-Wright*, 446 U.S. at 11 (finding Rule 54(b) certification proper where plaintiffs "would not be paid for many months, if not years" if judgment was not entered).
[20] *See* R. Doc. 276, *Joseph v. Signal*, No. 13-324 (E.D. Tex. 2015).
[21] *Curtiss-Wright*, 446 U.S. at 12.

Consistent with the Supreme Court's mandate, this Court has carefully "weigh[ed] and balance[ed] the contending factors."[22] The scales tip heavily in favor of certification. There is no just reason to delay entry of final judgment.

The Court must now determine whether execution should be stayed pending appeal. This issue is governed by Federal Rules of Civil Procedure 62(d) and 62(h). Rule 62(d) allows the losing party to obtain a stay pending appeal by posting a supersedeas bond.[23] The losing party is excepted from this bond requirement if (a) it "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal," or (b) "the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment."[24] Neither of these unique circumstances is present in this case, nor has Signal argued to the contrary. Accordingly, the propriety of a stay in this case is governed by Rule 62(h).

Rule 62(h) vests the district court with discretion to stay enforcement of a final judgment entered under Rule 54(b).[25] This discretion is tempered by four considerations: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[26] The first two

---

[22] *Id.*
[23] Fed. R. Civ. P. 62(d).
[24] *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990) (internal quotation marks omitted).
[25] Fed. R. Civ. P. 62(h).
[26] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Freret Marine Supply v. M/V ENCHANTED CAPRI*, No. 00-3805, 2002 WL 31324042, at *3–4 (E.D. La. Oct. 16, 2002).

factors are the most important.[27] As the party requesting a stay, Signal bears the burden of proof.[28]

Signal has not attempted to make *any* showing of likelihood of success, much less a strong showing. Signal has equally failed to address whether it would be *irreparably* injured absent a stay.[29] For the reasons set forth above, the Court finds that a stay would substantially injure the Trial Plaintiffs by delaying—if not effectively eliminating—their ability to collect over $12 million from Signal. Finally, Signal has presented no evidence that the judgment should be stayed in the interest of the public.

## CONCLUSION

The Trial Plaintiffs have been waiting since the George W. Bush Administration for their day in court. After six long weeks of trial, the Trial Plaintiffs prevailed. Only the appellate courts can determine whether the jury verdict—and the rulings that preceded it—are legally sound. There is no just reason to delay this determination. Accordingly, the Court will enter final judgment. Signal has failed to prove this judgment should be stayed pending appeal.

**New Orleans, Louisiana, this 20th day of March, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[27] *Nken v. Holder*, 556 U.S. 418, 434 (2009).
[28] *See id.* at 433–34.
[29] Signal presents several inchoate arguments regarding prejudice, *see* R. Doc. 2302, p. 6, and R. Doc. 2315, p. 5–6, but makes no attempt to connect those arguments to irreparable injury.