1                    IN THE UNITED STATES DISTRICT COURT FOR

2                    THE EASTERN DISTRICT OF LOUISIANA

3                         AT NEW ORLEANS

4    DAVID, ET AL,              *    Case No. 08-1220 SECTION E
                                *
5              Plaintiffs,      *
                                *
6         v.                    *    February 18, 2015
                                *    DAY 24 - ALL DAY SESSION
7    SIGNAL INTERNATIONAL,      *
                                *
8              Defendants.      *    Daily Copy Transcript
     ──────────────────────────────────────────────────
9    Related case:

10   EQUAL EMPLOYMENT OPPORTUNITY    CIVIL ACTION
     COMMISSION,
11              Plaintiff,           No. 12-557
                    v.
12   SIGNAL INTERNATIONAL, LLC,
     et al,                          SECTION "E"
13              Defendants.
     ──────────────────────────────────────────────────
14   Related case:

15   LAKSHAMANAN PONNAYAN ACHARI,    CIVIL ACTION
     et al,
16              Plaintiffs,          No. 13-6218  (c/w 13-6219,
                                     13-6220, 14-732, 14-1818)
17   SIGNAL INTERNATIONAL, LLC,
     et al,                          SECTION "E"
18              Defendants.
     ──────────────────────────────────────────────────
19   *Applies to: David v Signal (08-1220)*

20             TRANSCRIPT OF THE TRIAL PROCEEDINGS
                BEFORE THE HONORABLE SUSIE MORGAN,
21               UNITED STATES DISTRICT JUDGE,
                        AND A JURY
22   **REPORTED BY:**
     TERRI HOURIGAN, CRR
23   Official Court Reporter
     500 Poydras Street
24   New Orleans, Louisiana 70130
     (504)589-7775
25   terri_hourigan@laed.uscourts.gov


                    OFFICIAL TRANSCRIPT

1                         **I N D E X**

2                                                      **PAGE**

3     **VERDICT READ BY CASE MANAGER........................5242**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

(Call to order.)

THE COURT:  Okay.  We need that on the record, that they are on the phone.  Mr. Shapiro and Mr. Cerniglia on are on the phone.

All right.  Can you all hear me on the phone?

MR. SHAPIRO:  Yes.

MR. CERNIGLIA:  Yes.

THE COURT:  So we got a question from the jury.  I have given the people in the courtroom a copy of it, and you are just going to have to listen and write it down if you want to on the phone.

I wanted the people in the courtroom to have it so they -- I'm going to read it to you on the phone and then I'm going to give you all a minute to think about it because I'm not sure how to answer this.

Claim 2, page 14, and this is Claim 2 against all plaintiffs for discriminatory terms and conditions of employment, page 14, Signal.

The first question:  "Are the amounts added for Questions 1 and 2?"

Second question:  "Is it necessary to put a number in Question 2, if an answer is Question 1?"

Now I'm not sure on the second question if they meant "If an answer is in the blank for Question 1," that's what I

 1    think they mean, but I'm not sure.

 2           Obviously, the simple answer to the first question is,

 3    no.  Those amounts are not added.

 4           How we describe to them what they are supposed to do

 5    with Question 2, is more difficult.

 6           We tried to do that in our instructions.  And

 7    apparently they have -- there is some confusion in their minds.

 8           So I'm going to give you all a few minutes to talk

 9    among yourselves on your team.

10           MR. CERNIGLIA:  Your Honor, I think this is just

11    against Signal.  I don't believe that Claim 2 is against either

12    Burnett or Dewan.

13           THE COURT:  That's right.  So you all don't have to

14    participate in this.  You can, if you want to, but you don't

15    have to.

16           MR. CERNIGLIA:  Okay.  I will certainly think about it.

17           THE COURT:  Well, but, you know, we may have this same

18    problem on some of the other claims against all of the

19    defendants where we used this language.

20           MR. CERNIGLIA:  Right, okay.

21           THE COURT:  So they're going to have the same problem

22    as they go throughout the jury verdict form.

23           MR. CERNIGLIA:  So the second question is again?

24           THE COURT:  Is it necessary to put a number in

25    Question 2, if an answer is -- I believe they mean, "in

1    Question 1."

2          MR. CERNIGLIA:  Yeah, you are right.  That is the same

3    issue we faced the other day.  I talked about this -- I think

4    some of them -- I think it would be --

5          THE COURT:  Right.  It is 10:05.  I am going to come

6    back in the courtroom and go back on the record at 10:15, and

7    we will call you at 10:15.

8          MR. CERNIGLIA:  Okay.

9          THE COURT:  All right.  Thank you.

10          MR. SHAPIRO:  Thank you.

11          THE COURT:  All right.  I'm going to get Cesyle to go

12    in and just be sure that they mean "If an answer is in Question

13    1," so they can write that there.

14          All right.  So you all think about it and I will come

15    back at 10:15.

16          MS. HANGARTNER:  Thank you, Your Honor.

17          CASE MANAGER:  Yeah, we left out the word "in."

18          (Recess taken.)

19          THE COURT:  Be seated.  All right.  For Mr. Cerniglia's

20    and Mr. Shapiro's benefit, I'm going to read what Mr. Howard

21    suggested in his answer.  "The amounts of compensatory damages

22    in Questions 1 and 2 are not added together.  You should answer

23    Question 1 with all compensatory damages for this claim, paren,

24    (Claim 2.)

