```
 1                IN THE UNITED STATES DISTRICT COURT FOR

 2                   THE EASTERN DISTRICT OF LOUISIANA

 3                            AT NEW ORLEANS

 4   KURIAN DAVID, et al.,              )
                                        )
 5                  Plaintiffs,         )
                                        )
 6          v.                          ) Case No. 08-1220 "E"
                                        ) February 4, 2015
 7   SIGNAL INTERNATIONAL, LLC, et al., ) Jury Trial, Day Sixteen
                                        ) Jury Charge Conference
 8                  Defendant.          ) Daily Copy Transcript
     _____)
     RELATED CASE:                      )
 9                                      )
     EQUAL EMPLOYMENT OPPORTUNITY       )
10   COMMISSION,                        )
                                        )
11                  Plaintiff,          )
                                        )
12          v.                          ) Case No. 12-557 "E"
                                        )
13   SIGNAL INTERNATIONAL, LLC, et al., )
                                        )
14                  Defendants.         )
     _____)
     RELATED CASE:                      )
15                                      )
     LAKSHMANAN PONNAYAN ACHARI, et al.,)
16                                      )
                    Plaintiff,          )
17                                      )
            v.                          ) Case No. 13-6218 "E"
18                                      )
     SIGNAL INTERNATIONAL, LLC, et al., )
19                                      )
                    Defendant.          )
20                                      )
                                        )
21   APPLIES TO:  DAVID (08-1220)       )
     _____)
22
                      TRANSCRIPT OF PROCEEDINGS
23
                 BEFORE THE HONORABLE SUSIE MORGAN
24
                    UNITED STATES DISTRICT JUDGE
25
```

```
 1    OFFICIAL COURT REPORTER:        SUSAN A. ZIELIE, RMR, FCRR
                                      HB-275
 2                                    500 Poydras Street
                                      New Orleans Louisiana 70130
 3                                    susan_zielie@laed.uscourts.gov
                                      laedcourtreporter@gmail.com
 4                                    504.589.7781

 5            Proceedings Recorded by Computer-aided Stenography

 6

 7    APPEARANCES:

 8    For Plaintiffs Salekha,         ALAN HOWARD, ESQ.
      Thangamani, Khuttan, Andrews    HUGH SANDLER, ESQ.
 9    and Kaddakkarappally:           MELIA AMAL BOUHABIB, ESQ.
                                      CHIENI SUZUKI, ESQ.
10                                    Crowell & Moring, LLP
                                      590 Madison Avenue
11                                    New York NY 10022
                                      212.803.4021
12
      For Plaintiffs SPLC:            DANIEL WERNER, ESQ.
13                                    NAOMI TSU, ESQ.
                                      KRISTI L. GRAUNKE, ESQ.
14                                    MORRIS S. DEES, ESQ.
                                      Southern Poverty Law Center
15                                    Immigrant Justice Project
                                      233 Peachtree Street NE
16                                    Atlanta GA 30303
                                      404.521.6700
17
                                      MEREDITH B. STEWART, ESQ.
18                                    Southern Poverty Law Center
                                      1055 St. Charles Avenue
19                                    Suite 505
                                      New Orleans LA 70130
20
                                      ANJALI J. NAIR, ESQ.
21                                    Southern Poverty Law Center
                                      400 Washington Avenue
22                                    Montgomery AL 36104

23                                    CHANDRA S. BHATNAGAR, ESQ.
                                      Human Rights Program -
24                                      American Civil Liberties Union
                                      125 Broad Street
25                                    18th Floor
                                      New York NY 10004
```

03:53PM

```
1    APPEARANCE - 2

2                                IVY O. SURIYOPAS, ESQ.
                                 DAHSONG KIM, ESQ.
3                                Asian American Legal Defense
                                  and Education Fund
4                                99 Hudson Street
                                 12th Floor
5                                New York NY 10013

6                                JOSEPH BJARNSON, ESQ.
                                 Sahn Ward Coschignano & Baker
7                                333 Earle Ovington Boulevard
                                 Suite 601
8                                Uniondale NY 11553

9                                TRACIE L. WASHINGTON
                                 Louisiana Justice Institute
10                               1631 Elysian Fields Avenue
                                 New Orleans LA 70117

11

12

13

14   For Defendant Signal:       ERIN CASEY HANGARTNER, ESQ.
                                 HAL D. UNGAR, ESQ.
15                               ELHAM RABBANI, ESQ,
                                 BRIAN ROUX, ESQ.
16                               LANCE RYDBERG, ESQ.
                                 ALAN WEINBERGER, ESQ.
17                               MITCHELL P. HASENKAMPF, ESQ.
                                 LAUREN MASUR DAVIS, ESQ.
18                               Hangartner Rydberg Terrell, LLC
                                 One Shell Square
19                               701 Poydras Street
                                 Suite 310
20                               New Orleans LA 70139

21                               PATRICIA BOLLMAN, ESQ.
                                 JAMES CORNBLATT, ESQ.
22                               Patricia Bollman, APLC
                                 3636 South I-10 Service Road W.
23                               Suite 200
                                 Metairie LA 70001

24

25
```

```
1    APPEARANCE - 3

2    For Defendant/Cross          STEPHEN SHAPIRO, ESQ.
     Defendant Dewan:             Stephen Shapiro, ESQ.
3                                 700 Camp Street
                                  New Orleans LA 70130
4

5    For Defendant Burnett:       TIM CERNIGLIA, ESQ.
                                  DANIEL BURAS, JR., ESQ.
6                                 Law Office of Tim Cerniglia
                                  1521 St. Charles Avenue
7                                 New Orleans LA 70130

8
     Unrepresented Defendants:    GLOBAL RESOURCES, INC.
9                                 MICHAEL POL
                                  J&M ASSOCIATES, INC.,
10                                   of MISSISSIPPI
                                  J&M MARINE & INDUSTRIAL, LLC
11                                BILLY R. WILKS
                                  INDO-AMERI SOFT, LLC
12                                KURELLA RAO

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            NEW ORLEANS, LOUISIANA; WEDNESDAY, FEBRUARY 4, 2015      05:25PM

 2                          5:58 P.M.                                  05:58PM

 3          THE COURT:  Good evening.                                  05:58PM

 4              Let's see, I've got the cross claim first in my        05:59PM

 5    hand.  So I am comparing what I had yesterday with what I had    05:59PM

 6    today.                                                           05:59PM

 7              I want to use the red language, so you can make        05:59PM

 8    these changes.  And in the first -- the first line says:  For    05:59PM

 9    Signal's claims of fraud.  Take that out.  And then make a       05:59PM

10    paragraph.                                                       05:59PM

11              Take out:  I order.  And put in:  F Signal to          05:59PM

12    establish a cause of action for fraud against defendants, it     05:59PM

13    must establish by clear and convincing evidence.                 05:59PM

14              Then, after the red, the sentence that says:  Each     05:59PM

15    of these elements must be proven by clear and convincing         05:59PM

16    evidence, can come out.                                          06:00PM

17              I think the next issue is the reputational harm,       06:00PM

18    attorneys' fees we talked about yesterday, which I haven't had a 06:00PM

19    chance to look at.  So that has to stay in.                      06:00PM

20              The blue, the paragraph, what's the dispute about      06:00PM

21    that?  The one that starts:  If Signal wins on its cross claim.  06:00PM

22          MR. HASENKAMPF:  That is alternative for the               06:00PM

23    compensatory damages language.                                   06:00PM

24          THE COURT:  Okay.  So you'll have to wait and see how      06:00PM

25    it comes out.                                                    06:00PM
```

1    MR. HASENKAMPF:  One other change I made to Signal's    06:00PM

2  detriment was I did clear and convincing evidence for damages    06:00PM

3  because everything I saw was everything for fraud has to be    06:00PM

4  proven by clear and convincing evidence.    06:00PM

5    THE COURT:  Isn't that already up in the first, in the    06:00PM

6  beginning now?  I mean, there's not a separate burden of proof    06:01PM

7  for damages.    06:01PM

8    MR. HASENKAMPF:  Correct.    06:01PM

9    THE COURT:  So we just say clear and convincing at the    06:01PM

10  top.  So you can take that out.    06:01PM

11    I'll think about that, but usually we don't have a    06:01PM

12  different standard.  We haven't been saying a standard for    06:01PM

13  establishing your claim and then proving your damages.    06:01PM

14    MR. HASENKAMPF:  It threw me for a loop when you    06:01PM

15  brought it up yesterday.    06:01PM

16    THE COURT:  Yeah.  Okay.    06:01PM

17    And then let's -- I'm going to turn to the jury    06:01PM

18  verdict form for that.    06:01PM

19    Cross claim 1, fraud.  So it is just Malvern    06:02PM

20  Burnett?    06:02PM

21    MR. HASENKAMPF:  We broke three out, so we did a    06:02PM

22  separate form for each.  So -- because we threw around a couple    06:02PM

23  other ideas.    06:02PM

24    THE COURT:  When we've -- go to the next claim.  Have    06:02PM

25  we been doing that in caps or bold or something?    06:02PM

7

```
1              LAW CLERK:  Italics.                              06:02PM

2              THE COURT:  Just for purposes of getting this as  06:02PM

3    consistent as we can, if you'd put the next claim, put that in  06:02PM

4    italics and put -- I'm going to put:  on page blank, and at the  06:03PM

5    end we're going to put page numbers.                      06:03PM

6              So this next cross claim, actually, it should say,  06:03PM

7    proceed to the next cross claim on page blank.            06:03PM

8              All right.  On damages.  I guess we covered the  06:03PM

9    kinds of damages that were recoverable in the instructions.  06:03PM

10   Okay.                                                     06:03PM

11             And when you got to -- so you did Gulf Coast and  06:03PM

12   the law office.                                           06:04PM

13        MR. HASENKAMPF:  Correct.                            06:04PM

14             The same thing for Dewan and Dewan Consultants.  06:04PM

15             THE COURT:  Okay.  So you can make those changes for  06:04PM

16   them.                                                     06:04PM

17             You know, I never heard of this MedTech          06:04PM

18   Consultants.  Was that in the past that people used that?  06:04PM

19        MR. HASENKAMPF:  That was a --                       06:04PM

20        MR. WERNER:  It's a d/b/a.                           06:04PM

21        MR. SHAPIRO:  I've never known why it's been used    06:04PM

22   either.                                                   06:04PM

23        THE COURT:  Take that out.                           06:04PM

24        MR. HASENKAMPF:  Are you taking out MedTech?         06:04PM

25        THE COURT:  Take out a/k/a MedTech Consultants, because  06:04PM
```

8

1   nobody's ever said that.  That's just confusing.                      06:04PM

2              Okay.  Then cross claim 2.                                 06:04PM

3              And am I right that, in 1, there's no agency              06:05PM

4   implication and there's no comparative fault?  Because I don't       06:05PM

5   see anything about it.                                               06:05PM

6         MR. HASENKAMPF:  We don't allege any, and we haven't          06:05PM

7   received anything.  I mean, any language.                            06:05PM

8         THE COURT:  You're not holding somebody liable on the         06:05PM

9   basis of agency?                                                     06:05PM

10        MR. HASENKAMPF:  Correct.                                      06:05PM

11        THE COURT:  And you don't think -- so -- and you're           06:05PM

12  just saying each person's own fraud and the damages as a result     06:05PM

13  of that fraud.                                                       06:05PM

14             All right.  Breach of fiduciary duty, let's see          06:05PM

15  what you put.  How about:  Signal alleges that Malvern Burnett,     06:05PM

16  Gulf Coast, et cetera, breached their fiduciary duty?               06:06PM

17        MR. CERNIGLIA:  That makes it sound as if it was             06:06PM

18  decided there was a fiduciary duty.                                  06:06PM

19        THE COURT:  Do we have an instruction about fiduciary        06:06PM

20  duty?                                                                06:06PM

21             Signal alleges that they have -- that Malvern           06:06PM

22  Burnett had a fiduciary duty and -- had and breached.               06:06PM

23        MR. CERNIGLIA:  That's fine.  That would work.               06:06PM

24             This sentence:  Signal must prove by clear and          06:06PM

25  convincing evidence, doesn't that go before?  Doesn't that go      06:06PM

```
 1   before where you say what the allegations are?              06:06PM
 2            MR. HASENKAMPF:  It is.                             06:07PM
 3                 (Discussion held off the record.)             06:07PM
 4            THE COURT:  So, Mitch, the first one Signal alleges, 06:07PM
 5   wouldn't it be:  Signal must prove each of the following     06:07PM
 6   elements by clear and convincing evidence:                   06:07PM
 7                 That, one, the existence of an attorney-client 06:07PM
 8   relationship.                                                06:07PM
 9                 See what I'm saying?  First paragraph:  Signal 06:07PM
10   alleges.                                                     06:07PM
11                 Second:  Signal must prove each of the following 06:07PM
12   elements by clear and convincing evidence:                   06:07PM
13                 One, the existence of an attorney-client       06:07PM
14   relationship.                                                06:07PM
15            MR. HASENKAMPF:  Correct, yes.  I like that.        06:07PM
16            THE COURT:  Because you start this sentence out saying: 06:07PM
17   When a legal malpractice claim.  Is that different from a breach 06:07PM
18   of fiduciary duty?                                           06:08PM
19            MR. HASENKAMPF:  No.  I think they are just two forms 06:08PM
20   of malpractice.                                              06:08PM
21            THE COURT:  So, here, we ought to say breach of     06:08PM
22   fiduciary duty, since that's what you're calling it.         06:08PM
23                 All right, we're going to take the sentence out 06:08PM
24   that's in blue about establishing damages by a preponderance of 06:08PM
25   the evidence.                                                06:08PM
```

1           The paragraph that you have at the end about

2  damages, that's in the general instructions already.  I'm on

3  page twenty-five:  If you decide to award compensatory.

4          MR. HASENKAMPF:  Correct.

5          THE COURT:  I think both of those paragraphs are in the

6  general damages.

7          MR. HASENKAMPF:  Yes.

8          THE COURT:  So I think those can come out.

9          But you know what?  Is there something that talks

10  about what damages you can recover?

11          MR. HASENKAMPF:  The grey language on page twenty-four.

12          THE COURT:  And the blue.  Okay.  So I'll have to look

13  at that.

14          And then, the verdict form, you did that in three

15  different ones also.

16          MR. HASENKAMPF:  Correct.

17          THE COURT:  And is this one on the verdict form you've

18  got clear and convincing, and that's what you had in the

19  instructions.  So those are right and match.

20          MR. HASENKAMPF:  Yes.

21          THE COURT:  And you're going to do the same thing about

22  next claim on page blank, you're going to make all that happen

23  consistent.

24          Four is in red:  If you found that Burnett

25  breached his fiduciary duty, do you find that Signal authorized

1    or ratified the conduct.                                          06:10PM

2              Who wants that language?                                06:10PM

3         MR. CERNIGLIA:  You can take that out, Your Honor.           06:10PM

4         THE COURT:  So we're going to take --                        06:10PM

5         MR. CERNIGLIA:  I think that would be a factual              06:10PM

6    question as to whether there was a breach or not.                 06:10PM

7         THE COURT:  Because this is breach of fiduciary duty         06:10PM

8    against Malvern Burnett.  So what's whether Signal ratified it    06:10PM

9    or not --                                                         06:10PM

10        MR. CERNIGLIA:  If the act that constitutes the alleged      06:10PM

11   breach was ratified.                                              06:10PM

12             But I think it's a factual question for the jury.       06:10PM

13        THE COURT:  Okay.  So you would say well, if that           06:10PM

14   happened, he didn't breach his duty, is what you're arguing.      06:11PM

15        MR. CERNIGLIA:  Right.  So it doesn't need to be in          06:11PM

16   there.                                                            06:11PM

17        THE COURT:  So you're going to take four out on each         06:11PM

18   one.  All right.                                                  06:11PM

19             And then, three, the instruction for cross claim        06:11PM

20   three, malpractice.                                               06:11PM

21             Is this another one where you have to say that          06:11PM

22   Signal alleges that Burnett had a duty of care and breached it?   06:11PM

23   You know, like you did the fiduciary duty?                        06:12PM

24        MR. HASENKAMPF:  I don't think so.                           06:12PM

25        MR. CERNIGLIA:  This is fine.  Like I said, alleges          06:12PM

```
 1   breach of duty of care.                                    06:12PM

 2          THE COURT:  How about breached its duty of care?    06:12PM

 3              I think you've got to get in there is it's       06:12PM

 4   attorney.  Alleges Burnett breached his duty of care as attorney  06:12PM

 5   or something.  This doesn't really -- you know, I think -- work  06:12PM

 6   on that.  That bothers me somehow.  Add attorney somewhere.  06:12PM

 7              All right, so then don't we need the sentence that  06:13PM

 8   says:  To recover, Signal has to prove by a preponderance of the  06:13PM

 9   evidence.                                                  06:13PM

10        MR. HASENKAMPF:  Yes.  And we had that, and I don't   06:13PM

11   object to that.  That, that is for the entire paragraph.   06:13PM

12          THE COURT:  Okay.  So that -- I think that would go  06:13PM

13   first.  I mean, that would be the second paragraph.        06:13PM

14              And then so what's -- who wanted the third -- Tim,  06:13PM

15   did you want that?  Wouldn't that go under the --          06:13PM

16        MR. CERNIGLIA:  Yeah, I think that should go under --  06:13PM

17          THE COURT:  So we'll move those.                    06:13PM

18        MR. CERNIGLIA:  The one that says:  Attorney owes a   06:13PM

19   duty to act with the same knowledge, skill and acts, and then  06:13PM

20   what legal malpractice is.                                 06:13PM

21              But I don't know what the next thing is.  It's so  06:13PM

22   hard for me to read this when put in red.  When you're     06:13PM

23   colorblind, it all seems one color.                        06:14PM

24          THE COURT:  You all have to put it in another color for  06:14PM

25   Tim.                                                       06:14PM
```

1    MR. CERNIGLIA:  I don't think you need this thing about    06:14PM

2  negligence -- negligent.  We just talked about the duty above;    06:14PM

3  right?    06:14PM

4    THE COURT:  I guess that is, failing to do that is    06:14PM

5  negligence.    06:14PM

6    MR. CERNIGLIA:  Right.    06:14PM

7    MR. HASENKAMPF:  I just think, duty of care, that there    06:14PM

8  should be some flesh to it, since I borrowed stock language from    06:14PM

9  the pattern instructions.    06:14PM

10    MR. CERNIGLIA:  I don't have a problem with it if you    06:14PM

11  want to put it second in there.    06:14PM

12    THE COURT:  Okay, so we're going to put that in there.    06:14PM

13    Let's see what the verdict form looks like.    06:14PM

14    I think I asked you yesterday whether there was    06:15PM

15  language about did we need an instruction about what the    06:15PM

16  community is?  And I can't remember.    06:15PM

17    MR. HASENKAMPF:  I can add that.    06:15PM

18    THE COURT:  Look to see if that's something that's    06:15PM

19  defined.  Like I know, with doctors, it is.    06:15PM

20    MR. WEINBERGER:  Absolutely.    06:15PM

21    THE COURT:  And so it might be with lawyers.    06:15PM

22    MR. SHAPIRO:  I wonder if it's a community or    06:15PM

23  nationwide?    06:15PM

24    MR. WEINBERGER:  Local or -- local or national is    06:15PM

25  usually what is asked in medical malpractice.    06:15PM

```
 1              THE COURT:  So you all look at that.                06:15PM

 2              All right, cross claim 4, breach of contract.       06:16PM

 3              MR. HASENKAMPF:  There was a pretty significant change  06:16PM

 4   in this one in response to what the plaintiffs submitted.  But  06:16PM

 5   because we have very similar claims --                         06:16PM

 6              MR. SANDLER:  And, Your Honor, for breach of contract,  06:16PM

 7   we thought that, if it would be all right, one of plaintiffs'  06:16PM

 8   counsel would take part in the discussion.  Because it's the   06:16PM

 9   same --                                                        06:16PM

10              THE COURT:  Well, I wondered about that.  We wouldn't  06:16PM

11   want to tell them one thing under one and something under the  06:16PM

12   other.                                                         06:16PM

13              MR. SANDLER:  And so Meredith Stewart will go.      06:16PM

14              MR. HASENKAMPF:  I like most of their product.      06:16PM

15              Towards the end, there is some stuff that gets      06:16PM

16   into agency and plaintiffs' specific claims.                   06:17PM

17              But, for the most part, I took what they did.  The  06:17PM

18   vast majority of it is the same as what we did.               06:17PM

19              But I think, with respect to their quasi-contract   06:17PM

20   claims, I think they did that better than I had.  So I collapsed  06:17PM

21   that into the cross claim 4 as contract and quasi contract.    06:17PM

22              MR. CERNIGLIA:  Here's the thing that's confusing,  06:17PM

23   though.  It's the attorney-client contract you're alleging is  06:17PM

24   breached.  So, if you found the claim on two different causes of  06:17PM

25   action for the same act, I don't think that's right.  If the   06:17PM
```

1   contract you're alleging is breached is the attorney-client                          06:17PM

2   contract, then --                                                                     06:17PM

3           THE COURT:  Is that the same as malpractice?                                  06:17PM

4           MR. CERNIGLIA:  That's the same as malpractice.                               06:17PM

5           MR. HASENKAMPF:  I think there's a pretty -- a                                06:17PM

6   meritorious claim argument that the only contract -- or the                          06:17PM

7   first contract between Burnett and Signal was in December of                         06:18PM

8   2006.                                                                                 06:18PM

9           We believe there were obligations from such, and                            06:18PM

10  arguably a contract.  But, to the extent one of the contract                         06:18PM

11  elements, such as an offer, acceptance or consideration, were                        06:18PM

12  not met, we believe those promises should be enforced via                            06:18PM

13  promissory estoppel.                                                                  06:18PM

14          THE COURT:  So you're saying he breached it by                               06:18PM

15  committing malpractice.                                                               06:18PM

16          And what was the malpractice?  What was it?  That                            06:18PM

17  reasonable standard of care as to what?                                              06:18PM

18          MR. HASENKAMPF:  As to informing Signal on immigration                       06:18PM

19  matters.                                                                              06:18PM

20          THE COURT:  But isn't that the same thing that was the                       06:18PM

21  subject of the contract?  I mean, what's the difference between                      06:18PM

22  what he did when he breached the contract that was different                         06:18PM

23  from what he did when he committed malpractice?  Kind of like a                      06:18PM

24  special kind of contract, it's not just a contract -- I don't                        06:19PM

