# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, *et al.*,** | **CIVIL ACTION** |
|        **Plaintiffs,** | |
| | **No. 08-1220 (SM/DEK)** |
|    **-against-** | |
| | **SECTION "E"** |
| **SIGNAL INTERNATIONAL, LLC, *et al.*,** | |
|        **Defendants.** | |

**Related Case:**

| | |
|---|---|
| **EQUAL EMPLOYMENT** | **CIVIL ACTION** |
| **OPPORTUNITY COMMISSION** | |
|        **Plaintiffs,** | **No. 12-0557 (SM/DEK)** |
|    **and** | **SECTION "E"** |
| **SABULAL VIJAYAN, *et al.*** | |
|        **Plaintiffs-** | |
|        **Intervenors** | |
|    **-against-** | |
| **SIGNAL INTERNATIONAL, LLC,** | |
|        **Defendant.** | |

**Related Case:**

| | |
|---|---|
| **LAKSHMANAN PONNAYAN ACHARI, *et al.*** | **CIVIL ACTION** |
|        **Plaintiffs,** | **No. 13-6218 (SM/DEK) (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818)** |
|    **-against-** | |
| **SIGNAL INTERNATIONAL, LLC, *et al.*,** | **SECTION "E"** |
|        **Defendants** | |

**Applies To:**     ***David*, No. 08-1220**

## JUDGMENT

In accordance with the verdict the jury rendered on February 18, 2015,[1] and this Court's March 20, 2015 Order granting Plaintiffs' motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b),[2] the Court enters judgment in favor of Plaintiffs and against Defendants  SIGNAL INTERNATIONAL, LLC and SIGNAL INTERNATIONAL, INC., jointly and severally ("Signal") in the amount of $12,258,600, plus pre-judgment interest and post-judgment interest as awarded in this Court's May 11, 2015 Order,[3] as follows:

1. For Plaintiff JACOB JOSEPH KADAKKARAPPALLY and against Signal: $3,716,400, consisting of

    a. For Signal's violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

        i. $40,000 as compensatory damages;

        ii. $400,000 as punitive damages.

    b. For Signal's violations of 42 U.S.C. § 1981, Discriminatory Terms and Conditions of Employment (Rec. Doc. 2272-3, "CLAIM TWO"),

        i. $21,385 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $3,185, resulting in net compensatory damages in the amount of $18,200;

        ii. $200,000 as punitive damages.

    c. For Signal's violations of 42 U.S.C. § 1981, Harassing Living Conditions (Rec. Doc. 2272-3, "CLAIM TWO"),

---

[1] R. Doc. 2272-3.
[2] R. Doc. 2336.
[3] R. Doc. 2404.

    i.  $21,385 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $3,185, resulting in net compensatory damages in the amount of $18,200;

    ii.  $200,000 as punitive damages.

d.  For Signal's violations of 42 U.S.C. § 1981, Retaliation (Rec. Doc. 2272-3, "CLAIM THREE"),

    i.  $150,000  as compensatory damages;

    ii.  $450,000 as punitive damages.

e.  For Signal's violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

    i.  $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

    ii.  $40,000 as the trebled amount of compensatory damages before set-offs.

f.  For Signal's Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

    i.  $20,000, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0.

g.  For Signal's Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

    i.  $500,000 as compensatory damages;

          ii.  $500,000 as punitive damages.

    h.  For Signal's False Imprisonment (Rec. Doc. 2272-3, "CLAIM EIGHT"),

          i.  $150,000 as compensatory damages;

          ii.  $450,000 as punitive damages.

    i.  For Signal's Intentional Infliction of Emotional Distress (Rec. Doc. 2272-3, "CLAIM NINE"),

          i.  $150,000 as compensatory damages;

          ii.  $450,000 as punitive damages.

2.  For Plaintiff SONY VASUDEVAN SULEKHA and against Signal:  $1,923,200, consisting of

    a.  For Signal's violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

          i.  $40,000 as compensatory damages;

          ii.  $400,000 as punitive damages.

    b.  For Signal's violations of 42 U.S.C. § 1981, Discriminatory Terms and Conditions of Employment (Rec. Doc. 2272-3, "CLAIM TWO"),

          i.  $25,275 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $3,675, resulting in net compensatory damages in the amount of $21,600;

          ii.  $200,000 as punitive damages.

    c.  For Signal's violations of 42 U.S.C. § 1981, Harassing Living Conditions (Rec. Doc. 2272-3, "CLAIM TWO"),

      i.  $25,275 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $3,675, resulting in net compensatory damages in the amount of $21,600;

      ii.  $200,000 as punitive damages.

  d.  For Signal's violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

      i.  $20,000 (TWENTY THOUSAND AND NO/100 DOLLARS) as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

      ii.  $40,000 as the trebled amount of compensatory damages before set-offs.

  e.  For Signal's Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

      i.  $20,000, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

  f.  For Signal's Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

      i.  $500,000 as compensatory damages;

      ii.  $500,000 as punitive damages.

