# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID**, *et al.*,<br>                    **Plaintiffs**,<br><br>          -against-<br><br>**SIGNAL INTERNATIONAL, LLC**, *et al.*,<br>                    **Defendants.** | **CIVIL ACTION**<br><br>**No. 08-1220 (SM/DEK)**<br><br>**SECTION "E"** |
| **Related Case:**<br><br>**EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION**<br>                    **Plaintiffs**,<br><br>     and<br><br>**SABULAL VIJAYAN**, *et al.*<br>                    **Plaintiffs-<br>                    Intervenors**<br><br>          -against-<br><br>**SIGNAL INTERNATIONAL, LLC**,<br>                    **Defendant.** | **CIVIL ACTION**<br><br>**No. 12-0557 (SM/DEK)**<br><br>**SECTION "E"** |
| **Related Case:**<br><br>**LAKSHMANAN PONNAYAN ACHARI**,<br>*et al.*<br>                    **Plaintiffs**,<br><br>          -against-<br><br>**SIGNAL INTERNATIONAL, LLC**, *et al.*,<br>                    **Defendants** | **CIVIL ACTION**<br><br>**No. 13-6218 (SM/DEK)**<br>(c/w 13-6219, 13-6220, 13-6221,<br>14-732, 14-1818)<br><br>**SECTION "E"** |
| **Applies To:**     *David*, No. 08-1220 | |

# JUDGMENT

1

In accordance with the verdict the jury rendered on February 18, 2015,[1] and this Court's March 20, 2015 Order granting Plaintiffs' motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b),[2] the Court enters judgment in favor of Plaintiffs and against Defendant DEWAN CONSULTANTS PVT. LTD in the amount of $915,000, plus pre-judgment interest and post-judgment interest as awarded in this Court's May 11, 2015 Order,[3] as follows:

1. For Plaintiff JACOB JOSEPH KADAKKARAPPALLY and against Defendant DEWAN CONSULTANTS PVT. LTD ("Dewan Consultants"): $195,000, consisting of

    a. For Dewan Consultants' violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

        i. $40,000 as compensatory damages;

        ii. $100,000 as punitive damages.

    b. For Dewan Consultants' violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

        i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

        ii. $40,000 as the trebled amount of compensatory damages before set-offs.

    c. For Dewan Consultants' Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

---

[1] R. Doc. 2272-3.
[2] R. Doc. 2336.
[3] R. Doc. 2404.

    i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0.

  d. For Dewan Consultants' Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

    i. $5,000 as compensatory damages;

    ii. $10,000 as punitive damages.

2. For Plaintiff SONY VASUDEVAN SULEKHA and against Defendant DEWAN CONSULTANTS PVT. LTD ("Dewan Consultants"):   $175,000, consisting of

  a. For Dewan Consultants' violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

    i. $20,000 as compensatory damages;

    ii. $100,000 as punitive damages.

  b. For Dewan Consultants' violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

    i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

    ii. $40,000 as the trebled amount of the compensatory damages before set-offs.

  c. For Dewan Consultants' Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

        i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0.

    d. For Dewan Consultants' Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

        i. $5,000 as compensatory damages;

        ii. $10,000 as punitive damages.

3. For Plaintiff PALANYANDI THANGAMANI and against Defendant DEWAN CONSULTANTS PVT. LTD ("Dewan Consultants":   $175,000, consisting of

    a. For Dewan Consultants' violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

        i. $20,000 as compensatory damages;

        ii. $100,000 as punitive damages.

    b. For Dewan Consultants' violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

        i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

        ii. $40,000 as the trebled amount of compensatory damages before set-offs.

    c. For Dewan Consultants' Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

          i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0.

    d. For Dewan Consultants' Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

          i. $5,000 as compensatory damages;

          ii. $10,000 as punitive damages.

4. For Plaintiff PADAVETTIYIL ISAAC ANDREWS and against Defendant DEWAN CONSULTANTS PVT. LTD ("Dewan Consultants"):   $195,000, consisting of

    a. For Dewan Consultants' violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

          i. $40,000 as compensatory damages;

          ii. $100,000 as punitive damages.

    b. For Dewan Consultants' violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

          i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

          ii. $40,000 as the trebled amount of compensatory damages before set-offs.

    c. For Dewan Consultants' Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0.

d. For Dewan Consultants' Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),

   i. $5,000 as compensatory damages;

   ii. $10,000 as punitive damages.

5. For Plaintiff HEMANT KHUTTAN and against Defendant DEWAN CONSULTANTS PVT. LTD:   $175,000, including

   a. For Dewan Consultants' violations of the Trafficking Victims Protection Act (Rec. Doc. 2272-3, "CLAIM ONE"),

      i. $20,000 as compensatory damages;

      ii. $100,000 as punitive damages.

   b. For Dewan Consultants' violations of the RICO (Rec. Doc. 2272-3, "CLAIM FOUR"),

      i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0;

      ii. $40,000 as the trebled amount of compensatory damages before set-offs.

   c. For Dewan Consultants' Fraud (Rec. Doc. 2272-3, "CLAIM FIVE"),

> > i. $20,000 as compensatory damages, reduced by a set-off for duplicative damages awarded under other claims in the amount of $20,000, resulting in net compensatory damages in the amount of $0.
>
> d. For Dewan Consultants' Breach of Contract or Promissory Estoppel (Rec. Doc. 2272-3, "CLAIM SEVEN"),
>
> > i. $5,000 as compensatory damages;
> >
> > ii. $10,000 as punitive damages.

6. Pre-judgment interest is awarded on all claims except RICO.[4]  Pre-judgment interest will accrue from March 7, 2008 at the Louisiana judicial interest rate.
7. Post-judgment interest will accrue at the federal rate.
8. Costs and Plaintiffs' reasonable attorneys' fees shall be taxed against Dewan Consultants.  The Court shall retain jurisdiction to enter a separate or amended judgment against Dewan Consultants for costs and Plaintiffs' reasonable attorneys' fees.
9. There is no just reason to delay entry of final judgment.

**New Orleans, Louisiana, this 11th day of May, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[4] *See* R. Doc. 2404.