UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

*Related Cases:*

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

| | |
|---|---|
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br>    (c/w 13-6219, 13-6220, 13-6221, 14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

1

**REJI SAMUEL, et al.,**                                                    **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**                                                                  **No. 14-2811**
                                                                                                                                                    c/w 14-2826,
                                                                                                                                                15-2295, 15-2296
                                                                                                                                                15-2297

**SIGNAL INTERNATIONAL, LLC, et al.,**                                      **SECTION "E"**
    **Defendants**

*Applies to*:  *David v. Signal* **(08-1220)**

## ORDER AND REASONS

Before the Court is Plaintiffs' Rule 59(e) Motion to Amend or Alter the May 14, 2015 Judgments Against Plaintiffs and in Favor of Defendants Malvern Burnett and Sachin Dewan.[1]  Defendants oppose Plaintiffs' motion.[2]  Plaintiffs have also filed a Reply Memorandum in further support of their Rule 59(e) motion.[3]

For the following reasons, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**. The Court will enter amended judgments by separate order in accordance with the following.

## BACKGROUND

On January 13, 2015, after years of motion practice, this matter proceeded to a trial by jury, which lasted approximately five weeks. At the conclusion of trial, the jury was instructed to deliberate and render its verdict in two distinct stages.

In stage one, the jury answered "yes" to questions asked with respect to Defendants Malvern C. Burnett ("Burnett") and Sachin Dewan ("Dewan") under the

---

[1] R. Doc. 2445.
[2] R. Doc. 2452.
[3] R. Doc. 2464.

Trafficking Victims Protection Act ("TVPA"),[4] the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[5] and state-law concepts of fraud, negligent misrepresentation, and breach of contract.[6] In stage two, however, the jury did not award damages against Burnett and Dewan personally, instead entering an award of $0 for all claims listed above.[7]

After holding a status conference on April 27, 2015, to address the jury's verdict and other unrelated concerns, the Court entered judgments on May 14, 2015.[8] In light of the jury's $0 finding on damages as to Burnett and Dewan, the Court entered judgments in favor of Defendants Burnett and Dewan and against Plaintiffs, dismissing with prejudice all claims against Burnett and Dewan personally.[9]

Plaintiffs subsequently filed the instant motion under Rule 59(e), requesting that the Court amend the May 14, 2015 judgments against Plaintiffs and in favor of Defendants Burnett and Dewan.[10]

## **DISCUSSION**

On June 6, 2015, Plaintiffs filed their Rule 59(e) motion, seeking an amendment of, or a new trial regarding, the Court's May 14, 2015 judgments in favor of Burnett and Dewan and against Plaintiffs.[11] In that motion, Plaintiffs set forth several theories on why the Court's judgments should be altered or amended, or in the alternative, why the Court should order a new trial on damages.[12] Principally, the Plaintiffs argue that the Court's judgments should be amended because (1) the jury's awards of $0 against

---

[4] 18 U.S.C. § 1581, *et seq.*
[5] 18 U.S.C. § 1961, *et seq.*
[6] *See* R. Doc. 2268-2 at 7–9, 13–15.
[7] *See* R. Doc. 2272-3; *see also* R. Doc. 2268-2 at 7–9, 13–15.
[8] *See* R. Docs. 2415–2416.
[9] *See id.*
[10] R. Doc. 2445.
[11] R. Doc. 2445.
[12] *See generally id.*; R. Doc. 2445-1.

3

Burnett and Dewan were merely an attempt to avoid duplicative damage awards; (2) the Fifth Circuit requires an award of nominal damages when a defendant is found to have violated a civil rights statute; and (3) the jury's verdicts on liability and damages as to Burnett and Dewan cannot be reconciled.[13]

### I. DUPLICATIVE DAMAGE AWARDS

First, Plaintiffs argue that the damages verdicts of $0 against Burnett and Dewan, personally, were entered due to the jury's belief that any such damages would be duplicative of those awarded against Burnett's and Dewan's corporations.[14] The Court finds this argument unpersuasive.