25          You should then answer Question 2, to identify the

1  amount of your award of compensatory damages for this claim,

2  paren, (the portion of your answer to Question 1) closed paren,

3  that you have not awarded as compensatory damages for any other

4  claims."

5       Now the problem with this answer is it's basically

6  saying what we told them already and they didn't understand

7  what we told them already.

8       MR. HOWARD:  I think it's a little simpler, though, in

9  the language in the jury form.  I'm sorry.

10      I think it's a little simpler, and you know, I would

11  certainly leave it to them, "Does this answer your question, if

12  not, we will explain further."

13      But I do think it's simpler language and directs them

14  more precisely on how to approach these questions.  One is all

15  of the compensatory.

16      Question 2 is a subset of that answer to Question 1.

17      MR. CERNIGLIA:  Does the -- this the Tim Cerniglia --

18  the answer to Question 1, is it sufficient to identify that

19  it's all compensatory damages they have suffered?

20      THE COURT:  Say that again.

21      MR. CERNIGLIA:  Not just to this claim?

22      THE COURT:  Say it again.

23      MR. CERNIGLIA:  Go ahead.  Go ahead, Ms. Hangartner.

24      MS. HANGARTNER:  I was going to agree with Mr. Howard.

25  I believe that is the best way to handle it.

1          I mean, it's still a little confusing, but I'm not
2    necessarily sure how to clear it up completely.
3          THE COURT:  Well the only suggestion I have to throw
4    out, and you all let me know what you think, what if I ask them
5    to give me an example.  And I would say -- I could tell them
6    this is not going to go to the lawyers -- but you all would
7    have to agree that I would be the only one who saw it.
8          And then maybe that would help me explain to them what
9    it is they are supposed to do.
10         MR. HOWARD:  I have no problem with that, Your Honor.
11   What I might respectfully suggest is give them this answer:
12   You are going to read them this answer, "This is what I shared
13   with the lawyers.  Does this clear up any confusion you have.
14   And if not, if you still have confusion, perhaps can you give
15   me an example.  I won't share it with the lawyers and I can
16   give you a more specific guidance."
17         THE COURT:  Go ahead, Ms. Hangartner.
18         MS. HANGARTNER:  I agree.
19         THE COURT:  People on the phone?
20         MR. CERNIGLIA:  I would agree with that.
21         MR. SHAPIRO:  Yes, I'm okay with that, too.  Steve
22   Shapiro.
23         THE COURT:  Okay.  So I will leave the option open for
24   them to give me example.
25         If this doesn't resolve the problem -- and if they do

1    take that option -- I will let you all know what they did and

2    that I responded to their question.  But I won't share the

3    example with you.

4            MR. HOWARD:  That's fine, Your Honor.

5            MS. HANGARTNER:  Thank you, Your Honor.

6            THE COURT:  Okay.  Thank you all.

7            (Lunch recess taken.)

8            THE COURT:  Be seated.

9            CASE MANAGER:  Mr. Howard?  Mr. Howard?

10           MR. HOWARD:  I'm on.

11           CASE MANAGER:  Mr. Shapiro?

12           MR. SHAPIRO:  Yes.

13           CASE MANAGER:  Mr. Cerniglia?

14           MR. CERNIGLIA:  Yes.

15           THE COURT:  All right.  We have got a question from the

16   jury.

17           "In order to not duplicate compensation, can we leave a

18   couple of claims blank?

19           We will insert a zero mark on the line.

20           Based upon our understanding of the instructions, we

21   are not to duplicate damages awarded under any other claims,

22   which is why we are asking."

23           MS. HANGARTNER:  Signal agrees, Your Honor.

24           THE COURT:  Agrees to what?

25           MS. HANGARTNER:  Agrees that a zero could be marked and

 1   they could leave a blank.

 2          THE COURT:  But do you have a suggestion about what we

 3   would say?

 4          MR. HOWARD:  Your Honor, I think we need to instruct

 5   them that to answer the first question -- the Question 1 --

 6   under each claim separately.  There is no duplication.

 7          And then if it's completely duplicative of other claims

 8   they can answer the Question 1 to a zero.

 9          That was the whole point of doing it the way we did it.

10          THE COURT:  Well, what I was thinking about saying was:

11   "You may insert a zero in Question 2, for any plaintiff if you

12   find that the compensatory damages for a claim, comma, both

13   economic damages and damages for mental anguish, comma, have

14   been awarded under another claim."

15          So I guess that is getting to your -- you know, that

16   it's in Question 2, is where they could insert a zero.

17          I mean, they could under one if they found there was no

18   damages owed.

19          MR. HOWARD:  Correct.  So basically they could be

20   instructed:  "Treat Question 1, as if there is no other claim

21   and put all of the compensatory damages for that claim in

22   answer to Question 1."

23          And then say what you said for Question 2.

24          THE COURT:  Well --

25          MR. CERNIGLIA:  No.  I think the way the Judge read it,

 1   unless they are very confused, I think the Judge's proposal

 2   would solve that where the issue they seem to be having.

 3          THE COURT:  Ms. Hangartner.

 4          MS. HANGARTNER:  My concern is if they are on a

 5   particular count, and they are thinking in their minds, "Well

 6   we are awarding recruiting fees for a different count," is that

 7   what they are actually talking about?