25  know.  All breaches of contract are torts.                                           06:19PM

```
 1              MR. HASENKAMPF:  Right.                            06:19PM

 2         THE COURT:  Because it's a wrongful act.               06:19PM

 3         MR. HASENKAMPF:  We think the obligations would be     06:19PM

 4    limited to what comes from the Global relationship.  And I think  06:19PM

 5    the starting point would be the April of 2006 Global agreement   06:19PM

 6    that says -- that first says:  Global will provide you an        06:19PM

 7    immigration attorney.  And to the extent that provides           06:19PM

 8    obligations on an immigration attorney to Signal which were --   06:19PM

 9    which the parties later acknowledged.                            06:19PM

10         THE COURT:  Was there a contract between Signal and    06:19PM

11    Burnett for legal services?                                      06:19PM

12         MR. HASENKAMPF:  Not until December of 2006.           06:19PM

13         THE COURT:  But, before December 2006, he was actually 06:19PM

14    providing services to you?                                       06:19PM

15         MR. CERNIGLIA:  They were providing services under the 06:20PM

16    global agreement, which would be the fiduciary duty aspect.      06:20PM

17         MR. SHAPIRO:  Not only that; but, if I understood Mitch 06:20PM

18    correctly last evening, the third-party beneficiary claim is     06:20PM

19    gone.                                                            06:20PM

20              So, to the extent that Signal is claiming any kind 06:20PM

21    of third-party beneficiary as a result of Pol's contract with    06:20PM

22    them, that claim is gone.                                        06:20PM

23         THE COURT:  But you're saying that he had a duty.  If  06:20PM

24    he was providing legal services to you, no matter what mechanism 06:20PM

25    it was through, he had a professional responsibility?           06:20PM
```

1    MR. HASENKAMPF:  Absolutely.  We think there was an    06:20PM

2  attorney-client relationship which relates to the fiduciary duty    06:20PM

3  claim and the malpractice.    06:20PM

4    THE COURT:  So Count 4 is before 2006?  And Count 3 is    06:20PM

5  after?  Because you're saying that only -- once you had a    06:20PM

6  contract with him, if he breached it, that seems like the same    06:20PM

7  claim to me as the malpractice claim.    06:21PM

8    MR. HASENKAMPF:  Correct.    06:21PM

9    THE COURT:  And you're saying, well, but I need to    06:21PM

10  get what happened before 2006 through Global, and we didn't have    06:21PM

11  a contract then; but I still think he had a responsibility to    06:21PM

12  me ...    06:21PM

13    MR. HASENKAMPF:  Right.  And we do think there were    06:21PM

14  promises.    06:21PM

15    THE COURT:  How is this different?  How is this    06:21PM

16  responsibility different before or after December 2006?    06:21PM

17    MR. HASENKAMPF:  I think the malpractice claim is    06:21PM

18  broader.  I think the duty of care with respect --    06:21PM

19    THE COURT:  Well, is Burnett claiming that there's a    06:21PM

20  difference in his obligation with respect to Signal before or    06:21PM

21  after December 2006?    06:21PM

22    MR. CERNIGLIA:  No.    06:21PM

23    MR. SANDLER:  And, Your Honor, I think I can maybe    06:21PM

24  help.  I've asked Burnett about this in a deposition because I    06:21PM

25  didn't understand it either.    06:21PM

1          And what happened was, when Pol was fired at the    06:21PM

2     end of November 2006, that underlying contract disintegrated.    06:21PM

3     Burnett's insurer said:  Wait, if you're going to continue with    06:21PM

4     Signal you need a direct contract with Signal.    06:22PM

5          So what I took from that is that Burnett's    06:22PM

6     insurer, malpractice or whatever insurer he had, understood the    06:22PM

7     Global contract to be the contractual relationship that Burnett    06:22PM

8     had with Signal.  And then, subsequent to Pol falling out, that    06:22PM

9     contract disintegrated.    06:22PM

10          THE COURT:  So it was more like an insurance    06:22PM

11     requirement than really having anything to do with Burnett's    06:22PM

12     obligation to Signal?    06:22PM

13          MR. SANDLER:  That's what Burnett said in his    06:22PM

14     deposition.    06:22PM

15          MR. CERNIGLIA:  I think the obligation is the same.    06:22PM

16          THE COURT:  I don't understand what you're getting at.    06:22PM

17     You think that malpractice is broader than the contract?  And I    06:22PM

18     I'm telling you, I think it's malpractice the whole time.    06:22PM

19          MR. HASENKAMPF:  It's difficult to imagine something    06:22PM

20     that would be a breach of contract on behalf of Burnett that    06:22PM

21     would not be malpractice.    06:22PM

22          THE COURT:  So this is what we're going to do:  You're    06:22PM

23     going to collapse that into one malpractice claim against    06:22PM

24     Burnett for the whole time, and we're taking out breach of    06:23PM

25     contract.    06:23PM

1          That's going to make it simpler and better.                06:23PM

2          MS. STEWART:  So, Your Honor, we can discuss our breach     06:23PM

3  of contract, since they're removing theirs?                        06:23PM

4          THE COURT:  Right.                                          06:23PM

5          Breach of contract, Dewan.  What number is -- what         06:23PM

6  claim is that?  You had breach of contract against Burnett and     06:23PM

7  Dewan?                                                             06:23PM

8          MR. HASENKAMPF:  Yeah.                                      06:23PM

9          THE COURT:  Because you had -- oh, well, we still do        06:23PM

10  have a breach of contract claim.  It's just against -- Meredith,   06:23PM

11  I spoke too soon.  We do have a breach of contract claim just      06:23PM

12  against Sachin Dewan.  So that's going to be claim 4.             06:23PM

13          Okay.  So the language with the document you gave          06:24PM

14  me today, the instructions, you modeled on what the plaintiffs     06:24PM

15  had proposed?                                                     06:24PM

16          MR. HASENKAMPF:  Yes.                                      06:24PM

17          THE COURT:  And have the other -- has everyone else        06:24PM

18  looked at it?                                                      06:24PM

19          MR. SHAPIRO:  I haven't gotten a copy of it yet.           06:24PM

20          MR. HASENKAMPF:  This was filed late.                      06:24PM

21          I took any objections the cross claim defendants           06:24PM

22  made to the plaintiffs' and copied them here, assuming they        06:24PM

23  would be the same.                                                06:24PM

24          THE COURT:  So it's basically the same as what you saw     06:24PM

25  from the plaintiffs, and he incorporated your objections.         06:24PM

```
 1              Do you have copies now of what I'm looking at?      06:24PM
 2         MR. SHAPIRO:  I think so.  Breach of contract and quasi  06:24PM
 3    contract.                                                     06:24PM
 4         THE COURT:  So now the first paragraph will be:  Signal  06:24PM
 5    alleges a breach of contract by Sachin Dewan and Dewan        06:24PM
 6    Consultants.                                                  06:25PM
 7              Where's the:  To recover, Signal has to prove by a  06:25PM
 8    preponderance of the evidence language?                       06:25PM
 9              Okay.  So I see it on the next page, on page        06:25PM
10    twenty-eight, the third or fourth paragraph:  To establish a  06:25PM
11    breach of contract, Signal has the burden of proving by a     06:25PM
12    preponderance of the evidence:  one, two, three.              06:25PM
13              So we're going to move that to the top.             06:25PM
14              (Discussion held off the record.)                  06:25PM
15         THE COURT:  So the page numbers might not match yours,   06:26PM
16    Steve, because they were printed at two different times.      06:26PM
17              But it's claim 4, breach of contract.  You found    06:26PM
18    it?                                                           06:26PM
19         MR. SHAPIRO:  I have it now, Your Honor.                 06:26PM
20         THE COURT:  So the first paragraph is just going to say  06:26PM
21    Dewan.                                                        06:26PM
22              The second paragraph is going to be:  To establish  06:26PM
23    a breach of contract, Signal has the burden of proving by a   06:26PM
24    preponderance of the evidence:  One, two, three.              06:26PM
25              Then we're going to go into the definitions.        06:26PM
```

```
 1              And then we've got some language in green.        06:26PM

 2              What's that issue?                               06:26PM

 3         MR. SHAPIRO:  I'll let Mitch speak to that.           06:26PM

 4         MR. HASENKAMPF:  This is new language.  This is catered 06:26PM

 5    to Signal's claims.  Plaintiffs have very similar language.  I 06:27PM

 6    marked that as green just as something --                  06:27PM

 7         THE COURT:  So it's based on the plaintiff?           06:27PM

 8         MR. HASENKAMPF:  Yes.                                 06:27PM

 9         THE COURT:  And what's the issue?                     06:27PM

10         MR. HASENKAMPF:  We are collapsing the promissory     06:27PM

11    estoppel claim into breach of contract.  To say that, if the 06:27PM

12    breach of contract claim fails for lack of consideration or 06:27PM

13    offer-acceptance, there may still be --                    06:27PM

14         THE COURT:  That's the blue; right?  Isn't that -- I'm 06:27PM

15    looking at the green.                                      06:27PM

16              Oh, that's where you're getting to the quasi     06:27PM

17    contract.                                                  06:27PM

18         MR. HASENKAMPF:  Right.  Blue is alternative language. 06:27PM

19         THE COURT:  And, Mitch, you proposed the green.       06:27PM

20              And the blue came from where?                    06:27PM

21         MR. HASENKAMPF:  The blue came directly from          06:27PM

22    plaintiffs' proposal, which already had been objected to.  So I 06:27PM

23    wanted to preserve the objection.                          06:28PM

24         THE COURT:  What was the basis of the objection by -- I 06:28PM

25    guess it's just Dewan now.                                 06:28PM
```

```
1              MR. SHAPIRO:  The objection -- well, I'm still      06:28PM

2    struggling with the notion of how a defense to a defense can be   06:28PM

3    a cause of action at all.  So I'm still quite confused about     06:28PM

4    that.                                                           06:28PM

5              And I think you pled -- Signal pled this under        06:28PM

6    Louisiana law as a cross claim.  Never amended.                 06:28PM

7              And, if you're saying that promissory estoppel        06:28PM

8    somehow either as a defense applies as a claim, I still don't   06:28PM

9    know how that can possibly be.                                  06:28PM

10             THE COURT:  So this is in your language also?        06:28PM

11             MS. STEWART:  Yes, Your Honor.                        06:29PM

12             And I can address Dewan's and Burnett's objection     06:29PM

13   on that point, if you would like.                               06:29PM

14             THE COURT:  Yeah.                                     06:29PM

15             MS. STEWART:  Or Mr. Hasenkampf.                      06:29PM

16             MR. HASENKAMPF:  You can take a shot at it.           06:29PM

17             MS. STEWART:  So what I understand Dewan and Burnett to   06:29PM

18   be saying is that plaintiffs cannot affirmatively plead a cause   06:29PM

19   of action for promissory estoppel under Mississippi law.        06:29PM

20             That's what I understood what you were arguing        06:29PM

21   last night at the charging conference.  That is incorrect.  I    06:29PM

22   have a number of cases with me here where plaintiffs            06:29PM

23   successfully pled promissory estoppel as an affirmative cause of   06:29PM

24   action.                                                         06:29PM

25             The case that were you relying on in your            06:29PM
```

1    objection, the *Thompson* case, pointed out that if plaintiffs          06:29PM

2    don't plead it affirmatively as a cause of action they can still        06:29PM

3    raise it as a defense to the defendants' statute of frauds or no         06:29PM

4    consideration defense to the contract.  So either one will work.        06:29PM

5              THE COURT:  Have you got copies of the cases?                  06:29PM

6              MS. STEWART:  I do.  I have them with me.                      06:29PM

7              THE COURT:  Can you give those to Philip?                      06:29PM

8              Are you aware of the cites for those?  Do you want             06:30PM

9    to write down the cites?                                                06:30PM

10             MR. SHAPIRO:  I'd like to get the cites.                       06:30PM

11             MS. STEWART:  I'm happy to send them to you.                   06:30PM

12             THE COURT:  So you can read those and see if that --           06:30PM

13             MR. CERNIGLIA:  I understand there were -- there is a          06:30PM

14   clause that Mississippi Supreme Court points out on promissory          06:30PM

15   estoppel that talks about promises to do something in the               06:30PM

16   future.                                                                 06:30PM

17             MS. STEWART:  Yeah.  And that was the second objection         06:30PM

18   that you had to the promissory estoppel language.  The first one        06:30PM

19   related to whether the plaintiffs can --                                06:30PM

20             MR. CERNIGLIA:  As I recall, it was the promissory            06:30PM

21   estopped and equitable estoppel are two included as part of the         06:30PM

22   affirmative defense with a similar name.  It's the similar names        06:30PM

23   that they pled as a cause of action, detrimental reliance.              06:31PM

24   Detrimental reliance.  That's what I think it would be.  I'm            06:31PM

25   getting so confused now.                                                06:31PM

MS. STEWART: Yes. They did plead detrimental reliance. 06:31PM

But I think what Mr. Hasenkampf has said, they're now pleading an alternative or folding it into their contract claim.

But, yes, detrimental reliance under Mississippi law is an element for the promissory estoppel.

THE COURT: So should there be two different claims?

MR. HASENKAMPF: Initially, we had set them up as two different cross claims. But, like I said, I think the detrimental reliance/promissory estoppel language fits better with the breach of contract claim. I think it's clearer.

And, as we discussed last night, at least my first draft was not very clear, and that was taken from the case law. And I think, when we present it in the same section as offer/acceptance consideration and then after considering the elements of breach of contract, say, if presented as if you find that the contract fails for some reason you can still find liability if you find these things.

THE COURT: And that's the way you've proposed it?

MR. HASENKAMPF: Yes.

MR. SHAPIRO: If you find reasonableness or you find reliance? I didn't get what you just said. If the contract fails, then what?

MR. HASENKAMPF: You can still find liability under a

```
 1    promissory estoppel theory.                                    06:32PM

 2         MR. SHAPIRO:  In other words, similar to detrimental      06:32PM

 3    reliance in the sense that there is a statement made that      06:32PM

 4    someone else relied on to their detriment.                     06:32PM

 5              And, if Meredith is correct in the cases, in other   06:32PM

 6    words, the Supreme Court case in Mississippi that says something 06:32PM

 7    like promissory estoppel is most definitely a valid affirmative 06:32PM

 8    claim.                                                         06:33PM

 9         MS. STEWART:  Yes.                                        06:33PM

10         MR. SHAPIRO:  Okay.  Well, then, if that's the case, I    06:33PM

11    can't compete with that.  If that's the law, then that's the  06:33PM

12    law.                                                           06:33PM

13         THE COURT:  Go ahead.                                     06:33PM

14         MR. CERNIGLIA:  I was going to say, I want to make sure   06:33PM

15    there is still the language that I have in there of future.    06:33PM

16         MR. HASENKAMPF:  In plaintiffs' version, you still have   06:33PM

17    an objection?                                                  06:33PM

18              I withdraw my objection to that language, I         06:33PM

19    verified the cite.                                             06:33PM

20         MR. SHAPIRO:  With respect to Dewan, it is my             06:33PM

21    understanding that the contract at issue with Signal or the    06:33PM

22    alleged contract is a Power of Attorney?                       06:33PM

23              So how is that going to be dealt with in argument?   06:33PM

24    Or does that need to be dealt with in the instructions?        06:33PM

25         THE COURT:  So the beach of contract against Dewan is     06:33PM
```

1    this Power of Attorney.                                          06:34PM

2              And do you have instructions in Section 4 about        06:34PM

3    the Power of Attorney?                                           06:34PM

4         MR. HASENKAMPF:  We tried to avoid very                     06:34PM

5    specific claim-specific language, because that having been       06:34PM

6    construed as argumentative previously.  So we tried to be        06:34PM

7    generic with --                                                  06:34PM

8         THE COURT:  You know what?  I think, though, in that        06:34PM

9    first paragraph under claim 4, breach of contract, you should    06:34PM

10   say something about that Signal alleges that Dewan -- that it    06:34PM

11   executed a power of attorney in favor of Dewan, and that he     06:34PM

12   breached the terms of that agreement.  So there's something     06:34PM

13   about what you're talking about.                                 06:34PM

14        MR. SHAPIRO:  I think, as a follow-up to that, one          06:34PM

15   thing that's critical, I think in Mississippi -- not so in       06:34PM

16   Louisiana -- what we had called as opposed to a consideration,   06:34PM

17   maybe a definition about what consideration means.              06:35PM

18              I think you might put it in there, something of       06:35PM

19   value.                                                           06:35PM

20        THE COURT:  Consideration is a benefit received or          06:35PM

21   something given in order to form the contract; does not have to  06:35PM

22   be money, but must be a value.                                   06:35PM

23              So there is something in there.                       06:35PM

24        MR. SHAPIRO:  I searched when I was just looking at         06:35PM

25   Louisiana law on this.  I was hard pressed to find a single case 06:35PM

1    that say Power of Attorney is a contract.                06:35PM

2           THE COURT:  Let me ask you, so if you think it's not in   06:35PM

3    Mississippi, then you have to say that.  And talk to Mitch about   06:35PM

4    it.                                                        06:35PM

5           The green and the blue.  The green is, Mitch,   06:35PM

6    you've proposed that based on the plaintiffs' language.  And the   06:35PM

7    blue is what Dewan and Burnett want?  I'm confused.        06:35PM

8           MR. HASENKAMPF:  That was my understanding, is that's   06:35PM

9    how I identified it, yes.                                  06:35PM

10          MR. CERNIGLIA:  Yes.                                06:36PM

11          THE COURT:  But now Burnett is not a defendant in this,   06:36PM

12   under this claim.                                          06:36PM

13          MR. HASENKAMPF:  Correct.  It would only be Dewan.   06:36PM

14          THE COURT:  Because we're just going under malpractice.   06:36PM

15          MR. SHAPIRO:  It looks like detrimental reliance asks a   06:36PM

16   different species, I guess.  I don't know.                 06:36PM

17          THE COURT:  All right.                              06:36PM

18          MS. STEWART:  One thing, Your Honor.  Plaintiffs --   06:36PM

19   just to give -- Burnett and Dewan also submitted the same   06:36PM

20   objection to our jury instruction on breach of contract about   06:36PM

21   the future acts and their alternative promissory estoppel   06:36PM

22   language.  And we object to that and would stick with our   06:36PM

23   original language, which Signal adopted from our jury       06:36PM

24   instruction.                                               06:36PM

25          THE COURT:  Where is the future language?          06:36PM

```
 1              MS. STEWART:  It's written in blue.              06:36PM

 2              MR. CERNIGLIA:  Blue on twenty-nine.             06:36PM

 3              THE COURT:  Well, that's what I keep asking you all, is   06:37PM

 4    the blue from Dewan and Burnett?  I thought you said it was.   06:37PM

 5              MS. STEWART:  Yes.                                06:37PM

 6              THE COURT:  They put it in, and you object.       06:37PM

 7              MS. STEWART:  They put that in as an alternative   06:37PM

 8    language to plaintiffs' and Signal's.                       06:37PM

 9              THE COURT:  Is it a true statement of intention with   06:37PM

10    respect to a party with respect to a future act?  That's the   06:37PM

11    issue?                                                      06:37PM

12              MS. STEWART:  Yes.                                06:37PM

13              THE COURT:  Where did that come from?            06:37PM

14              MR. CERNIGLIA:  That came from several Mississippi   06:37PM

15    Supreme Court cases.  I don't see in here that I sent them.   06:37PM

16              THE COURT:  And --                                06:37PM

17              MR. CERNIGLIA:  That's an essential part of equitable   06:37PM

18    estoppel in Mississippi.                                    06:37PM

19              THE COURT:  So how is equitable estoppel included in   06:37PM

20    the contract now?                                           06:37PM

21              MR. HASENKAMPF:  We're not alleging equitable estoppel.   06:37PM

22    We don't think that language was appropriate.               06:37PM

23                   There is some language right below that of where   06:38PM

24    it is performable on a future date.  We dropped our objection to   06:38PM

25    that, and that's the future language that I thought we were   06:38PM
```

1   discussing.                                                    06:38PM

2           THE COURT:  Because a party can't be precluded from    06:38PM

3   changing his intention in the future?  That's what you don't   06:38PM

4   object to?                                                     06:38PM

5           MR. HASENKAMPF:  That's correct.  The citation         06:38PM

6   supported that.                                                06:38PM

7           THE COURT:  So you don't object to that part.  It's the 06:38PM

8   next --                                                        06:38PM

9           MR. HASENKAMPF:  Right above that equitable estoppel   06:38PM

10  paragraph.  We don't think equitable estoppel is at issue.     06:38PM

11          MR. CERNIGLIA:  Well, the thing is, it's the           06:38PM

12  language --                                                    06:38PM

13          THE COURT:  I cannot understand what you all are       06:38PM

14  saying.                                                        06:38PM

15              The equitable estoppel that I was reading:  A      06:38PM

16  party cannot be precluded from changing his intention in the   06:38PM

17  future, that's in blue.  So do you agree to that right there,  06:38PM

18  that's circled in blue, right below the green?                 06:38PM

19          MR. HASENKAMPF:  No.                                   06:38PM

20          THE COURT:  And what is it you said you agreed with?   06:39PM

21          MR. HASENKAMPF:  We agree with the green and we agree  06:39PM

22  with the however.                                              06:39PM

23          THE COURT:  Where is equitable -- the reliance, are you 06:39PM

24  saying in green, is it just says reasonably relying?  So that's 06:39PM

25  your detrimental reliance and equitable estoppel.             06:39PM

1          MR. HASENKAMPF:  Detrimental reliance, promissory                06:39PM

2    estoppel, yes.                                                         06:39PM

3          THE COURT:  Those two words.                                     06:39PM

4          MR. HASENKAMPF:  The elements that there's no valid              06:39PM

5    contract; there was reliance on promises; that there was breach        06:39PM

6    of those promises; and the good conscience -- if you find in           06:39PM

7    good conscience that this would be -- the losses from those            06:39PM

8    promises should be recuperated by Signal, then you may find.           06:40PM

9              There's nothing in the detrimental reliance case             06:40PM

10   law that says that you have to find liability or you have to           06:40PM

11   assess damages.                                                        06:40PM

12         THE COURT:  So this is without a contract.                       06:40PM

13         MR. HASENKAMPF:  Correct.                                        06:40PM

14         THE COURT:  So it's not breach of contract.                      06:40PM

15         MR. HASENKAMPF:  Correct.  It's a quasi contract.                06:40PM

16         THE COURT:  So don't we have to put breach of contract           06:40PM

17   and quasi contract on the claim form so it's not -- oh, you did.       06:40PM

18   Okay.                                                                  06:40PM

19             Then, back up here you're saying:  To establish a            06:40PM

20   breach of contract, Signal has the burden -- and maybe the green       06:40PM

21   should be the next paragraph.  First.  You say:  To establish a        06:40PM

22   breach, they prove this.  I guess then you could give the              06:41PM