3.  For Plaintiff PALANYANDI THANGAMANI and against Signal:  $2,210,200, consisting of

a.  For Signal's violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

    i.  $175,000 as compensatory damages;

    ii.  $400,000 as punitive damages.

b.  For Signal's violations of 42 U.S.C. § 1981, Discriminatory Terms and Conditions of Employment (Rec. Doc. 2272-3, "CLAIM TWO"),

    i.  $102,812 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $15,212, resulting in net compensatory damages in the amount of $87,600;

    ii.  $200,000 as punitive damages.

c.  For Signal's violations of 42 U.S.C. § 1981, Harassing Living Conditions (Rec. Doc. 2272-3, "CLAIM TWO"),

    i.  $102,812 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $15,212, resulting in net compensatory damages in the amount of $87,600;

    ii.  $200,000 as punitive damages.

d.  For Signal's violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

    i.  $30,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $30,000, resulting in net compensatory damages in the amount of $0;

        ii.  $60,000 as the trebled amount of compensatory damages before set-offs.

   e.  For Signal's Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

        i.  $30,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $30,000, resulting in net compensatory damages in the amount of $0;

   f.  For Signal's Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

        i.  $500,000 as compensatory damages;

        ii.  $500,000 as punitive damages.

4.  For Plaintiff PADAVETTIYIL ISAAC ANDREWS and against Signal: $2,211,000, consisting of

   a.  For Signal's violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

        i.  $175,000 as compensatory damages;

        ii.  $400,000 as punitive damages.

   b.  For Signal's violations of 42 U.S.C. § 1981, Discriminatory Terms and Conditions of Employment (Rec. Doc. 2272-3, "CLAIM TWO"),

        i.  $103,475 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $13,475, resulting in net compensatory damages in the amount of $90,000;

        ii.  $200,000 as punitive damages.

c.  For Signal's violations of 42 U.S.C. § 1981, Harassing Living Conditions (Rec. Doc. 2272-3, "CLAIM TWO"),

    i.  $103,475 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $13,475, resulting in net compensatory damages in the amount of $90,000;

    ii.  $200,000 as punitive damages.

d.  For Signal's violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

    i.  $28,000, reduced by a set-off for duplicative damages awarded under other claims in the amount of $28,000, resulting in net compensatory damages in the amount of $0;

    ii.  $56,000 as the trebled amount of compensatory damages before set-offs.

e.  For Signal's Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

    i.  $28,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $28,000, resulting in net compensatory damages in the amount of $0.

f.  For Signal's Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

    i.  $500,000 as compensatory damages;

    ii.  $500,000 as punitive damages.

5. For Plaintiff HEMANT KHUTTAN and against Signal:  $2,197,800, consisting of

    a. For Signal's violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

        i. $175,000 as compensatory damages;

        ii. $400,000 as punitive damages.

    b. For Signal's violations of 42 U.S.C. § 1981, Discriminatory Terms and Conditions of Employment (Rec. Doc. 2272-3, "CLAIM TWO"),

        i. $91,880 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $11,480, resulting in net compensatory damages in the amount of $80,400;

        ii. $200,000 as punitive damages.

    c. For Signal's violations of 42 U.S.C. § 1981, Harassing Living Conditions (Rec. Doc. 2272-3, "CLAIM TWO"),

        i. $91,880 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $11,480, resulting in net compensatory damages in the amount of $80,400;

        ii. $200,000 as punitive damages.

    d. For Signal's violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

> i. $31,000, reduced by a set-off for duplicative damages awarded under other claims in the amount of $31,000, resulting in net compensatory damages in the amount of $0;
>
> ii. $62,000 as the trebled amount of the compensatory damages before set-offs.

e. For Signal's Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

> i. $31,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $31,000, resulting in net compensatory damages in the amount of $0;

f. For Signal's Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

> i. $500,000 as compensatory damages;
>
> ii. $500,000 as punitive damages.

6. Pre-judgment interest is awarded on all claims except RICO.[4]  Pre-judgment interest will accrue from March 7, 2008 at the Louisiana judicial interest rate.

7. Post-judgment interest will accrue at the federal rate.

8. Costs and Plaintiffs' reasonable attorneys' fees shall be taxed against Signal. The Court shall retain jurisdiction to enter a separate judgment against Signal for costs and Plaintiffs' reasonable attorneys' fees.

9. There is no just reason to delay entry of final judgment.

---

[4] *See* R. Doc. 2404.

**New Orleans, Louisiana, this 11th day of May, 2015.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**