Count 1 in the jury verdict form is the TVPA claim.[15] The interrogatories concerning damages awarded against Burnett *individually* are found on page 6 and are the *first* interrogatories dealing with Burnett or his law firm.[16] Thus, the interrogatories regarding damages against Burnett individually came before the interrogatories concerning Burnett's corporate law firm.[17] If the jury intended to award damages against either Burnett or his law firm, but not both, it is more logical to assume they would have awarded damages against Burnett, and not his law firm, due to the order in which the jury interrogatories are formulated and appear.[18] This is not what happened.

The same reasoning is true for the other counts against Burnett and Dewan.[19] More specifically, the damages interrogatories concerning those counts, with regard to

---

[13] *See* R. Doc. 2445-1 at 6, 10, 13.
[14] *See* R. Doc. 2445-1 at 6–9.
[15] *See* R. Doc. 2272-2 at 4.
[16] R. Doc. 2272-3 at 6.
[17] *Compare* R. Doc. 2272-3 at 6, *with* R. Doc. 2272-3 at 8.
[18] *See id.*
[19] *See* R. Doc. 2272-3 at 20–23, 25–28, 31–38.

4

Burnett and Dewan personally, are found before those interrogatories concerning their corporations.[20]

Thus, the Court finds no support for the argument that the jury found that Burnett and Dewan individually owed damages to Plaintiffs but nevertheless awarded no damages against them. The jury performed its task of assessing damages. The jury's verdict is not fatally inconsistent. The motion to alter the judgments on this ground is not well-founded.

## II.   NOMINAL DAMAGES AND CIVIL RIGHTS STATUTES

### a. TVPA Counts

Plaintiffs next argue that, because Fifth Circuit precedent mandates an assessment of at least nominal damages when a defendant is found to have violated a civil rights statute, the Court should enter judgments for nominal damages against Burnett and Dewan on Plaintiffs' TVPA claims.[21] The Court agrees with Plaintiffs' argument.

The Fifth Circuit has consistently held that "a plaintiff is entitled to an award of nominal damages for the violation of his civil rights, even where there is no injury."[22] Although the universe of "civil rights" violations for which nominal damages are appropriate is not well defined, the Fifth Circuit has provided some guidance, awarding nominal damages for civil rights violations traceable to the Constitution and to federal civil rights statutes. The Fifth Circuit has held, generally, that the violation of one's

---

[20] *See id.* With respect to the RICO count, and those counts pertaining to state-law violations of fraud, negligent misrepresentation, and breach of contract, the damages interrogatories against Burnett and Dewan, personally, appear before those concerning their corporations. *See id.*
[21] R. Doc. 2445-1 at 10.
[22] *Archie v. Christian*, 812 F.2d 250, 252 (5th Cir. 1987). *See also Taylor v. Green*, 868 F.2d 162, 165 (5th Cir. 1989); *Farrar v. Cain*, 756 F.2d 1148, 1152 (5th Cir. 1985) (citing *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978)).

constitutional rights is worth, at least, nominal damages.[23] The Fifth Circuit in *Farrar v. Cain* explained that nominal damages are appropriate when the infringement of a certain and fundamental right is established, such as a violation of one's rights under the First Amendment.[24] Courts in the Fifth Circuit and beyond have also awarded nominal damages to plaintiffs who prove violations of their rights under section 1981 and Title VII of the Civil Rights Act of 1964.[25]

In this case, however, Defendants argue that nominal damages are not available and should not be awarded to Plaintiffs, because the claims of forced labor and trafficking under the TVPA "do not rise to the level of a violation of a constitutionally afforded right."[26] The Court disagrees with Defendants' argument, as it is well accepted that the TVPA was intended to redress slavery and involuntary servitude, wrongs that are specifically addressed by the Thirteenth Amendment to the United States Constitution.[27] Moreover, the TVPA "represents an effort to increase civil rights protections,"[28] and thus is similar to the civil rights statutes under which nominal