 8          THE COURT:  I think that's what they are asking.

 9          MS. HANGARTNER:  I think so, too.

10          THE COURT:  So they could, you know, the Question 1 is

11   supposed to elicit all of the damages, you know, whether you

12   have awarded it elsewhere or not and then --

13          MR. HOWARD:  Exactly.

14          THE COURT:  -- in Question 2 is where you would take

15   care of the fact there was duplication.

16          MS. HANGARTNER:  It had already been, if you will, kind

17   of slotted at a different charge.

18          THE COURT:  Right.  But that doesn't mean they weren't

19   awarding damages under, for example, Claim 2, discrimination.

20          They just would say, "Well we do award damages, so we

21   put an answer in No. 1.  It's just that we have already awarded

22   all of these in Claim 1, so we would put a zero in answer to

23   Question 2."

24          But then they would still go to the question about

25   punitive damages because they put something in Section 1, you

1    know, if they are following instructions.

2            MR. HOWARD:  Exactly.

3            THE COURT:  So how do we say that as usual, is the

4    problem?

5            MR. HOWARD:  My recommendation, Your Honor, is to say

6    that under any claims for Question 1, you should include the

7    compensatory damages irrespective of whether they had been

8    awarded for another claim.

9            And then your language of Question 2, would clarify

10   that you could put a zero in answer to Question 2, if all of

11   the damages have been awarded under a subsequent claim.

12           I think it has to be a two-part answer.

13           THE COURT:  All right.  Does anybody have an objection

14   to the language something like what Alan suggested, plus what I

15   suggested?

16           MS. TSU:  Your Honor, if I may.  I do not have an

17   objection to that.  It makes good sense.  I think it's clear.

18           My concern is just that a couple of the later claims,

19   Claims 8 and 9, that are just for Mr. Jacob do not have that

20   second question, such that the second question is actually the

21   punitive damages question.

22           So perhaps there could be a clarification that this

23   relates to compensatory damages that had been paid before.

24           MS. HANGARTNER:  But they could still obviously put a

25   zero for punitive.

1          MS. TSU:  They could still put a zero for punitive if

2     they find no punitives is allowed or if that punitive award had

3     been handled in a previous claim.

4          THE COURT:  When they get to 8 and 9, 8, for example,

5     says:  "False imprisonment.  Please enter the amount of

6     compensatory damages you award, if any, for Signal's false

7     imprisonment for Mr. Jacob."

8          There is no other claim where they could have awarded

9     that other than the intentional infliction of mental distress.

10          MS. TSU:  Agreed.  And here it's B, as punitive

11     damages, not 2 as a second compensatory.

12          I just was hoping that no one would get confused

13     about --

14          THE COURT:  I think we're just going to have to assume

15     that they are going to, you know, not make that.

16          They are not asking about 8 and 9.  They are asking

17     about these where we included the instruction not to duplicate.

18          All right.  Anybody else?

19          (No response.)

20          THE COURT:  Okay.  So I will answer this question, and

21     we will let you know if we hear from them again.

22          Mr. Cerniglia and Mr. Shapiro, I think we're going to

23     get a verdict soon.

24          MR. CERNIGLIA:  I'm going to head on down that way.

25          MR. SHAPIRO:  I am, too, but my only concern about is

1    just one thing:  I would like to hear what everybody has to

2    say.

3            We have the issue of verdict finding liability on these

4    counts.

5            But if they feel -- I'm trying to think this through --

6    if they feel like there are compensatory damages, and that they

7    are answering only that question only once, I'm just a

8    little -- I don't know, I'm a little concerned that -- I wonder

9    if there could be an instruction to the effect that -- I don't

10   know.

11           I'm trying to come up with a suggestion about how they

12   can't duplicate it.

13           THE COURT:  Well, I think we all -- I think we have

14   done as good of a job as we can to try to address that in the

15   way we did the jury verdict form, and in the response to this

16   question.

17           So unless you have something specific, then I'm going

18   to go answer this question.

19           MR. SHAPIRO:  Okay.  Well, I have nothing further.

20           THE COURT:  Okay.  Thank you.  We will see you all in

21   the courtroom.

22           (Recess taken.)

23

24                   (JURY ENTERS THE COURTROOM.)

25           THE COURT:  Be seated.  Good afternoon, ladies and

1    gentlemen of the jury.

2            Have you reached a verdict on Stage 2 of the trial?

3            JURORS:  Yes, we have.

4            THE COURT:  Would you please hand the verdict to the

5    deputy.

6            Would you please read the verdict.

7            CASE MANAGER:  Jury Verdict Form - Stage 2.

8            Plaintiffs' Claims.

9            CLAIM ONE:  All Plaintiffs.

10           Trafficking Victims Protection Act - Signal.

11           A.  Compensatory Damages.

12               Please enter the amount of compensatory damages you

13   award, if any, for Signal's violation of the Trafficking

14   Victims Protection Act:

15           Plaintiff 1:  Sony Sulekha: $40,000.

16           Plaintiff 2:  Jacob Joseph Kadakkarappally:  $40,000.

17           Plaintiff 3:  Palanyandi Thangamani:  $175,000.

18           Plaintiff 4:  Andrews Isaac Padavettiyil: $175,000.

19           Plaintiff 5:  Hemant Khuttan: $175,000.

20           B.  Punitive Damages.

21               Do you find from a preponderance of the evidence

22   that Signal acted with malice or reckless indifference when it

23   subjected any Plaintiff to forced labor?