23   definitions that go with that.                                         06:41PM

24             And then you'd have to say:  If there was no valid           06:41PM

25   contract, Signal may recover -- to recover, Signal has to prove        06:41PM

1    by a preponderance of the evidence that ...                06:41PM

2                    This is another one of those.              06:41PM

3                    And you need to say quasi contract somewhere so   06:41PM

4    that they understand that's a breach of contract.          06:41PM

5                    So you're not -- you're saying, Mitch, either   06:41PM

6    there's no equitable estoppel in Mississippi as a cause of   06:42PM

7    action; or, if there is, you're not pursuing it?           06:42PM

8            MR. HASENKAMPF:  Correct.                           06:42PM

9                    But we don't think that language assists in our   06:42PM

10   theory or assists in instructing the Court.                06:42PM

11           THE COURT:  So you're not trying to recover under   06:42PM

12   equitable estoppel.  I mean, it's a --                     06:42PM

13                   And do the Dewan and Burnett think that equitable   06:42PM

14   estoppel is a defense to detrimental reliance?             06:42PM

15           MR. CERNIGLIA:  The Mississippi case law says that   06:42PM

16   equitable estoppel and promissory estoppel are both parts of   06:42PM

17   detrimental reliance.                                      06:42PM

18                   But, specifically, as to -- this is from two   06:42PM

19   Mississippi Supreme Court cases, and I'm trying to find them.  I   06:42PM

20   have sent him the cites; I don't have them with me.        06:42PM

21                   But the Mississippi Supreme Court says that:  In   06:42PM

22   order to establish the existence of promissory estoppel under   06:43PM

23   Mississippi law, it is essential that the representation relied   06:43PM

24   upon must relate to a present intention or purpose of the party   06:43PM

25   to be estopped.  Because a party cannot be precluded from   06:43PM

1    changing his intention in the future.                              06:43PM

2              And it went on to explain that:  This well-settled       06:43PM

3    rule is that a true statement as to the present intention of a     06:43PM

4    party with regard to his future act is not the foundation upon     06:43PM

5    which an estoppel may be built.                                    06:43PM

6         THE COURT:  So what's the statement that Signal relied        06:43PM

7    on?                                                                06:43PM

8         MR. CERNIGLIA:  I don't know what they claim they             06:43PM

9    relied on.  I haven't heard any testimony.                         06:43PM

10             And this, Your Honor, is not any different               06:43PM

11   actually than the Fifth Circuit decision on --                     06:43PM

12        THE COURT:  I guess, first, what were the promises?           06:43PM

13        MR. HASENKAMPF:  This is Dewan.                               06:44PM

14        THE COURT:  Yes, Dewan.  What were the promises?             06:44PM

15             Mitch, what were the promises?                           06:44PM

16        MR. SHAPIRO:  I'll let Mitch speak to that.                   06:44PM

17        MR. HASENKAMPF:  We are alleging that the recruitment         06:44PM

18   of H-2B workers was done unlawfully and done so in a manner that   06:44PM

19   was --                                                             06:44PM

20        THE COURT:  So what was the promise?                          06:44PM

21        MR. HASENKAMPF:  That they would act lawfully.  That is       06:44PM

22   actually in the Power of Attorney.                                 06:44PM

23        THE COURT:  So why -- if it's in the Power of Attorney,       06:44PM

24   don't you have a contract?  Why do you need this?  What is it      06:44PM

25   that's not in the contract?                                        06:44PM

1     MR. SHAPIRO:  It's also not a promise, the Power of               06:44PM

2  Attorney.                                                            06:44PM

3     MR. HASENKAMPF:  The promissory estoppel theory applied           06:44PM

4  much more to Burnett.  And I do think we can probably back off       06:44PM

5  of that if we're only looking at Dewan.                              06:44PM

6     THE COURT:  So, think about that, whether you want to             06:44PM

7  pursue that or not.                                                  06:44PM

8        And then, when I look at the jury verdict form --              06:45PM

9     MS. STEWART:  You are -- just before we move on, I want           06:45PM

10 to talk about the paragraph on page twenty-eight that starts:        06:45PM

11 However, where a contract is performable on the occurrence of        06:45PM

12 future events.  That was language submitted by Burnett and           06:45PM

13 Dewan, which Signal has accepted, but plaintiffs still disagree      06:45PM

14 with that language and think it's inappropriate for the jury         06:45PM

15 instruction on breach of contract.                                   06:45PM

16       For one, the reason why we have almost full                    06:45PM

17 agreement from Signal, at least, on the breach of contract jury      06:45PM

18 instruction is, it's taken entirely almost verbatim from the         06:45PM

19 Mississippi model instructions.                                      06:45PM

20       That language about performance being conditioned              06:45PM

21 on a future event appears no where in the model instructions.        06:45PM

22       Secondly, the contract that plaintiffs are trying              06:45PM

23 to enforce isn't or wasn't ever -- performance of the contract       06:45PM

24 was never conditioned on the occurrence of a future event.          06:46PM

25       We think this language refers to a different type              06:46PM

 1    of contract, where there's a contingency that didn't exist in      06:46PM

 2    the contract that plaintiffs are attempting to enforce.            06:46PM

 3              So we disagree with that language and don't think        06:46PM

 4    it should be in our breach of contract jury instruction.           06:46PM

 5          MR. SHAPIRO:  Here's where I'm getting very confused.        06:46PM

 6    It was my understanding that the newest version of the expert      06:46PM

 7    report was submitted on India law.  Am I correct about that?       06:46PM

 8          THE COURT:  Just on fraud and negligent                      06:46PM

 9    misrepresentation.                                                 06:46PM

10          MR. SHAPIRO:  Okay.  Well, that -- so are plaintiffs         06:46PM

11    alleging that Dewan breached a contract that would be governed     06:46PM

12    by Mississippi law?  And if so, what contract?                     06:46PM

13          MS. STEWART:  Yes.  Plaintiffs are alleging that the         06:46PM

14    submigration letter is a contract, and the oral promises made      06:46PM

15    before that that were then reduced to writing to that contract.    06:46PM

16          MR. SHAPIRO:  But all that conduct occurred in India.        06:46PM

17    So why all of the sudden is Mississippi law applying to this?      06:46PM

18          MS. GRAUNKE:  The object of the contract includes            06:47PM

19    employment in the United States in Mississippi.                    06:47PM

20          THE COURT:  I think you all probably agreed on               06:47PM

21    Mississippi law.                                                   06:47PM

22          MS. GRAUNKE:  That's right.  And this is briefed in a        06:47PM

23    choice of law briefing.                                            06:47PM

24          MR. SHAPIRO:  If I'm in error, I'm confused.  Because        06:47PM

25    we have a locus for one thing and a semi-locus for another         06:47PM

1    thing.                                                                06:47PM

2              THE COURT:  Is there an issue on any of these about         06:47PM

3    whether it's performable on the occurrence of a future event?        06:47PM

4    Why is this language needed?                                         06:47PM

5              MR. CERNIGLIA:  It's especially needed in theirs.          06:47PM

6              THE COURT:  On which one?                                   06:47PM

7              MR. CERNIGLIA:  On the plaintiffs' claim of this            06:47PM

8    promise of the response to them in the future.  Under                06:47PM

9    Mississippi law, there is that -- that's an exact doctrine that      06:47PM

10   they have.                                                           06:47PM

11             THE COURT:  When you have a contract, you can't just       06:47PM

12   change your mind.                                                    06:47PM

13             MR. CERNIGLIA:  No.  It's on a promise.  They're           06:47PM

14   talking about a promise to induce, not under the contract.          06:48PM

15             MS. STEWART:  No.  I'm talking about the contract.        06:48PM

16   This language here applies to the breach of contract claim.         06:48PM

17             MR. CERNIGLIA:  I agree.  That language would not apply    06:48PM

18   to a breach of contract claim.  Then you just need to have          06:48PM

19   language as to what constitutes a contract.                         06:48PM

20             MS. STEWART:  Because this language, and the case where   06:48PM

21   you pulled it from, is a breach of contract claim.  And the         06:48PM

22   language is about a contract.                                       06:48PM

23             THE COURT:  So he's agreeing that it doesn't apply to     06:48PM

24   breach of contract.  So we are going to take it out.               06:48PM

25             Mitch, we're going to take it out of here.  We're        06:48PM

```
 1   going to take it out here.                                         06:48PM

 2              Preponderance of the evidence, we've already said        06:48PM

 3   that.                                                              06:48PM

 4              On the verdict form, claim 4 is going to be breach      06:48PM

 5   of contract, Sachin Dewan.  There's some yellow:  Did Signal's     06:48PM

 6   conduct prevent Dewan from performing his duties?  Who wants       06:48PM

 7   that?                                                              06:49PM

 8        MR. SHAPIRO:  That's something I had awhile back.  That       06:49PM

 9   is something that I believe fell squarely under Mississippi law,   06:49PM

10   if I'm not mistaken.  I put that in yellow.                        06:49PM

11        THE COURT:  So what is the issue?  Is there an                06:49PM

12   instruction about that?                                            06:49PM

13              Is there some allegation -- do you argue that           06:49PM

14   Signal prevented Dewan from performing its duties?                 06:49PM

15        MR. HASENKAMPF:  I believe they do.                           06:49PM

16        THE COURT:  Well, where -- is there something in the          06:49PM

17   instructions about that?                                           06:50PM

18        MR. HASENKAMPF:  I did not put it in the instructions.        06:50PM

19        MR. SHAPIRO:  This is not color-coded in this copy.           06:50PM

20   This is the paragraph right here that says:  However, when a       06:50PM

21   contract is performed.                                             06:50PM

22        THE COURT:  No.  That's something different.                  06:50PM

23        MR. SHAPIRO:  That's the future event.                        06:50PM

24        THE COURT:  So what is the conduct of Signal that             06:50PM

25   prevented Dewan from performing his duties under the Power of      06:50PM
```

```
1    Attorney?                                                      06:50PM

2          MR. SHAPIRO:  By subjecting the workers to forced        06:50PM

3    labor, when that was not what Mr. Dewan's intent was.          06:50PM

4          THE COURT:  But that's not preventing Dewan from -- the  06:50PM

5    promise and -- the Power of Attorney said he would act lawfully. 06:50PM

6    And how did he act unlawfully?                                 06:50PM

7          MR. HASENKAMPF:  Through recruiting fees.  Recruiting    06:50PM

8    fees that --                                                   06:50PM

9          THE COURT:  But the recruiting fees aren't unlawful.     06:50PM

10         MR. HASENKAMPF:  They are unlawful under India law.      06:51PM

11         THE COURT:  You can't charge recruiting fees?            06:51PM

12         MR. HASENKAMPF:  There's a limit to the amount that you  06:51PM

13   can charge.                                                    06:51PM

14         MR. SHAPIRO:  There's also an exemption for recruitment  06:51PM

15   to the United States, is my understanding.                     06:51PM

16         THE COURT:  So you're saying he did something unlawful   06:51PM

17   under India law that breached his Mississippi contract?        06:51PM

18         MR. HASENKAMPF:  Yes.                                    06:51PM

19         THE COURT:  So you would have to have an instruction in  06:51PM

20   here about what it is under Indian law that makes this unlawful. 06:51PM

21             And then you would have to have one, Steve, about    06:51PM

22   what the exception is.                                         06:51PM

23             You all have made this way too complicated, and I    06:51PM

24   think you're making a mistake.  I'll say that to everybody, I  06:51PM

25   think it's way too complicated.  You have too many defendants  06:51PM
```

 1   and too many claims.                                          06:51PM

 2             You know, I know the tendency is to do that, but I  06:52PM

 3   think it's a mistake and all this just points it out.         06:52PM

 4             So you can't just suddenly pull in why this is      06:52PM

 5   breach of contract under Mississippi law, because he did      06:52PM

 6   something under Indian law that was unlawful, without ever    06:52PM

 7   saying a word about it.  I mean, what are you going to argue to 06:52PM

 8   the jury about how this is how he breached the contract?  It's 06:52PM

 9   because of Indian law.                                        06:52PM

10             Well, then that has to be in the instructions.      06:52PM

11   They don't know what Indian law is.                           06:52PM

12             And so that will probably affect this and effect    06:52PM

13   your verdict form, because it's not really the conduct        06:52PM

14   preventing.  So, if that's it, that's how -- that's how he    06:52PM

15   breached the Power of Attorney, it was unlawful under Indian  06:53PM

16   law.  Does -- and your defense to that is what?  That there's an 06:53PM

17   exception.  So that needs to be in there.                     06:53PM

18             MR. SHAPIRO:  Right.                                06:53PM

19             THE COURT:  And then what do you put on the jury    06:53PM

20   verdict form?  They entered a contract, Signal performed its  06:53PM

21   duties.                                                       06:53PM

22             MR. SHAPIRO:  I think that would be for argument.   06:53PM

23             THE COURT:  Dewan failed to perform his duties.  It's 06:53PM

24   not just as required by contract, but under Indian law.  Or is 06:53PM

25   it lawfully -- I guess you can pull it in.                    06:53PM

```
1        MR. CERNIGLIA:  What makes it more complex -- and this    06:53PM
2   gets to Steve's point with the Power of Attorney -- is the power  06:53PM
3   of attorney gives Dewan the power to do anything that's lawful.   06:53PM
4   And -- for Signal.  And, for Signal, he did the recruiting.       06:53PM
5            He's saying that Dewan did something illegal for        06:53PM
6   him collecting fees.  That has nothing to do with Signal.         06:54PM
7        THE COURT:  That's a good point, too.                       06:54PM
8        MR. HASENKAMPF:  Except to the extent that breach           06:54PM
9   affects Signal.                                                   06:54PM
10       THE COURT:  Maybe if you've got a Mississippi contract      06:54PM
11  and Mississippi law, I don't know that you can say the way you    06:54PM
12  breached it is because you did something under Indian law.  I     06:54PM
13  don't know.  I hadn't thought about that before.                 06:54PM
14           But the other point is, what was he doing that he       06:54PM
15  was supposed to do lawfully?                                      06:54PM
16       MR. HASENKAMPF:  Recruiting.                                06:54PM
17       THE COURT:  But what did you really authorize him to do     06:54PM
18  for you?  To sign some documents?                                06:54PM
19       MR. SHAPIRO:  Recruit.                                      06:54PM
20       THE COURT:  But what in particular was he supposed to       06:54PM
21  do?                                                               06:54PM
22       MR. HASENKAMPF:  It's a little bit vague, because under     06:54PM
23  Indian law you need an exclusive recruiter.  So Michael Pol went  06:54PM
24  to Signal and said:  You need to sign this broad Power of         06:54PM
25  Attorney for Dewan so that he can recruit on your behalf.         06:55PM
```

```
1          THE COURT:  Because, in India, he had to go show      06:55PM

2    someone:  Yes, I have Power of Attorney for Signal.          06:55PM

3          MR. HASENKAMPF:  Correct.                              06:55PM

4          MR. SHAPIRO:  It's a requirement under Indian law for a  06:55PM

5    demand letter and a Power of Attorney for Signal -- for Dewan to  06:55PM

6    recruit on behalf of Signal.  That was done.                06:55PM

7               The Power of Attorney is stated in the most broad  06:55PM

8    terms possible.                                             06:55PM

9          THE COURT:  And he says you're supposed to recruit     06:55PM

10   lawfully under Indian law.  And you didn't.                  06:55PM

11         MR. SHAPIRO:  Right.                                   06:55PM

12         THE COURT:  So what Signal conduct prevented Dewan from  06:55PM

13   performing his duties?                                       06:55PM

14         MR. SHAPIRO:  I see the point now, Your Honor.  And I   06:55PM

15   withdraw that.  I mean, my thought was that they actually didn't  06:55PM

16   do anything in India to prevent the recruitment process.     06:55PM

17         THE COURT:  Detrimental reliance, where are we on that?  06:56PM

18   Since you're going on malpractice.                          06:56PM

19         MR. HASENKAMPF:  That was collapsed.                   06:56PM

20         THE COURT:  Then indemnity.  Wait.                     06:56PM

21              There's not detrimental reliance against Dewan,   06:56PM

22   you're going breach of contract?                            06:56PM

23         MR. HASENKAMPF:  Correct.                              06:56PM

24         THE COURT:  And you collapsed that.                    06:56PM

25         MR. HASENKAMPF:  Yes.                                  06:56PM
```

1    THE COURT:  All right, indemnity against Burnett.

2         Your first paragraph, that's going to make no

3    sense to the jury:  Signal alleges that Burnett owes it

4    indemnity for -- at least pretend you're doing these for the

5    jury.

6         Then, where is the Signal must prove by

7    preponderance of the evidence?

8         So I think that's the paragraph that starts:

9    Accordingly, this is what you have to prove.

10    MR. HASENKAMPF:  But this is subject to language.

11    THE COURT:  You need some language about what you have

12    to prove.

13    MR. HASENKAMPF:  Right.  The elements that we discussed

14    are only in paragraph 3, that when -- the sole element being

15    when an agent exceeds his authority.

16    THE COURT:  Okay.  Well, you need to put that in that

17    paragraph.

18         And the red language, who suggested that?

19    MR. CERNIGLIA:  That's my language directly from the

20    Mississippi Supreme Court cases and the cases are cited.  I'm

21    trying to pull them up right now.

22    MR. HASENKAMPF:  Correct.  This is the dispute we

23    discussed last night about whether the Mississippi Supreme Court

24    would adopt the Restatement in this situation, and they had

25    adopted a virtually identical provision in light of the same

06:56PM
06:56PM
06:57PM
06:57PM
06:57PM
06:57PM
06:57PM
06:57PM
06:57PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM
06:58PM

```
 1   cases.                                                            06:59PM
 2        THE COURT:  All right.  And I said, if they haven't          06:59PM
 3   done it yet, I want to go with the Supreme Court.  So I want you   06:59PM
 4   to draft it as though -- because didn't we talk last night about  06:59PM
 5   the Mississippi Supreme Court has not done it yet?                 06:59PM
 6        MR. CERNIGLIA:  He's talking about agency, and this is        06:59PM
 7   a specific -- the issue is noncontractual indemnification.         06:59PM
 8             In Louisiana, it has to be -- it's a question of         06:59PM
 9   passive/active.  In Mississippi, although very, very similar,      06:59PM
10   its exact language is to have noncontractual indemnity --          06:59PM
11        THE COURT:  Doesn't Mississippi have a concept, though,       06:59PM
12   that if you exceed your agency and it causes damage that you're    06:59PM
13   liable?                                                            06:59PM
14        MR. CERNIGLIA:  There is an agency -- that's a                06:59PM
15   different thing.  That's on agency.  That is liability for the     06:59PM
16   exceeding the scope of agency.                                     06:59PM
17        THE COURT:  So why don't you want indemnity?  Why are         07:00PM
18   you choosing to go this way?  How is it different?                 07:00PM
19        MR. HASENKAMPF:  We are not alleging that it's                07:00PM
20   different.  That agency principle is titled:  Indemnity in the     07:00PM
21   Restatement.  That principle of law --                            07:00PM
22        THE COURT:  It is based on that?                              07:00PM
23        MR. HASENKAMPF:  Yes.                                         07:00PM
24        THE COURT:  So why don't you all just put this                07:00PM
25   together.  It sounds like you're talking about the same thing.     07:00PM
```

1    It's not that you're saying there he is not liable, it's just          07:00PM

2    whether you call it agency --                                          07:00PM

3              MR. CERNIGLIA:  It depends on what agency is for.            07:00PM

4              THE COURT:  So it's the same concept.                        07:00PM

5                    How are the elements different?                        07:00PM

6              MR. CERNIGLIA:  It's under contractual indemnity.  He's      07:00PM

7    looking to be indemnified for everything that he has to pay, and       07:00PM

8    it's not just for a breach of agency.  In other words, if under        07:00PM

9    Mississippi law specifically states that if an agent acts within       07:00PM

10   the scope of his agency and has no wrongdoing, he has no               07:00PM

11   liability.  He's trying to, with the indemnity claim, be               07:00PM

12   indemnified for any of Burnett's actions.                              07:01PM

13             THE COURT:  Is that right, Mitch?  That's terrible,          07:01PM

14   Mitch.  I can't believe you would do that.                            07:01PM

15             MR. HASENKAMPF:  Only for the damages caused by the          07:01PM

16   particular agents exceeding his authority.                            07:01PM

17             THE COURT:  Well, he doesn't even understand what            07:01PM

18   you're alleging against him, so you need to make that clear.           07:01PM

19             MR. CERNIGLIA:  The cause of action that --                  07:01PM

20             THE COURT:  It sounds like he is saying just what you        07:01PM

21   say.  It's not just for everything he did; he had to have             07:01PM

22   exceeded his authority.  So he's going to rewrite it that way.         07:01PM

23             MR. CERNIGLIA:  The root of the problem is that all of       07:01PM

24   their cross claims, including all the ones that were in Texas,         07:01PM

25   were for noncontractual indemnity as though there was a contract       07:01PM

1    that says you will indemnify me.                                      07:01PM

2            What he's trying to now argue with agency is what             07:01PM

3    damages were caused by breach of his agency, as opposed to being      07:02PM

4    indemnified for anything he may be liable for.                        07:02PM

5        THE COURT:  But that third paragraph where you say:  An           07:02PM

6    agent's conduct may generate legal consequences for the               07:02PM

7    principal even when the conduct exceeds.                              07:02PM

8            I don't understand the even when.  That's what                07:02PM

9    you're talking about, is when the agent exceeds his authority.        07:02PM

10       MR. HASENKAMPF:  Right.                                           07:02PM

11       THE COURT:  I don't understand the even when.                     07:02PM

12       MR. HASENKAMPF:  I tried to track the Restatement                 07:02PM

13   language.  It's not --                                                07:02PM

14       THE COURT:  You understand what I'm saying?  I think --           07:02PM

15   he thinks that you think that just because he was your agent          07:02PM

16   that any damage that happened, even if he was within the scope        07:02PM

17   of his authority, you're saying that he's responsible.  But           07:02PM

18   you're not saying that.                                               07:02PM

19       MR. HASENKAMPF:  Right.  And I'm not saying that.                 07:02PM

20           The objection, as I understood, was that                      07:02PM

21   Mississippi does not allow an indemnity claim with respect to an      07:02PM

22   agent -- principal agent relationship, Indian workers' principal     07:02PM

23   to obtain indemnity.                                                  07:03PM

24       THE COURT:  But he thinks there is an action for under            07:03PM

25   agency, or whatever you want to call it, for exceeding your           07:03PM