---

[23] *Farrar*, 756 F.2d at 1152 (quoting *Webster v. City of Houston*, 689 F.2d 1220, 1230 (5th Cir. 1982)).
[24] *Id.* (citing *Familias Unidas v. Briscoe*, 619 F.2d 391, 402 (5th Cir. 1980)). *See also Jackson v. Greyhound Bus Lines*, No. 82-1354, 1986 WL 13629, at *1 (E.D. La. Dec. 1, 1986).
[25] *See, e.g.*, *Jimenez v. Paw-Paw's Camper City, Inc.*, No. 00-1756, 2002 WL 257691, at *2–3 (E.D. La. Feb. 22, 2002); *see also Robinson v. Cattaraugus County*, 147 F.3d 153, 162 (2d Cir. 1998); *Kerr-Selgas v. American Airlines, Inc.*, 69 F.3d 1205, 1215 (1st Cir. 1995); *Fyfe v. Curlee*, 902 F.2d 401, 406 (5th Cir. 1990); *Beckford v. Irvin*, 49 F. Supp. 2d 170, 182 (W.D.N.Y. 1999).
[26] R. Doc. 2452 at 3.
[27] Jeffrey W. Tye, *Ninth Circuit Rules Against Scientology Ministers' Forced-Labor Claims in* Headley v. Church of Scientology International, 43 GOLDEN GATE U. L. REV. 135, 135 (2013) ("The [TVPA] . . . is an extension of a long line of judicial and statutory responses to the Thirteenth Amendment's prohibition against slavery."). "[T]he TVPA is intended to remedy conduct condemned as outrageous, involving significant violations not only of labor standards but fundamental health and personal rights as well." *Francisco v. Susano*, 525 F. App'x 828, 835 (10th Cir. 2013). Thus, the TVPA is intended to provide a private cause of action to redress the violation of constitutionally protected rights. *See, e.g.*, *id.*
[28] Kathleen Kim & Kusia Hreshchyshyn, *Human Trafficking Private Right of Action: Civil Rights for Trafficked Persons in the United States*, 16 HASTINGS WOMEN'S L.J. 1, 4 (2004). The TVPA permits trafficked persons to "advance their substantive civil rights by enforcing a remedy that targets the actual harm inflicted upon them—modern-day slavery." *Id.* at 16.

damages have been awarded, *inter alia*, section 1983, section 1981, and Title VII.[29] In *Francisco v. Susano*, the Tenth Circuit specifically recognized that nominal damages, along with compensatory and punitive damages, "are available as a general matter under the TVPA."[30]

For the reasons discussed above, the Court grants Plaintiffs' motion with respect to the award of nominal damages on the TVPA claims. It is of no moment that neither party raised the issue of nominal damages during trial or requested a jury instruction on nominal damages.[31] This Court may enter a judgment awarding nominal damages, as the Plaintiffs are entitled to such damages as a matter of law.[32] Therefore, the Court will enter amended judgments by separate order in favor of Plaintiffs and against Defendants Burnett and Dewan on the TVPA claims, awarding Plaintiffs nominal damages in the sum of $1.00.

### b. **Non-TVPA Counts**

It should be noted that the Court's reasoning with regard to nominal damages is narrow and limited to the TVPA claims. "Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered

---

[29] *See supra* note 23, 25.
[30] *Francisco*, 525 F.App'x at 835–36.
[31] In *Jimenez v. Paw-Paw's Camper City, Inc.*, the court noted that "neither party requested, nor did the court give, a jury instruction that the jury must award nominal damages if it found liability but no actual injury." *Jimenez*, 2002 WL 257691, at *6–7. The court continued:
> An appropriate remedy for that error, however, is for the court itself to enter judgment awarding the claimant nominal damages. Although the Seventh Amendment generally prohibits a court from augmenting a jury's award of damages, that proscription is not violated by the court's entering judgment awarding nominal damages when the jury has failed or refused to do so and the claimant is entitled to such damages as a matter of law.