24           Plaintiff One:  Yes.

25           Two:  Yes.

```
 1              Three:  Yes.

 2              Four:  Yes.

 3              Five:  Yes.

 4                   Do you find from a preponderance of the evidence

 5      that Signal acted with malice or reckless indifference when it

 6      trafficked any Plaintiff for forced labor?

 7              One:  Yes.

 8              Two:  Yes.

 9              Three:  Yes.

10              Four:  Yes.

11              Five:  Yes.

12                   Please enter the amount of punitive damages below

13      for that Plaintiff.

14              One:  $400,000.

15              Two:  $400,000.

16              Three:  $400,000.

17              Four:  $400,000.

18              Five:  $400,000.

19              Trafficking Victims Protection Act - Malvern C.

20      Burnett.  ("Burnett.")

21              A.  Compensatory Damages.

22                   Please enter the amount of compensatory damages you

23      award, if any, for Burnett's violation of the Trafficking

24      Victims Protection Act.

25              One:  0.
```

1        Two:  0.

2        Three:  0.

3        Four:  0.

4        Five:  0.

5        B.   Punitive Damages.

6            1.   Do you find from a preponderance of the

7    evidence that Burnett acted with malice or reckless

8    indifference when he subjected any Plaintiff to forced labor?

9            No response given.

10           2.   Do you find from a preponderance of the

11   evidence that Burnett acted with malice or reckless

12   indifference when he trafficked any Plaintiff for forced labor?

13           No response given.

14           Please enter the amount of punitive damages below

15   for that Plaintiff.

16           No response given.

17           Trafficking Victims Protection Act - Law Offices of

18   Malvern C. Burnett, APC ("Burnett Law Offices")

19       A.   Compensatory Damages.

20           Please enter the amount of compensatory damages you

21   award, if any, for Burnett Law Offices's violation of the

22   Trafficking Victims Protection Act.

23       One:  $20,000.

24       Two:  $40,000.

25       Three:  $20,000.

1          Four:  $40,000.

2          Five:  $20,000.

3          B.   Punitive Damages.

4               Do you find from a preponderance of the evidence

5     that Burnett Law Offices acted with malice or reckless

6     indifference when it subjected any Plaintiff to forced labor?

7          One:  Yes.

8          Two:  Yes.

9          Three:  Yes.

10         Four:  Yes.

11         Five:  Yes.

12              2.   Do you find from a preponderance of the

13    evidence that Burnett Law Offices acted with malice or reckless

14    indifference when it trafficked any Plaintiff for forced labor?

15         One:  Yes.

16         Two:  Yes.

17         Three:  Yes.

18         Four:  Yes.

19         Five:  Yes.

20              Please enter the amount of punitive damages below

21    for that Plaintiff:

22         One:  $100,000.

23         Two:  $100,000.

24         Three:  $100,000.

25         Four:  $100,000.

1          Five:  $100,000.

2          Trafficking Victims Protection Act - Sachin Dewan

3     ("Dewan")

4          A.   Compensatory Damages.

5               Please enter the amount of compensatory damages you

6     award, if any, for Dewan's violation of the Trafficking Victims

7     Protection Act.

8          One:  0.

9          Two:  0.

10         Three:  0.

11         Four:  0.

12         Five:  0.

13         B.   Punitive Damages.

14              1.   Do you find from a preponderance of the

15    evidence that Dewan acted with malice or reckless indifference

16    when he subjected any Plaintiff to forced labor?

17         No response given.

18              2.   Do you find from the preponderance of the

19    evidence that Dewan acted with malice or reckless indifference

20    when he trafficked any Plaintiff for forced labor?

21         No response given.

22              Please enter the amount of punitive damages below

23    for that Plaintiff.

24         No response given.

25         Trafficking Victims Protection Act - Dewan Consultants

1    Pvt. Ltd. (Also known as Medtech Consultants) ("Dewan

2    Consultants.")

3            A.   Compensatory Damages.

4                 Please enter the amount of compensatory damages you

5    award, if any, for Dewan Consultants's violation of the

6    Trafficking Victims Protection Act.

7            One:  $20,000.

8            Two:  $40,000.

9            Three:  $20,000.

10           Four:  $40,000.

11           Five:  $20,000.

12           B.   Punitive Damages.

13               1.   Do you find from a preponderance of the

14   evidence that Dewan Consultants acted with malice or reckless

15   indifference when it subjected any Plaintiff to forced labor?

16           One:  Yes.

17           Two:  Yes.

18           Three:  Yes.

19           Four:  Yes.

20           Five:  Yes.

21               2.   Do you find from a preponderance of the

22   evidence that Dewan Consultants acted with malice or reckless

23   indifference when it trafficked any Plaintiff for forced labor?

24           One:  Yes.

25           Two:  Yes.

1          Three:  Yes.

2          Four:  Yes.

3          Five:  Yes.

4               Please enter the amount of punitive damages below

5     for that Plaintiff.

6          One:  $100,000.

7          Two:  $100,000.

8          Three:  $100,000.

9          Four:  $100,000.

10          Five:  $100,000.

11          CLAIM TWO:  All Plaintiffs.

12               Discriminatory terms and conditions of employment -

13     Signal.

14          A.  Compensatory Damages.

15               1.  Please enter the amount of compensatory damages

16     you award, if any, for Signal's discriminatory terms and

17     conditions of employment:

18          One:  $25,275.

19          Two:  $21,385.

20          Three:  $102,812.

21          Four:  $103,475.

22          Five:  $91,880.

23               2.  Now consider the amount of compensatory damages

24     awarded above, if any, in light of the compensatory damages

25     awarded for any other claim.