1  authority.  Maybe it's the same thing and you are calling it two  07:03PM

2  different things.  07:03PM

3          MR. CERNIGLIA:  The confusion comes, like I say, that  07:03PM

4  this is their cross claim, indemnity.  All cross claim  07:03PM

5  defendants.  07:03PM

6          While Signal denies all wrongdoings, if there were  07:03PM

7  any, it was minor or passive and compared to the major inactive  07:03PM

8  wrong doing of the cross claim defendants, and moreover, was  07:03PM

9  induced by the wrongful actions of cross claim.  07:03PM

10          This language is directly from Louisiana's  07:03PM

11  tortious indemnity, noncontractual.  The Mississippi equivalent  07:03PM

12  of this claim is noncontractual indemnity.  And, instead of  07:03PM

13  using passive active, they used this language.  That it must be  07:03PM

14  that the claimant seeks to shift -- damages they seek to shift  07:03PM

15  are imposed upon him as a result of some legal obligation to the  07:03PM

16  injured person, and it must appear that the claimant did not  07:04PM

17  actively or affirmatively participate in the wrong.  And that's  07:04PM

18  an essential part of their claim.  07:04PM

19          Now he's changing their cause of action totally  07:04PM

20  to, you know, now I want to claim because you have breached your  07:04PM

21  agency.  07:04PM

22          Once again, that gets back to the same thing, is  07:04PM

23  that's just a breach of the contract claim.  07:04PM

24          THE COURT:  Okay.  So I'm going to leave all these open  07:04PM

25  right here.  We're going to come back tomorrow at 5:30 and we're  07:04PM

```
 1   going to talk about that first.  But you're going to have a new    07:04PM

 2   draft for me and you're going to look at this and see if there's   07:04PM

 3   anything we need to change.                                        07:04PM

 4            MR. SHAPIRO:  Your Honor, may I be excused to go          07:04PM

 5   outside and make a call?                                           07:04PM

 6            THE COURT:  Yes, sure.                                    07:04PM

 7            MR. SHAPIRO:  Because I have to make sure my car isn't    07:04PM

 8   booted.                                                            07:04PM

 9            THE COURT:  On RICO, I had some questions that may be     07:04PM

10   stupid --                                                          07:05PM

11            MR. SANDLER:  No questions on RICO are ever stupid.       07:05PM

12            MR. WEINBERGER:  Not from a federal district court        07:05PM

13   judge.                                                             07:05PM

14            THE COURT:  That's condescending.                        07:05PM

15            I'm on page -- the page that's got racketeering           07:05PM

16   influenced and corrupt.                                            07:05PM

17            MR. WERNER:  Is this the jury charge with the --          07:05PM

18            THE COURT:  Jury charge.                                  07:05PM

19            When you say RICO catch-all, wouldn't it be better        07:05PM

20   for you to call it general each time?  Because that's what you     07:05PM

21   used later.                                                        07:05PM

22            And, really, I thought, as I was reading this,           07:05PM

23   that maybe all these things about what an enterprise is, all the   07:05PM

24   way to page five where it starts:  The first fact the plaintiff    07:05PM

25   must prove, don't all those things apply to both the general and   07:06PM
```

1   conspiracy?                                                    07:06PM

2            MR. WEINBERGER:  No, Your Honor.                      07:06PM

3            THE COURT:  They don't?                               07:06PM

4            MR. WEINBERGER:  No, Your Honor.                      07:06PM

5            THE COURT:  My first stupid question.                 07:06PM

6            MR. WEINBERGER:  No, Your Honor.  It's not stupid.  Thi 07:06PM

7   is very complicated stuff.  Scalia says he doesn't understand  07:06PM

8   it.  That seems good enough for me.                            07:06PM

9            THE COURT:  But when you get to conspiracy and you have 07:06PM

10  to say you conspired to do these things, aren't they the things 07:06PM

11  that are under the general?                                    07:06PM

12           MR. WEINBERGER:  Your Honor, what 1962(d) says is it's 07:06PM

13  a conspiracy to violate A, B or C, some number of them, all of 07:06PM

14  them, only one of them.                                        07:06PM

15               The underlying offense, the substantive offense is 07:06PM

16  either A and/or B and/or C.                                    07:06PM

17           THE COURT:  So you don't -- what you're saying is you  07:06PM

18  don't need to go back to the definitions.                      07:06PM

19           MR. WEINBERGER:  It's a pretty distinct idea, 1962(d). 07:06PM

20  There's a lot of law about what the agreement must be.  That's 07:06PM

21  the thing I'm fixated on.                                      07:07PM

22               I have some good news for you.                    07:07PM

23           THE COURT:  What is it?                               07:07PM

24           MR. WEINBERGER:  Ninety-nine percent of this are agreed 07:07PM

25  to.  They are very few things that we don't agree about.  The  07:07PM

1    things we don't agree about are really important.  But we agree           07:07PM

2    on almost everything.                                                     07:07PM

3            MR. SANDLER:  You don't have the Court's agreement on             07:07PM

4    it, though.                                                               07:07PM

5            THE COURT:  I want to make sure I understand it and               07:07PM

6    that the jury has some hope of understanding it.                          07:07PM

7            MR. WEINBERGER:  Well, that's one of the things I'm               07:07PM

8    hoping to fix.                                                            07:07PM

9            THE COURT:  So we're going to call the first one                  07:07PM

10   general and use that all the time.                                        07:07PM

11           And then, when you get to -- then we'll go to                     07:07PM

12   conspiracy.                                                               07:07PM

13           And is your issue still on page twelve?                           07:08PM

14           MR. WEINBERGER:  I propose to replace that material in            07:08PM

15   that red box with one sentence, a quotation from *Salinas*, that          07:08PM

16   will satisfy me across the board with regard to conspiracy.  Not          07:08PM

17   with regard to the verdict form but with regard to the                    07:08PM

18   instruction.                                                              07:08PM

19           All I want, the only thing that I want, Your                      07:08PM

20   Honor, is for that instruction in that red box, so to speak, all          07:08PM

21   I want is for this one sentence to be used.  And I quote:  The            07:08PM

22   partners in the criminal plan must agree to pursue the same               07:08PM

23   criminal objective and may divide up the work; yet, each is               07:08PM

24   responsible for the acts of each other.  That one sentence will           07:08PM

25   satisfy me with regard to the entirety of the instruction on              07:09PM

1    1962(d).  That one sentence.                                    07:09PM

2            MR. SANDLER:  Are you talking about this dispute here?   07:09PM

3            MR. WEINBERGER:  Yes.                                    07:09PM

4            MR. SANDLER:  This is on page twelve.                    07:09PM

5                This is the first time we're hearing about this.    07:09PM

6    It sounds pretty amenable, from what Mr. Weinberger just said.   07:09PM

7            MR. WEINBERGER:  I'm trying to cure the problem.         07:09PM

8            MR. SANDLER:  When did you come up with the cure?        07:09PM

9            MR. WEINBERGER:  When I realized that I was going to     07:09PM

10   have to do something very discrete and very narrow in order to   07:09PM

11   make this work.                                                  07:09PM

12           MR. SANDLER:  But when?  When was that?                  07:09PM

13           THE COURT:  It doesn't matter, it doesn't matter.  He's  07:09PM

14   done it now.                                                     07:09PM

15           MR. SANDLER:  Because, had he told us earlier today, we  07:09PM

16   would have looked at it and we would have come to an agreement.  07:09PM

17           THE COURT:  I know it really matters; but, right now,    07:09PM

18   we have to deal with what reality is.                            07:09PM

19           MR. SANDLER:  We'll look at that.  Email me that exact   07:09PM

20   sentence.  That does sound pretty amenable.                      07:09PM

21           MR. WEINBERGER:  I give this to you.  This is yours.     07:10PM

22   That's *Salinas*.                                                07:10PM

23           MR. WERNER:  Did you highlight?                          07:10PM

24           MR. WEINBERGER:  I flagged it.                           07:10PM

25           MR. SANDLER:  Isn't everything highlighted in *Salinas*? 07:10PM

```
 1    I'll find it.                                                    07:10PM

 2             THE COURT:  I had a question.                           07:10PM

 3             MR. SANDLER:  We can get a response to the Court about  07:10PM

 4    this by noon tomorrow.                                           07:10PM

 5             THE COURT:  On the damages where you say:  Compensation 07:10PM

 6    of deductions from plaintiff's paycheck by Signal.  So you're    07:10PM

 7    only trying to get that from Signal; right?                      07:10PM

 8             MR. SANDLER:  Well --                                   07:10PM

 9             THE COURT:  I mean, I already have a problem with it    07:10PM

10    because they did provide something.  And I don't know whether    07:10PM

11    they -- even Signal should get the whole thing back.  But I      07:11PM

12    definitely don't see how the others would.  Unless you're saying 07:11PM

13    this is part of this conspiracy and so ...                       07:11PM

14             MR. SANDLER:  That's where we're going with it.  The    07:11PM

15    conspiracy created those expenses and therefore they're          07:11PM

16    compensable.                                                     07:11PM

17             THE COURT:  Is there any issue about whether it's       07:11PM

18    compensable since they did provide the room and board?           07:11PM

19             MR. SANDLER:  I mean, do you mean that there would be   07:11PM

20    some portion of it --                                            07:11PM

21             THE COURT:  Like a setoff?  Not a setoff but a          07:11PM

22    reduction.                                                       07:11PM

23             MR. WEINBERGER:  That's an argument to the jury, Your   07:11PM

24    Honor.  They weren't injured.                                    07:11PM

25             MR. SANDLER:  Yeah, it's an argument to the jury.       07:11PM
```

1          So I don't think it needs to be in the                    07:11PM

2    instruction.                                                     07:11PM

3          MR. WEINBERGER:  It's an argument.                         07:11PM

4          MR. SANDLER:  Maybe Signal will convince the jury that     07:11PM

5    we actually owe them more.                                       07:12PM

6          MR. CERNIGLIA:  You know, on maintenance.                  07:12PM

7          THE COURT:  On your verdict form claim for RICO, on 1,     07:12PM

8    wouldn't it be:  Did plaintiff prove by preponderance of the     07:12PM

9    evidence.                                                        07:12PM

10          Are you all on the verdict form now?                      07:12PM

11         MR. WEINBERGER:  The general form, Your Honor?             07:12PM

12         THE COURT:  Yeah.                                          07:12PM

13         MR. WEINBERGER:  Yes, Your Honor.                          07:12PM

14         THE COURT:  On green, whether you use green or red:        07:12PM

15    Did plaintiff prove by a preponderance of the evidence that ... 07:12PM

16         MR. SANDLER:  Yeah.                                        07:12PM

17         MR. WEINBERGER:  That's my --                             07:12PM

18         THE COURT:  And then so I agree start out that way.        07:12PM

19          And the difference is that Signal associated or           07:12PM

20    operated or managed.                                            07:12PM

21          So I tried to look back at the statute and I              07:12PM

22    didn't see your language.                                       07:12PM

23         MR. WEINBERGER:  It's in the United States Supreme         07:12PM

24    Court of *Reves*, R-E-V-E-S.  We talked about this either       07:13PM

25    yesterday or the day before.  If I may read the language again. 07:13PM

1    Consider what I did here.                                              07:13PM

2           THE COURT:  Did they say it had to be in the jury             07:13PM

3    verdict form?  That's a difference.                                  07:13PM

4           MR. WEINBERGER:  Yes.  You're asking me whether this          07:13PM

5    was a dispute about an instruction.                                  07:13PM

6           MR. SANDLER:  Your Honor, what we can offer is a              07:13PM

7    compromise position.  The compromise is the green for A-1.  So       07:13PM

8    with the preponderance of evidence language that you'd just          07:13PM

9    indicated.  So it would read:  Did you find from a preponderance     07:13PM

10   of the evidence that Signal associated with any or all the           07:13PM

11   enterprises that plaintiffs claim Signal was a part of.              07:13PM

12           And then, in part B --                                       07:13PM

13          MR. CERNIGLIA:  Under predicate acts?                         07:13PM

14          MR. SANDLER:  Under predicate acts.                          07:13PM

15           So then, under predicate acts, it would say --               07:13PM

16          THE COURT:  Do you find.  Did Signal prove.  Just go:        07:13PM

17   Did Signal prove.  Did plaintiffs prove.                             07:14PM

18          MR. SANDLER:  -- by a preponderance of the evidence          07:14PM

19   that Signal completed -- oh, I see.  I'm sorry.  So for A-1.         07:14PM

20          THE COURT:  I'm here.                                         07:14PM

21          MR. SANDLER:  You are down there.                            07:14PM

22           Do you find that plaintiffs proved by a                      07:14PM

23   preponderance of the evidence that Signal --                         07:14PM

24          MR. WERNER:  I'll read my writing.                           07:14PM

25           That Signal conducted or participated either                 07:14PM

```
 1    directly or indirectly in the affairs of the enterprise or      07:14PM

 2    enterprises through one or more of the following acts.          07:14PM

 3              And then you list the predicate acts.                 07:14PM

 4         MR. WEINBERGER:  That doesn't satisfy me and I can         07:14PM

 5    explain why.                                                    07:14PM

 6         MR. SANDLER:  You can answer, but just to finish up.       07:14PM

 7              In that way, i would tie in their conduct within      07:14PM

 8    the enterprise to the predicate acts naturally in the verdict   07:14PM

 9    form.  As opposed to being disjunctive, which it was before.    07:14PM

10         MR. WERNER:  And that's direct language from 1962(c).      07:15PM

11         THE COURT:  What's your problem?                           07:15PM

12         MR. WEINBERGER:  To answer your first question, Your       07:15PM

13    Honor, the Reves case, R-E-V-E-S, was a summary judgment        07:15PM

14    decision, so this was not about an instruction.  Nonetheless,   07:15PM

15    Your Honor, it was, is, the outstanding United States Supreme   07:15PM

16    Court case on what it means to be involved in, to participate in 07:15PM

17    the affairs of an enterprise.  That's the issue that was        07:15PM

18    presented.                                                      07:15PM

19              Which led the Supreme Court of the United            07:15PM

20    States --                                                       07:15PM

21         THE COURT:  The issue is associated, operated or           07:15PM

22    managed?  Is that the difference?  Because the first one says   07:15PM

23    associated.  The second one says operated or managed.           07:15PM

24         MR. WEINBERGER:  Your Honor, Your Honor, the question      07:15PM

25    that was presented in this case was based squarely on the       07:15PM
```

1    language of the statute 1962(c).  The statutory language is that        07:15PM

2    in order for a criminal to be a criminal under that statute              07:15PM

3    there is a requirement that the criminal conduct or participate          07:16PM

4    directly or indirectly in the conduct of such enterprise's              07:16PM

5    affairs.  People --                                                     07:16PM

6              THE COURT:  Isn't that what --                                07:16PM

7              MR. WEINBERGER:  Your Honor, people said:  What does          07:16PM

8    that mean?  What does it mean to participate or --                      07:16PM

9              The answer provided by the Court was:  One must               07:16PM

10   participate in the enterprise -- sorry -- in the operation or           07:16PM

11   management of the enterprise itself.                                    07:16PM

12             It is the position of Signal that only that                   07:16PM

13   language can adequately and accurately inform the jury what it          07:16PM

14   means to be involved in the conduct or participate --                   07:16PM

15             THE COURT:  Operate or manage it?                             07:16PM

16             MR. WEINBERGER:  You have to operate or manage -- you         07:16PM

17   have to be involved in the operation or the management of the           07:16PM

18   affairs of the operation.                                               07:16PM

19             THE COURT:  And you said, Dan, conduct or participated.       07:16PM

20             MR. WERNER:  I think it's a question of instructing the       07:16PM

21   jury what it means.  And that's a jury instruction question and         07:16PM

22   not a jury verdict form question.                                       07:17PM

23             MR. WEINBERGER:  Fair enough.                                 07:17PM

24             MR. WERNER:  I'm not conceding that point.                    07:17PM

25             THE COURT:  Did you put it in the instructions?               07:17PM

1          MR. WEINBERGER:  No.  Because I put it in a place that          07:17PM

2  to me is more direct.  I'll move it.          07:17PM

3          THE COURT:  So let's put it in the instructions.          07:17PM

4          MR. WEINBERGER:  I'll move it.          07:17PM

5          MR. WERNER:  Obviously, we want to --          07:17PM

6          THE COURT:  Yeah, I know you haven't agreed.          07:17PM

7          MR. SANDLER:  That's another problem with the jury          07:17PM

8  instructions.          07:17PM

9          THE COURT:  I wondered, under predicate acts, does          07:17PM

10  Signal have to do this knowingly?  Do you have to say that they          07:17PM

11  knowingly, or just is it implicit in conducted?          07:17PM

12          MR. WEINBERGER:  Your Honor, that's a long speech.          07:17PM

13          THE COURT:  But it sounds to me like if you conduct or          07:17PM

14  manage or operate, it's intentional.          07:17PM

15          MR. WEINBERGER:  It's a different thing.          07:17PM

16          THE COURT:  So is there an instruction on knowingly?          07:17PM

17          MR. WEINBERGER:  Yes.  There is.          07:17PM

18          But my request to add the language from *Salinas* is          07:17PM

19  designed in the instruction to emphasize to the jury something          07:17PM

20  that Signal must argue very, very carefully to this jury that          07:17PM

21  makes this case a little bit unique in a way that's incredibly          07:18PM

22  important to what's about to happen.          07:18PM

23          THE COURT:  I think they're going to be able to teach a          07:18PM

24  class on this.          07:18PM

25          MR. WEINBERGER:  When they listen to this RICO charge,          07:18PM

1    I agree.  But, Your Honor, this is very important stuff, so let          07:18PM

2    me talk about this for a second.                                        07:18PM

3              THE COURT:  You're way over my head and I'm too tired.        07:18PM

4    I'd rather you do it tomorrow.                                          07:18PM

5                   On damages, jury verdict form RICO 1:  What's the        07:18PM

6    amount of damages that you find was caused in fact by and              07:18PM

7    proximately caused.                                                    07:18PM

8                   Well, that sounds like something that need to be        07:18PM

9    in the instructions.                                                   07:18PM

10             MR. SANDLER:  That's exactly plaintiff's position, Your      07:18PM

11   Honor.                                                                 07:18PM

12             THE COURT:  Work on that.                                    07:18PM

13             MR. WEINBERGER:  I'm just lost.  That's all I am.            07:18PM

14             MR. SANDLER:  Page four on G for general.                    07:18PM

15             MR. WEINBERGER:  I'll work on it, Judge.                     07:18PM

16             THE COURT:  That wouldn't be here in the form; it would      07:18PM

17   be on the instructions.                                                07:18PM

18             MR. WEINBERGER:  Let me see if the Eleventh Circuit          07:19PM

19   doesn't say there ought to be a question for causes.                   07:19PM

20                  We'll talk about it during the day and deal with        07:19PM

21   it tomorrow.                                                           07:19PM