*Id.* at *6 (quoting *Robinson*, 147 F.3d 153, 162 (2d Cir. 1998)). *See also Gibeau v. Nellis*, 18 F.3d 107, 111 (2d Cir. 1994) ("Because this error may be corrected solely by amending the judgment and without a new trial, we believe that it should be redressed."); *Fyfe v. Curlee*, 902 F.2d 401, 406 (5th Cir. 1990).
[32] *See Jimenez*, 2002 WL 257691, at *6–7.

evidence that could not have been discovered previously."[33] With respect to the TVPA claims, Plaintiffs' identified a mistake of law, in that nominal damages should have been awarded for the violation of the Plaintiffs' civil rights.

With respect to the remaining counts, Plaintiffs have not identified a mistake of law with respect to the entry of the judgments. The RICO, fraud, negligent misrepresentation, and breach of contract counts do not encompass or protect civil rights such that nominal damages must be awarded. An award of $0 in damages on these counts entitles the Defendants to judgment in their favor and dismissal of the claims with prejudice. The Court's prior judgments with respect to those counts were correct.[34]

### III. *NEW TRIAL ON DAMAGES*

#### a. **TVPA Counts**

Plaintiffs also argue that, if the Rule 59(e) motion is not granted, a new trial on damages should be awarded in the alternative.[35] This argument is denied as moot with respect to the TVPA claims.[36] The Court will amend the judgments previously rendered in favor of Defendants Burnett and Dewan and enter judgments in favor of Plaintiffs.

---

[33] *Lee v. Omega Protein Corp.*, No 10-00387, 2011 WL 4407548, at *1 (E.D. La. Sept. 21, 2011) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479–79 (5th Cir. 2004)).

[34] *See* R. Docs. 2415, 2416. Although nominal damages are appropriate with respect to Plaintiffs' TVPA claims due to the unique precedent concerning nominal damages and civil rights violations, which was discussed above, the same reasoning does not apply to the remaining claims of Plaintiffs. *See Rogers v. McDorman*, 521 F.3d 381, 397 (5th Cir. 2008) ("The zero damages award reflects a failure of proof rather than a jury disregarding its instructions and compromising on the verdict."); *Ruiz-Rodriguez v. Colberg-Comas*, 882 F.2d 15, 17 (1st Cir. 1989) ("A jury's award of zero damages, where such has a rational basis in the record, is commonly viewed as, in effect, a judgment for the defendant.") (citing *Poulin Corp. v. Chrysler Corp.*, 861 F.2d 5, 7 (1st Cir. 1988)); *Ass'n of W. Rys. v. Riss & Co.*, 299 F.2d 133, 135 (D.C. Cir. 1962) ("The finding that the conspiracy had not damaged the plaintiff was therefore a finding that the plaintiff had not proved its claim. The defendants were therefore entitled to judgment.").

[35] R. Doc. 2445 at 3; R. Doc. 2445-1 at 13–15.

[36] Plaintiffs' argument regarding a new trial on damages is moot, as the Court will enter judgments awarding nominal damages to Plaintiffs against Defendants Burnett and Dewan on the TVPA claims by subsequent order.

The Court will award nominal damages in the sum of $1.00 to Plaintiffs on the TVPA claims. For that reason, a new trial on damages is denied as moot.

### b. Non-TVPA Counts

With respect to the non-TVPA counts, a new trial on damages is likewise not warranted. "The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court."[37] Moreover, under Rule 59, "[t]he district court abuses its discretion by denying a new trial only when there is an absolute absence of evidence to support the jury's verdict."[38]

In this case, the Court finds no justification for granting a new trial on the non-TVPA counts. Plaintiffs have failed to demonstrate a lack of evidence to support the jury's verdict. The motion for new trial on the non-TVPA counts is denied.

## CONCLUSION

For the reasons previously stated, the Rule 59(e) motion to amend the Court's judgments of May 14, 2015, is hereby **GRANTED IN PART** and **DENIED IN PART**.

**New Orleans, Louisiana, this 9th day of September, 2015.**

                                        **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[37] *Morris v. Lee*, No.Civ.A. 98-1656, 2001 WL 30199, at *1–2 (E.D. La. Jan. 10, 2001) (citing *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)).
[38] *Jimenez*, 2002 WL 257691, at *3 (citing *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991)).