1              One:   $21,600.

2              Two:   $18,200.

3              Three:   $87,600.

4              Four:   $90,000.

5              Five:   $80,400.

6              B.   Punitive Damages.

7                   Do you find from a preponderance of the evidence

8       that Signal acted with malice or reckless indifference when it

9       subjected any Plaintiff to discriminatory terms and conditions

10      of employment?

11             One:   Yes.

12             Two:   Yes.

13             Three:   Yes.

14             Four:   Yes.

15             Five:   Yes.

16                  Please enter below the amount of punitive damages

17      for that Plaintiff.

18             One:   $200,000.

19             Two:   $200,000.

20             Three:   $200,000.

21             Four:   $200,000.

22             Five:   $200,000.

23             Harassing Living Conditions - Signal.

24             A.   Compensatory Damages.

25                  1.   Please enter the amount of compensatory damages

1    you award, if any, for Signal's harassing living conditions.

2            One:  $25,275.

3            Two:  $21,385.

4            Three:  $102,812.

5            Four:  $103,475.

6            Five:  $91,880.

7                2.  Now consider the amount of compensatory damages

8    awarded above, if any, in light of the compensatory damages

9    awarded for any other claim.

10           One:  $21,600.

11           Two:  $18,200.

12           Three:  $87,600.

13           Four:  $90,000.

14           Five:  $80,400.

15           B.  Punitive Damages.

16               Do you find from a preponderance of the evidence

17   that Signal acted with malice or reckless indifference when it

18   subjected any Plaintiff to harassing living conditions?

19           One:  Yes.

20           Two:  Yes.

21           Three:  Yes.

22           Four:  Yes.

23           Five:  Yes.

24               Please enter below the amounts of punitive damages

25   for that Plaintiff:

1          One:  $200,000.

2          Two:  $200,000.

3          Three:  $200,000.

4          Four:  $200,000.

5          Five:  $200,000.

6          CLAIM THREE:  Plaintiff Jacob Joseph Kadakkarappally

7     ("Mr. Jacob")

8          Retaliation - Signal.

9          A.   Compensatory Damages.

10              Please enter the amount of compensatory damages you

11    award, if any, for Signal's unlawful retaliation:

12          Jacob Joseph Kadakkarappally:  $150,000.

13          B.   Punitive Damages.

14              Has Mr. Jacob proven by a preponderance of the

15    evidence that Signal acted with malice or reckless indifference

16    to his right to be free from lawful retaliation?

17          Yes.

18              Please enter the amount of punitive damages:

19          Mr. Jacob:  $450,000.

20          CLAIM FOUR:  All Plaintiffs.

21          RICO - Signal.

22          Compensatory Damages.

23              1.  Please enter the amount of compensatory damages

24    you award, if any, for Signal's RICO violations.

25          One:  $20,000.

1          Two:  $20,000.

2          Three:  $30,000.

3          Four:  $28,000.

4          Five:  $31,000.

5               Now consider the amount of compensatory damages

6     awarded above, if any, in light of the compensatory damages

7     awarded for any other claim.

8          One:  0.

9          Two:  0.

10         Three:  0.

11         Four:  0.

12         Five:  0.

13         RICO - Malvern C. Burnett ("Burnett.")

14         Compensatory Damages.

15               Please enter the amount of compensatory damages you

16    award, if any, for Burnett's RICO violations.

17         One:  0.

18         Two:  0.

19         Three:  0.

20         Four:  0.

21         Five:  0.

22               Now consider the amount of compensatory damages

23    awarded above, if any, in light of the compensatory damages

24    awarded for any other claim.

25         One:  0.

1          Two:  0.

2          Three:  0.

3          Four:  0.

4          Five:  0.

5          RICO - Law Offices of Malvern C. Burnett, APC ("Burnett

6     Law Offices")

7          Compensatory damages.

8               1.  Please enter the amount of compensatory damages

9     you award, if any, for Burnett Law Offices's RICO violations:

10          One:  $20,000.

11          Two:  $20,000.

12          Three:  $20,000.

13          Four:  $20,000.

14          Five:  $20,000.

15               Now consider the amount of compensatory damages

16     awarded above, if any, in light of the compensatory damages

17     awarded for any other claim.

18          One:  0.

19          Two:  0.

20          Three:  0.

21          Four:  0.

22          Five:  0.

23          RICO - Sachin Dewan ("Dewan")

24          Compensatory Damages.

25               1.  Please enter the amount of compensatory damages

1    you award, if any, for Dewan's RICO violations.

2         One:  0.

3         Two:  0.

4         Three:  0.

5         Four:  0.

6         Five:  0.

7              Now consider the amount of compensatory damages

8    awarded above, if any, in light of the compensatory damages

9    awarded for any other claim.

10        One:  0.

11        Two:  0.

12        Three:  0.

13        Four:  0.

14        Five:  0.

15        RICO - Dewan Consultants Pvt. Ltd. (Also known as

16   Medtech Consultants) ("Dewan Consultants")

17        Compensatory Damages.

18             1.  Please enter the amount of compensatory damages

19   you award, if any, for Dewan Consultants's RICO violations:

20        One:  $20,000.

21        Two:  $20,000.

22        Three:  $20,000.

23        Four:  $20,000.

24        Five:  $20,000.

25             Now consider the amount of compensatory damages

1    awarded above, if any, in light of the compensatory damages

2    awarded for any other claim.