22             THE COURT:  So you all are making progress.                  07:19PM

23             MR. SANDLER:  There's also the im pari delicto piece on      07:19PM

24   RICO.                                                                  07:19PM

25             THE COURT:  I'll deal with that in the final draft.          07:19PM

1   MR. WEINBERGER:  Just do give me a second to address  07:19PM

2  it, Judge.  07:19PM

3   THE COURT:  No, no.  07:19PM

4   MR. WEINBERGER:  All right, Judge.  07:19PM

5   THE COURT:  And we are looking at all the other parts  07:19PM

6  and putting it together so that at some time, I hope -- maybe  07:19PM

7  Friday -- we'll have a draft back to you.  07:19PM

8   Are you all staying in hotels around here?  07:19PM

9   MR. SANDLER:  We're local.  07:19PM

10   MR. WERNER:  Yes, Your Honor.  07:19PM

11   THE COURT:  Philip and I will be the ones -- anybody  07:19PM

12  here will have trouble getting to and from the office.  07:19PM

13   I wonder if it would be better -- I can't meet  07:19PM

14  early Saturday.  I could meet Saturday afternoon; but, the later  07:20PM

15  you go in the day, the worse it gets.  I could meet early Sunday  07:20PM

16  morning.  Why don't we do that.  07:20PM

17   MR. WEINBERGER:  Do you have a time in mind, Judge?  07:20PM

18   THE COURT:  Let's say 9 o'clock here.  And Philip will  07:20PM

19  meet you at the door to let you in.  07:20PM

20   MR. WEINBERGER:  So we get Saturday off.  07:20PM

21   THE COURT:  I doubt it.  I just don't want to have to  07:20PM

22  be here at a certain time and worry what if I do get stuck or  07:20PM

23  whatever and I just say I'm turning around and going back home.  07:20PM

24   And, by then, you'll have -- what our goal is, is  07:20PM

25  to put together a whole product and so you all can look at that  07:20PM

1    Saturday and we can talk about it Sunday morning.                07:20PM

2           MR. WEINBERGER:  Not the cross claims, Judge,             07:20PM

3    necessarily.  But the parties are not that far apart, truly.  M. 07:20PM

4           MR. SANDLER:  Plaintiffs and Signal?                      07:21PM

5           MR. WEINBERGER:  Plaintiffs and Signal, truly.            07:21PM

6           THE COURT:  I think we're pretty close on the cross       07:21PM

7    claims, too.                                                     07:21PM

8           MR. CERNIGLIA:  I think we're very close on the cross     07:21PM

9    claims.                                                          07:21PM

10          THE COURT:  So that's the plan.  So what don't we have?   07:21PM

11            Now, the one problem is you all have just been          07:21PM

12   sending me the same thing and not making changes when I said I   07:21PM

13   wanted those other sections.  So we've got TPLA, discrimination, 07:21PM

14   retaliation, RICO.  All the other ones, I don't think you've     07:21PM

15   made changes to put them in our format, to do all the things     07:21PM

16   that I've been asking you to do.  So that's what I need          07:21PM

17   tomorrow.  You all understand?  Do not, do not send me what      07:21PM

18   you've sent me before on the instruction or the jury verdict     07:21PM

19   form.  Anybody who does that is in trouble.                      07:21PM

20            So you know the rest of the claims and you've got       07:21PM

21   to think on the agency how that, whether that -- how that        07:21PM

22   affects anyone else.  I'm still concerned about that, how you    07:22PM

23   all are going to deal with that.                                 07:22PM

24            There's no -- on the cross claims, there's no           07:22PM

25   agency issue or comparative fault issue; is that right?         07:22PM

```
1              MR. HASENKAMPF:  Correct.                    07:22PM

2              THE COURT:  Okay.                            07:22PM

3                   And, on yours, you've got think about whether   07:22PM

4    there's those issues.                                  07:22PM

5              MR. SANDLER:  And we submitted agency instructions.  07:22PM

6              THE COURT:  But -- but they're at the end.  Those are   07:22PM

7    the ones -- those are January 18th.  So those need to be redone.   07:22PM

8              MR. SANDLER:  Okay.  We'll have them reformatted.   07:22PM

9              THE COURT:  I don't known how many times I have to say   07:22PM

10   something like that.                                   07:22PM

11             MR. SANDLER:  There was dispute I think with the   07:22PM

12   Burnett defendant, a little bit with the Dewan defendants and a   07:22PM

13   little bit with the Signal.  We'll attempt to resolve them   07:22PM

14   before that.                                           07:22PM

15             MR. SHAPIRO:  You're talking about the RICO?   07:22PM

16             MR. SANDLER:  Agency.                        07:22PM

17             THE COURT:  Everything from RICO on, I don't think we   07:22PM

18   have.  Or we don't have a new version.                 07:22PM

19             MR. WERNER:  To be clear, for the RICO jury   07:23PM

20   instructions.                                          07:23PM

21             THE COURT:  And if you can -- you all are going to redo   07:23PM

22   those, too.  But I'm talking about, from there on, I can't   07:23PM

23   finish this and get, over the weekend, get a complete product   07:23PM

24   when you all won't give me another version.            07:23PM

25             MR. SANDLER:  So we filed RICO yesterday.  Then that   07:23PM
```

```
 1    format is incorrect?                                         07:23PM
 2            THE COURT:  RICO is better.                          07:23PM
 3            MR. SANDER:  Is better.                              07:23PM
 4            THE COURT:  The others, you just filed what you did  07:23PM
 5    before I did the format.                                     07:23PM
 6            MR. SANDLER:  The TPVRA.                             07:23PM
 7                So it still needs to be tweaked in a format.     07:23PM
 8            THE COURT:  The others completely.                   07:23PM
 9            MR. SANDLER:  And I didn't know if the RICO had made 07:23PM
10    its way across.                                              07:23PM
11            THE COURT:  I can't really tell because I am just    07:23PM
12    looking at substance right now.                              07:23PM
13            MR. SANDLER:  We will double-check it.               07:23PM
14            MR. WERNER:  Just to be clear, for RICO, would it be 07:23PM
15    helpful -- and I understand the formatting is to be all capped 07:23PM
16    and double-spaced.  Should we make those changes now?        07:23PM
17            THE COURT:  Yeah.  Let's do that.                    07:24PM
18                Oh, you know, I guess that's -- maybe not, so I  07:24PM
19    can see what the difference is.                              07:24PM
20                I'm talking about the language in the headings   07:24PM
21    and, you know, that if I want you to start with Signal makes or 07:24PM
22    plaintiffs make these claims against so and so, plaintiffs must 07:24PM
23    prove by a preponderance of the evidence this.  So that's more 07:24PM
24    the format issue on those other ones.                        07:24PM
25                And compensatory damages on each one.  Remember, 07:24PM
```

```
 1   because we're not putting it in the -- and punitives.        07:24PM

 2           MR. SANDLER:  That's one thing RICO doesn't do.       07:24PM

 3           MR. SHAPIRO:  Your Honor, I have just one comment.    07:24PM

 4   Yesterday -- I think it was yesterday, I'm losing track of the   07:24PM

 5   days.  But I believe that you asked the plaintiffs to look at    07:24PM

 6   the RICO instruction that I submitted because you thought there  07:24PM

 7   was some good ideas in it.  And I agree.  In fact, I think it's  07:25PM

 8   very simplified and -- but I've been advised today that zero     07:25PM

 9   changes were made based on my recommendations.                07:25PM

10           THE COURT:  Well, you know, Steve, if they'd had those  07:25PM

11   earlier and if I had them, I might have had a chance to say:     07:25PM

12   Let's do it this way.  But we didn't.  So that's what happens    07:25PM

13   when they get turned in late.                                 07:25PM

14           MR. SHAPIRO:  I've done the best I can from the pattern  07:25PM

15   instructions.                                                 07:25PM

16           THE COURT:  I know you all have had it, and I've had    07:25PM

17   it, too.  So I'll see you tomorrow morning.                   07:25PM

18           MR. WEINBERGER:  Thank you, Your Honor.               07:25PM

19           THE COURT:  The redoing RICO and turning in all the    07:25PM

20   others, I want by 5.  So everything from RICO to the end.  And  07:25PM

21   the redone cross claims.  And then we'll talk about it again.   07:25PM

22           MR. WEINBERGER:  Your Honor, do you know if this        07:26PM

23   conference tomorrow night will be confined to cross claim       07:26PM

24   issues?                                                       07:26PM

25           THE COURT:  No, it will not.                          07:26PM
```

1          MR. SANDLER:  Is there any way -- and forgive me for                07:26PM

2    asking this -- is here any way that we can do plaintiff's claims

3    first?  They all have to say for our claims anyway.  And, cross

4    claims, we can have one or two attorneys stay.

5          THE COURT:  I am trying to give them more attention

6    because I felt like they needed it.

7               (7:28 p.m., proceedings concluded.)                            07:26PM

8                                                                              07:26PM

9                         CERTIFICATE                                          07:26PM

10

11

12        I, Susan A. Zielie, Official Court Reporter, do hereby
     certify that the foregoing transcript is correct.

13

14

15                         /S/ SUSAN A. ZIELIE, FCRR
                      _____
16                         Susan A. Zielie, FCRR

17

18

19

20

21

22

23

24

25

## /

**/S** [1] - 62:14

## 0

**08-1220** [2] - 1:6, 1:21

## 1

**1** [4] - 6:19, 8:3, 51:7, 56:5
**10004** [1] - 2:25
**10013** [1] - 3:5
**10022** [1] - 2:11
**1055** [1] - 2:18
**11553** [1] - 3:8
**12-557** [1] - 1:12
**125** [1] - 2:24
**12th** [1] - 3:4
**13-6218** [1] - 1:17
**1521** [1] - 4:6
**1631** [1] - 3:10
**18th** [2] - 2:25, 59:7
**1962(c)** [2] - 53:10, 54:1
**1962(d** [1] - 47:12
**1962(d)** [2] - 47:19, 49:1

## 2

**2** [2] - 3:1, 8:2
**200** [1] - 3:23
**2006** [9] - 15:8, 16:5, 16:12, 16:13, 17:4, 17:10, 17:16, 17:21, 18:2
**2015** [2] - 1:6, 5:1
**212.803.4021** [1] - 2:11
**233** [1] - 2:15

## 3

**3** [3] - 4:1, 17:4, 41:14
**30303** [1] - 2:16
**310** [1] - 3:19
**333** [1] - 3:7
**36104** [1] - 2:22
**3636** [1] - 3:22

## 4

**4** [10] - 1:6, 5:1, 14:2, 14:21, 17:4, 19:12, 20:17, 26:2, 26:9, 36:4
**400** [1] - 2:21
**404.521.6700** [1] -

2:16

## 5

**5** [1] - 61:20
**500** [1] - 2:2
**504.589.7781** [1] - 2:4
**505** [1] - 2:19
**590** [1] - 2:10
**5:30** [1] - 45:25
**5:58** [1] - 5:2

## 6

**601** [1] - 3:7

## 7

**700** [1] - 4:3
**70001** [1] - 3:23
**701** [1] - 3:19
**70117** [1] - 3:10
**70130** [4] - 2:2, 2:19, 4:3, 4:7
**70139** [1] - 3:20
**7:28** [1] - 62:7

## 9

**9** [1] - 57:18
**99** [1] - 3:4

## A

**A-1** [2] - 52:7, 52:19
**a/k/a** [1] - 7:25
**able** [1] - 55:23
**absolutely** [2] - 13:20, 17:1
**acceptance** [2] - 15:11, 21:13
**accepted** [1] - 33:13
**accordingly** [1] - 41:9
**accurately** [1] - 54:13
**ACHARI** [1] - 1:15
**acknowledged** [1] - 16:9
**act** [9] - 11:10, 12:19, 14:25, 16:2, 28:10, 32:4, 32:21, 37:5, 37:6
**action** [11] - 5:12, 14:25, 22:3, 22:19, 22:24, 23:2, 23:23, 31:7, 43:19, 44:24, 45:19
**actions** [2] - 43:12, 45:9
**active** [1] - 45:13
**actively** [1] - 45:17

**acts** [11] - 12:19, 27:21, 43:9, 48:24, 52:13, 52:14, 52:15, 53:2, 53:3, 53:8, 55:9
**add** [3] - 12:6, 13:17, 55:18
**address** [2] - 22:12, 57:1
**adequately** [1] - 54:13
**adopt** [1] - 41:24
**adopted** [2] - 27:23, 41:25
**advised** [1] - 61:8
**affairs** [4] - 53:1, 53:17, 54:5, 54:18
**affect** [1] - 38:12
**affects** [2] - 39:9, 58:22
**affirmatively** [3] - 22:18, 23:2, 45:17
**afternoon** [1] - 57:14
**agency** [21] - 8:3, 8:9, 14:16, 42:6, 42:12, 42:14, 42:15, 42:16, 42:20, 43:2, 43:3, 43:8, 43:10, 44:2, 44:3, 44:25, 45:21, 58:21, 58:25, 59:5, 59:16
**agent** [6] - 41:15, 43:9, 44:9, 44:15, 44:22
**agent's** [1] - 44:6
**agents** [1] - 43:16
**agree** [11] - 29:17, 29:21, 35:17, 47:25, 48:1, 48:22, 51:18, 56:1, 61:7
**agreed** [4] - 29:20, 34:20, 47:24, 55:6
**agreeing** [1] - 35:23
**agreement** [7] - 16:5, 16:16, 26:12, 33:17, 47:20, 48:3, 49:16
**ahead** [1] - 25:13
**aided** [1] - 2:5
**AL** [1] - 2:22
**al** [5] - 1:4, 1:7, 1:13, 1:15, 1:18
**ALAN** [2] - 2:8, 3:16
**allegation** [1] - 36:13
**allegations** [1] - 9:1
**allege** [1] - 8:6
**alleged** [2] - 11:10, 25:22
**alleges** [10] - 8:15, 8:21, 9:4, 9:10, 11:22, 11:25, 12:4, 20:5, 26:10, 41:3

**alleging** [8] - 14:23, 15:1, 28:21, 32:17, 34:11, 34:13, 42:19, 43:18
**allow** [1] - 44:21
**almost** [3] - 33:16, 33:18, 48:2
**alternative** [5] - 5:22, 21:18, 24:4, 27:21, 28:7
**AMAL** [1] - 2:9
**amenable** [2] - 49:6, 49:20
**amended** [1] - 22:6
**AMERI** [1] - 4:11
**American** [2] - 2:24, 3:3
**amount** [2] - 37:12, 56:6
**Andrews** [1] - 2:8
**ANJALI** [1] - 2:20
**answer** [3] - 53:6, 53:12, 54:9
**anyway** [1] - 62:3
**apart** [1] - 58:3
**APLC** [1] - 3:22
**appear** [1] - 45:16
**APPEARANCE** [2] - 3:1, 4:1
**APPEARANCES** [1] - 2:7
**applied** [1] - 33:3
**APPLIES** [1] - 1:21
**applies** [2] - 22:8, 35:16
**apply** [3] - 35:17, 35:23, 46:25
**applying** [1] - 34:17
**appropriate** [1] - 28:22
**April** [1] - 16:5
**arguably** [1] - 15:10
**argue** [4] - 36:13, 38:7, 44:2, 55:20
**arguing** [2] - 11:14, 22:20
**argument** [6] - 15:6, 25:23, 38:22, 50:23, 50:25, 51:3
**argumentative** [1] - 26:6
**asian** [1] - 3:3
**aspect** [1] - 16:16
**assess** [1] - 30:11
**assists** [1] - 31:9, 31:10
**associated** [4] - 51:19, 52:10, 53:21, 53:23
**ASSOCIATES** [1] - 4:9

**alleging** (cont.)

**assuming** [1] - 19:22
**AT** [1] - 1:3
**Atlanta** [1] - 2:16
**attempt** [1] - 59:13
**attempting** [1] - 34:2
**attention** [1] - 62:5
**attorney** [12] - 9:7, 9:13, 12:4, 12:6, 14:23, 15:1, 16:7, 16:8, 17:2, 26:11, 39:3
**Attorney** [16] - 12:18, 25:22, 26:1, 26:3, 27:1, 32:22, 32:23, 33:2, 37:1, 37:5, 38:15, 39:2, 39:25, 40:2, 40:5, 40:7
**attorney-client** [5] - 9:7, 9:13, 14:23, 15:1, 17:2
**attorneys** [1] - 62:4
**attorneys'** [1] - 5:18
**authority** [6] - 41:15, 43:16, 43:22, 44:9, 44:17, 45:1
**authorize** [1] - 39:17
**authorized** [1] - 10:25
**Avenue** [5] - 2:10, 2:18, 2:21, 3:10, 4:6
**avoid** [1] - 26:4
**award** [1] - 10:3
**aware** [1] - 23:8
**awhile** [1] - 36:8

## B

**Baker** [1] - 3:6
**based** [5] - 21:7, 27:6, 42:22, 53:25, 61:9
**basis** [2] - 8:9, 21:24
**beach** [1] - 25:25
**BEFORE** [1] - 1:23
**beginning** [1] - 6:6
**behalf** [3] - 18:20, 39:25, 40:6
**below** [2] - 28:23, 29:18
**beneficiary** [2] - 16:18, 16:21
**benefit** [1] - 26:20
**best** [1] - 61:14
**better** [7] - 14:20, 19:1, 24:11, 46:19, 57:13, 60:2, 60:3
**between** [3] - 15:7, 15:21, 16:10
**BHATNAGAR** [1] - 2:23
**BILLY** [1] - 4:11
**bit** [4] - 39:22, 55:21,

59:12, 59:13
**BJARNSON** [1] - 3:6
**blank** [3] - 7:4, 7:7, 10:22
**Blue** [1] - 28:2
**blue** [13] - 5:20, 9:24, 10:12, 21:14, 21:18, 21:20, 21:21, 27:5, 27:7, 28:1, 28:4, 29:17, 29:18
**board** [2] - 48:16, 50:18
**bold** [1] - 6:25
**BOLLMAN** [1] - 3:21
**Bollman** [1] - 3:22
**booted** [1] - 46:8
**borrowed** [1] - 13:8
**bothers** [1] - 12:6
**BOUHABIB** [1] - 2:9
**Boulevard** [1] - 3:7
**box** [2] - 48:15, 48:20
**breach** [48] - 8:14, 9:17, 9:21, 11:6, 11:7, 11:11, 11:14, 12:1, 14:2, 14:6, 18:20, 18:24, 19:2, 19:5, 19:6, 19:10, 19:11, 20:2, 20:5, 20:11, 20:17, 20:23, 21:11, 21:12, 24:12, 24:17, 26:9, 27:20, 30:5, 30:14, 30:16, 30:20, 30:22, 31:4, 33:15, 33:17, 34:4, 35:16, 35:18, 35:21, 35:24, 36:4, 38:5, 39:8, 40:22, 43:8, 44:3, 45:23
**breached** [18] - 8:16, 8:22, 10:25, 11:22, 12:2, 12:4, 14:24, 15:1, 15:14, 15:22, 17:6, 26:12, 34:11, 37:17, 38:8, 38:15, 39:12, 45:20
**breaches** [1] - 15:25
**BRIAN** [1] - 3:15
**briefed** [1] - 34:22
**briefing** [1] - 34:23
**broad** [2] - 39:24, 40:7
**Broad** [1] - 2:24
**broader** [2] - 17:18, 18:17
**broke** [1] - 6:21
**brought** [1] - 6:15
**built** [1] - 32:5
**BURAS** [1] - 4:5
**burden** [4] - 6:6, 20:11, 20:23, 30:20
**Burnett** [28] - 4:5,

6:20, 8:15, 8:22, 10:24, 11:8, 11:22, 12:4, 15:7, 16:11, 17:19, 17:24, 18:7, 18:13, 18:20, 18:24, 19:6, 22:17, 27:7, 27:11, 27:19, 28:4, 31:13, 33:4, 33:12, 41:1, 41:3, 59:12
**Burnett's** [5] - 18:3, 18:5, 18:11, 22:12, 43:12

## C

**Camp** [1] - 4:3
**cannot** [4] - 22:18, 29:13, 29:16, 31:25
**capped** [1] - 60:15
**caps** [1] - 6:25
**car** [1] - 46:7
**care** [7] - 11:22, 12:1, 12:2, 12:4, 13:7, 15:17, 17:18
**carefully** [1] - 55:20
**Case** [3] - 1:6, 1:12, 1:17
**case** [13] - 22:25, 23:1, 24:14, 25:6, 25:10, 26:25, 30:9, 31:15, 35:20, 53:13, 53:16, 53:25, 55:21
**CASE** [2] - 1:8, 1:14
**cases** [8] - 22:22, 23:5, 25:5, 28:15, 31:19, 41:20, 42:1
**CASEY** [1] - 3:14
**catch** [1] - 46:19
**catch-all** [1] - 46:19
**catered** [1] - 21:4
**caused** [4] - 43:15, 44:3, 56:6, 56:7
**causes** [1] - 14:24, 42:12, 56:19
**Center** [3] - 2:14, 2:18, 2:21
**CERNIGLIA** [44] - 4:5, 8:17, 8:23, 11:3, 11:5, 11:10, 11:15, 11:25, 12:16, 12:18, 13:1, 13:6, 13:10, 14:22, 15:4, 16:15, 17:22, 18:15, 23:13, 23:20, 25:14, 27:10, 28:2, 28:14, 28:17, 29:11, 31:15, 32:8, 35:5, 35:7, 35:13, 35:17, 39:1, 41:19, 42:6, 42:14, 43:3, 43:6, 43:19, 43:23,

45:3, 51:6, 52:13, 58:8
**Cerniglia** [1] - 4:6
**certain** [1] - 57:22
**CERTIFICATE** [1] - 62:9
**certify** [1] - 62:12
**cetera** [1] - 8:16
**chance** [2] - 5:19, 61:11
**CHANDRA** [1] - 2:23
**change** [4] - 6:1, 14:3, 35:12, 46:3
**changes** [6] - 5:8, 7:15, 58:12, 58:15, 60:16, 61:9
**changing** [1] - 29:3, 29:16, 32:1, 45:19
**Charge** [1] - 1:7
**charge** [5] - 37:11, 37:13, 46:17, 46:18, 55:25
**charging** [1] - 22:21
**Charles** [2] - 2:18, 4:6
**check** [1] - 60:13
**CHIENI** [1] - 2:9
**choice** [1] - 34:23
**choosing** [1] - 42:18
**circled** [1] - 29:18
**Circuit** [2] - 32:11, 56:18
**citation** [1] - 29:5
**cite** [1] - 25:19
**cited** [1] - 41:20
**cites** [4] - 23:8, 23:9, 23:10, 31:20
**Civil** [1] - 2:24
**claim** [59] - 5:4, 5:21, 6:13, 6:19, 6:24, 7:3, 7:6, 7:7, 8:2, 9:17, 10:22, 11:19, 14:2, 14:21, 14:24, 15:6, 16:18, 16:22, 17:3, 17:7, 17:17, 18:23, 19:6, 19:10, 19:11, 19:12, 19:21, 20:17, 21:11, 21:12, 22:6, 22:8, 24:5, 24:12, 25:8, 26:5, 26:9, 27:12, 30:17, 32:8, 35:7, 35:16, 35:18, 35:21, 36:4, 43:11, 44:21, 45:4, 45:8, 45:9, 45:12, 45:18, 45:20, 45:23, 51:7, 52:1, 61:23
**claim-specific** [1] - 26:5
**claimant** [2] - 45:14, 45:16

**claiming** [2] - 16:20, 17:19
**claims** [21] - 5:9, 14:5, 14:16, 14:20, 21:5, 24:8, 24:10, 38:1, 43:24, 58:2, 58:7, 58:9, 58:20, 58:24, 60:22, 61:21, 62:2, 62:3, 62:4
**class** [1] - 55:24
**clause** [1] - 23:14
**clear** [13] - 5:13, 5:15, 6:2, 6:4, 6:9, 8:24, 9:6, 9:12, 10:18, 24:14, 43:18, 59:19, 60:14
**clearer** [1] - 24:12
**CLERK** [1] - 7:1
**client** [5] - 9:7, 9:13, 14:23, 15:1, 17:2
**close** [2] - 58:6, 58:8
**Coast** [2] - 7:11, 8:16
**coded** [1] - 36:19
**collapse** [1] - 18:23
**collapsed** [3] - 14:20, 40:19, 40:24
**collapsing** [1] - 21:10
**collecting** [1] - 39:6
**color** [3] - 12:23, 12:24, 36:19
**color-coded** [1] - 36:19
**colorblind** [1] - 12:23
**comment** [1] - 61:3
**COMMISSION** [1] - 1:10
**committed** [1] - 15:23
**committing** [1] - 15:15
**community** [2] - 13:16, 13:22
**comparative** [2] - 8:4, 58:25
**compared** [1] - 45:7
**comparing** [1] - 5:5
**compensable** [2] - 50:16, 50:18
**compensation** [1] - 50:5
**compensatory** [3] - 5:23, 10:3, 60:25
**compete** [1] - 25:11
**complete** [1] - 59:23
**completed** [1] - 52:19
**completely** [1] - 60:8
**complex** [1] - 39:1
**complicated** [3] - 37:23, 37:25, 47:7
**compromise** [2] - 52:7
**Computer** [1] - 2:5
**Computer-aided** [1] -

2:5
**conceding** [1] - 54:24
**concept** [2] - 42:11, 43:4
**concerned** [1] - 58:22
**concluded** [1] - 62:7
**condescending** [1] - 46:14
**conditioned** [2] - 33:20, 33:24
**conduct** [14] - 11:1, 34:16, 36:6, 36:24, 38:13, 40:12, 44:6, 44:7, 53:7, 54:3, 54:4, 54:14, 54:19, 55:13
**conducted** [2] - 52:25, 55:11
**Conference** [1] - 1:7
**conference** [2] - 22:21, 61:23
**confined** [1] - 61:23
**confused** [5] - 22:3, 23:25, 27:7, 34:5, 34:24
**confusing** [2] - 8:1, 14:22
**confusion** [1] - 45:3
**conscience** [2] - 30:6, 30:7
**consequences** [1] - 44:6
**consider** [1] - 52:1
**consideration** [7] - 15:11, 21:12, 23:4, 24:16, 26:16, 26:17, 26:20
**considering** [1] - 24:16
**consistent** [2] - 7:3, 10:23
**conspiracy** [7] - 47:1, 47:9, 47:13, 48:12, 48:16, 50:13, 50:15
**conspired** [1] - 47:10
**constitutes** [2] - 11:10, 35:19
**construed** [1] - 26:6
**Consultants** [4] - 7:14, 7:18, 7:25, 20:6
**contingency** [1] - 34:1
**continue** [1] - 18:3
**contract** [101] - 14:2, 14:6, 14:19, 14:21, 14:23, 15:1, 15:2, 15:6, 15:7, 15:10, 15:21, 15:22, 15:24, 15:25, 16:10, 16:21, 17:6, 17:11, 18:2,