3            One:  0.

4            Two:  0.

5            Three:  0.

6            Four:  0.

7            Five:  0.

8            CLAIM FIVE:  All Plaintiffs.

9            Fraud - Signal.

10           Compensatory Damages.

11               1.  Please enter the amount of compensatory damages

12    you award, if any, for Signal's fraudulent conduct.

13           One:  $20,000.

14           Two:  $20,000.

15           Three:  $30,000.

16           Four:  $28,000.

17           Five:  $31,000.

18               Now consider the amount of compensatory damages

19    awarded above, if any, in light of the compensatory damages

20    awarded for any other claim.

21           One:  0.

22           Two:  0.

23           Three:  0.

24           Four:  0.

25           Five:  0.

1      Fraud - Malvern C. Burnett ("Burnett")

2      Compensatory Damages.

3          1.  Please enter the amount of compensatory damages

4    you award, if any, for Burnett's fraudulent conduct:

5      One:  0.

6      Two:  0.

7      Three:  0.

8      Four:  0.

9      Five:  0.

10         Now consider the amount of compensatory damages

11   awarded above, if any, in light of the compensatory damages

12   awarded for any other claim.

13     One:  0.

14     Two:  0.

15     Three:  0.

16     Four:  0.

17     Five:  0.

18     Fraud - Law Offices of Malvern C. Burnett, APC

19   ("Burnett Law Offices.")

20     Compensatory Damages.

21         1.  Please enter the amount of compensatory damages

22   you award, if any, for Burnett Law Offices's fraudulent

23   conduct:

24     One:  $20,000.

25     Two:  $20,000.

1          Three:  $20,000.

2          Four:  $20,000.

3          Five:  $20,000.

4              Now consider the amount of compensatory damages

5      awarded above, if any, in light of the compensatory damages

6      awarded for any other claim.

7          One:  0.

8          Two:  0.

9          Three:  0.

10         Four:  0.

11         Five:  0.

12         Fraud - Sachin Dewan ("Dewan")

13         Compensatory Damages.

14             1.  Please enter the amount of compensatory damages

15     you award, if any, for Dewan's fraudulent conduct:

16         One:  0.

17         Two:  0.

18         Three:  0.

19         Four:  0.

20         Five:  0.

21             2.  Now consider the amount of compensatory damages

22     awarded above, if any, in light of the compensatory damages

23     awarded for any other claim.

24         One:  0.

25         Two:  0.

1      Three:  0.

2      Four:  0.

3      Five:  0.

4      Fraud - Dewan Consultants Pvt. Ltd. (Also known as

5  Medtech Consultants) ("Dewan Consultants")

6      Compensatory Damages.

7          1.  Please enter the amount of compensatory damages

8  you award, if any, for Dewan Consultants's fraudulent conduct:

9      One:  $20,000.

10     Two:  $20,000.

11     Three:  $20,000.

12     Four:  $20,000.

13     Five:  $20,000.

14         Now consider the amount of compensatory damages

15  awarded above, if any, in light of the compensatory damages

16  awarded for any other claim.

17     One:  0.

18     Two:  0.

19     Three:  0.

20     Four:  0.

21     Five:  0.

22     CLAIM SEVEN:  All Plaintiffs against Signal, Burnett,

23  and Dewan.

24     Breach of Contract or Promissory Estoppel - Signal.

25     A.  Compensatory Damages.

OFFICIAL TRANSCRIPT

1          Please enter the amount of compensatory damages you

2      award, if any, for Signal's breach of contract and/or

3      promissory estoppel:

4              One:  $500,000.

5              Two:  $500,000.

6              Three:  $500,000.

7              Four:  $500,000.

8              Five:  $500,000.

9          Now consider the amount of compensatory damages

10     awarded above, if any, in light of the compensatory damages

11     awarded for any other claim.

12             One:  $500,000.

13             Two:  $500,000.

14             Three:  $500,000.

15             Four:  $500,000.

16             Five:  $500,000.

17             Punitive Damages.

18         Do you find from a preponderance of the evidence

19     that Signal acted with malice or reckless indifference with

20     respect to the breach of contract and/or promissory estoppel

21     claim?

22             One:  Yes.

23             Two:  Yes.

24             Three:  Yes.

25             Four:  Yes.

1          Five:  Yes.

2              Please enter below the amount of punitive damages

3     for that Plaintiff:

4          One:  $500,000.

5          Two:  $500,000.

6          Three:  $500,000.

7          Four:  $500,000.

8          Five:  $500,000.

9          Breach of contract or Promissory Estoppel - Malvern C.

10    Burnett ("Burnett.")

11         A.  Compensatory Damages.

12             1.  Please enter the amount of compensatory damages

13    you award, if any, for Burnett's breach of contract and/or

14    promissory estoppel:

15         One:  0.

16         Two:  0.

17         Three:  0.

18         Four:  0.

19         Five:  0.

20             Now consider the amount of compensatory damages

21    awarded above, if any, in light of the compensatory damages

22    awarded for any other claim.