18:4, 18:7, 18:9, 18:17, 18:20, 18:25, 19:3, 19:5, 19:6, 19:10, 19:11, 20:2, 20:3, 20:5, 20:11, 20:17, 20:23, 21:11, 21:12, 21:17, 23:4, 24:4, 24:12, 24:17, 24:18, 24:23, 25:21, 25:22, 25:25, 26:9, 26:21, 27:1, 27:20, 28:20, 30:5, 30:12, 30:14, 30:15, 30:16, 30:17, 30:20, 30:25, 31:3, 31:4, 32:24, 32:25, 33:11, 33:15, 33:17, 33:22, 33:23, 34:1, 34:2, 34:4, 34:11, 34:12, 34:14, 34:15, 34:18, 35:11, 35:14, 35:15, 35:16, 35:18, 35:19, 35:21, 35:22, 35:24, 36:5, 36:21, 37:17, 38:5, 38:8, 38:20, 38:24, 39:10, 40:22, 43:25, 45:23

**contractual** [2] - 18:7, 43:6
**convince** [1] - 51:4
**convincing** [9] - 5:13, 5:15, 6:2, 6:4, 6:9, 8:25, 9:6, 9:12, 10:18
**copied** [1] - 19:22
**copies** [2] - 20:1, 23:5
**Copy** [1] - 1:8
**copy** [2] - 19:19, 36:19
**CORNBLATT** [1] - 3:21
**correct** [19] - 6:8, 7:13, 8:10, 9:15, 10:4, 10:16, 17:8, 25:5, 27:13, 29:5, 30:13, 30:15, 31:8, 34:7, 40:3, 40:23, 41:22, 59:1, 62:12
**correctly** [1] - 16:18
**corrupt** [1] - 46:16
**Coschignano** [1] - 3:6
**counsel** [1] - 14:8
**Count** [2] - 17:4
**couple** [1] - 6:22
**Court** [16] - 23:14, 25:6, 28:15, 31:10, 31:19, 31:21, 41:20, 41:23, 42:3, 42:5, 50:3, 51:24, 53:16, 53:19, 54:9, 62:11
**court** [1] - 46:12

**COURT** [209] - 1:1, 2:1, 5:3, 5:24, 6:5, 6:9, 6:16, 6:24, 7:2, 7:15, 7:23, 7:25, 8:8, 8:11, 8:19, 9:4, 9:16, 9:21, 10:5, 10:8, 10:12, 10:17, 10:21, 11:4, 11:7, 11:13, 11:17, 12:2, 12:12, 12:17, 12:24, 13:4, 13:12, 13:18, 13:21, 14:1, 14:10, 15:3, 15:14, 15:20, 16:2, 16:10, 16:13, 16:23, 17:4, 17:9, 17:15, 17:19, 18:10, 18:16, 18:22, 19:4, 19:9, 19:17, 19:24, 20:4, 20:15, 20:20, 21:7, 21:9, 21:14, 21:19, 21:24, 22:10, 22:14, 23:5, 23:7, 23:12, 24:8, 24:20, 25:13, 25:25, 26:8, 26:20, 27:2, 27:11, 27:14, 27:17, 27:25, 28:3, 28:6, 28:9, 28:13, 28:16, 28:19, 29:2, 29:7, 29:13, 29:20, 29:23, 30:3, 30:12, 30:14, 30:16, 31:11, 32:6, 32:12, 32:14, 32:20, 32:23, 33:6, 34:8, 34:20, 35:2, 35:6, 35:11, 35:23, 36:11, 36:16, 36:22, 36:24, 37:4, 37:9, 37:11, 37:16, 37:19, 38:19, 38:23, 39:7, 39:10, 39:17, 39:20, 40:1, 40:9, 40:12, 40:17, 40:20, 40:24, 41:1, 41:11, 41:16, 42:2, 42:11, 42:17, 42:22, 42:24, 43:4, 43:13, 43:17, 43:20, 44:5, 44:11, 44:14, 44:24, 45:24, 46:6, 46:9, 46:14, 46:18, 47:3, 47:5, 47:9, 47:17, 47:23, 48:5, 48:9, 49:13, 49:17, 50:2, 50:5, 50:9, 50:17, 50:21, 51:7, 51:12, 51:14, 51:18, 52:2, 52:16, 52:20, 53:11, 53:21, 54:6, 54:15, 54:19, 54:25, 55:3, 55:6, 55:9, 55:13, 55:16, 55:23, 56:3, 56:12, 56:16,

56:22, 56:25, 57:3, 57:5, 57:11, 57:18, 57:21, 58:6, 58:10, 59:2, 59:6, 59:9, 59:17, 59:21, 60:2, 60:4, 60:8, 60:11, 60:17, 61:10, 61:16, 61:19, 61:25, 62:5
**Court's** [1] - 48:3
**covered** [1] - 7:8
**created** [1] - 50:15
**criminal** [5] - 48:22, 48:23, 54:2, 54:3
**critical** [1] - 26:15
**cross** [24] - 5:4, 5:21, 6:19, 7:6, 7:7, 8:2, 11:19, 14:2, 14:21, 19:21, 22:6, 24:10, 43:24, 45:4, 45:8, 45:9, 58:2, 58:6, 58:8, 58:24, 61:21, 61:23, 62:3
**Crowell** [1] - 2:10
**cure** [2] - 49:7, 49:8

# D

**d/b/a** [1] - 7:20
**DAHSONG** [1] - 3:2
**Daily** [1] - 1:8
**damage** [2] - 42:12, 44:16
**damages** [19] - 5:23, 6:2, 6:7, 6:13, 7:8, 7:9, 8:12, 9:24, 10:2, 10:6, 10:10, 30:11, 43:15, 44:3, 45:14, 50:5, 56:5, 56:6, 60:25
**Dan** [1] - 54:19
**DANIEL** [2] - 2:12, 4:5
**date** [1] - 28:24
**DAVID** [2] - 1:4, 1:21
**DAVIS** [1] - 3:17
**days** [1] - 61:5
**deal** [4] - 49:18, 56:20, 56:25, 58:23
**dealt** [2] - 25:23, 25:24
**December** [5] - 15:7, 16:12, 16:13, 17:16, 17:21
**decide** [1] - 10:3
**decided** [1] - 8:18
**decision** [2] - 32:11, 53:14
**deductions** [1] - 50:6
**DEES** [1] - 2:14
**Defendant** [4] - 1:8, 3:14, 4:2, 4:5
**defendant** [3] - 1:19,

27:11, 59:12
**Defendant/Cross** [1] - 4:2
**defendants** [6] - 5:12, 19:21, 37:25, 45:5, 45:8, 59:12
**Defendants** [2] - 1:14, 4:8
**defendants'** [1] - 23:3
**Defense** [1] - 3:3
**defense** [8] - 22:2, 22:8, 23:3, 23:4, 23:22, 31:14, 38:16
**defined** [1] - 13:19
**definitely** [2] - 25:7, 50:12
**definition** [1] - 26:17
**definitions** [2] - 20:25, 30:23, 47:18
**delicto** [1] - 56:23
**demand** [1] - 40:5
**denies** [1] - 45:6
**deposition** [2] - 17:24, 18:14
**designed** [1] - 55:19
**detriment** [2] - 6:2, 25:4
**detrimental** [14] - 23:23, 23:24, 24:1, 24:6, 24:11, 25:2, 27:15, 29:25, 30:1, 30:9, 31:14, 31:17, 40:17, 40:21
**Dewan** [38] - 4:2, 7:14, 19:5, 19:7, 19:12, 20:5, 20:21, 21:25, 22:17, 25:20, 25:25, 26:10, 26:11, 27:7, 27:13, 27:19, 28:4, 31:13, 32:13, 32:14, 33:5, 33:13, 34:11, 36:5, 36:6, 36:14, 36:25, 37:4, 38:23, 39:3, 39:5, 39:25, 40:5, 40:12, 40:21, 59:12
**Dewan's** [2] - 22:12, 37:3
**difference** [6] - 15:21, 17:20, 51:19, 52:3, 53:22, 60:19
**different** [20] - 6:12, 9:17, 10:15, 14:24, 15:22, 17:15, 17:16, 20:16, 24:8, 24:10, 27:16, 32:10, 33:25, 36:22, 42:15, 42:18, 42:20, 43:5, 45:2, 55:15
**difficult** [1] - 18:19

**direct** [3] - 18:4, 53:10, 55:2
**directly** [5] - 21:21, 41:19, 45:10, 53:1, 54:4
**disagree** [2] - 33:13, 34:3
**discrete** [1] - 49:10
**discrimination** [1] - 58:13
**discuss** [1] - 19:2
**discussed** [3] - 24:13, 41:13, 41:23
**discussing** [1] - 29:1
**Discussion** [2] - 9:3, 20:14
**discussion** [1] - 14:8
**disintegrated** [2] - 18:2, 18:9
**disjunctive** [1] - 53:9
**dispute** [5] - 5:20, 41:22, 49:2, 52:5, 59:11
**distinct** [1] - 47:19
**DISTRICT** [3] - 1:1, 1:2, 1:24
**district** [1] - 46:12
**divide** [1] - 48:23
**doctors** [1] - 13:19
**doctrine** [1] - 35:9
**document** [1] - 19:13
**documents** [1] - 39:18
**done** [7] - 32:18, 40:6, 42:3, 42:5, 49:14, 61:14
**door** [1] - 57:19
**double** [2] - 60:13, 60:16
**double-check** [1] - 60:13
**double-spaced** [1] - 60:16
**doubt** [1] - 57:21
**down** [2] - 23:9, 52:21
**draft** [5] - 24:14, 42:4, 46:2, 56:25, 57:7
**dropped** [1] - 28:24
**during** [1] - 56:20
**duties** [6] - 36:6, 36:14, 36:25, 38:21, 38:23, 40:13
**duty** [22] - 8:14, 8:16, 8:18, 8:20, 8:22, 9:18, 9:22, 10:25, 11:7, 11:14, 11:22, 11:23, 12:1, 12:2, 12:4, 12:19, 13:2, 13:7, 16:16, 16:23, 17:2, 17:18

## E

**Earle** [1] - 3:7
**early** [2] - 57:14, 57:15
**EASTERN** [1] - 1:2
**Education** [1] - 3:3
**effect** [1] - 38:12
**eight** [2] - 20:10, 33:10
**either** [8] - 7:22, 17:25, 22:8, 23:4, 31:5, 47:16, 51:24, 52:25
**element** [2] - 24:7, 41:14
**elements** [8] - 5:15, 9:6, 9:12, 15:11, 24:17, 30:4, 41:13, 43:5
**Eleventh** [1] - 56:18
**ELHAM** [1] - 3:14
**Elysian** [1] - 3:10
**email** [1] - 49:19
**emphasize** [1] - 55:19
**employment** [1] - 34:19
**EMPLOYMENT** [1] - 1:9
**end** [6] - 7:5, 10:1, 14:15, 18:2, 59:6, 61:20
**enforce** [2] - 33:23, 34:2
**enforced** [1] - 15:12
**entered** [1] - 38:20
**enterprise** [6] - 46:23, 53:1, 53:8, 53:17, 54:10, 54:11
**enterprise's** [1] - 54:4
**enterprises** [2] - 52:11, 53:2
**entire** [1] - 12:11
**entirely** [1] - 33:18
**entirety** [1] - 48:25
**EQUAL** [1] - 1:9
**equitable** [13] - 23:21, 28:17, 28:19, 28:21, 29:9, 29:10, 29:15, 29:23, 29:25, 31:6, 31:12, 31:13, 31:16
**equivalent** [1] - 45:11
**ERIN** [1] - 3:14
**error** [1] - 34:24
**especially** [1] - 35:5
**ESQ** [28] - 2:8, 2:8, 2:9, 2:9, 2:12, 2:13, 2:13, 2:14, 2:17, 2:20, 2:23, 3:2, 3:2, 3:6, 3:14, 3:14, 3:15, 3:15, 3:16, 3:16,

3:17, 3:17, 3:21, 3:21, 4:2, 4:2, 4:5, 4:5
**essential** [3] - 28:17, 31:23, 45:18
**establish** [7] - 5:12, 5:13, 20:10, 20:22, 30:19, 30:21, 31:22
**establishing** [2] - 6:13, 9:24
**estopped** [2] - 23:21, 31:25
**estoppel** [29] - 15:13, 21:11, 22:7, 22:19, 22:23, 23:15, 23:18, 23:21, 24:7, 24:11, 25:1, 25:7, 27:21, 28:18, 28:19, 28:21, 29:9, 29:10, 29:15, 29:25, 30:2, 31:6, 31:12, 31:14, 31:16, 31:22, 32:5, 33:3
**et** [6] - 1:4, 1:7, 1:13, 1:15, 1:18, 8:16
**evening** [2] - 5:3, 16:18
**event** [4] - 33:21, 33:24, 35:3, 36:23
**events** [1] - 33:12
**evidence** [22] - 5:13, 5:16, 6:2, 6:4, 8:25, 9:6, 9:12, 9:25, 12:9, 20:8, 20:12, 20:24, 31:1, 36:2, 41:7, 51:9, 51:15, 52:8, 52:10, 52:18, 52:23, 60:23
**exact** [3] - 35:9, 42:10, 49:19
**exactly** [1] - 56:10
**exceed** [1] - 42:12
**exceeded** [1] - 43:22
**exceeding** [3] - 42:16, 43:16, 44:25
**exceeds** [3] - 41:15, 44:7, 44:9
**except** [1] - 39:8
**exception** [2] - 37:22, 38:17
**exclusive** [1] - 39:23
**excused** [1] - 46:4
**executed** [1] - 26:11
**exemption** [1] - 37:14
**exist** [1] - 34:1
**existence** [3] - 9:7, 9:13, 31:22
**expenses** [1] - 50:15
**expert** [1] - 34:6
**explain** [2] - 32:2, 53:5
**extent** [4] - 15:10,

16:7, 16:20, 39:8

## F

**fact** [3] - 46:24, 56:6, 61:7
**factual** [2] - 11:5, 11:12
**failed** [1] - 38:23
**failing** [1] - 13:4
**fails** [3] - 21:12, 24:18, 24:24
**fair** [1] - 54:23
**falling** [1] - 18:8
**far** [1] - 58:3
**fault** [2] - 8:4, 58:25
**favor** [1] - 26:11
**FCRR** [3] - 2:1, 62:14, 62:15
**FEBRUARY** [1] - 5:1
**February** [1] - 1:6
**federal** [1] - 46:12
**fees** [6] - 5:18, 37:7, 37:8, 37:9, 37:11, 39:6
**fell** [1] - 36:9
**felt** [1] - 62:6
**few** [1] - 47:25
**fiduciary** [12] - 8:14, 8:16, 8:18, 8:19, 8:22, 9:18, 9:22, 10:25, 11:7, 11:23, 16:16, 17:2
**Fields** [1] - 3:10
**Fifth** [1] - 32:11
**filed** [3] - 19:20, 59:25, 60:4
**final** [1] - 56:25
**fine** [2] - 8:23, 11:25
**finish** [2] - 53:6, 59:23
**fired** [1] - 18:1
**first** [25] - 5:4, 5:8, 6:5, 9:4, 9:9, 12:13, 15:7, 16:6, 20:4, 20:20, 23:18, 24:13, 26:9, 30:21, 32:12, 41:2, 46:1, 46:24, 47:5, 48:9, 49:5, 53:12, 53:22, 62:3
**fits** [1] - 24:11
**five** [2] - 10:3, 46:24
**fix** [1] - 48:8
**fixated** [1] - 47:21
**flagged** [1] - 49:24
**flesh** [1] - 13:8
**Floor** [2] - 2:25, 3:4
**folding** [1] - 24:4
**follow** [1] - 26:14
**follow-up** [1] - 26:14
**following** [3] - 9:5,

9:11, 53:2
**FOR** [1] - 1:1
**forced** [1] - 37:2
**foregoing** [1] - 62:12
**forgive** [1] - 62:1
**form** [21] - 6:18, 6:22, 10:14, 10:17, 13:13, 26:21, 30:17, 33:8, 36:4, 38:13, 38:20, 48:17, 51:7, 51:10, 51:11, 52:3, 53:9, 54:22, 56:5, 56:16, 58:19
**format** [5] - 58:15, 60:1, 60:5, 60:7, 60:24
**formatting** [1] - 60:15
**forms** [1] - 9:19
**foundation** [1] - 32:4
**four** [4] - 10:11, 10:24, 11:17, 56:14
**fourth** [1] - 20:10
**fraud** [7] - 5:9, 5:12, 6:3, 6:19, 8:12, 8:13, 34:8
**frauds** [1] - 23:3
**Friday** [1] - 57:7
**full** [1] - 33:16
**Fund** [1] - 3:3
**future** [17] - 23:16, 25:15, 27:21, 27:25, 28:10, 28:24, 28:25, 29:3, 29:17, 32:1, 32:4, 33:12, 33:21, 33:24, 35:3, 35:8, 36:23

## G

**GA** [1] - 2:16
**general** [8] - 10:2, 10:6, 46:20, 46:25, 47:11, 48:10, 51:11, 56:14
**generate** [1] - 44:6
**generic** [1] - 26:7
**given** [1] - 26:21
**Global** [5] - 16:4, 16:5, 16:6, 17:10, 18:7
**GLOBAL** [1] - 4:8
**global** [1] - 16:16
**goal** [1] - 57:24
**governed** [1] - 34:11
**GRAUNKE** [3] - 2:13, 34:18, 34:22
**green** [13] - 21:1, 21:6, 21:15, 21:19, 27:5, 29:18, 29:21, 29:24, 30:20, 51:14, 52:7
**grey** [1] - 10:11

**guess** [8] - 7:8, 13:4, 21:25, 27:16, 30:22, 32:12, 38:25, 60:18
**Gulf** [2] - 7:11, 8:16

## H

**H-2B** [1] - 32:18
**HAL** [1] - 3:14
**hand** [1] - 5:5
**HANGARTNER** [1] - 3:14
**Hangartner** [1] - 3:18
**happy** [1] - 23:11
**hard** [2] - 12:22, 26:25
**harm** [1] - 5:17
**HASENKAMPF** [88] - 3:17, 5:22, 6:1, 6:8, 6:14, 6:21, 7:13, 7:19, 7:24, 8:6, 8:10, 9:2, 9:15, 9:19, 10:4, 10:7, 10:11, 10:16, 10:20, 11:24, 12:10, 13:7, 13:17, 14:3, 14:14, 15:5, 15:18, 16:1, 16:3, 16:12, 17:1, 17:8, 17:13, 17:17, 18:19, 19:8, 19:16, 19:20, 21:4, 21:8, 21:10, 21:18, 21:21, 22:16, 24:9, 24:21, 24:25, 25:16, 26:4, 27:8, 27:13, 28:21, 29:5, 29:9, 29:19, 29:21, 30:1, 30:4, 30:13, 30:15, 31:8, 32:13, 32:17, 32:21, 33:3, 36:15, 36:18, 37:7, 37:10, 37:12, 37:18, 39:8, 39:16, 39:22, 40:3, 40:19, 40:23, 40:25, 41:10, 41:13, 41:22, 42:19, 42:23, 43:15, 44:10, 44:12, 44:19, 59:1
**Hasenkampf** [2] - 22:15, 24:3
**HB-275** [1] - 2:1
**head** [1] - 56:3
**headings** [1] - 60:20
**heard** [2] - 7:17, 32:9
**hearing** [1] - 49:5
**held** [2] - 9:3, 20:14
**help** [1] - 17:24
**helpful** [1] - 60:15
**hereby** [1] - 62:11
**highlight** [1] - 49:23
**highlighted** [1] - 49:25
**holding** [1] - 8:8

home [1] - 57:23
Honor [31] - 11:3,
14:6, 17:23, 19:2,
20:19, 22:11, 27:18,
32:10, 40:14, 46:4,
47:2, 47:4, 47:6,
47:12, 48:20, 50:24,
51:11, 51:13, 52:6,
53:13, 53:15, 53:24,
54:7, 55:12, 56:1,
56:11, 57:10, 61:3,
61:18, 61:22
HONORABLE [1] -
1:23
hope [2] - 48:6, 57:6
hoping [1] - 48:8
hotels [1] - 57:8
HOWARD [1] - 2:8
Hudson [1] - 3:4
HUGH [1] - 2:8
Human [1] - 2:23

**I**

I-10 [1] - 3:22
idea [1] - 47:19
ideas [2] - 6:23, 61:7
identical [1] - 41:25
identified [1] - 27:9
illegal [1] - 39:5
imagine [1] - 18:19
Immigrant [1] - 2:15
immigration [3] -
15:18, 16:7, 16:8
implication [1] - 8:4
implicit [1] - 55:11
important [3] - 48:1,
55:22, 56:1
imposed [1] - 45:15
IN [1] - 1:1
inactive [1] - 45:7
inappropriate [1] -
33:14
INC [2] - 4:8, 4:9
included [2] - 23:21,
28:19
includes [1] - 34:18
including [1] - 43:24
incorporated [1] -
19:25
incorrect [2] - 22:21,
60:1
incredibly [1] - 55:21
indemnification [1] -
42:7
indemnified [3] - 43:7,
43:12, 44:4
indemnify [1] - 44:1
indemnity [14] - 40:20,
41:1, 41:4, 42:10,

42:17, 42:20, 43:6,
43:11, 43:25, 44:21,
44:23, 45:4, 45:11,
45:12
India [6] - 34:7, 34:16,
37:10, 37:17, 40:1,
40:16
Indian [11] - 37:20,
38:6, 38:9, 38:11,
38:15, 38:24, 39:12,
39:23, 40:4, 40:10,
44:22
indicated [1] - 52:9
indirectly [2] - 53:1,
54:4
INDO [1] - 4:11
INDO-AMERI [1] -
4:11
induce [1] - 35:14
induced [1] - 45:9
INDUSTRIAL [1] -
4:10
influenced [1] - 46:16
inform [1] - 54:13
informing [1] - 15:18
injured [2] - 45:16,
50:24
instead [1] - 45:12
Institute [1] - 3:9
instructing [2] -
31:10, 54:20
instruction [21] - 8:19,
11:19, 13:15, 27:20,
27:24, 33:15, 33:18,
34:4, 36:12, 37:19,
48:18, 48:20, 48:25,
51:2, 52:5, 53:14,
54:21, 55:16, 55:19,
58:18, 61:6
instructions [20] - 7:9,
10:2, 10:19, 13:9,
19:14, 25:24, 26:2,
33:19, 33:21, 36:17,
36:18, 38:10, 54:25,
55:3, 55:8, 56:9,
56:17, 59:5, 59:20,
61:15
insurance [1] - 18:10
insurer [3] - 18:3, 18:6
intent [1] - 37:3
intention [6] - 28:9,
29:3, 29:16, 31:24,
32:1, 32:3
intentional [1] - 55:14
INTERNATIONAL [3] -
1:7, 1:13, 1:18
involved [3] - 53:16,
54:14, 54:17
issue [16] - 5:17, 21:2,
21:9, 25:21, 28:11,