23         One:  0.

24         Two:  0.

25         Three:  0.

1     Four:  0.

2     Five:  0.

3     Punitive Damages.

4         Do you find from a preponderance of the evidence

5     that Burnett acted with malice or reckless indifference with

6     respect to the breach of contract and/or promissory estoppel

7     claim?

8         No response given.

9         Please enter below the amount of punitive damages

10    for that Plaintiff.

11        No response given.

12        Breach of Contract or Promissory Estoppel - Law Offices

13    of Malvern C. Burnett, APC ("Burnett Law Offices.")

14        A.  Compensatory Damages.

15        1.  Please enter the amount of compensatory damages

16    you award, if any, for Burnett Law Offices's breach of contract

17    and/or promissory estoppel:

18        One:  $5,000.

19        Two:  $5,000.

20        Three:  $5,000.

21        Four:  $5,000.

22        Five:  $5,000.

23        Now consider the amount of compensatory damages

24    awarded above, if any, in light of the compensatory damages

25    awarded for any other claim.

1          One:  $5,000.

2          Two:  $5,000.

3          Three:  $5,000.

4          Four:  $5,000.

5          Five:  $5,000.

6          Punitive Damages.

7               Do you find from a preponderance of the evidence

8     that Burnett Law Offices acted with malice or reckless

9     indifference with respect to the breach of contract and/or

10    promissory estoppel claim?

11         One:  Yes.

12         Two:  Yes.

13         Three:  Yes.

14         Four:  Yes.

15         Five:  Yes.

16              Please enter below the amount of punitive damages

17    for that Plaintiff:

18         One:  $10,000.

19         Two:  $10,000.

20         Three:  $10,000.

21         Four:  $10,000.

22         Five:  $10,000.

23         Breach of Contract or Promissory Estoppel - Sachin

24    Dewan ("Dewan")

25         A.  Compensatory Damages.

                    OFFICIAL TRANSCRIPT

1              1.  Please enter the amount of compensatory damages

2     you award, if any, for Dewan's breach of contract and/or

3     promissory estoppel:

4              One:  0.

5              Two:  0.

6              Three:  0.

7              Four:  0.

8              Five:  0.

9              Now consider the amount of compensatory damages

10    awarded above, if any, in light of the compensatory damages

11    awarded for any other claim.

12             One:  0.

13             Two:  0.

14             Three:  0.

15             Four:  0.

16             Five:  0.

17             Punitive Damages.

18             Do you find from a preponderance of the evidence

19    that Dewan acted with malice or reckless indifference with

20    respect to the breach of contract and/or promissory estoppel

21    claim?

22             No response given.

23             Please enter below the amount of punitive damages

24    for that Plaintiff.

25             No response given.

OFFICIAL TRANSCRIPT

1          Breach of Contract or Promissory Estoppel - Dewan

2     Consultants Pvt. Ltd. (Also known as Medtech Consultants)

3     ("Dewan Consultants")

4          A.   Compensatory Damages.

5          1.   Please enter the amount of compensatory damages

6     you award, if any, for Dewan Consultants's breach of contract

7     and/or promissory estoppel:

8          One:  $5,000.

9          Two:  $5,000.

10         Three:  $5,000.

11         Four:  $5,000.

12         Five:  $5,000.

13         Now consider the amount of compensatory damages

14    awarded above, if any, in light of the compensatory damages

15    awarded for any other claim.

16         One:  $5,000.

17         Two:  $5,000.

18         Three:  $5,000.

19         Four:  $5,000.

20         Five:  $5,000.

21         B.   Punitive Damages.

22         Do you find from a preponderance of the evidence

23    that Dewan Consultants acted with malice or reckless

24    indifference with respect to the breach of contract and/or

25    promissory estoppel claim?

1          One:  Yes.

2          Two:  Yes.

3          Three:  Yes.

4          Four:  Yes.

5          Five:  Yes.

6                Please enter below the amount of punitive damages

7     for that Plaintiff.

8          One:  $10,000.

9          Two:  $10,000.

10         Three:  $10,000.

11         Four:  $10,000.

12         Five:  $10,000.

13         CLAIM EIGHT:  Plaintiff Jacob Joseph Kadakkarappally

14    ("Mr. Jacob") against Signal.

15         False Imprisonment.

16               Please enter the amount of compensatory damages you

17    award, if any, for Signal's false imprisonment of Mr. Jacob:

18         $150,000.

19         B.   Punitive Damages.

20               Has Mr. Jacob proven by preponderance of the

21    evidence that Signal acted with malice or reckless indifference

22    to his right to be free from false imprisonment?

23         Yes.

24               Please enter below the amounts of punitive damages:

25         $450,000.

1          CLAIM NINE:  Plaintiff Jacob Joseph Kadakkarappally

2     ("Mr. Jacob") against Signal.

3          Intentional infliction of Emotional Distress.

4               Please enter the amount of compensatory damages you

5     award, if any, for Signal's intentional infliction of emotional

6     distress on Mr. Jacob:

7          $150,000.

8          B.  Punitive Damages.

9               Has Mr. Jacob proven by a preponderance of the

10    evidence that Signal acted with malice or reckless indifference

11    to his right to be free from intentional infliction of

12    emotional distress?

13         Yes.

14              Please enter below the amount of punitive damages:

15         $450,000.

16              New Orleans, Louisiana, this 18th day of February

17    2015.  Signed by Trenease Knox, Foreperson.