29:10, 35:2, 36:11,
42:7, 48:13, 50:17,
53:17, 53:21, 58:25,
60:24
issues [2] - 59:4,
61:24
italics [2] - 7:1, 7:4
itself [1] - 54:11
IVY [1] - 3:2

**J**

J&M [2] - 4:9, 4:10
JAMES [1] - 3:21
January [1] - 59:7
JOSEPH [1] - 3:6
JR [1] - 4:5
judge [1] - 46:13
JUDGE [1] - 1:24
Judge [5] - 56:15,
57:2, 57:4, 57:17,
58:2
judgment [1] - 53:13
jury [29] - 6:17, 11:12,
27:20, 27:23, 33:8,
33:14, 33:17, 34:4,
38:8, 38:19, 41:3,
41:5, 46:17, 46:18,
48:6, 50:23, 50:25,
51:4, 52:2, 54:13,
54:21, 54:22, 55:7,
55:19, 55:20, 56:5,
58:18, 59:19
Jury [2] - 1:7, 1:7
Justice [2] - 2:15, 3:9

**K**

Kaddakkarappally [1]
- 2:9
keep [1] - 28:3
Khuttan [1] - 2:8
KIM [1] - 3:2
kind [3] - 15:23, 15:24,
16:20
kinds [1] - 7:9
knowingly [3] - 55:10,
55:11, 55:16
knowledge [1] - 12:19
known [2] - 7:21, 59:9
KRISTI [1] - 2:13
kURELLA [1] - 4:12
KURIAN [1] - 1:4

**L**

LA [6] - 2:19, 3:10,
3:20, 3:23, 4:3, 4:7
labor [1] - 37:3
lack [1] - 21:12

laedcourtreporter@
gmail.com [1] - 2:3
LAKSHMANAN [1] -
1:15
LANCE [1] - 3:16
language [5] - 5:7,
5:23, 8:7, 10:11,
11:2, 13:8, 13:15,
19:13, 20:8, 21:1,
21:4, 21:5, 21:18,
22:10, 23:18, 24:11,
25:15, 25:18, 26:5,
27:6, 27:22, 27:23,
27:25, 28:8, 28:22,
28:23, 28:25, 29:12,
31:9, 33:12, 33:14,
33:20, 33:25, 34:3,
35:4, 35:16, 35:17,
35:19, 35:20, 35:22,
41:10, 41:11, 41:18,
41:19, 42:10, 44:13,
45:10, 45:13, 51:22,
51:25, 52:8, 53:10,
54:1, 54:13, 55:18,
60:20
last [5] - 16:18, 22:21,
24:13, 41:23, 42:4
late [2] - 19:20, 61:13
LAUREN [1] - 3:17
Law [4] - 2:14, 2:18,
2:21, 4:6
LAW [1] - 7:1
law [35] - 7:12, 22:6,
22:19, 24:7, 24:14,
25:11, 25:12, 26:25,
30:10, 31:15, 31:23,
34:7, 34:12, 34:17,
34:21, 34:23, 35:9,
36:9, 37:10, 37:17,
37:20, 38:5, 38:6,
38:9, 38:11, 38:16,
38:24, 39:11, 39:12,
39:23, 40:4, 40:10,
42:21, 43:9, 47:20
lawful [1] - 39:3
lawfully [5] - 32:21,
37:5, 38:25, 39:15,
40:10
lawyers [1] - 13:21
least [3] - 24:13,
33:17, 41:4
leave [1] - 45:24
led [1] - 53:19
legal [6] - 9:17, 12:20,
16:11, 16:24, 44:6,
45:15
Legal [1] - 3:3
letter [2] - 34:14, 40:5
liability [5] - 24:19,
24:25, 30:10, 42:15,

43:11
liable [4] - 8:8, 42:13,
43:1, 44:4
Liberties [1] - 2:24
light [1] - 41:25
limit [1] - 37:12
limited [1] - 16:4
line [1] - 5:8
list [1] - 53:3
listen [1] - 55:25
LLC [6] - 1:7, 1:13,
1:18, 3:18, 4:10,
4:11
LLP [1] - 2:10
Local [1] - 13:24
local [2] - 13:24, 57:9
locus [2] - 34:25
look [10] - 5:19, 10:12,
13:18, 14:1, 33:8,
46:2, 49:19, 51:21,
57:25, 61:5
looked [2] - 19:18,
49:16
looking [7] - 20:1,
21:15, 26:24, 33:5,
43:7, 57:5, 60:12
looks [2] - 13:13,
27:15
loop [1] - 6:14
losing [1] - 61:4
losses [2] - 30:7
lost [1] - 56:13
Louisiana [6] - 2:2,
3:9, 22:6, 26:16,
26:25, 42:8
LOUISIANA [2] - 1:2,
5:1
Louisiana's [1] -
45:10

**M**

Madison [1] - 2:10
maintenance [1] -
51:6
major [1] - 45:7
majority [1] - 14:18
malpractice [20] -
9:17, 9:20, 11:20,
12:20, 13:25, 15:3,
15:4, 15:15, 15:16,
15:23, 17:3, 17:7,
17:17, 18:6, 18:17,
18:18, 18:21, 18:23,
27:14, 40:18
Malvern [4] - 6:19,
8:15, 8:21, 11:8
manage [3] - 54:15,
54:16, 55:14
managed [3] - 51:20,

53:22, 53:23
**management** [2] -
54:11, 54:17
**manner** [1] - 32:18
**MARINE** [1] - 4:10
**marked** [1] - 21:6
**MASUR** [1] - 3:17
**match** [2] - 10:19,
20:15
**material** [1] - 48:14
**matter** [3] - 16:24,
49:13
**matters** [2] - 15:19,
49:17
**mean** [12] - 6:6, 8:7,
12:13, 15:21, 31:12,
38:7, 40:15, 50:9,
50:19, 54:8
**means** [4] - 26:17,
53:16, 54:14, 54:21
**mechanism** [1] -
16:24
**medical** [1] - 13:25
**MedTech** [3] - 7:17,
7:24, 7:25
**meet** [4] - 57:13,
57:14, 57:15, 57:19
**MELIA** [1] - 2:9
**MEREDITH** [1] - 2:17
**Meredith** [3] - 14:13,
19:10, 25:5
**meritorious** [1] - 15:6
**met** [1] - 15:12
**Metairie** [1] - 3:23
**Michael** [1] - 39:23
**MICHAEL** [1] - 4:9
**might** [4] - 13:21,
20:15, 26:18, 61:11
**mind** [2] - 35:12,
57:17
**minor** [1] - 45:7
**misrepresentation** [1]
- 34:9
**MISSISSIPPI** [1] - 4:10
**Mississippi** [32] -
22:19, 23:14, 24:6,
25:6, 26:15, 27:3,
28:14, 28:18, 31:6,
31:15, 31:19, 31:21,
31:23, 33:19, 34:12,
34:17, 34:19, 34:21,
35:9, 36:9, 37:17,
38:5, 39:10, 39:11,
41:20, 41:23, 42:5,
42:9, 42:11, 43:9,
44:21, 45:11
**mistake** [2] - 37:24,
38:3
**mistaken** [1] - 36:10
**Mitch** [12] - 9:4, 16:17,

21:3, 21:19, 27:3,
27:5, 31:5, 32:15,
32:16, 35:25, 43:13,
43:14
**MITCHELL** [1] - 3:17
**model** [2] - 33:19,
33:21
**modeled** [1] - 19:14
**money** [1] - 26:22
**Montgomery** [1] - 2:22
**moreover** [1] - 45:8
**MORGAN** [1] - 1:23
**Moring** [1] - 2:10
**morning** [3] - 57:16,
58:1, 61:17
**MORRIS** [1] - 2:14
**most** [4] - 14:14,
14:17, 25:7, 40:7
**move** [5] - 12:17,
20:13, 33:9, 55:2,
55:4
**MR** [267] - 5:22, 6:1,
6:8, 6:14, 6:21, 7:13,
7:19, 7:20, 7:21,
7:24, 8:6, 8:10, 8:17,
8:23, 9:2, 9:15, 9:19,
10:4, 10:7, 10:11,
10:16, 10:20, 11:3,
11:5, 11:10, 11:15,
11:24, 11:25, 12:10,
12:16, 12:18, 13:1,
13:6, 13:7, 13:10,
13:17, 13:20, 13:22,
13:24, 14:3, 14:6,
14:13, 14:14, 14:22,
15:4, 15:5, 15:18,
16:1, 16:3, 16:12,
16:15, 16:17, 17:1,
17:8, 17:13, 17:17,
17:22, 17:23, 18:13,
18:15, 18:19, 19:8,
19:16, 19:19, 19:20,
20:2, 20:19, 21:3,
21:4, 21:8, 21:10,
21:18, 21:21, 22:1,
22:16, 23:10, 23:13,
23:20, 24:9, 24:21,
24:22, 24:25, 25:2,
25:10, 25:14, 25:16,
25:20, 26:4, 26:14,
26:24, 27:8, 27:10,
27:13, 27:15, 28:2,
28:14, 28:17, 28:21,
29:5, 29:9, 29:11,
29:19, 29:21, 30:1,
30:4, 30:13, 30:15,
31:8, 31:15, 32:8,
32:13, 32:16, 32:17,
32:21, 33:1, 33:3,
34:5, 34:10, 34:16,

34:24, 35:5, 35:7,
35:13, 35:17, 36:8,
36:15, 36:18, 36:19,
36:23, 37:2, 37:7,
37:10, 37:12, 37:14,
37:18, 38:18, 38:22,
39:1, 39:8, 39:16,
39:19, 39:22, 40:3,
40:4, 40:11, 40:14,
40:19, 40:23, 40:25,
41:10, 41:13, 41:19,
41:22, 42:6, 42:14,
42:19, 42:23, 43:3,
43:6, 43:15, 43:19,
43:23, 44:10, 44:12,
44:19, 45:3, 46:4,
46:7, 46:11, 46:12,
46:17, 47:2, 47:4,
47:6, 47:12, 47:19,
47:24, 48:3, 48:7,
48:14, 49:2, 49:3,
49:4, 49:7, 49:8,
49:9, 49:12, 49:15,
49:19, 49:21, 49:23,
49:24, 49:25, 50:3,
50:8, 50:14, 50:19,
50:23, 50:25, 51:3,
51:4, 51:6, 51:11,
51:13, 51:16, 51:17,
51:23, 52:4, 52:6,
52:13, 52:14, 52:18,
52:21, 52:24, 53:4,
53:6, 53:10, 53:12,
53:24, 54:7, 54:16,
54:20, 54:23, 54:24,
55:1, 55:4, 55:5,
55:7, 55:12, 55:15,
55:17, 55:25, 56:10,
56:13, 56:14, 56:15,
56:18, 56:23, 57:1,
57:4, 57:9, 57:10,
57:17, 57:20, 58:2,
58:4, 58:5, 58:8,
59:1, 59:5, 59:8,
59:11, 59:15, 59:16,
59:19, 59:25, 60:3,
60:6, 60:9, 60:13,
60:14, 61:2, 61:3,
61:14, 61:18, 61:22,
62:1
**MS** [20] - 19:2, 22:11,
22:15, 22:17, 23:6,
23:11, 23:17, 24:1,
25:9, 27:18, 28:1,
28:5, 28:7, 28:12,
33:9, 34:13, 34:18,
34:22, 35:15, 35:20
**must** [16] - 5:13, 5:15,
8:24, 9:5, 9:11,
26:22, 31:24, 41:6,
45:13, 45:16, 46:25,

47:20, 48:22, 54:9,
55:20, 60:22

## N

**NAIR** [1] - 2:20
**name** [1] - 23:22
**names** [1] - 23:22
**NAOMI** [1] - 2:13
**narrow** [1] - 49:10
**national** [1] - 13:24
**nationwide** [1] - 13:23
**naturally** [1] - 53:8
**NE** [1] - 2:15
**necessarily** [1] - 58:3
**need** [20] - 11:15,
12:7, 13:1, 13:15,
17:9, 18:4, 25:24,
31:3, 32:24, 35:18,
39:23, 39:24, 41:11,
41:16, 43:18, 46:3,
47:18, 56:8, 58:16,
59:7
**needed** [3] - 35:4,
35:5, 62:6
**needs** [3] - 38:17,
51:1, 60:7
**negligence** [2] - 13:2,
13:5
**negligent** [2] - 13:2,
34:8
**never** [4] - 7:17, 7:21,
22:6, 33:24
**NEW** [2] - 1:3, 5:1
**new** [3] - 21:4, 46:1,
59:18
**New** [9] - 2:2, 2:11,
2:19, 2:25, 3:5, 3:10,
3:20, 4:3, 4:7
**newest** [1] - 34:6
**news** [1] - 47:22
**next** [10] - 5:17, 6:24,
7:3, 7:6, 7:7, 10:22,
12:21, 20:9, 29:8,
30:21
**night** [5] - 22:21,
24:13, 41:23, 42:4,
61:23
**nine** [1] - 28:2, 47:24
**ninety** [1] - 47:24
**ninety-nine** [1] - 47:24
**nobody's** [1] - 8:1
**noncontractual** [5] -
42:7, 42:10, 43:25,
45:11, 45:12
**nonetheless** [1] -
53:14
**noon** [1] - 50:4
**nothing** [2] - 30:9,
39:6

**notion** [1] - 22:2
**November** [1] - 18:2
**number** [3] - 19:5,
22:22, 47:13
**numbers** [2] - 7:5,
20:15
**NY** [4] - 2:11, 2:25,
3:5, 3:8

## O

**o'clock** [1] - 57:18
**object** [6] - 12:11,
27:22, 28:6, 29:4,
29:7, 34:18
**objected** [1] - 21:22
**objection** [11] - 21:23,
21:24, 22:1, 22:12,
23:1, 23:17, 25:17,
25:18, 27:20, 28:24,
44:20
**objections** [2] - 19:21,
19:25
**objective** [1] - 48:23
**obligation** [4] - 17:20,
18:12, 18:15, 45:15
**obligations** [2] - 15:9,
16:3, 16:8
**obtain** [1] - 44:23
**obviously** [1] - 55:5
**occurred** [1] - 34:16
**occurrence** [3] -
33:11, 33:24, 35:3
**OF** [2] - 1:2, 1:22
**offense** [2] - 47:15
**offer** [3] - 15:11,
21:13, 52:6
**offer-acceptance** [1] -
21:13
**offer/acceptance** [1] -
24:16
**Office** [1] - 4:6
**office** [2] - 7:12, 57:12
**Official** [1] - 62:11
**OFFICIAL** [1] - 2:1
**once** [2] - 17:5, 45:22
**One** [1] - 3:18
**one** [43] - 5:21, 6:1,
9:4, 9:7, 9:13, 10:17,
11:18, 11:21, 12:18,
12:23, 14:4, 14:7,
14:11, 15:10, 18:23,
20:12, 20:24, 23:4,
23:18, 26:14, 27:18,
31:2, 33:16, 34:25,
35:6, 37:21, 47:14,
48:7, 48:9, 48:15,
48:21, 48:24, 49:1,
53:2, 53:22, 53:23,
54:9, 58:11, 60:25,

61:2, 61:3, 62:4
**ones** [6] - 10:15,
43:24, 57:11, 58:14,
59:7, 60:24
**open** [1] - 45:24
**operate** [2] - 54:15,
54:16, 55:14
**operated** [3] - 51:20,
53:21, 53:23
**operation** [3] - 54:10,
54:17, 54:18
**OPPORTUNITY** [1] -
1:9
**opposed** [3] - 26:16,
44:3, 53:9
**oral** [1] - 34:14
**order** [5] - 5:11, 26:21,
31:22, 49:10, 54:2
**original** [1] - 27:23
**Orleans** [6] - 2:2, 2:19,
3:10, 3:20, 4:3, 4:7
**ORLEANS** [2] - 1:3,
5:1
**ought** [2] - 9:21, 56:19
**outside** [1] - 46:5
**outstanding** [1] -
53:15
**Ovington** [1] - 3:7
**owe** [1] - 51:5
**owes** [2] - 12:18, 41:3
**own** [1] - 8:12

## P

**p.m** [1] - 62:7
**P.M** [1] - 5:2
**page** [16] - 7:4, 7:5,
7:7, 10:3, 10:11,
10:22, 20:9, 20:15,
33:10, 46:15, 46:24,
48:13, 49:4, 56:14
**paragraph** [20] - 5:10,
5:20, 9:9, 10:1,
12:11, 12:13, 20:4,
20:10, 20:20, 20:22,
26:9, 29:10, 30:21,
33:10, 36:20, 41:2,
41:8, 41:14, 41:17,
44:5
**paragraphs** [1] - 10:5
**pari** [1] - 56:23
**part** [9] - 14:8, 14:17,
23:21, 28:17, 29:7,
45:18, 50:13, 52:11,
52:12
**participate** [6] - 45:17,
53:16, 54:3, 54:8,
54:10, 54:14
**participated** [2] -
52:25, 54:19

**particular** [2] - 39:20,
43:16
**parties** [2] - 16:9, 58:3
**partners** [1] - 48:22
**parts** [2] - 31:16, 57:5
**party** [8] - 16:18,
16:21, 28:10, 29:2,
29:16, 31:24, 31:25,
32:4
**passive** [2] - 45:7,
45:13
**passive/active** [1] -
42:9
**past** [1] - 7:18
**PATRICIA** [1] - 3:21
**Patricia** [1] - 3:22
**pattern** [2] - 13:9,
61:14
**pay** [1] - 43:7
**paycheck** [1] - 50:6
**Peachtree** [1] - 2:15
**people** [3] - 7:18,
54:5, 54:7
**percent** [1] - 47:24
**perform** [1] - 38:23
**performable** [3] -
28:24, 33:11, 35:3
**performance** [2] -
33:20, 33:23
**performed** [2] - 36:21,
38:20
**performing** [4] - 36:6,
36:14, 36:25, 40:13
**person** [1] - 45:16
**person's** [1] - 8:12
**Philip** [3] - 23:7,
57:11, 57:18
**piece** [1] - 56:23
**place** [1] - 55:1
**Plaintiff** [2] - 1:11,
1:16
**plaintiff** [4] - 21:7,
46:24, 51:8, 51:15
**plaintiff's** [3] - 50:6,
56:10, 62:2
**plaintiffs** [20] - 14:4,
19:14, 19:25, 21:5,
22:18, 22:22, 23:1,
23:19, 27:18, 33:13,
33:22, 34:2, 34:10,
34:13, 52:11, 52:17,
52:22, 60:22, 61:5
**Plaintiffs** [5] - 1:5, 2:8,
2:12, 58:4, 58:5
**plaintiffs'** [8] - 14:7,
14:16, 19:22, 21:22,
25:16, 27:6, 28:8,
35:7
**plan** [2] - 48:22, 58:10
**plead** [3] - 22:18, 23:2,

24:1
**pleading** [1] - 24:4
**pled** [4] - 22:5, 22:23,
23:23
**point** [7] - 16:5, 22:13,
39:2, 39:7, 39:14,
40:14, 54:24
**pointed** [1] - 23:1
**points** [2] - 23:14,
38:3
**POL** [1] - 4:9
**Pol** [3] - 18:1, 18:8,
39:23
**Pol's** [1] - 16:21
**PONNAYAN** [1] - 1:15
**portion** [1] - 50:20
**position** [3] - 52:7,
54:12, 56:10
**possible** [1] - 40:8
**possibly** [1] - 22:9
**Poverty** [3] - 2:14,
2:18, 2:21
**Power** [15] - 25:22,
26:1, 26:3, 27:1,
32:22, 32:23, 33:1,
36:25, 37:5, 38:15,
39:2, 39:24, 40:2,
40:5, 40:7
**power** [3] - 26:11,
39:2, 39:3
**Poydras** [2] - 2:2, 3:19
**precluded** [3] - 29:2,
29:16, 31:25
**predicate** [6] - 52:13,
52:14, 52:15, 53:3,
53:8, 55:9
**preponderance** [15] -
9:24, 12:8, 20:8,
20:12, 20:24, 31:1,
36:2, 41:7, 51:8,
51:15, 52:8, 52:9,
52:18, 52:23, 60:23
**present** [3] - 24:15,
31:24, 32:3
**presented** [3] - 24:17,
53:18, 53:25
**preserve** [1] - 21:23
**pressed** [1] - 26:25
**pretend** [1] - 41:4
**pretty** [6] - 14:3, 15:5,
47:19, 49:6, 49:20,
58:6
**prevent** [2] - 36:6,
40:16
**prevented** [3] - 36:14,
36:25, 40:12
**preventing** [2] - 37:4,
38:14
**previously** [1] - 26:6
**principal** [3] - 44:7,

44:22
**principle** [2] - 42:20,
42:21
**printed** [1] - 20:16
**problem** [7] - 13:10,
43:23, 49:7, 50:9,
53:11, 55:7, 58:11
**proceed** [1] - 7:7
**PROCEEDINGS** [1] -
1:22
**proceedings** [1] - 62:7
**Proceedings** [1] - 2:5
**process** [1] - 40:16
**product** [3] - 14:14,
57:25, 59:23
**professional** [1] -
16:25
**Program** [1] - 2:23
**progress** [1] - 56:22
**Project** [1] - 2:15
**promise** [6] - 32:20,
33:1, 35:8, 35:13,
35:14, 37:5
**promises** [10] - 15:12,
17:14, 23:15, 30:5,
30:6, 30:8, 32:12,
32:14, 32:15, 34:14
**promissory** [16] -
15:13, 21:10, 22:7,
22:19, 22:23, 23:14,
23:18, 23:20, 24:7,
25:1, 25:7, 27:21,
30:1, 31:16, 31:22,
33:3
**proof** [1] - 6:6
**proposal** [1] - 21:22
**propose** [1] - 48:14
**proposed** [4] - 19:15,
21:19, 24:20, 27:6
**prove** [17] - 8:24, 9:5,
9:11, 12:8, 20:7,
30:22, 30:25, 41:6,
41:9, 41:12, 46:25,
51:8, 51:15, 52:16,
52:17, 60:23
**proved** [1] - 52:22
**proven** [2] - 5:15, 6:4
**provide** [3] - 16:6,
50:10, 50:18
**provided** [1] - 54:9
**provides** [1] - 16:7
**providing** [3] - 16:14,
16:15, 16:24
**proving** [3] - 6:13,
20:11, 20:23
**provision** [1] - 41:25
**proximately** [1] - 56:7
**pull** [3] - 38:4, 38:25,
41:21
**pulled** [1] - 35:21