18         Members of the jury, is this your verdict?

19         JURORS:  Yes.

20         THE COURT:  Does anyone wish to pole the jury?

21         MS. HANGARTNER:  No, Your Honor.

22         MR. SHAPIRO:  No, Your Honor.

23         MR. CERNIGLIA:  No, Your Honor.

24         THE COURT:  Thank you.  I want to thank the jury from

25    me and from the parties and from the lawyers and all of the

1    Court personnel.

2              You have been a pleasure to deal with.  You all have

3    always been on time, always alert and interested, and that is

4    all we can ask of you.

5              So I just want you to know how much we appreciate it.

6              I will never forget the looks on your faces when I told

7    you this was going to be a four- or 5-week trial.

8              But I hope that even though -- I'm sure it has been

9    inconvenient for many or probably all of you -- we do apologize

10   for that.

11             But it's so important that we have good citizens like

12   you all to participate in this process because it's important

13   to all of us.

14             You have every right to be proud of yourselves and the

15   duty that you performed for the Court.

16             So we're going to excuse you now.  I'm going to speak

17   with the lawyers for a minute, then I'm going to come back in

18   to the jury room to thank you personally for your service.

19             Oh, let me tell you one thing before you go.  Have a

20   seat.

21             I forgot something -- it's important.  As usual I

22   forgot something.

23             I want you to know that you don't have any obligation

24   to talk about this case with members of the press or anyone

25   else.

1        If you do not want to talk to the press or anyone else

2   and you are contacted by them, I recommend you immediately and

3   clearly advise the person that you don't want to discuss

4   anything about the case with anyone.

5        If, after advising a member of the press or anyone

6   else, you are further bothered or harassed by anyone seeking

7   the statement, please report that fact immediately to me and I

8   will take appropriate action.

9        In addition, I want you to know that attorneys and

10  parties to this action or anyone acting on their behalf are

11  prohibited from speaking with, examining, or interviewing any

12  juror except after obtaining leave of Court, from me.

13       If any attorney requests leave of Court, and I grant

14  it, the questions would be asked in my presence with all of the

15  attorneys present.

16       So you will know if someone, an attorney, or party

17  contacts you to talk to you that that means -- that would mean

18  that I had not authorized it because you will hear -- you will

19  have an order from me if you are to come to Court to talk to

20  anyone.

21       So, but that has to do with the attorneys and the

22  parties to the case.  They have to come to me first and get

23  leave of Court, and then I control the manner and the time and

24  the place.

25       But I do want to tell you, if you do decide to discuss

1   anything about your jury duty with anyone such as the press,

2   under no circumstances are you to discuss or in any way

3   disclose any statement made or incident that occurred during

4   the jury deliberations, the effect of anything on that juror or

5   another juror's vote, any juror's mental process concerning the

6   verdict or the specific vote of any juror other than yourself.

7          So again, I appreciate your service very much.  And we

8   hope you all have enjoyed it.

9

10                  (JURY EXITS THE COURTROOM.)

11

12          THE COURT:  All right.  Have a seat.  Is there anything

13   we need to discuss at this point?

14          MR. HOWARD:  Your Honor, just procedurally, given that

15   there are other plaintiffs still in the action in the FLSA

16   claims.

17          I assume the Court would want us to proceed under

18   Rule 54(b) to move to have this verdict rendered as a final

19   judgment.

20          THE COURT:  Right.  I was thinking about that before we

21   came back, and I didn't reach any conclusion about how exactly

22   to do all of this, but I do think you need to move and then we

23   need to discuss the form of the judgment and see if you all

24   have any disagreements about it, so please do.

25          MR. HOWARD:  We intend to do it promptly.  And I think

                         OFFICIAL TRANSCRIPT

1    that triggers a 14-day time period in which we will be making a

2    fee application.

3          Attorney's fees, under RICO are automatic but also

4    discretionary under some of the other claims as well, so we

5    will be making that submission to you as well.

6          I just wanted to give the Court a heads up.

7          THE COURT:  All right.  Thank you.

8          Anything else?

9          Okay.  Well thank you all very much for your courtesies

10   to me and professionalism.

11         And I'm going to go say -- just speak to the jury and

12   thank them for their services.  I know you would want me to do

13   that.

14         MR. HOWARD:  Your Honor, I know I speak for everybody,

15   but especially on behalf of my team, thank you very much for

16   having us in your Court.  It's been a privilege.

17         THE COURT:  Well, thank you all very much.

18         I enjoyed getting to know all of you better.

19         MS. HANGARTNER:  Thank you, Your Honor.

20

21                              *    *    *

22

23

24

25

1                    REPORTER'S CERTIFICATE

2

3         I, Terri A. Hourigan, Certified Realtime Reporter,

4    Official Court Reporter for the United States District Court,

5    Eastern District of Louisiana, do hereby certify that the

6    foregoing is a true and correct transcript to the best of my

7    ability and understanding from the record of the proceedings in

8    the above-entitled and numbered matter.

9

10

11                           *s/Terri A. Hourigan*_____

12                           Terri A. Hourigan, CRR, RPR
                             Certified Realtime Reporter
13                           Registered Professional Reporter
                             Official Court Reporter
14                           United States District Court
                             Terri_Hourigan@laed.uscourts.gov
15

16

17

18

19

20

21

22

23

24

25

                        OFFICIAL TRANSCRIPT