**punitives** [1] - 61:1
**purpose** [1] - 31:24
**purposes** [1] - 7:2
**pursue** [2] - 33:7,
48:22
**pursuing** [1] - 31:7
**put** [25] - 5:11, 7:3,
7:4, 7:5, 8:15, 12:22,
12:24, 13:11, 13:12,
26:18, 28:6, 28:7,
30:16, 36:10, 36:18,
38:19, 41:16, 42:24,
54:25, 55:1, 55:3,
57:25, 58:15
**putting** [2] - 57:6, 61:1

## Q

**quasi** [7] - 14:19,
14:21, 20:2, 21:16,
30:15, 30:17, 31:3
**quasi-contract** [1] -
14:19
**questions** [2] - 46:9,
46:11
**quite** [1] - 22:3
**quotation** [1] - 48:15
**quote** [1] - 48:21

## R

**R-E-V-E-S** [1] - 51:24
**RABBANI** [1] - 3:15
**racketeering** [1] -
46:15
**raise** [1] - 23:3
**RAO** [1] - 4:12
**rather** [1] - 56:4
**ratified** [3] - 11:1,
11:8, 11:11
**read** [5] - 12:22,
23:12, 51:25, 52:9,
52:24
**reading** [2] - 29:15,
46:22
**reality** [1] - 49:18
**realized** [1] - 49:9
**really** [8] - 12:5, 18:11,
38:13, 39:17, 46:22,
48:1, 49:17, 60:11
**reason** [2] - 24:18,
33:16
**reasonable** [1] - 15:17
**reasonableness** [1] -
24:22
**reasonably** [1] - 29:24
**received** [2] - 8:7,
26:20
**recommendations** [1]
- 61:9

**record** [2] - 9:3, 20:14
**Recorded** [1] - 2:5
**recover** [6] - 10:10, 12:8, 20:7, 30:25, 31:11
**recoverable** [1] - 7:9
**recruit** [4] - 39:19, 39:25, 40:6, 40:9
**recruiter** [1] - 39:23
**recruiting** [6] - 37:7, 37:9, 37:11, 39:4, 39:16
**recruitment** [3] - 32:17, 37:14, 40:16
**recuperated** [1] - 30:8
**red** [8] - 5:7, 5:14, 10:24, 12:22, 41:18, 48:15, 48:20, 51:14
**redo** [1] - 59:21
**redoing** [1] - 61:19
**redone** [2] - 59:7, 61:21
**reduced** [1] - 34:15
**reduction** [1] - 50:22
**refers** [1] - 33:25
**reformatted** [1] - 59:8
**regard** [5] - 32:4, 48:16, 48:17, 48:25
**relate** [1] - 31:24
**related** [1] - 23:19
**RELATED** [2] - 1:8, 1:14
**relates** [1] - 17:2
**relationship** [6] - 9:8, 9:14, 16:4, 17:2, 18:7, 44:22
**reliance** [16] - 23:23, 23:24, 24:2, 24:6, 24:23, 25:3, 27:15, 29:23, 29:25, 30:1, 30:5, 30:9, 31:14, 31:17, 40:17, 40:21
**reliance/promissory** [1] - 24:11
**relied** [4] - 25:4, 31:23, 32:6, 32:9
**relying** [2] - 22:25, 29:24
**remember** [2] - 13:16, 60:25
**removing** [1] - 19:3
**replace** [1] - 48:14
**report** [1] - 34:7
**Reporter** [1] - 62:11
**REPORTER** [1] - 2:1
**representation** [1] - 31:23
**reputational** [1] - 5:17
**request** [1] - 55:18
**required** [1] - 38:24

**requirement** [3] - 18:11, 40:4, 54:3
**resolve** [1] - 59:13
**RESOURCES** [1] - 4:8
**respect** [7] - 14:19, 17:18, 17:20, 25:20, 28:10, 44:21
**response** [3] - 14:4, 35:8, 50:3
**responsibility** [3] - 16:25, 17:11, 17:16
**responsible** [2] - 44:17, 48:24
**rest** [1] - 58:20
**Restatement** [3] - 41:24, 42:21, 44:12
**result** [3] - 8:12, 16:21, 45:15
**retaliation** [1] - 58:14
**Reves** [2] - 51:24, 53:13
**REVES** [1] - 53:13
**rewrite** [1] - 43:22
**RICO** [19] - 46:9, 46:11, 46:19, 51:7, 55:25, 56:5, 56:24, 58:14, 59:15, 59:17, 59:19, 59:25, 60:2, 60:9, 60:14, 61:2, 61:6, 61:19, 61:20
**Rights** [1] - 2:23
**RMR** [1] - 2:1
**Road** [1] - 3:22
**room** [1] - 50:18
**root** [1] - 43:23
**ROUX** [1] - 3:15
**rule** [1] - 32:3
**RYDBERG** [1] - 3:16
**Rydberg** [1] - 3:18

## S

**Sachin** [3] - 19:12, 20:5, 36:5
**Sahn** [1] - 3:6
**Salekha** [1] - 2:8
**Salinas** [4] - 48:15, 49:22, 49:25, 55:18
**SANDER** [1] - 60:3
**SANDLER** [42] - 2:8, 14:6, 14:13, 17:23, 18:13, 46:11, 48:3, 49:2, 49:4, 49:8, 49:12, 49:15, 49:19, 49:25, 50:3, 50:8, 50:14, 50:19, 50:25, 51:4, 51:16, 52:6, 52:14, 52:18, 52:21, 53:6, 55:7, 56:10, 56:14, 56:23, 57:9,

58:4, 59:5, 59:8, 59:11, 59:16, 59:25, 60:6, 60:9, 60:13, 61:2, 62:1
**satisfy** [3] - 48:16, 48:25, 53:4
**Saturday** [4] - 57:14, 57:20, 58:1
**saw** [2] - 6:3, 19:24
**Scalia** [1] - 47:7
**scope** [3] - 42:16, 43:10, 44:16
**searched** [1] - 26:24
**second** [8] - 9:11, 12:13, 13:11, 20:22, 23:17, 53:23, 56:2, 57:1
**secondly** [1] - 33:22
**section** [1] - 24:15
**Section** [1] - 26:2
**sections** [1] - 58:13
**see** [18] - 5:4, 5:24, 8:5, 8:14, 9:9, 13:13, 13:18, 20:9, 23:12, 28:15, 40:14, 46:2, 50:12, 51:22, 52:19, 56:18, 60:19, 61:17
**seek** [1] - 45:14
**seeks** [1] - 45:14
**semi** [1] - 34:25
**semi-locus** [1] - 34:25
**send** [2] - 23:11, 58:17
**sending** [1] - 58:12
**sense** [2] - 25:3, 41:3
**sent** [3] - 28:15, 31:20, 58:18
**sentence** [10] - 5:14, 8:24, 9:16, 9:23, 12:7, 48:15, 48:21, 48:24, 49:1, 49:20
**separate** [2] - 6:6, 6:22
**Service** [1] - 3:22
**services** [4] - 16:11, 16:14, 16:15, 16:24
**set** [1] - 24:9
**setoff** [2] - 50:21
**settled** [1] - 32:2
**several** [1] - 28:14
**SHAPIRO** [39] - 4:2, 7:21, 13:22, 16:17, 19:19, 20:2, 20:19, 21:3, 22:1, 23:10, 24:22, 25:2, 25:10, 25:20, 26:14, 26:24, 27:15, 32:16, 33:1, 34:5, 34:10, 34:16, 34:24, 36:8, 36:19, 36:23, 37:2, 37:14, 38:18, 38:22, 39:19,

40:4, 40:11, 40:14, 46:4, 46:7, 59:15, 61:3, 61:14
**Shapiro** [1] - 4:2
**Shell** [1] - 3:18
**shift** [2] - 45:14
**shot** [1] - 22:16
**show** [1] - 40:1
**sign** [2] - 39:18, 39:24
**SIGNAL** [3] - 1:7, 1:13, 1:18
**Signal** [73] - 3:14, 5:11, 5:21, 8:15, 8:21, 8:24, 9:4, 9:5, 9:9, 9:11, 10:25, 11:8, 11:22, 12:8, 15:7, 15:18, 16:8, 16:10, 16:20, 17:20, 18:4, 18:8, 18:12, 20:4, 20:7, 20:11, 20:23, 22:5, 25:21, 26:10, 27:23, 30:8, 30:20, 30:25, 32:6, 33:13, 33:17, 36:14, 36:24, 38:20, 39:4, 39:6, 39:9, 39:24, 40:2, 40:5, 40:6, 40:12, 41:3, 41:6, 45:6, 50:6, 50:7, 50:11, 51:4, 51:19, 52:10, 52:11, 52:16, 52:17, 52:19, 52:23, 52:25, 54:12, 55:10, 55:20, 58:4, 58:5, 59:13, 60:21
**Signal's** [5] - 5:9, 6:1, 21:5, 28:8, 36:5
**significant** [1] - 14:3
**similar** [6] - 14:5, 21:5, 23:22, 25:2, 42:9
**simpler** [1] - 19:1
**simplified** [1] - 61:8
**single** [1] - 26:25
**situation** [1] - 41:24
**Sixteen** [1] - 1:7
**skill** [1] - 12:19
**SOFT** [1] - 4:11
**sole** [1] - 41:14
**someone** [2] - 25:4, 40:2
**somewhere** [2] - 12:6, 31:3
**soon** [1] - 19:11
**sorry** [2] - 52:19, 54:10
**sound** [2] - 8:17, 49:20
**sounds** [5] - 42:25, 43:20, 49:6, 55:13,

56:8
**South** [1] - 3:22
**Southern** [3] - 2:14, 2:18, 2:21
**spaced** [1] - 60:16
**special** [1] - 15:24
**species** [1] - 27:16
**specific** [4] - 14:16, 26:5, 42:7
**specifically** [2] - 31:18, 43:9
**speech** [1] - 55:12
**SPLC** [1] - 2:12
**Square** [1] - 3:18
**squarely** [2] - 36:9, 53:25
**St** [2] - 2:18, 4:6
**standard** [3] - 6:12, 15:17
**start** [3] - 9:16, 51:18, 60:21
**starting** [1] - 16:5
**starts** [4] - 5:21, 33:10, 41:8, 46:24
**statement** [4] - 25:3, 28:9, 32:3, 32:6
**STATES** [2] - 1:1, 1:24
**states** [1] - 43:9
**States** [5] - 34:19, 37:15, 51:23, 53:15, 53:20
**statute** [4] - 23:3, 51:21, 54:1, 54:2
**statutory** [1] - 54:1
**stay** [2] - 5:19, 62:4
**staying** [1] - 57:8
**Stenography** [1] - 2:5
**STEPHEN** [1] - 4:2
**Stephen** [1] - 4:2
**Steve** [3] - 20:16, 37:21, 61:10
**Steve's** [1] - 39:2
**Stewart** [1] - 14:13
**STEWART** [19] - 2:17, 19:2, 22:11, 22:15, 22:17, 23:6, 23:11, 23:17, 24:1, 25:9, 27:18, 28:1, 28:5, 28:7, 28:12, 33:9, 34:13, 35:15, 35:20
**stick** [1] - 27:22
**still** [15] - 17:11, 19:9, 21:13, 22:1, 22:3, 22:8, 23:2, 24:18, 24:25, 25:15, 25:16, 33:13, 48:13, 58:22, 60:7
**stock** [1] - 13:8
**Street** [6] - 2:2, 2:15, 2:24, 3:4, 3:19, 4:3

**struggling** [1] - 22:2
**stuck** [1] - 57:22
**stuff** [3] - 14:15, 47:7, 56:1
**stupid** [4] - 46:10, 46:11, 47:5, 47:6
**subject** [2] - 15:21, 41:10
**subjecting** [1] - 37:2
**submigration** [1] - 34:14
**submitted** [6] - 14:4, 27:19, 33:12, 34:7, 59:5, 61:6
**subsequent** [1] - 18:8
**substance** [1] - 60:12
**substantive** [1] - 47:15
**successfully** [1] - 22:23
**sudden** [1] - 34:17
**suddenly** [1] - 38:4
**suggested** [1] - 41:18
**Suite** [4] - 2:19, 3:7, 3:19, 3:23
**summary** [1] - 53:13
**Sunday** [2] - 57:15, 58:1
**supported** [1] - 29:6
**supposed** [3] - 39:15, 39:20, 40:9
**Supreme** [12] - 23:14, 25:6, 28:15, 31:19, 31:21, 41:20, 41:23, 42:3, 42:5, 51:23, 53:15, 53:19
**SURIYOPAS** [1] - 3:2
**SUSAN** [2] - 2:1, 62:14
**Susan** [2] - 62:11, 62:15
**susan_zielie@laed. uscourts.gov** [1] - 2:3
**SUSIE** [1] - 1:23
**SUZUKI** [1] - 2:9

**T**

**talks** [2] - 10:9, 23:15
**teach** [1] - 55:23
**tendency** [1] - 38:2
**terms** [2] - 26:12, 40:8
**Terrell** [1] - 3:18
**terrible** [1] - 43:13
**testimony** [1] - 32:9
**Texas** [1] - 43:24
**Thangamani** [1] - 2:8
**THE** [210] - 1:1, 1:2, 1:23, 5:3, 5:24, 6:5, 6:9, 6:16, 6:24, 7:2,

7:15, 7:23, 7:25, 8:8, 8:11, 8:19, 9:4, 9:16, 9:21, 10:5, 10:8, 10:12, 10:17, 10:21, 11:4, 11:7, 11:13, 11:17, 12:2, 12:12, 12:17, 12:24, 13:4, 13:12, 13:18, 13:21, 14:1, 14:10, 15:3, 15:14, 15:20, 16:2, 16:10, 16:13, 16:23, 17:4, 17:9, 17:15, 17:19, 18:10, 18:16, 18:22, 19:4, 19:9, 19:17, 19:24, 20:4, 20:15, 20:20, 21:7, 21:9, 21:14, 21:19, 21:24, 22:10, 22:14, 23:5, 23:7, 23:12, 24:8, 24:20, 25:13, 25:25, 26:8, 26:20, 27:2, 27:11, 27:14, 27:17, 27:25, 28:3, 28:6, 28:9, 28:13, 28:16, 28:19, 29:2, 29:7, 29:13, 29:20, 29:23, 30:3, 30:12, 30:14, 30:16, 31:11, 32:6, 32:12, 32:14, 32:20, 32:23, 33:6, 34:8, 34:20, 35:2, 35:6, 35:11, 35:23, 36:11, 36:16, 36:22, 36:24, 37:4, 37:9, 37:11, 37:16, 37:19, 38:19, 38:23, 39:7, 39:10, 39:17, 39:20, 40:1, 40:9, 40:12, 40:17, 40:20, 40:24, 41:1, 41:11, 41:16, 42:2, 42:11, 42:17, 42:22, 42:24, 43:4, 43:13, 43:17, 43:20, 44:5, 44:11, 44:14, 44:24, 45:24, 46:6, 46:9, 46:14, 46:18, 47:3, 47:5, 47:9, 47:17, 47:23, 48:5, 48:9, 49:13, 49:17, 50:2, 50:5, 50:9, 50:17, 50:21, 51:7, 51:12, 51:14, 51:18, 52:2, 52:16, 52:20, 53:11, 53:21, 54:6, 54:15, 54:19, 54:25, 55:3, 55:6, 55:9, 55:13, 55:16, 55:23, 56:3, 56:12, 56:16, 56:22, 56:25, 57:3, 57:5, 57:11, 57:18, 57:21, 58:6, 58:10,

59:2, 59:6, 59:9, 59:17, 59:21, 60:2, 60:4, 60:8, 60:11, 60:17, 61:10, 61:16, 61:19, 61:25, 62:5
**theirs** [2] - 19:3, 35:5
**theory** [3] - 25:1, 31:10, 33:3
**therefore** [1] - 50:15
**thi** [1] - 47:6
**thinks** [2] - 44:15, 44:24
**third** [5] - 12:14, 16:18, 16:21, 20:10, 44:5
**third-party** [2] - 16:18, 16:21
**Thompson** [1] - 23:1
**three** [6] - 6:21, 10:14, 11:19, 11:20, 20:12, 20:24
**threw** [2] - 6:14, 6:22
**tie** [1] - 53:7
**TIM** [1] - 4:5
**Tim** [3] - 4:6, 12:14, 12:25
**tired** [1] - 56:3
**titled** [1] - 42:20
**TO** [1] - 1:21
**today** [4] - 5:6, 19:14, 49:15, 61:8
**together** [3] - 42:25, 57:6, 57:25
**tomorrow** [7] - 45:25, 50:4, 56:4, 56:21, 58:17, 61:17, 61:23
**took** [3] - 14:17, 18:5, 19:21
**top** [2] - 6:10, 20:13
**tortious** [1] - 45:11
**torts** [1] - 15:25
**totally** [1] - 45:19
**towards** [1] - 14:15
**TPLA** [1] - 58:13
**TPVRA** [1] - 60:6
**TRACIE** [1] - 3:9
**track** [2] - 44:12, 61:4
**transcript** [1] - 62:12
**Transcript** [1] - 1:8
**TRANSCRIPT** [1] - 1:22
**Trial** [1] - 1:7
**tried** [4] - 26:4, 26:6, 44:12, 51:21
**trouble** [2] - 57:12, 57:18
**true** [2] - 28:9, 32:3
**truly** [2] - 58:3, 58:5
**trying** [9] - 31:11, 31:19, 33:22, 41:21,

43:11, 44:2, 49:7, 50:7, 62:5
**TSU** [1] - 2:13
**turn** [1] - 6:17
**turned** [1] - 61:13
**turning** [2] - 57:23, 61:19
**tweaked** [1] - 60:7
**twelve** [2] - 48:13, 49:4
**twenty** [5] - 10:3, 10:11, 20:10, 28:2, 33:10
**twenty-eight** [2] - 20:10, 33:10
**twenty-five** [1] - 10:3
**twenty-four** [1] - 10:11
**twenty-nine** [1] - 28:2
**two** [12] - 9:19, 14:24, 20:12, 20:16, 20:24, 23:21, 24:8, 24:9, 30:3, 31:18, 45:1, 62:4
**type** [1] - 33:25

**U**

**under** [38] - 12:15, 12:16, 14:11, 16:15, 22:5, 22:19, 24:6, 24:25, 26:9, 27:12, 27:14, 31:11, 31:22, 35:8, 35:14, 36:9, 36:25, 37:10, 37:17, 37:20, 38:5, 38:6, 38:15, 38:24, 39:12, 39:22, 40:4, 40:10, 43:6, 43:8, 44:24, 47:11, 52:13, 52:14, 52:15, 54:2, 55:9
**underlying** [2] - 18:2, 47:15
**understood** [4] - 16:17, 18:6, 22:20, 44:20
**UNGAR** [1] - 3:14
**Union** [1] - 2:24
**Uniondale** [1] - 3:8
**unique** [1] - 55:21
**United** [5] - 34:19, 37:15, 51:23, 53:15, 53:19
**UNITED** [2] - 1:1, 1:24
**unlawful** [6] - 37:9, 37:10, 37:16, 37:20, 38:6, 38:15
**unlawfully** [2] - 32:18, 37:6
**unless** [1] - 50:12
**Unrepresented** [1] -

4:8
**up** [9] - 6:5, 6:15, 24:9, 26:14, 30:19, 41:21, 48:23, 49:8, 53:6

**V**

**vague** [1] - 39:22
**valid** [3] - 25:7, 30:4, 30:24
**value** [2] - 26:19, 26:22
**vast** [1] - 14:18
**verbatim** [1] - 33:18
**verdict** [16] - 6:18, 10:14, 10:17, 13:13, 33:8, 36:4, 38:13, 38:20, 48:17, 51:7, 51:10, 52:3, 53:8, 54:22, 56:5, 58:18
**verified** [1] - 25:19
**version** [4] - 25:16, 34:6, 59:18, 59:24
**via** [1] - 15:12
**violate** [1] - 47:13
**virtually** [1] - 41:25

**W**

**wait** [3] - 5:24, 18:3, 40:20
**wants** [2] - 11:2, 36:6
**Ward** [1] - 3:6
**Washington** [1] - 2:21
**WASHINGTON** [1] - 3:9
**WEDNESDAY** [1] - 5:1
**weekend** [1] - 59:23
**WEINBERGER** [47] - 3:16, 13:20, 13:24, 46:12, 47:2, 47:4, 47:6, 47:12, 47:19, 47:24, 48:7, 48:14, 49:3, 49:7, 49:9, 49:21, 49:24, 50:23, 51:3, 51:11, 51:13, 51:17, 51:23, 52:4, 53:4, 53:12, 53:24, 54:7, 54:16, 54:23, 55:1, 55:4, 55:12, 55:15, 55:17, 55:25, 56:13, 56:15, 56:18, 57:1, 57:4, 57:17, 57:20, 58:2, 58:5, 61:18, 61:22
**Weinberger** [1] - 49:6
**well-settled** [1] - 32:2
**WERNER** [12] - 2:12, 7:20, 46:17, 49:23, 52:24, 53:10, 54:20,

54:24, 55:5, 57:10,
59:19, 60:14
**whole** [4] - 18:18,
18:24, 50:11, 57:25
**WILKS** [1] - 4:11
**wins** [1] - 5:21
**withdraw** [2] - 25:18,
40:15
**wonder** [2] - 13:22,
57:13
**wondered** [2] - 14:10,
55:9
**word** [1] - 38:7
**words** [4] - 25:2, 25:6,
30:3, 43:8
**workers** [2] - 32:18,
37:2
**workers'** [1] - 44:22
**worry** [1] - 57:22
**worse** [1] - 57:15
**write** [1] - 23:9
**writing** [2] - 34:15,
52:24
**written** [1] - 28:1
**wrongdoing** [1] -
43:10
**wrongdoings** [1] -
45:6
**wrongful** [2] - 16:2,
45:9

## Y

**yellow** [2] - 36:5,
36:10
**yesterday** [8] - 5:5,
5:18, 6:15, 13:14,
51:25, 59:25, 61:4
**York** [3] - 2:11, 2:25,
3:5

## Z

**zero** [1] - 61:8
**ZIELIE** [2] - 2:1, 62:14
**Zielie** [2] - 62:11,
62:15